UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : <br> : <br> : |
| Plaintiff, | :  Ct. No. 21-00318 |
| | : |
| v. | : <br> : |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : |

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Richmond International Forest Products, Inc. (RIFP), Complaint as follows:

## I.  Administrative Decision To Be Reviewed

1.     Admits the first sentence.  Admits that the second sentence sets forth plaintiff's claim, but denies its validity.

## II.  Jurisdiction

2.      Admits the second and third sentences.  The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

## III.  Standing

3.      Admits.

4.      The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

## IV.  Timeliness Of This Action

5.      Admits.

6.      The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

7.      Admits.

## V.  Factual Background And Description Of Merchandise Involved

8.      Admits the first sentence.  Denies the allegations in the second sentence for lack of information or knowledge sufficient to form a belief as to their truthfulness.

9.     Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

10.     Admits that RIFP engaged Benchmark International in July 2018.  Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

11.     Denies for lack of information or knowledge sufficient to form a belief as to whether the audit was intensive.  Admits the remaining allegations in this paragraph.

12.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

13.     Admits the first sentence of this paragraph.  The allegations in the second sentence of this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

14.     Admits that RIFP posted a payment of the HMT of 0.125% at the time the 23 entries covered by Protest No. 4601-21-125036 were

filed, and admits that subheading 4412.33.06, HTSUS, is a duty-free provision. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

15. The allegation that the hardwood plywood imported by RIFP under cover of the 23 entries covered by Protest No. 4601-21-125036 was a Cambodian-origin product consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies. Admits the remaining allegations in this paragraph.

16. The allegation that the invoice and other entry documents established that the merchandise was hardwood plywood from Cambodia and that it was not multilayered wood flooring consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies. Admits the remaining allegations in the first sentence of this paragraph. Admits the second sentence to the extent supported by the cited Federal Register notices; otherwise denies.

17.    Admits to the extent supported by CBP's rejection notice; otherwise denies.

18.    Denies.

19.    Denies.

20.    Denies for lack of information or knowledge sufficient to form a belief as to whether RIFP disagreed with CBP that any antidumping/countervailing duty was owing under any antidumping/countervailing duty case.  Admits the remaining allegations in this paragraph.

21.    Denies that subheading 4412.33.06, HTSUS (2019) is listed on page 48,093 of *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974, but admits that subheading 4412.32.06, HTSUS (2018) is listed in that notice. Admits the remaining allegations in this paragraph.

22.    Denies that RIFP paid the HMT for a second time at the time of refiling the entry.  Admits the remaining allegations in this paragraph.

23.    Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness, except admits that on April 17, 2019, RIFP and its counsel met with Bob Bekalarski, Assistant Center Director for the Industrial and Manufacturing Materials Center for Excellence and Expertise ("Center").

24.    The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

25.    Admits.

26.    Admits to the extent supported by the *Notice of Initiation of Investigation and Interim Measures - EAPA Cons. Case 7321* (October 1, 2019); otherwise denies.

27.    Admits.

28.    The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

29.    As to the first sentence, admits that on November 4, 2019, RIFP had a second meeting with members of the Center, including Center Director Ann Marie Paul.  Denies the remaining allegations in

the first sentence for lack of information or knowledge sufficient to form a belief as to their truthfulness.  Denies the second sentence.

30.    The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

31.    Denies.

32.    Admits the first and third sentences in this paragraph to the extent supported by the *Notice of Determination as to Evasion, EAPA Case No. 7321* (June 29, 2020); otherwise denies.  The second sentence consists of the citation to the Notice to which no response is required. To the extent a response is required, admits.  Admits the fourth sentence.  The fifth sentence consists of the citation to Court No. 20-03914 to which no response is required.  To the extent a response is required, admits.

33.    As to the first sentence, admits that between August 21, 2020, and September 4, 2020, CBP liquidated the 23 entries covered by Protest No. 4601-21-25036 as subject to the antidumping and countervailing duty orders on hardwood plywood from China (case numbers A-570-051/C-570-052).  Further admits the remainder of the

first sentence to the extent supported by the rejection notices; otherwise denies. Admits the remaining allegations in this paragraph.

RIFP's Timely Protest

34.    Admits.

35.    Admits that RIFP provided hundreds of pages of documentation with its protest. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

36.    Admits that RIFP provided the entry documents, including CBP Form 7501, commercial invoice, packing list, payment record and country of origin certificate with its protest. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

37.    Admits that RIFP provided with its protest a document entitled "Benchmark Inspection Report," in Exhibit 3A to Protest No. 4601-21-125036, but denies the allegations that the document was internally generated, that it is a sample for one of the entries covered by Protest No. 4601-21-125036, and that it includes pictures of the

hardwood plywood's production or LB Wood's manufacturing equipment for lack of information or knowledge sufficient to form a belief as to their truthfulness. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

38. Admits that RIFP provided purported production records from LB Woods. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

39. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

40. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

41. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

42.    Admits to the extent supported by *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 504, 512 (Dep't Commerce Jan. 4, 2018) and *Certain Hardwood Plywood Products From the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513, 515 (Dep't of Commerce Jan. 4, 2018), case numbers A-570-051/C-570-052; otherwise denies.

43.    As to the first sentence, admits to the extent supported by NY N305334 (August 9, 2019); otherwise denies.  Admits that the third sentence accurately quotes in part and paraphrases in part a statement made at slide 42 of Laurel Duvall's presentation on Plywood, Veneered Panels, And Similar Laminated Wood (March 16, 2018), but denies that the statement made by Laurel Duvall in her presentation was made by CBP.  The second and fourth sentences consist of citations to documents to which no response is required.

44.    Admits that this paragraph sets forth plaintiff's argument in the protest, but denies its validity.

45. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

46. Admits, to the extent supported by the protest, that the allegations in this paragraph set forth the statements made in the protest; otherwise denies.

47. Admits that this paragraph accurately quotes in part and paraphrases in part a statement made at slide 50 of Laurel Duvall's presentation on Plywood, Veneered Panels, And Similar Laminated Wood (March 16, 2018), but denies that the statement made by Laurel Duvall in her presentation was made by CBP.

48. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits.

49. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

50.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, admits.

51.    The first sentence of this allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the decision cited; otherwise, denies.  Admits that the second sentence contains an accurate citation to and a partial quotation from *LDA Incorporado v. United States*, 79 F. Supp. 3d 1331, 1340 (Ct. Int'l Trade 2015).

52.    For the first sentence, admits to the extent supported by RIFP's protest; otherwise denies.  Denies the validity of plaintiff's argument that CBP violated its constitutional rights.  The remainder of this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, admits to the extent supported by the cited cases; otherwise denies.

53.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

54.    Denies that Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019) were issued by CBP.  Admits the remaining allegations to the extent supported by Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019); otherwise denies.

55.    Denies that Message Nos. 9309303 (Nov. 5, 2019), 9324303 (Nov. 20, 2019), and 0079402 (Mar. 19, 2020) were issued by CBP. Admits the remaining allegations to the extent supported by Message Nos. 9309303 (Nov. 5, 2019), 9324303 (Nov. 20, 2019), and 0079402 (Mar. 19, 2020); otherwise denies.

56.    Denies that Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019), 9309303 (Nov. 5, 2019) were issued by CBP. Admits the remaining allegations to the extent supported by Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019), 9309303 (Nov. 5, 2019); otherwise denies.

57.    Admits the first sentence.  Admits that CBP provided the following reasons for its denial of the protest in the denial notice: "514-Denied based upon CBP's prior determination of misclassification and incorrect country of origin."; otherwise denies.

58.    Admits.

59.    Admits that this paragraph sets forth plaintiff's argument in its request asking that CBP set aside the rejection of the application for further review, but denies its validity.  Further denies that the request was filed on February 12, 2021, because it was filed on February 16, 2021.

60.    Admits, except denies that CBP denied the request on April 12, 2021, because CBP denied the request on April 16, 2021.

## VI.  Statement Of The Claims

### Count I

61.    Defendant incorporates by reference its responses to paragraphs 1 through 60 of plaintiff's complaint, as if fully set forth herein.

62.    Admits to the extent supported by the pertinent instructions from Commerce, but otherwise denies.

63.    Denies that Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019) were issued by CBP.  Admits the remaining allegations to the extent supported by Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019); otherwise denies.

- 14 -

64.    Denies that Message Nos. 9309303 (Nov. 5, 2019), 9324303 (Nov. 2019), and 0079402 (Mar. 19, 2020) were issued by CBP.  Admits the remaining allegations to the extent supported by Message Nos. 9309303 (Nov. 5, 2019), 9324303 (Nov. 2019), and 0079402 (Mar. 19, 2020); otherwise denies.

65.    Denies that Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019), 9309303 (Nov. 5, 2019), 9324303 (Nov. 2019), and 0079402 (Mar. 19, 2020) were issued by CBP.  Admits the remaining allegations to the extent supported by Message Nos. 9112309 (Apr. 22, 2019) and 9136301 (May 16, 2019), 9309303 (Nov. 5, 2019), 9324303 (Nov. 2019), and 0079402 (Mar. 19, 2020); otherwise denies.

66.    Admits that CBP received notice of the Messages and that it did not liquidate Entry Nos. 990-0950687-6, 990-0950741-1, 990-0950752-8, 990-0950838-5, 990-0950872-4, and 990-0950873-2 before November 2, 2019, but denies that the messages were issued by CBP. Denies the remainder of the paragraph.

67.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

68.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count II

69.   Defendant incorporates by reference its responses to paragraphs 1 through 68 of plaintiff's complaint, as if fully set forth herein.

70.   Admits.

71.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

72.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

73.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count III

74.    Defendant incorporates by reference its responses to paragraphs 1 through 73 of plaintiff's complaint, as if fully set forth herein.

75.    Admits.

76.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

77.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count IV

78.    Defendant incorporates by reference its responses to paragraphs 1 through 77 of plaintiff's complaint, as if fully set forth herein.

79.    Admits to the extent supported by HTSUS General Note 4(b)(i); otherwise denies.

80.    Admits, except denies that HQ H156916 supports the statement in this paragraph with respect to products of Cambodia.

81.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

82.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count V

83.    Defendant incorporates by reference its responses to paragraphs 1 through 82 of plaintiff's complaint, as if fully set forth herein.

84.    Admits to the extent supported by 5 U.S.C. § 706(2); otherwise denies.

85.    Admits to the extent supported by the cited cases; otherwise denies.

86.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count VI

87.    Defendant incorporates by reference its responses to paragraphs 1 through 86 of plaintiff's complaint, as if fully set forth herein.

88.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count VII

89.    Defendant incorporates by reference its responses to paragraphs 1 through 88 of plaintiff's complaint, as if fully set forth herein.

90.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

91.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

92.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

93.   Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

94.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

## Count VIII

95.   Defendant incorporates by reference its responses to paragraphs 1 through 94 of plaintiff's complaint, as if fully set forth herein.

96.   The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:   /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                              /s/ Hardeep K. Josan
MICHAEL A. ANDERSON          HARDEEP K. JOSAN
Office of the Assistant              Trial Attorney
Chief Counsel                          International Trade Field Office
International Trade Litigation   Department of Justice, Civil Division
U.S. Customs and Border          Commercial Litigation Branch
Protection                              26 Federal Plaza, Room 346
                                             New York, New York 10278
                                             (212) 264-9245 or 9230

August 4, 2022                      Attorneys for Defendant