EXHIBIT A

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE: HON. M. MILLER BAKER, *JUDGE*

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION </br></br> Defendants. | Ct. No. 21-00318 (consol.) |

**Plaintiff's First Set of Interrogatories and Request for Production Directed to United States and U.S. Customs and Border Protection**

Pursuant to Rules 26 and 33, Rules of the United States Court of International Trade (CIT), you are hereby requested to completely respond in writing to the following interrogatories, and serve your answer upon the Plaintiff, within thirty (30) days. If a complete answer to a question is not known, so state, and answer the part known. Each of the following interrogatories and requests for production is deemed to be continuing in the manner provided by the rules of the court.

# I. Definitions

A. As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendants or about which Defendants have knowledge, including, without limitation: correspondence, e-mail, contract, agreement, memoranda, tapes, stenographic or handwritten notes, electronically generated or machine readable data or papers, studies, publications, books, pamphlets, pictures, photographs, films, videotapes, voice recordings, maps, drawings, graphs, reports, surveys, minutes or statistical complications, all records of conversations, every copy of such writing or record where the original is not in the possession, custody, or control of Defendants, and every copy of every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

B. As used herein, "person" shall mean an individual, whether living or deceased, firm, partnership, corporation, joint venture,

proprietorship, association, governmental body, or any other organization or entity.

C.  As used herein, "date" shall mean the exact date, month, and year if ascertainable, or if not, the best available approximation (including its relationship to other events).

D.  As used herein, "identify" when used in reference to:

1.  <u>An individual</u> shall mean to state his or her full name, present or last known residence address (designating which) or present or last known employment address (designating which).

2.  <u>A firm, partnership, corporation, proprietorship, association or other organization or entity</u> shall mean to state its legal name and any other names used by it, address of its principal place of business, and the legal form of such entity or organization.

3.  <u>Document</u> shall mean to state the title (if any), the date, author, sender, recipient, and the identity of persons signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, *etc.*) or some other means of

identifying it, and its present location or custodian. In the case of a document that was, but is no longer in the possession, custody, or control of Defendants, state what disposition was made of it, when, why, and by whom.

4. <u>Things or samples</u> shall mean to state the name of such thing or sample, the identifying marks appearing thereon, or some other means of identifying it, and its present location or custodian. In the case of a thing or sample that was, but is no longer in the possession, custody, or control of Defendants, state what disposition was made of it, when, why, and by whom.

5. <u>Subject merchandise or merchandise the subject of this case</u> refers to the merchandise imported by Plaintiff in the entry or entries covered by this consolidated case and other such merchandise imported by Plaintiff that meets the same specifications.

## II.  Production in Lieu of Identification

The complete identification of documents or other things covered by these interrogatories is not required for any such things or documents which you are willing to produce voluntarily for inspection and copying by the undersigned attorneys for the Plaintiff within the time period required for your answers, or within any such other time period as may be mutually agreed upon between the parties.

## III.  Supplementation of Responses

Pursuant to USCIT Rule 26(e), these interrogatories are continuing and require supplemental answers containing any additional information as may hereinafter be obtained by you, or by any person on your behalf, which would augment or otherwise modify, clarify, or amend an answer.  Defendants' duty to supplement their responses to these interrogatories also applies to any instance wherein Defendants state that they lack the information necessary to respond to an interrogatory, either in whole or in part, and such information subsequently becomes available to Defendants prior to trial.

**IV. Claims of Privilege**

All objections or answers to interrogatories which fail or refuse to fully respond to any interrogatory on the ground of any claim of privilege of any kind whatsoever shall:

A. state the nature of the claim of privilege;

B. state all facts relied upon in support of the claim of privilege or related thereto;

C. identify all documents related to the claim of privilege;

D. identify all persons having knowledge of any facts related to the claim of privilege;

E. identify all events, transactions, or occurrences related to the claim of privilege.

Moreover, if you are unable to answer fully any of these interrogatories based upon such a claim of privilege, you must answer to the fullest extent possible any relevant portion of the interrogatory which is not subject to such claim of privilege.

## V. Interrogatories and Requests for Production

1. (a) Identify those persons who are known by Defendants to have personal knowledge of the factual matters relating to the denial of Plaintiff's allegations set forth in Plaintiff's Complaints, as well as the factual matters supporting Defendants' decision to liquidate the entries in question as subject to antidumping and/or countervailing duties, and state the educational and professional background of these persons, including, if employed by Defendants, their present titles and duties. (For each person identified, state the specific denial of an allegation(s) of the Complaints for which that person has knowledge.)

(b) If no persons have personal knowledge of the factual matters relating to the denial of the allegations set forth in Plaintiff's Complaints and the factual matters supporting Defendants' decision to liquidate the entries in question as subject to antidumping and/or countervailing duties, identify those persons and/or documents consulted to obtain such knowledge.

2. Identify and produce all information in Defendants' possession regarding the operation of LB Wood (Cambodia) Co., Ltd. ("LB Wood") in Cambodia and the manufacture of hardwood plywood

and veneered panels at that facility from February 2018 through December 2019.

    (a)    Your response to this question should include, but should not be limited to, all factual information obtained from any party in connection with CBP's Trade Remedy Law Enforcement Directorate Enforce and Protect Act ("EAPA") Investigation No. 7321, including the information and documentation provided by LB Wood to CBP in response to the questionnaire attached as Exhibit A.

    3.    (a)    Provide the names of all CBP personnel or other U.S. government agency personnel who conducted any site visits to LB Wood in Cambodia at any point in time and identify the dates of any such site visits.

    (b)    Provide any inspection reports, photographs or other documentation prepared by CBP personnel or other U.S. government agency personnel before, during or after any site visits to LB Wood in Cambodia.

    4.    (a)    Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was

manufactured entirely from Chinese origin single layer wood veneers that were first pressed together in Cambodia?

  (b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

  (c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

  5. (a) Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was manufactured, in whole or in part, by pressing two single layer wood veneers together in China?

  (b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

  (c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of

whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

6. (a) Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was manufactured, in whole or in part, by pressing three or more single layer wood veneers together in China?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

(c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

7. Provide the name and address of the factory in which Defendants believe the origin-conferring event(s) occurred for purposes of determining whether the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was subject to antidumping/countervailing duties and/or Section 301 duties.

8. (a) Identify and produce all information in Defendants' possession concerning the factory named in Interrogatory #7.

(b) Your response to this question should include, but should not be limited to, all factual information relating to that factory listed in the questionnaire attached as Exhibit B.

9. (a) Do Defendants contend that LB Wood did not have the capacity or means to produce the plywood covered by Protest Nos. 460120118749, 460121125036 and 460121125039 in Cambodia?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention and produce all documents in Defendants' possession that support Defendants' contention.

10. Identify and produce all documents or other information upon which Defendants relied in concluding that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was subject to antidumping/countervailing duties and/or Section 301 duties.

11. Identify and produce any and all documents, including, but not limited to, any public presentations, in which CBP or the Commerce

Department, or any employee thereof, have discussed the legal standard for determining the country of origin of imported plywood and/or veneered panels and/or the application of antidumping and countervailing duties to plywood and/or veneered panels.

12. Identify and, if you will do so without a separate request to produce, attach a copy of all relevant documents and records not already identified in response to these interrogatories that directly or indirectly support Defendants' answers to the interrogatories above.

13. Identify the person who answered each of these interrogatories, his/her relation to this litigation, and the basis which forms the person's familiarity with the information sought in each of these interrogatories.

14. Identify each person and identify each document that provided Defendants with the information necessary to respond to these interrogatories. Correlate each such identification with the specific interrogatory for which the information was provided.

_____
Signature of Person Answering These Interrogatories

_____
Title


_____
Date Signed


ROLL & HARRIS LLP
Attorneys for Plaintiff
1999 Avenue of the Stars – Suite 1100
Los Angeles, CA 90067
Tel.  (310) 294-9501
michael.roll@thetradelawfirm.com

Jeffrey S. Grimson
Jill A. Cramer
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com


By:/s/Michael Roll
One of Plaintiff's attorneys


Dated: September 13, 2022

# CERTIFICATE OF SERVICE

I, Michael Roll, certify that I am an attorney with Roll & Harris LLP, with offices located at 1999 Avenue of the Stars Suite 1100, Los Angeles, CA 90067, and that on September 13, 2022, on behalf of Plaintiff herein, I served the attached First Set Of Interrogatories Directed To The United States upon:

Hardeep Josan, Esq.
Trial Attorney
U.S. Department of Justice
International Trade Field Office
Commercial Litigation Branch, Civil Division
26 Federal Plaza
New York, NY 10278

the attorney for the Defendants herein, by depositing a true copy thereof in a United States mail receptacle, properly enclosed in a securely sealed envelope, first class postage prepaid, addressed to said attorney as above indicated, as well as by email.

/s/Michael Roll
Michael Roll