EXHIBIT B

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : | |
| | : | |
| Plaintiff, | : | Consol. Ct. No. 21-00318 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rule 33 of the Rules of the United States Court of International Trade, Defendant United States (the Government) hereby responds to Plaintiff's First Set of Interrogatories and Requests for Production. The responses below are in supplementation to the partial responses, served on October 17, 2022, to plaintiff's written requests.

## RESPONSES TO INTERROGATORIES/REQUEST FOR PRODUCTION

### Interrogatory No. 1:

1. (a) Identify those persons who are known by Defendants to have personal knowledge of the factual matters relating to the denial of Plaintiff's allegations set forth in Plaintiff's Complaints, as well as the factual matters supporting Defendants' decision to liquidate the entries in question as

subject to antidumping and/or countervailing duties, and state the educational and professional background of these persons, including, if employed by Defendants, their present titles and duties. (For each person identified, state the specific denial of an allegation(s) of the Complaints for which that person has knowledge.)

(b) If no persons have personal knowledge of the factual matters relating to the denial of the allegations set forth in Plaintiff's Complaints and the factual matters supporting Defendants' decision to liquidate the entries in question as subject to antidumping and/or countervailing duties, identify those persons and/or documents consulted to obtain such knowledge.

## Response to Interrogatory No. 1:

Defendant objects to the definition of "identify" to the extent it calls for the improper disclosure of personal information.  Defendant further objects to the interrogatory as overly broad and unduly burdensome to the extent that it seeks the identity of persons who were not involved in the transactions at issue in this action.  Subject to and without waiving these objections, defendant responds:

(a) The following persons have knowledge of the factual matters relating to the denial of the allegations in plaintiff's complaints and/or the factual matters supporting CBP's decision to liquidate the entries in question as subject to antidumping and/or countervailing duties:

- Joseph Gaynor, Import Specialist ("IS"), Antidumping & Countervailing Processing Team IBE, Industrial & Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 5600 W American Blvd, Bloomington, MN 55437.  Education: B.A., Criminal Justice, Metropolitan State University, Saint Paul, MN, 2016.  Current duties: Appraisal, classification, liquidation of Industrial and Manufacturing Materials commodities and entry summaries of assigned importer accounts.  Emphasis in AD/CVD compliance and processing.  IS Gaynor has knowledge related to CBP's decision to liquidate the entries in question as subject to

antidumping and/or countervailing duties and to the factual matters related to defendant's denials of plaintiff's allegations set forth in Cmpl. 21-00063, ¶¶ 12–15, 17–20, 30, 32–33, 56–57, 61–62, 65–66, 70–71, 75, 77, 79–81, 83, 85; Cmpl. 21-00318, ¶¶ 12–20, 31, 33, 53, 67–68, 72–73, 76–77, 81–82, 86, 88, 90–92, 94, 96; and Cmpl. 21-00319, ¶¶ 12–20, 33, 54, 65–66, 70, 72–74, 78–79, 83, 87–89, 91, 93.

- O'Tashie Lewis, IS, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 2813 Business Park Drive, Suite I, Memphis, TN 38118. Education: B.S., Agricultural Economics, Alcorn State University, Lorman, MS, 1999. Current duties: Serves as an intermediary point of contact with the Trade community to ensure compliance with interpretation and application of laws, regulations, policies, and procedures that govern the importation of merchandise. Reviews tariff classification by referencing the Harmonized Tariff Schedule of the United States, values, and other import-related decisions on any of the formally entered commercial importations pertaining to an established line of merchandise and/or commodities. IS Lewis has knowledge related to CBP's decision to liquidate the entries in question as subject to antidumping and/or countervailing duties and to the factual matters related to defendant's denials of plaintiff's allegations set forth in Cmpl. 21-063, ¶¶ 12–15, 17–20, 30, 35–41, 44–45, 49, 52, 54, 56–57, 60–62, 65–66, 70–71, 75, 77, 79–81, 83, 85; Cmpl. 21-00318, ¶¶ 12–20, 31, 33, 35, 39–41, 44–49, 53, 57, 67–68, 71–73, 76–77, 81–82, 86, 88, 90–92, 94, 96; and Cmpl. 21-00319, ¶¶ 12–20, 33, 36–42, 45–46, 50, 54, 64–66, 69–70, 72–74, 78–79, 83, 87–89, 91, 93.

- Miguel Plaza, Supervisory Import Specialist ("SIS"), Industrial Manufacturing Center of Excellence and Expertise, Office of Field Operations, CBP, 5600 Pearl ST Rosemont, IL 60018. Education: B.A., Business Administration, Robert Morris University, Pittsburgh, PA, 2000; Associates Degree, Business Administration, Northwestern Business College, Chicago, IL, 1996. Current duties: Responsible for supervising a Validation &

Compliance team. SIS Plaza has knowledge related to CBP's decision to liquidate the entries in question as subject to antidumping and/or countervailing duties and to the factual matters related to defendant's denials of plaintiff's allegations set forth in Cmpl. 21-063, ¶¶ 12–15, 30, 35–41, 44–45, 49, 52, 54, 56–57, 60–62, 65–66, 70–71, 75, 77, 79–81, 83, 85; Cmpl. 21-00318, ¶¶ 12–15, 31, 35, 39–41, 44–49, 53, 57, 67–68, 71–73, 76–77, 81–82, 86, 88, 90–92, 94, 96; and Cmpl. 21-00319, ¶¶ 12–15, 36–42, 45–46, 50, 54, 64–66, 69–70, 72–74, 78–79, 83, 87–89, 91.

- Robert Bekalarski, Assistant Center Director, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 726 Exchange St, Buffalo, NY 14210. Education: B.A., Political Science, Buffalo State College, Buffalo, NY, 1992; B.A., History, Buffalo State College, Buffalo, NY, 1994; Master Sport Administration, Canisius College, Buffalo, NY, 1998. Current duties: Responsible for management and supervision of Enforcement Branch ensuring Center develops and maintains industry expertise and provides assistance and guidance to staff related to strategic objectives of the branch. Assistant Center Director Bekalarski has knowledge related to CBP's decision to liquidate the entries in question as subject to antidumping and/or countervailing duties and to the factual matters related to defendant's denials of plaintiff's allegations set forth in Cmpl. 21-063, ¶¶ 22–23, 28–30, 35, 41, 52, 60–62, 65–66, 70–71, 75, 77, 79–81, 83; Cmpl. 21-00318, ¶¶ 23–24, 29–31, 35, 41, 53, 71–73, 76–77, 81–82, 86, 88, 90–92, 94; and Cmpl. 21-00319, ¶¶ 23–24, 29–31, 36, 54, 64–66, 69–70, 78–79, 83, 85, 87–89, 91.

- Laurel Duvall, National Import Specialist ("NIS"), National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP, One World Trade Center, 51st Floor, Suite 51.200, New York, NY 10007. Education: B.A., Latin American and Iberian Studies, University of California, Santa Barbara, CA, 1990. Current duties: Subject matter expert in imports of wood products into the US. Responsible for issuance of binding rulings related to wood materials. Serves as a reference for all

components of CBP seeking information on wood imports. NIS Duvall has knowledge related to CBP's decision to liquidate the entries in question as subject to antidumping and/or countervailing duties and to the factual matters related to defendant's denials of plaintiff's allegations set forth in Cmpl. 21-063, ¶¶ 30, 35, 41, 43, 47, 60–62, 65–66, 70–71, 75, 77, 79–81, 83; Cmpl. 21-00318, ¶¶ 31, 35, 41, 43, 47, 71–73, 76–77, 81–82, 86, 88, 90–92, 94; and Cmpl. 21-00319, ¶¶ 31, 36, 44, 48, 64–66, 69–70, 78–79, 83, 85, 87–89, 91.

**(b)** Not applicable. *See* response to Interrogatory No. 1(a).

## Interrogatory/Request for Production No. 2:

Identify and produce all information in Defendants' possession regarding the operation of LB Wood (Cambodia) Co., Ltd. ("LB Wood") in Cambodia and the manufacture of hardwood plywood and veneered panels at that facility from February 2018 through December 2019.

(a) Your response to this question should include, but should not be limited to, all factual information obtained from any party in connection with CBP's Trade Remedy Law Enforcement Directorate Enforce and Protect Act ("EAPA") Investigation No. 7321, including the information and documentation provided by LB Wood to CBP in response to the questionnaire attached as Exhibit A.

## Response to Interrogatory/Request for Production No. 2:

Defendant objects to this interrogatory and request for production to the extent that it seeks "all information" because it is overly broad, unduly burdensome, and seeks confidential business information of third parties. Defendant further objects to this interrogatory and request for production to the extent that it seeks information related to entries made by third parties, which are not relevant to this case. Defendant is limiting its response/production to information regarding the operation of LB Wood in Cambodia (1) obtained or collected in connection with CBP's June 6, 2018 site visit to LB Wood, (2) received from plaintiff in connection with the subject entries and protests, and/or

(3) provided by third parties in connection with Enforcement Directorate Enforce and Protect Act ("EAPA") Investigation No. 7321 to be included in the administrative record. Defendant is withholding documents containing confidential business information of third parties and/or privileged documents. Defendant further objects to the request to the extent it seeks documents protected by law enforcement sensitive privilege. Defendant also objects to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving these objections, defendant responds:

Defendant identifies and/or is producing the following documents, except for the asterisked documents, which are available to plaintiff and are not being produced:

- The Entry and Protest Documents in the Court File for this Action.*

- Plaintiff's CF28 Response (GOV0002761–GOV0009987).

- 4/17/2019 CEE Meeting Information (GOV0009996–GOV0010005).

- 5/24/2019 Email with Attachment from J. Grimson to R. Bekalarski Re CD? (GOV0010016–GOV0010021).

- 7/18/2019 Email from L. Duvall to K. Cambpell et al. Re LB Wood Photos (GOV0009988–GOV0009995).

- Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV00010032–GOV0010035).

- LB Wood Photos (GOV0002759–GOV0002760).

- August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087).

- 6 -

- Public Administrative Record from EAPA Investigation No. 7321 (GOV0000001–GOV0002638).

- 4/12/2019 Email from R. Bekalarksi to L. Duvall Re LB Wood (GOV0010006–GOV0010007).

- 4/12/2019 Email from R. Bekalarksi to L. Duvall Re LB Wood (GOV0010008–GOV0010011).

- 5/21/2019 Email from R. Bekalarski to L. Duvall Re LB Wood Followup (GOV0010012– GOV0010015).

- LB Wood Video (GOV0010209).

**Interrogatory/Request for Production No. 3:**

3. (a) Provide the names of all CBP personnel or other U.S. government agency personnel who conducted any site visits to LB Wood in Cambodia at any point in time and identify the dates of any such site visits.

(b) Provide any inspection reports, photographs or other documentation prepared by CBP personnel or other U.S. government agency personnel before, during or after any site visits to LB Wood in Cambodia.

**Response to Interrogatory/Request for Production No. 3:**

Defendant object to this interrogatory and request for production to the extent it seeks information that includes confidential business information of a third party. Defendant further objects to the interrogatory and request for production to the extent it seeks documents protected the law enforcement sensitive privilege. Subject to and without waiving this objection, defendant responds:

(a) CBP personnel and/or other U.S. government agency personnel conducted a site visit to L.B. Wood in Cambodia on June 6, 2018. The following CBP personnel or other U.S. government agency personnel were present during the site visit:

- Robert Bekalarski, Assistant Center Director, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP, 726 Exchange St, Buffalo, NY 14210.

- Laurel Duvall, National Import Specialist, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP, One World Trade Center, 51st Floor, Suite 51.200, New York, NY 10007.

- Jason Ilkiwskyj, Program Manager – Trade Operations, Office of Field Operations, CBP, 300 Airborne Pkwy, Cheektowaga, NY 14225.

- John C. Koski, Supervisory Special Agent, Homeland Security Investigations (HSI), 207 Grandview Dr., Suite 200, Fort Mitchell, KY 41017.

- Mark Nackman, Branch Chief, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP, One World Trade Center, 51st Floor, Suite 51.201, New York, NY 10007.

- Robert Thommen, Branch Chief/Supervisory International Trade Analyst, Antidumping/Countervailing (ADCVD) Policy Branch, Trade Policy and Programs, Office of Trade, CBP, 1300 Pennsylvania Ave. NW, Washington, DC 20229.

(b) Defendant identifies and/or is producing the following documents:

- 7/18/2019 Email from L. Duvall to K. Campbell et al. Re LB Wood Photos (GOV0009988–GOV0009995).

- Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV00010032–GOV0010035).

- May 31, 2018 Report of Investigation: Initial Case Information (GOV0010080–GOV0010082).

- August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087).

**Interrogatory/Request for Production No. 4:**

4. (a) Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was manufactured entirely from Chinese origin single layer wood veneers that were first pressed together in Cambodia?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

(c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

**Response to Interrogatory/Request for Production No. 4:**

Defendant objects to this interrogatory and request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process, manufacturing location, and the origin of the veneers, are in the possession, custody, or control of plaintiff or a third party. Defendant also objects to this interrogatory/request for production to the extent it seeks information and documents that include confidential business information of a third party. Defendant is withholding documents containing confidential business information of a third party. Defendant also objects to this interrogatory/request for production to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's

possession, custody, or control.  Subject to and without waiving these objections, defendant responds:

(a) To the extent the manufacturing process for the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 included pressing together Chinese origin single layer wood veneers, defendant does not contend that the merchandise was manufactured entirely from Chinese origin single layer wood veneers that were first pressed together in Cambodia.

(b) Not applicable.  *See* response to Interrogatory/Request for Production No. 4(a).

(c) Defendant identifies and/or is producing the following

documents, except for the asterisked documents, which are available to

plaintiff and are not being produced:

- The Entry and Protest Documents in the Court File for this Action.*

- Plaintiff's CF28 Response (GOV0002761–GOV0009987).

- 7/18/2019 Email from L. Duvall to K. Campbell et al. Re LB Wood Photos (GOV0009988–GOV0009995).

- Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV00010032–GOV0010035).

- August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083– GOV0010087).

- EAPA Inv. No. 7321 Determination of Evasion (June 29, 2020) (Public Version) (GOV0010040–GOV0010056).

- EAPA Inv. No. 7321 Final Administrative Determination (Nov. 5, 2020) (Public Version) (GOV00100057–GOV0010079).

## Interrogatory/Request for Production No. 5:

5. (a) Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was manufactured, in whole or in part, by pressing two single layer wood veneers together in China?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

(c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

## Response to Interrogatory/Request for Production No. 5:

Defendant objects to this interrogatory and request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process and location, are in the possession, custody, or control of plaintiff or a third party. Defendant also objects to this interrogatory/request for production to the extent it seeks information and documents that include confidential business information of a third party. Defendant is withholding documents containing confidential business information of a third party. Defendant also objects to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving these objections, defendant responds:

(a) To the extent the manufacturing process for the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 included pressing two single layer wood veneers together, defendant

- 11 -

contends that the merchandise was manufactured, in whole or in part, by pressing two single layer wood veneers together in China.

(b) Based on the information that we currently have in our possession, LB Wood (Cambodia) Co., Ltd ("LB Wood"), the alleged manufacturer of the subject merchandise, did not have the capacity to manufacture the entire quantity of merchandise included in the subject entries at its factory in Cambodia. CBP officials visited LB Wood's factory in Cambodia on June 6, 2018. During the visit, LB Wood's factory managers were not cooperative, and they were unwilling to provide CBP officials with details of LB Wood's operations. CBP officials nevertheless observed that the factory had few employees on site and minimal manufacturing activity. In addition, they noted that, while LB Wood appeared to possess machinery capable of producing some amount of plywood in Cambodia, the manufacturing equipment was not fully operational. In particular, one of the manufacturing lines necessary to complete a finished product was found to be small, broken into multiple pieces, and covered in a thick layer of dust. CBP's National Import Specialist for wood products also observed that the plywood at LB Wood's factory contained temperate wood that does not grow well in Cambodia's tropical climate, and that the plywood had no veneer overlaps, gaps, or voids typical of plywood produced by Cambodian factories. While LB Wood's factory contained multiple pallets of finished plywood, based on the information known to us, the merchandise could not have been made there.

The documents that plaintiff provided to CBP regarding the alleged manufacture of the subject merchandise by LB Wood fail to substantiate that all the subject merchandise was manufactured by LB Wood in Cambodia, and they contain numerous inconsistencies that cast doubt on their reliability. For example, there are several discrepancies between the Benchmark Report, purchase orders, and the Certificates of Conformance provided by plaintiff with respect to the purported manufacturing dates of the subject merchandise.

In Enforce and Protect Act ("EAPA") Investigation 7321, CBP determined that the record supported a conclusion that LB Wood supplied Chinese-origin plywood to two importers, which was falsely designated as made in Cambodia when imported into the United States. *See* EAPA Inv.

No. 7321 Determination of Evasion (June 29, 2020) (Public Version) (GOV0010040–GOV0010056) and EAPA Inv. No. 7321 Final Administrative Determination (Nov. 5, 2020) (Public Version) (GOV00100057–GOV0010079), which are incorporated by reference.

**Interrogatory/Request for Production No. 6:**

6. (a) Do Defendants contend that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was manufactured, in whole or in part, by pressing three or more single layer wood veneers together in China?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention.

(c) Identify and produce all documents which Defendants reviewed in order to respond to paragraphs (a) and (b), regardless of whether Defendants relied upon them, and all documents which contain facts upon which Defendants' response to this interrogatory is based.

**Response to Interrogatory No. 6:**

Defendant objects to this interrogatory and request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process and location, are in the possession, custody, or control of plaintiff or a third party. Defendant also objects to this interrogatory/request for production to the extent it seeks information and documents that include confidential business information of a third party. Defendant is withholding documents containing confidential business information of a third party. Defendant also objects to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving this objection, defendant responds:

**(a)** To the extent the manufacturing process for the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039

- 13 -

included pressing three or more single layer wood veneers together, defendant contends that the merchandise was manufactured, in whole or in part, by pressing three or more single layer wood veneers together in China.

**(b)** *See* Response to Interrogatory/Request for Production No. 5(b).

**(c)** *See* Response to Interrogatory/Request for Production No. 5(c).

## Interrogatory/Request for Production No. 7:

7. Provide the name and address of the factory in which Defendants believe the origin-conferring event(s) occurred for purposes of determining whether the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was subject to antidumping/countervailing duties and/or Section 301 duties.

## Response to Interrogatory/Request for Production No. 7:

Defendant objects to this interrogatory and request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process and location, are in the possession, custody, or control of plaintiff or a third party. Subject to and without waiving this objection, defendant responds:

Defendant does not currently know the name and address of the factory in China in which the subject merchandise was manufactured.

## Interrogatory/Request for Production No. 8:

8. (a) Identify and produce all information in Defendants' possession concerning the factory named in Interrogatory #7.

(b) Your response to this question should include, but should not be limited to, all factual information relating to that factory listed in the questionnaire attached as Exhibit B.

**Response to Interrogatory/Request for Production No. 8:**

Defendant objects to this interrogatory/request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process and location, are in the possession, custody, or control of plaintiff or a third party. Defendant further objects to this interrogatory/request for production to the extent it seeks information and documents that include confidential business information of a third party. Defendant also objects to this interrogatory/request for production to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving these objections, defendant responds:

Defendant does not currently know the name and address of the factory in China in which the subject merchandise was manufactured. *See* Response to Interrogatory/Request for Production No. 7.

**Interrogatory/Request for Production No. 9:**

9. (a) Do Defendants contend that LB Wood did not have the capacity or means to produce the plywood covered by Protest Nos. 460120118749, 460121125036 and 460121125039 in Cambodia?

(b) If Defendants' answer is "yes," please state, in detail, the basis for Defendants' contention as well as all facts relied on by Defendants to support this contention and produce all documents in Defendants' possession that support Defendants' contention.

**Response to Interrogatory/Request for Production No. 9:**

Defendant objects to this interrogatory and request for production as premature in that discovery is ongoing, and facts regarding the manufacture of the subject merchandise, including the manufacturing process and location, are in the possession, custody, or control of plaintiff or a third party. Defendant further objects to this interrogatory/request for production to the extent that it seeks "all documents" because it is overly broad and unduly burdensome. Defendant also objects to this interrogatory/request to

the extent it seeks information and documents that include confidential business information of a third party. Defendant is withholding documents containing confidential business information of a third party. Defendant also objects to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving this objection, defendant responds:

**(a)** Defendant contends that LB Wood did not have the capacity or means to manufacture the entire quantity of merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 in Cambodia.

**(b)** Based on the information that we currently have in our possession, LB Wood (Cambodia) Co., Ltd ("LB Wood"), the alleged manufacturer of the subject merchandise, did not have the capacity to manufacture the entire quantity of merchandise included in the subject entries at its factory in Cambodia. CBP officials visited LB Woods factory in Cambodia on June 6, 2018. During the visit, LB Wood's factory managers were not cooperative, and they were unwilling to provide CBP officials with details of LB Wood's operations. CBP officials nevertheless observed that the factory had few employees on site and minimal manufacturing activity. In addition, they noted that, while LB Wood appeared to possess machinery capable of producing some amount of plywood in Cambodia, the manufacturing equipment was not fully operational. In particular, one of the manufacturing lines necessary to complete a finished product was found to be small, broken into multiple pieces, and covered in a thick layer of dust. CBP's National Import Specialist for wood products also observed that the plywood at LB Wood's factory contained temperate wood that does not grow well in Cambodia's tropical climate, and that the plywood had no veneer overlaps, gaps, or voids typical of plywood produced by Cambodian factories. While LB Wood's factory contained multiple pallets of finished plywood, based on the information known to us, the merchandise could not have been made there.

The documents that plaintiff provided to CBP regarding the alleged manufacture of the subject merchandise by LB Wood fail to substantiate that all the subject merchandise was manufactured by LB Wood in Cambodia, and they contain numerous inconsistencies that cast doubt on

their reliability. For example, there are several discrepancies between the Benchmark Report, purchase orders, and the Certificates of Conformance provided by plaintiff with respect to the purported manufacturing dates of the subject merchandise.

In Enforce and Protect Act ("EAPA") Investigation 7321, CBP determined that the record supported a conclusion that LB Wood supplied Chinese-origin plywood to two importers, which was falsely designated as made in Cambodia when imported into the United States. *See* EAPA Inv. No. 7321 Determination of Evasion (June 29, 2020) (Public Version) (GOV0010040–GOV0010056) and EAPA Inv. No. 7321 Final Administrative Determination (Nov. 5, 2020) (Public Version) (GOV00100057–GOV0010079), which are incorporated by reference.

Defendant identifies and/or is producing the following documents, except for the asterisked documents, which are available to plaintiff and are not being produced:

- The Entry and Protest Documents in the Court File for this Action.*

- Plaintiff's CF28 Response (GOV0002761–GOV0009987).

- 7/18/2019 Email from L. Duvall to K. Campbell et al. Re LB Wood Photos (GOV0009988–GOV0009995).

- Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV00010032–GOV0010035).

- August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087).

- EAPA Inv. No. 7321 Determination of Evasion (June 29, 2020) (Public Version) (GOV0010040–GOV0010056).

- EAPA Inv. No. 7321 Final Administrative Determination (Nov. 5, 2020) (Public Version) (GOV00100057–GOV0010079).

**Interrogatory/Request for Production No. 10:**

10. Identify and produce all documents or other information upon which Defendants relied in concluding that the merchandise covered by Protest Nos. 460120118749, 460121125036 and 460121125039 was subject to antidumping/countervailing duties and/or Section 301 duties.

**Response to Interrogatory/Request for Production No. 10:**

Defendant objects to this interrogatory/request for production to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control. Subject to and without waiving these objections, defendant responds:

Defendant identifies and/or is producing the following documents, except for the asterisked documents, which are available to plaintiff and are not being produced:

- The Entry and Protest Documents in the Court File for this Action.*

- Harmonized Tariff Schedule of the United States.*

- Certain Hardwood Plywood Products From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order 83 FR 504 (Jan. 4, 2018) (GOV0010022–GOV0010031).

- Certain Hardwood Plywood Products From the People's Republic of China: Countervailing Duty Order, 83 FR 513 (Jan. 4, 2018) (GOV0010036–GOV0010039).

- Plaintiff's CF28 Response (GOV0002761–GOV0009987).

- Photos of LB Wood from the June 2018 Site Visit (GOV0002749–GOV0002758; GOV0009988–GOV0009995; GOV00010032–GOV0010035).

- CBP field personnel also relied on information from CBP's June 6, 2018 visit to LB Wood's factory in Cambodia that is reflected in the August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 (GOV0010083–GOV0010087).

**Interrogatory/Request for Production No. 11:**

11. Identify and produce any and all documents, including, but not limited to, any public presentations, in which CBP or the Commerce Department, or any employee thereof, have discussed the legal standard for determining the country of origin of imported plywood and/or veneered panels and/or the application of antidumping and countervailing duties to plywood and/or veneered panels.

**Response to Interrogatory/Request for Production No. 11:**

Defendant objects to this interrogatory/request as overly broad and unduly burdensome to the extent that it seeks "any and all documents." Defendant further object to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control.  Subject to and without waiving these objections, defendant responds:

Defendant identifies and/or is producing the following documents:

- Certain Hardwood Plywood Products From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order 83 FR 504 (Jan. 4, 2018) (GOV0010022–GOV0010031).

- Certain Hardwood Plywood Products From the People's Republic of China: Countervailing Duty Order, 83 FR 513 (Jan. 4, 2018) (GOV0010036–GOV0010039).

- HQ Ruling 561605 (July 20, 2000) (GOV0002639–GOV0002647).

- CVD Hardwood Plywood.pdf (GOV0002648–GOV0002687).

- NY Ruling N164855 (June 8, 2011) (GOV0002688–GOV0002689).

- NY Ruling N282788 (Feb, 7, 2017) (GOV0002690–GOV0002691).

- NY Ruling N291240 (Nov. 7, 2017) (GOV0002692–GOV0002693).

- NY Ruling N293792 (Feb. 16, 2018) (GOV0002694–GOV0002695).

- New Orleans Hardwood Plywood.pdf (GOV0002696–GOV0002748).

There are numerous scope rulings and final results of review by the U.S. Department of Commerce (Commerce) that could be responsive to this discovery request.  We identify and produce the following public scope ruling and final results of review by Commerce as an example. Should plaintiff be seeking additional examples, Commerce publishes its final determinations, results of review, and final scope rulings on file electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to users at https://access.trade.gov.  Additionally, the final results of review and final determinations of investigations are also published in the Federal Register.  Further examples can be found through these publicly available resources.

- The final scope memorandum from the investigation of the Hardwood Plywood from China investigation (GOV0010088-GOV0010113).

- The public final scope ruling in the hardwood plywood from China EAPA scope segment (GOV0010114-GOV0010157).

- The final results issued and published as Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2017-2018, 85 Fed. Reg. 77,157 (Dep't of Commerce December 1, 2020) and the accompanying Issues and Decision Memorandum. (GOV0010158-GOV0010193).

- The final results issued and published as Certain Hardwood Plywood Products From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019, 86 Fed. Reg. 62,780 (Dep't of Commerce Novemeber 12, 2021) and the accompanying Issues and Decision Memorandum. (GOV0010194-GOV0010208).

## Interrogatory/Request for Production No. 12:

12. Identify and, if you will do so without a separate request to produce, attach a copy of all relevant documents and records not already identified in response to these interrogatories that directly or indirectly support Defendants' answers to the interrogatories above.

## Response to Interrogatory/Request for Production No. 12:

Defendant objects to this interrogatory/request as overly broad and unduly burdensome to the extent that it seeks all documents, and seeks documents that directly or indirectly support defendant's responses. Defendant further objects to this interrogatory/request as premature in that discovery is ongoing, and many facts regarding the issues in this action are in the possession, custody, or control of plaintiff or a third party. Defendant further objects to this interrogatory/request to the extent it seeks information and documents that include confidential business information of a third party. Defendant also objects to the request to the extent it seeks documents protected by the law enforcement sensitive privilege. Defendant also objects to this interrogatory/request to the extent that it seeks the production of documents that are available to plaintiff or are in plaintiff's possession, custody, or control Subject to and without waiving these objections, defendant responds:

Defendant has identified and/or produced documents and records that support defendant's answers to the interrogatories/request for production above in response to Interrogatory/Request for Production Nos. 1–11. Defendant has no other documents to identify or produce at this time.

**Interrogatory/Request for Production No. 13:**

13. Identify the person who answered each of these interrogatories, his/her relation to this litigation, and the basis which forms the person's familiarity with the information sought in each of these interrogatories.

**Response to Interrogatory/Request for Production No. 13:**

Defendant's answers to the interrogatories were prepared collectively. The persons who contributed to Defendant's answers to these interrogatories include:

- Interrogatory/Request for Production No. 1:  The individuals identified in defendant's response to Interrogatory/Request for Production No. 1.

- Interrogatory/Request for Production No. 2:  The individuals identified in defendant's response to Interrogatory/Request for Production No. 1.

- Interrogatory/Request for Production No. 3:  The individuals identified in defendant's response to Interrogatory/Request for Production No. 3.

- Interrogatory/Request for Production Nos. 4–9: The individuals identified in defendant's response to Interrogatory/Request for Production No. 1.

- Interrogatory/Request for Production No. 10: IS Lewis, IS Gaynor, and SIS Plaza, all of whom are identified in defendant's response to Interrogatory/Request for Production No. 1.

- Interrogatory/Request for Production No. 11: NIS Duvall, who is identified in defendant's response to Interrogatory/Request for Production No. 1. Savannah Maxwell, Attorney, Office of the Chief Counsel For Trade Enforcement and Compliance, under The Office Of The General Counsel, U.S. Department of Commerce, Herbert C. Hoover Building, 1401 Constitution Avenue, N.W., Washington, D.C. 20230.

- Interrogatory/Request for Production No. 12: The individuals identified in defendant's responses to Interrogatory/Request for Production Nos. 1 and 3.

Defendant further states that IS Lewis and IS Gaynor reviewed the subject entries and were involved with CBP's decision to liquidate the subject entries as subject to antidumping/countervailing duties. IS Lewis and SIS Plaza reviewed the subject protests and were responsible for CBP's decision to deny them. Assistant Director Bekalarski participated in the June 6, 2018 site visit to LB Wood and has knowledge related to CBP's decisions to liquidate the subject entries as subject to antidumping/countervailing duties and to deny the subject protests. NIS Duvall participated in the June 6, 2018 site visit to LB Wood and is responsible for issuing binding rulings related to wood materials. The remaining individuals identified in response to Interrogatory No. 3 participated in the June 6, 2018 site visit to LB Wood.

## Interrogatory/Request for Production No. 14:

14. Identify each person and identify each document that provided Defendants with the information necessary to respond to these interrogatories. Correlate each such identification with the specific interrogatory for which the information was provided.

## Response to Interrogatory/Request for Production No. 14:

*See* Responses to Interrogatory/Request for Production Nos. 1–13.

*Richmond International Forest Products LLC v. United States* (Consol. Court No. 21-00318),
Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories.

As to objections:

_____
Hardeep K. Josan
Trial Attorney

                                    Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Principal Deputy Assistant
                                    Attorney General

                                    PATRICIA M. McCARTHY
                                    Director

                         By:    _____
                                    JUSTIN R. MILLER
                                    Attorney-In-Charge
                                    International Trade Field Office

                                    _____
                                    HARDEEP K. JOSAN
                                    Trial Attorney
                                    International Trade Field Office
                                    Department of Justice, Civil Division
                                    Commercial Litigation Branch
                                    26 Federal Plaza, Room 346
                                    New York, New York 10278
                                    (212) 264-9245 or 9230

November 4, 2022            Attorneys for Defendant

*Richmond International Forest Products LLC v. United States* (Consol. Court No. 21-00318), Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories (cont.):

<u>Affirmation of Interrogatories</u>

      I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that upon knowledge, information, or belief, the factual information contained in the responses to Interrogatory Nos. 1–10 and 12–14 and in the response to Interrogatory No. 11, to the extent it relates to documents prepared by CBP or its employees, is true and accurate.


| | |
|---|---|
| | 11/04/2022 |
| Robert Bekalarski | Date |
| Assistant Center Director | |
| Industrial Manufacturing Center of | |
| Excellence and Expertise | |
| Office of Field Operations | |
| U.S. Customs and Border Protection | |

*Richmond International Forest Products LLC v. United States* (Consol. Court No. 21-00318),
Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories (cont.):

<u>Affirmation of Interrogatories</u>

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that upon knowledge,

information, or belief, the factual information contained in the response to Interrogatory No. 11,

as it pertains to the information provided by the U.S. Department of Commerce, is true and

accurate.

*Savannah Maxwell*                                    11/4/2022
Savannah Maxwell                                         Date
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

## CERTIFICATE OF SERVICE

I, HARDEEP K. JOSAN, certify that I am an attorney in the office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with offices located at 26 Federal Plaza, New York, N.Y. 10278, and that on November 4, 2022, on behalf of the United States, Defendant herein, I caused the annexed Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories to be served upon:

Michael Roll
Brett Harris
ROLL & HARRIS LLP
Attorneys for Plaintiff
1999 Avenue of the Stars – Suite 1100
Los Angeles, CA 90067
Tel. (310) 294-9501

Jeffrey S. Grimson
Jill A. Cramer
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
Tel. (202) 688-3610

the attorneys for plaintiff, by email to plaintiff's counsel.

_____
HARDEEP K. JOSAN

**Privilege Log – Richmond International Forest Products LLC v. United States, Court No. 21-00318**

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| 2 | GOV0010006– GOV0010007 | 4/12/2019 | Email | 4/12/2019 Email regarding LB Wood | Robert Bekalarski | Laurel Duvall | LES – Redacted narrative text the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 2 | GOV0010008– GOV0010011 | 4/12/2019 | Email | 4/12/2019 Email regarding LB Wood | Robert Bekalarski | Laurel Duvall | LES – Redacted narrative text the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 2–6, 9 | GOV0010083– GOV0010087 | 8/14/2018 | Report of Investigation | August 14, 2018 Report of Investigation: Factory Site/Inspection on June 6 & 7, 2018 | HSI Representative | | BPI – Redacted confidential information regarding a third party. LES – Redacted narrative text regarding the identity of third parties the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 3 | GOV0010080– GOV0010082 | 5/31/2018 | Report of Investigation | May 31, 2018 Report of Investigation: Initial Case Information | HSI Representative | | BPI – Redacted confidential information regarding a third party. |

[1] The individuals included in this privilege log are listed below at the end of this document by position and office.

[2] The various privileges are abbreviated. The abbreviation key is located at the end of the privilege log.

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| | | | | | | | LES – Redacted narrative text regarding the identity of third parties the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 2 | N/A | 5/16/2019 | Email | Email regarding LB Wood query | Kevin Janiszeski | Robert Bekalarski | LES –Withheld email regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding a third party. |
| 2 | N/A | 5/15/2019 | Email Attachment - Spreadsheet | Spreadsheet regarding importation of products supplied by LB Wood – Attached to 5/16/2019 email regarding LB Wood query | Kevin Janiszeski | Robert Bekalarski | LES –Withheld spreadsheet regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding a third party. |
| 2, 3 | N/A | 7/18/2019 | Email | Email regarding LB Wood Cambodia importation data | Jason Ilkiwskyj | Robert Bekalarski, Laurel Duvall, | LES –Withheld email regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement |

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| | | | | | | Marck Nackman | investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding a third party. |
| 2, 3 | N/A | 7/18/2019 | Email Attachment - Spreadsheet | Spreadsheet regarding importation of products supplied by LB Wood – Attached to 7/18/2019 email regarding LB Wood Cambodia importation data | Jason Ilkiwskyj | Robert Bekalarski, Laurel Duvall, Marck Nackman | LES –Withheld spreadsheet regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding third parties. |
| 2, 3 | N/A | 7/18/2019 | Email Attachment - Spreadsheet | Spreadsheet regarding importations by Richmond Int'l Forest – Attached to 7/18/2019 email regarding LB Wood Cambodia importation data | Jason Ilkiwskyj | Robert Bekalarski, Laurel Duvall, Marck Nackman | LES –Withheld spreadsheet regarding importations by Richmond Int'l Forest the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 2, 3 | N/A | 7/18/2019 | Email Attachment - Spreadsheet | Spreadsheet regarding importation of products supplied by third party – Attached to 7/18/2019 email regarding LB Wood Cambodia importation data | Jason Ilkiwskyj | Robert Bekalarski, Laurel Duvall, Marck Nackman | LES –Withheld spreadsheet regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if |

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| | | | | | | | disclosed will risk circumvention or evasion of the law.<br>BPI – Withheld confidential information regarding third parties. |
| 2 | N/A | 4/12/2019 | Email | Email regarding LB Wood | Russell Bash | Laurel Duvall, | LES –Withheld email regarding importation of products supplied by LB Wood the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law.<br>BPI – Withheld confidential information regarding a third party. |
| 2, 3 | N/A | 12/4/2018 | Email | Email regarding June 2018 Site Visit to Cambodia | John Koski | Russell Bash | LES –Withheld email regarding the June 2018 Site Visit to Cambodia the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law.<br>BPI – Withheld confidential information regarding third parties. |
| 2, 3 | N/A | 5/24/2018 | Email Attachment - Spreadsheet | Spreadsheet regarding importation of products supplied by LB Wood – Attached to 12/4/2018 email regarding June 2018 Site Visit to Cambodia | Jason Ilkiwskyj | John Koski, Russell Bash | LES –Withheld spreadsheet regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| | | | | | | | BPI – Withheld confidential information regarding third parties. |
| 2, 3 | N/A | 5/24/2018 | Email Attachment - Spreadsheet | Spreadsheet regarding importations by Richmond Int'l Forest – Attached to 12/4/2018 email regarding June 2018 Site Visit to Cambodia | Jason Ilkiwskyj | John Koski, Russell Bash | LES –Withheld spreadsheet regarding importations by Richmond Int'l Forest the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. |
| 2, 3 | N/A | 5/24/2018 | Email Attachment - Spreadsheet | Spreadsheet regarding importation of products supplied by third party – Attached to 12/4/2018 email regarding June 2018 Site Visit to Cambodia | Jason Ilkiwskyj | John Koski, Russell Bash | LES –Withheld spreadsheet regarding LB Wood importation data the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding third parties. |
| 2, 3 | N/A | 5/24/2018 | Email Attachment - Spreadsheet | Spreadsheet regarding importations by third parties – Attached to 12/4/2018 email regarding June 2018 Site Visit to Cambodia | Jason Ilkiwskyj | John Koski, Russell Bash | LES –Withheld spreadsheet regarding importations by third parties the disclosure of which would reveal sensitive law enforcement investigative information, techniques, and procedures, and if disclosed will risk circumvention or evasion of the law. BPI – Withheld confidential information regarding third parties. |

| RFP Nos. | Bates Nos. | Date | Doc. Type | Description | Author(s)[1] | For/To/Cc/Bcc | Privilege[2] and Basis |
|---|---|---|---|---|---|---|---|
| 2 | N/A | 4/12/2019 – 11/5/2020 | Administrative Record – Business Confidential Version | Confidential Administrative Record from EAPA Investigation No. 7321 | | | BPI – Withheld confidential information regarding third parties. |
| 4–6, 9 | N/A | 6/29/2020 | Determination of Evasion – Business Confidential Version | EAPA Inv. No. 7321 Determination of Evasion (June 29, 2020) (Business Confidential Version) | | | BPI – Withheld confidential information regarding third parties. |
| 4–6, 9 | N/A | 11/5/2020 | Final Administrative Determination – Business Confidential Version | EAPA Inv. No. 7321 Final Administrative Determination (Nov. 5, 2020) (Business Confidential Version) | | | BPI – Withheld confidential information regarding third parties. |

**Abbreviation Key:**

BPI – Business Proprietary Information or Confidential Information of Third Party
LES – Law Enforcement Sensitive

**Personnel:**

Robert Bekalarski, Assistant Center Director, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, U.S. Customs and Border Protection ("CBP")
Laurel Duvall, National Import Specialist, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP
Jason Ilkiwskyj, Program Manager – Trade Operations, Office of Field Operations, CBP
Kevin Janiszeksi, Supervisory Import Specialist, Industrial and Manufacturing Materials Center of Excellence and Expertise, Office of Field Operations, CBP
Marck Nackman, Branch Chief, National Commodity Specialist Division, Regulations and Rulings, Office of Trade, CBP
John Koski, Supervisory Special Agent, Homeland Security Investigations ("HSI")
Russell Bash, Country Attaché, U.S. Embassy-Phnom Penh, Cambodia, HSI  (no longer with HSI)