EXHIBIT C - Part 5 of 7

Public Document No. 14

PR 000648

GOV0000648



# EAPA Allegations: Receipt Checklist

Alleger: Coalition for Fair Trade of Hardw    Importer: American Pacific

1. Is the alleger a federal agency?  If a federal agency, then the following are not applicable: (2, 7, 8, 14 (a) and (b)).
   Yes ◯    No ⦿

2. Is a Power of Attorney needed for this filing?  See 19 CFR §165.3(a).
   Yes ◯    No ⦿

3. If the alleger is a federal agency, has the federal agency point of contact been provided?
   Yes ◯    No ◯

4. If the alleger is not a federal agency, has the alleger provided his/her first and last name?
   Yes ⦿    No ◯

5. Has the alleger provided his/her business or company name?
   Yes ⦿    No ◯

6. Has the alleger provided his/her mailing or business address?
   Yes ⦿    No ◯

7. Has the alleger provided his/her email address?
   Yes ⦿    No ◯

8. Has the alleger explained how he/she qualifies as an interested party?  See 19 CFR §165.1.
   Yes ⦿    No ◯

9. Has the alleger provided a valid AD/CVD order number?
   Yes ⦿    No ◯

10. Has the alleger provided a description of the merchandise alleged to be evading an AD/CVD order?
    Yes ⦿    No ◯

11. Has the alleger provided a description of the alleged evasion?
    Yes ⦿    No ◯

12. Has the alleger provided the name of the importer alleged to be engaging in evasion?
    Yes ⦿    No ◯

13. Has the alleger provided the address of the importer alleged to be engaging in evasion?
    Yes ⦿    No ◯

14. Has the alleger agreed to the certification and informed consent statements? They must be substantially similar to the ones provided below:

Yes ⦿   No ◯

Certifications 19 CFR §165.5 (b)(2)

   a. On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

b. On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR §165.4(a), may be released for public consumption.  Further, in accordance with 19 CFR §165.4(d), this information is either the information the party making the submission has a right to make public (e.g., information from its own business records) or information that was publicly obtained or in the public domain.

c. On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR §165.7(a).

Informed Consent 19 CFR §165.11(c)

On behalf of the party making this submission, I certify my understanding and consent that the information provided for in 19 CFR §165.11(b)(1) through (5) may be released for public consumption.

15. Has the alleger signed and dated the allegation submission?  Note that per 19 CFR §165.11(d), "[e]lectronic submission of this information will be considered 'signed' for purpose of filing the allegation."

Yes ⦿   No ◯

Action Taken on Allegation (Including Date):

   TRLED confirmed official receipt of the allegation on June 4, 2019, pursuant to 19 CFR 165.12.

Public Document No. 15

PR 000651

GOV0000651



# EAPA Allegations: Receipt Checklist

Alleger: Coalition for Fair Trade of Hardv    Importer: InterGlobal

1. Is the alleger a federal agency?  If a federal agency, then the following are not applicable: (2, 7, 8, 14 (a) and (b)).

   Yes ◯    No ◉

2. Is a Power of Attorney needed for this filing?  See 19 CFR §165.3(a).

   Yes ◯    No ◉

3. If the alleger is a federal agency, has the federal agency point of contact been provided?

   Yes ◯    No ◯

4. If the alleger is not a federal agency, has the alleger provided his/her first and last name?

   Yes ◉    No ◯

5. Has the alleger provided his/her business or company name?

   Yes ◉    No ◯

6. Has the alleger provided his/her mailing or business address?

   Yes ◉    No ◯

7. Has the alleger provided his/her email address?

   Yes ◉    No ◯

8. Has the alleger explained how he/she qualifies as an interested party?  See 19 CFR §165.1.

   Yes ◉    No ◯

9. Has the alleger provided a valid AD/CVD order number?

   Yes ◉    No ◯

10. Has the alleger provided a description of the merchandise alleged to be evading an AD/CVD order?

    Yes ◉    No ◯

11. Has the alleger provided a description of the alleged evasion?

    Yes ◉    No ◯

12. Has the alleger provided the name of the importer alleged to be engaging in evasion?

    Yes ◉    No ◯

13. Has the alleger provided the address of the importer alleged to be engaging in evasion?

    Yes ◉    No ◯

GOV0000652

14. Has the alleger agreed to the certification and informed consent statements? They must be substantially similar to the ones provided below:

Yes (●)   No ( )

Certifications 19 CFR §165.5 (b)(2)

    a. On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

b. On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR §165.4(a), may be released for public consumption.  Further, in accordance with 19 CFR §165.4(d), this information is either the information the party making the submission has a right to make public (e.g., information from its own business records) or information that was publicly obtained or in the public domain.

c. On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR §165.7(a).

Informed Consent 19 CFR §165.11(c)

On behalf of the party making this submission, I certify my understanding and consent that the information provided for in 19 CFR §165.11(b)(1) through (5) may be released for public consumption.

15. Has the alleger signed and dated the allegation submission?  Note that per 19 CFR §165.11(d), "[e]lectronic submission of this information will be considered 'signed' for purpose of filing the allegation."

Yes (●)   No ( )

Action Taken on Allegation (Including Date):

    TRLED confirmed official receipt of the allegation on June 4, 2019, pursuant to 19 CFR 165.12.

GOV0000653

Public Document No. 16

PR 000654

GOV0000654



# EAPA Allegations: Receipt Checklist

Alleger: Coalition for Fair Trade of Hardw    Importer: US Global

1. Is the alleger a federal agency?  If a federal agency, then the following are not applicable: (2, 7, 8, 14 (a) and (b)).
   Yes ◯    No ◉

2. Is a Power of Attorney needed for this filing?  See 19 CFR §165.3(a).
   Yes ◯    No ◉

3. If the alleger is a federal agency, has the federal agency point of contact been provided?
   Yes ◯    No ◯

4. If the alleger is not a federal agency, has the alleger provided his/her first and last name?
   Yes ◉    No ◯

5. Has the alleger provided his/her business or company name?
   Yes ◉    No ◯

6. Has the alleger provided his/her mailing or business address?
   Yes ◉    No ◯

7. Has the alleger provided his/her email address?
   Yes ◉    No ◯

8. Has the alleger explained how he/she qualifies as an interested party? See 19 CFR §165.1.
   Yes ◉    No ◯

9. Has the alleger provided a valid AD/CVD order number?
   Yes ◉    No ◯

10. Has the alleger provided a description of the merchandise alleged to be evading an AD/CVD order?
    Yes ◉    No ◯

11. Has the alleger provided a description of the alleged evasion?
    Yes ◉    No ◯

12. Has the alleger provided the name of the importer alleged to be engaging in evasion?
    Yes ◉    No ◯

13. Has the alleger provided the address of the importer alleged to be engaging in evasion?
    Yes ◉    No ◯

GOV0000655

14. Has the alleger agreed to the certification and informed consent statements? They must be substantially similar to the ones provided below:

Yes ⬤   No ◯

Certifications 19 CFR §165.5 (b)(2)

   a. On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

b. On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR §165.4(a), may be released for public consumption.  Further, in accordance with 19 CFR §165.4(d), this information is either the information the party making the submission has a right to make public (e.g., information from its own business records) or information that was publicly obtained or in the public domain.

c. On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR §165.7(a).

Informed Consent 19 CFR §165.11(c)

On behalf of the party making this submission, I certify my understanding and consent that the information provided for in 19 CFR §165.11(b)(1) through (5) may be released for public consumption.

15. Has the alleger signed and dated the allegation submission?  Note that per 19 CFR §165.11(d), "[e]lectronic submission of this information will be considered 'signed' for purpose of filing the allegation."

Yes ⬤   No ◯

Action Taken on Allegation (Including Date):

   TRLED confirmed official receipt of the allegation on June 4, 2019, pursuant to 19 CFR 165.12.

Public Document No. 17

PR 000657

GOV0000657

| From: | VANDALL, TOBIAS A |
|-------|-------------------|
| To: | Brightbill, Timothy; Capeloto, Tessa; Bell, Stephanie; Riggins, John Allen |
| Cc: | EAPA ALLEGATIONS; CHO, VICTORIA; HORGAN, KRISTINA; CAMPBELL, KAREEN; WHITESIDE, TINA MARIE F |
| Subject: | Receipt of EAPA Allegation 7321: Transshipment / Hardwood Plywood |
| Date: | Wednesday, June 5, 2019 3:11:37 PM |
| Attachments: | image001.png |

**Public Document**

Dear Mr. Brightbill,

The purpose of this email is to notify you that today, June 5, 2019, U.S. Customs and Border Protection's (CBP) Office of Trade has officially received your properly-filed allegation, submitted on May 1, 2019, that InterGlobal Forest, Inc. is engaging in evasion of the following AD/CVD orders: A-570-051 and C-570-052. For all future submissions and communications with CBP regarding this allegation, please reference this number: EAPA 7321.

Pursuant to 19 CFR §165.15(a), CBP will determine whether to initiate this EAPA investigation on or before the 15th business day after today. Notification of the initiation will be provided in accordance with 19 CFR §165.15(d).

Please direct any questions to eapallegations@cbp.dhs.gov with Kareen Campbell (kareen.campbell@cbp.dhs.gov) and me (tobias.a.vandall@cbp.dhs.gov) copied as well.

Sincerely,

Tobias Vandall
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7629 | Email: Tobias.A.Vandall@cbp.dhs.gov


U.S. Customs and
Border Protection

Public Document No. 18

PR 000659

GOV0000659

| | |
|---|---|
| **From:** | VANDALL, TOBIAS A |
| **To:** | Brightbill, Timothy; Capeloto, Tessa; Bell, Stephanie; Riggins, John Allen |
| **Cc:** | EAPA ALLEGATIONS; CHO, VICTORIA; HORGAN, KRISTINA; CAMPBELL, KAREEN; WHITESIDE, TINA MARIE F |
| **Subject:** | Receipt of EAPA Allegation 7323: Transshipment / Hardwood Plywood |
| **Date:** | Wednesday, June 5, 2019 3:11:06 PM |
| **Attachments:** | image001.png |

**Public Document**

Dear Mr. Brightbill,

The purpose of this email is to notify you that today, June 5, 2019, U.S. Customs and Border Protection's (CBP) Office of Trade has officially received your properly-filed allegation, submitted on May 1, 2019, that American Pacific Plywood, Inc. is engaging in evasion of the following AD/CVD orders: A-570-051 and C-570-052. For all future submissions and communications with CBP regarding this allegation, please reference this number: EAPA 7323.

Pursuant to 19 CFR §165.15(a), CBP will determine whether to initiate this EAPA investigation on or before the 15th business day after today. Notification of the initiation will be provided in accordance with 19 CFR §165.15(d).

Please direct any questions to eapallegations@cbp.dhs.gov with Kareen Campbell (kareen.campbell@cbp.dhs.gov) and me (tobias.a.vandall@cbp.dhs.gov) copied as well.

Sincerely,

Tobias Vandall
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7629 | Email: Tobias.A.Vandall@cbp.dhs.gov


U.S. Customs and
Border Protection

Public Document No. 19

PR 000661

GOV0000661

| From: | VANDALL, TOBIAS A |
|---|---|
| To: | Brightbill, Timothy; Capeloto, Tessa; Bell, Stephanie; Riggins, John Allen |
| Cc: | EAPA ALLEGATIONS; CHO, VICTORIA; HORGAN, KRISTINA; CAMPBELL, KAREEN; WHITESIDE, TINA MARIE F |
| Subject: | Receipt of EAPA Allegation 7327: Transshipment / Hardwood Plywood |
| Date: | Wednesday, June 5, 2019 3:11:10 PM |
| Attachments: | image001.png |

**Public Document**

Dear Mr. Brightbill,

The purpose of this email is to notify you that today, June 5, 2019, U.S. Customs and Border Protection's (CBP) Office of Trade has officially received your properly-filed allegation, submitted on May 10, 2019, that U.S. Global Forest, Inc. is engaging in evasion of the following AD/CVD orders: A-570-051 and C-570-052. For all future submissions and communications with CBP regarding this allegation, please reference this number: EAPA 7327.

Pursuant to 19 CFR §165.15(a), CBP will determine whether to initiate this EAPA investigation on or before the 15th business day after today. Notification of the initiation will be provided in accordance with 19 CFR §165.15(d).

Please direct any questions to eapallegations@cbp.dhs.gov with Kareen Campbell (kareen.campbell@cbp.dhs.gov) and me (tobias.a.vandall@cbp.dhs.gov) copied as well.

Sincerely,

Tobias Vandall
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7629 | Email: Tobias.A.Vandall@cbp.dhs.gov


U.S. Customs and
Border Protection

Public Document No. 20

PR 000663

GOV0000663

# Public Version

This document contains import data that is not capable of summary.

PR 000664

GOV0000664

Public Document No. 21

PR 000665

GOV0000665

# Public Version

Document not capable of summary.  NTAG Report contains company information.

Public Document No. 22

PR 000667

GOV0000667

# Public Version

This document contains import data that is not capable of summary.

PR 000668

GOV0000668

Public Document No. 23

PR 000669

GOV0000669

# Public Version

This document contains import data that is not capable of summary.

PR 000670

GOV0000670

Public Document No. 24

PR 000671

GOV0000671

# Public Version

This document contains import data that is not capable of summary.

PR 000672

GOV0000672

Public Document No. 25

PR 000673

GOV0000673

# Public Version

This document contains import data that is not capable of summary.

PR 000674

GOV0000674

Public Document No. 26

PR 000675

GOV0000675

# Public Version

Document not capable of summary.  NTAG Report contains company information.

PR 000676

GOV0000676

Public Document No. 27

PR 000677

GOV0000677

# Public Version

Document not capable of summary.  NTAG Report contains company information.

PR 000678

Public Document No. 28

PR 000679

GOV0000679

# Public Version

This document contains import data that is not capable of summary.

PR 000680

GOV0000680

Public Document No. 29

PR 000681

GOV0000681



## EAPA Allegations: Initiation Checklist

Alleger: <u>Coalition for Fair Trade of Hard</u>    Importer: <u>American Pacific Plywood, Ir</u>

Allegation Case Number <u>7323</u>

1. Does the alleger qualify as an interested party or is this a request from another federal agency?  <u>See</u> 19 USC §1517(a)(6); and 19 CFR §165.1.  If neither applies, please consult the Branch Chief immediately.

   Yes ⬤  No ◯

2. Does the allegation assert that the merchandise originated from the country associated with the AD/CVD order number?

   Yes ⬤  No ◯

3. Does the allegation describe merchandise that would fall within the scope of the listed AD/CVD order? (Select yes if it is in question, and inform your Branch Chief that a referral to Commerce may be necessary.)

   Yes ⬤  No ◯

4. Was a correct address provided for the importer alleged to be engaging in evasion?

   Yes ⬤  No ◯

5. Has the importer alleged to be engaging in evasion imported merchandise into the United States in the last 12 months?

   Yes ⬤  No ◯

6. Are there any related allegations into which this allegation should be consolidated? (If so, please list the other EAPA investigation numbers and elevate this to the Branch Chief or Division Director prior to initiation.)

   Yes ⬤  No ◯

   Other EAPA Investigation Nos:

   7321, 7323, and 7327 should be consolidated

7. Has the alleger provided entry information or other specific information concerning the alleged AD/CVD evasion?

   Yes ⬤  No ◯

8. Does the evidence provided in the allegation or request reasonably suggest that the importer entered covered merchandise for consumption into the United States through evasion?

   Yes ⬤  No ◯

9. Does evidence demonstrate that the alleged evasion is the result of a clerical error, as defined in 19 USC §1517(a)(5)(B)?

   Yes ◯  No ⬤

Action Taken on Allegation (Including Date):

   Initiated on June 26, 2019 in accordance with 19 CFR 165.15.

Public Document No. 30

PR 000683

GOV0000683



# EAPA Allegations: Initiation Checklist

Alleger: <u>Coalition for Fair Trade of Hard</u>    Importer: <u>InterGlobal Forest, LLC</u>

Allegation Case Number <u>7321</u>

1. Does the alleger qualify as an interested party or is this a request from another federal agency? See 19 USC §1517(a)(6); and 19 CFR §165.1. If neither applies, please consult the Branch Chief immediately.
   Yes ● No ○

2. Does the allegation assert that the merchandise originated from the country associated with the AD/CVD order number?
   Yes ● No ○

3. Does the allegation describe merchandise that would fall within the scope of the listed AD/CVD order? (Select yes if it is in question, and inform your Branch Chief that a referral to Commerce may be necessary.)
   Yes ● No ○

4. Was a correct address provided for the importer alleged to be engaging in evasion?
   Yes ● No ○

5. Has the importer alleged to be engaging in evasion imported merchandise into the United States in the last 12 months?
   Yes ● No ○

6. Are there any related allegations into which this allegation should be consolidated? (If so, please list the other EAPA investigation numbers and elevate this to the Branch Chief or Division Director prior to initiation.)
   Yes ● No ○

   Other EAPA Investigation Nos:

   7321, 7323, and 7327 should be consolidated

7. Has the alleger provided entry information or other specific information concerning the alleged AD/CVD evasion?
   Yes ● No ○

8. Does the evidence provided in the allegation or request reasonably suggest that the importer entered covered merchandise for consumption into the United States through evasion?
   Yes ● No ○

9. Does evidence demonstrate that the alleged evasion is the result of a clerical error, as defined in 19 USC §1517(a)(5)(B)?
   Yes ○ No ●

Action Taken on Allegation (Including Date):

   Initiated on June 26, 2019 in accordance with 19 CFR 165.15.

Public Document No. 31

PR 000685

GOV0000685



# EAPA Allegations: Initiation Checklist

Alleger: Coalition for Fair Trade of Hard    Importer: U.S. Global Forest, Inc.

Allegation Case Number 7327

1. Does the alleger qualify as an interested party or is this a request from another federal agency? See 19 USC §1517(a)(6); and 19 CFR §165.1. If neither applies, please consult the Branch Chief immediately.
Yes ● No ○

2. Does the allegation assert that the merchandise originated from the country associated with the AD/CVD order number?
Yes ● No ○

3. Does the allegation describe merchandise that would fall within the scope of the listed AD/CVD order? (Select yes if it is in question, and inform your Branch Chief that a referral to Commerce may be necessary.)
Yes ● No ○

4. Was a correct address provided for the importer alleged to be engaging in evasion?
Yes ● No ○

5. Has the importer alleged to be engaging in evasion imported merchandise into the United States in the last 12 months?
Yes ● No ○

6. Are there any related allegations into which this allegation should be consolidated? (If so, please list the other EAPA investigation numbers and elevate this to the Branch Chief or Division Director prior to initiation.)
Yes ● No ○

Other EAPA Investigation Nos:

7321, 7323, and 7327 should be consolidated

7. Has the alleger provided entry information or other specific information concerning the alleged AD/CVD evasion?
Yes ● No ○

8. Does the evidence provided in the allegation or request reasonably suggest that the importer entered covered merchandise for consumption into the United States through evasion?
Yes ● No ○

9. Does evidence demonstrate that the alleged evasion is the result of a clerical error, as defined in 19 USC §1517(a)(5)(B)?
Yes ○ No ●

Action Taken on Allegation (Including Date):

Initiated on June 26, 2019 in accordance with 19 CFR 165.15.

PR 000686

GOV0000686

Public Document No. 32

PR 000687

GOV0000687

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

**PUBLIC VERSION**

## Memorandum to the File

**Date**: June 26, 2019

**To**: Africa Bell *ARB*
Acting Director, Enforcement Operations Division

**From**: Kristina Horgan *vyc* for KH
Chief, EAPA Investigations Branch

**Subject**: Initiation of Investigation for EAPA Case Number 7323 –
American Pacific Plywood, Inc.

---

**Alleger**: Coalition for Fair Trade of Hardwood Plywood

**Importer**: American Pacific Plywood, Inc.

Purpose:

Pursuant to 19 CFR 165.15(a), U.S. Customs and Border Protection ("CBP") has decided to initiate an investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act ("EAPA"), for the case referenced above. The allegation therein reasonably suggests that covered merchandise entered into the customs territory of the United States by means of evasion.

Background:

On April 15, 2019, the Coalition for Fair Trade of Hardwood Plywood ("the Coalition")[1] filed an EAPA allegation through counsel claiming that a U.S.-based importer, American Pacific Plywood, Inc. ("American Pacific") is evading antidumping duty ("AD") order A-570-051[2] and countervailing duty ("CVD") order C-570-052[3] on certain hardwood plywood products

---

[1] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (May 1, 2019) ("Revised Allegation") at 5-6 and Exhibit 1. A majority of the Coalition's members are U.S. producers of hardwood plywood, and thus, pursuant to 19 CFR 165.1(4), meet the definition of an interested party that is permitted to submit an EAPA allegation.
[2] *See Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 83 FR 504 (Dept. Commerce, January 4, 2018).
[3] *See Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 FR 513 (Dept. Commerce, January 4, 2018).

GOV0000688

("hardwood plywood") from the People's Republic of China ("China").[4]  The Coalition then submitted a revised allegation on May 1, 2019.[5]  On June 5, 2019, in accordance with 19 CFR 165.12(a), CBP acknowledged receipt of the Coalition's properly filed EAPA allegation concerning evasion by American Pacific.[6]  The Coalition alleged that available information reasonably suggests that American Pacific evaded the AD and CVD orders with respect to Chinese-origin hardwood plywood transshipped through Cambodia.  The basis for this allegation follows.

*Import and Export Trends are Consistent with Transshipment*

The Coalition claims that recent import and export trends in China, Cambodia, and the United States concerning hardwood plywood are consistent with transshipment through Cambodia. They assert that since the imposition of the AD and CVD orders, Chinese exports of hardwood plywood to the United States decreased from 1,153,065 cubic meters in 2017 to 181,288 cubic meters in 2018, the year that CBP implemented the AD/CVD orders.[7]  The Coalition further states that a large increase in the volume of Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States occurred in the same time period.  In support, the Coalition notes that Chinese exports of hardwood plywood to Cambodia surged from 23,332,665 kilograms ("kg") in 2016 to 99,131,394 kg in 2018[8] and Cambodian exports of hardwood plywood to the United States more than doubled from 20,452 cubic meters in 2017 to 53,831 cubic meters in 2018.[9]  The Coalition maintains that these data suggest Chinese exporters of hardwood plywood shifted their exports from the United States to Cambodia and then transshipped Chinese-origin hardwood plywood from Cambodia to the United States.

Regarding these trends, the Coalition asserts that Cambodia's domestic consumption of hardwood plywood cannot account for the recent influx of Chinese-origin hardwood plywood into Cambodia.  The Coalition notes that Cambodia consumed only 30,000 cubic meters of hardwood plywood in 2016, which is slightly more than its production of 27,000 cubic meters. Even though Cambodia's production and consumption statistics do not indicate that it had surplus production to export, the figures still report that Cambodia exported 20,000 cubic meters.[10]  Further, the Coalition notes that even if all 27,000 cubic meters of Cambodia's 2016 production was in-scope merchandise and Cambodia's domestic consumption dropped to zero, they would have to approximately double their production to equal the 53,831 cubic meters of hardwood plywood that they exported to the United States in 2018, which the Coalition maintains is unlikely.  Thus, the Coalition notes that the context of the data suggests a situation in which Chinese-origin hardwood plywood passes through Cambodia by transshipment.

*Allegations Pertaining to American Pacific*

---

[4] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (April 15, 2019).
[5] *See* Revised Allegation.
[6] *See* June 5, 2019 email entitled "Receipt of EAPA Allegation 7323: Transshipment / Hardwood Plywood."
[7] *See* Revised Allegation at Exhibit 5 (USITC Dataweb).
[8] *Id.* at Exhibit 4 (Chinese Export Statistics).
[9] *Id.* at Exhibit 5 (USITC Dataweb).
[10] *Id.* at Exhibit 3 (The Forestry Yearbook).

PR 000689

GOV0000689

Within this context, the Coalition claims that American Pacific, a U.S.-based importer of hardwood plywood, relatively recently began an almost-exclusive relationship with a Cambodian exporter of hardwood plywood, LB Wood Cambodia ("LB Wood").[11]  LB Wood is located in Cambodia's Sihanoukville Special Economic Zone ("SSEZ"), near Cambodia's only deep-water port.[12]  The Coalition claims that the SSEZ was purposefully designed to link Chinese and Cambodian trading partners and facilitate the global dissemination of their products.  Likewise, the SSEZ describes itself as an "economic and trade cooperation zone constructed by Chinese and Cambodian enterprises, which is a landmark project on {the} 'Belt and Road' Initiative."[13]  Thus, the Coalition asserts that it is highly likely that LB Wood has relationships with Chinese hardwood plywood producers as well as the facilities necessary to transship subject merchandise to the United States.  The Coalition notes that LB Wood shipped at least 13 shipments of subject merchandise to American Pacific in 2018 with a combined weight of 754,400 kg (approximately 1,160 cubic meters) and a total value of USD $715,171.[14]  The Coalition further notes that LB Wood's earliest shipment occurs after the imposition of the AD/CVD orders, which indicates that their relationship with American Pacific did not precede the AD/CVD orders.[15]

Further, the Coalition points out that American Pacific is under investigation in EAPA case 7252 for transshipping of Chinese-origin hardwood plywood through Vietnam.[16]  The Coalition notes that that case's allegation claims a Vietnamese exporter/manufacturer began operations after the AD/CVD order to transship subject merchandise.  The Coalition asserts that the nature of this ongoing investigation indicates that American Pacific not only possesses the willingness and ability to transship subject merchandise through Vietnam but through Cambodia also.

<u>Analysis</u>:

Evasion is defined as the "entry of covered merchandise into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise."[17]  Under 19 CFR 165.15(b), CBP will initiate an investigation if it determines that, upon considering the  allegation, as supported by evidence reasonably available to the alleger, "{t}he information provided in the allegation…reasonably suggests that the covered merchandise has been entered for consumption into the customs territory of the United States through evasion."

---

[11] *Id.* at 10.
[12] *Id.* at 10-11 and Exhibits 7 and 8.
[13] *Id.* at Exhibit 9.  The Belt and Road Initiative supplies low-cost Chinese government funds for infrastructure projects outside China that are designed to link foreign back trade to China.
[14] *Id.* at 10 and Exhibits 3 (The Forestry Yearbook) and 6 ([     ]).  Exhibit 3 provides a ratio in which one cubic meter of hardwood plywood equals about 650 kg.
[15] *Id.*
[16] *Id.* at 11 and Exhibit 10.
[17] *See* 19 USC 1517(a)(5); *see also* 19 CFR 165.1 (setting forth the definition of "evasion").

PR 000690

GOV0000690

The Coalition submitted reasonably available information documenting irregularities surrounding American Pacific's importation of hardwood plywood into the United States. The irregularities concerning American Pacific's importation of subject merchandise exist in a larger context conducive to transshipment. The Revised Allegation notes the January 2018 imposition of the AD/CVD orders that is applicable to all Chinese producers of hardwood plywood. Following these orders, Chinese exports of hardwood plywood to the United States declined substantially. Accompanying this decline, Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States concurrently increased. Because Cambodia has very limited domestic production and consumption of hardwood plywood, it seems unlikely that the recent increase in Chinese-origin hardwood plywood exports to Cambodia is driven chiefly by Cambodia's consumption or production needs. Moreover, the available data from 2016 indicates that Cambodia's production of hardwood plywood at 27,000 cubic meters was slightly less than its consumption of hardwood plywood at 30,000 cubic meters.[18] It would be expected that the amount of hardwood plywood Cambodia exported, which was 20,000 cubic meters in 2016, would be reflected in a corresponding surplus of production above the amount consumed.[19] Potentially, some of these exports of hardwood plywood are due to transshipment. Therefore, these trends reasonably suggest that some Chinese exports of hardwood plywood pass through Cambodia by transshipment to the United States.

In 2010, China and Cambodia established the joint SSEZ near Cambodia's only deep water port.[20] Chinese and Cambodian companies then "cooperate {d} closely" and constructed the SSEZ as an "economic and trade cooperation zone" to promote the exportation of their products.[21] American Pacific's main trading partner, LB Wood, is located in the SSEZ. The SSEZ's intent, to closely partner Chinese and Cambodian companies, indicates potential Chinese sources for LB Wood's hardwood plywood supply.[22] Further, the timing[23] of American Pacific's imports from the Cambodian exporter of hardwood plywood, LB Wood, along with LB Wood's potential connections to Chinese hardwood plywood suppliers contributes to a reasonable suspicion of transshipment.

Moreover, American Pacific has been under investigation for transshipping hardwood plywood through Cambodia's neighbor Vietnam. The alleger in that case presented evidence demonstrating that American Pacific imported hardwood plywood from a Vietnamese manufacturer/exporter of hardwood plywood named Vietnam Finewood.[24] The alleger then provided two videos showing Vietnam Finewood personnel visibly removing "Made in China" labels and repackaging the merchandise at their Vietnamese facility.[25] CBP officials conducted an on-site verification of Vietnam Finewood and verified that Vietnam Finewood's facility was

---

[18] *See* Revised Allegation at Exhibit 3 (The Forestry Yearbook).
[19] *Id.* The 20,000 cubic meters cited here pertains to Cambodian exports of hardwood plywood to all countries in 2016. The 53,831 cubic meters cited earlier pertains to Cambodian exports of hardwood plywood solely to the United States in 2018.
[20] *Id.* at Exhibits 7 and 8.
[21] *Id.* at Exhibit 8.
[22] *Id.*
[23] *Id.* at 10 and Exhibit 6. American Pacific's imports from LB Wood appear to begin only after the imposition of the AD/CVD orders.
[24] *Id.* at Exhibit 10, page 3.
[25] *Id.* at Exhibit 10, pages 3-4.

PR 000691

GOV0000691

the location of the allegation's videos.[26]  In addition, the on-site verification noted several discrepancies between what Vietnam Finewood reported and the actual quantity and description of merchandise shipped from Vietnam Finewood to American Pacific.[27]  Though American Pacific's ongoing case involves a different claimed country of origin, the general circumstances of the case are similar to those presented in this current allegation of evasion through Cambodia. Both alleged instances of evasion pertain to the same product, the same alleged method of evasion and the same importer.  Additionally, in both alleged instances of evasion American Pacific appears to have initiated a relationship with the alleged manufacturer/exporter in Vietnam and Cambodia after the imposition of the AD/CVD orders.[28]  Given that there is established reasonable suspicion of evasion by American Pacific in an ongoing investigation of evasion through Vietnam, and the circumstances in the ongoing case are similar to that in this allegation, it is reasonable to suspect that American Pacific is transshipping Chinese-origin hardwood plywood through Cambodia as alleged.

In assessing the Coalition's claims made and evidence provided in its Revised Allegation, CBP finds that the Revised Allegation reasonably suggests that American Pacific attempted to evade AD/CVD orders A-570-051 and C-570-052 through the transshipment of Chinese-origin hardwood plywood through Cambodia and failed to report merchandise as subject to the AD/CVD orders.[29]  Specifically, circumstances surrounding American Pacific's importation of hardwood plywood and the larger context in which they occur lead to a reasonable suspicion that American Pacific entered covered merchandise into the customs territory of the United States by means of evasion.  For the reasons previously set forth, CBP is initiating an investigation under the authority of 19 USC 1517(b)(1) for imports of hardwood plywood that are alleged to be entered through evasion with regard to Chinese-origin hardwood plywood.[30]  Therefore, CBP will investigate the extent to which American Pacific is engaged in evasion.

---

[26] *Id.* at Exhibit 10, page 5.
[27] *Id.*
[28] *Id.* at 10 and Exhibit 10, page 2.
[29] *See* 19 CFR 165.11; *see also* 19 CFR 165.15(2).
[30] *See also* 19 CFR 165.15.

5

PR 000692

GOV0000692

Public Document No. 33

PR 000693

GOV0000693

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

**PUBLIC VERSION**

### Memorandum to the File

**Date**:        June 26, 2019

**To**:          Africa Bell *ARB*
             Acting Director, Enforcement Operations Division

**From**:        Kristina Horgan *VyC* for KH
             Chief, EAPA Investigations Branch

**Subject**:     Initiation of Investigation for EAPA Case Number 7321 –
             InterGlobal Forest, LLC

---

**Alleger**:     Coalition for Fair Trade of Hardwood Plywood

**Importer**:    InterGlobal Forest, LLC

Purpose:

Pursuant to 19 CFR 165.15(a), U.S. Customs and Border Protection ("CBP") has decided to initiate an investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act ("EAPA"), for the case referenced above. The allegation therein reasonably suggests that covered merchandise entered into the customs territory of the United States by means of evasion.

Background:

On April 15, 2019, the Coalition for Fair Trade of Hardwood Plywood ("the Coalition")[1] filed an EAPA allegation through counsel claiming that a U.S.-based importer, InterGlobal Forest, LLC ("InterGlobal") is evading antidumping duty ("AD") order A-570-051[2] and countervailing duty

---

[1] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (May 1, 2019) ("Revised Allegation") at 5-6 and Exhibit 1. A majority of the Coalition's members are U.S. producers of hardwood plywood, and thus, pursuant to 19 CFR 165.1(4), meet the definition of an interested party that is permitted to submit an EAPA allegation.
[2] *See Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 83 FR 504 (Dept. Commerce, January 4, 2018).

GOV0000694

("CVD") order C-570-052[3] on certain hardwood plywood products ("hardwood plywood") from the People's Republic of China ("China").[4]  The Coalition then submitted a revised allegation on May 1, 2019.[5]  On June 5, 2019, in accordance with 19 CFR 165.12(a), CBP acknowledged receipt of the Coalition's properly filed EAPA allegation concerning evasion by InterGlobal.[6]  The Coalition alleged that available information reasonably suggests that InterGlobal evaded the AD and CVD orders with respect to Chinese-origin hardwood plywood transshipped through Cambodia.  The basis for this allegation follows.

*Import and Export Trends are Consistent with Transshipment*

The Coalition claims that recent import and export trends in China, Cambodia, and the United States concerning hardwood plywood are consistent with transshipment through Cambodia. They assert that since the imposition of the AD and CVD orders, Chinese exports of hardwood plywood to the United States decreased from 1,153,065 cubic meters in 2017 to 181,288 cubic meters in 2018, the year that CBP implemented the AD/CVD orders.[7]  The Coalition further states that a large increase in the volume of Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States occurred in the same time period.  In support, the Coalition notes that Chinese exports of hardwood plywood to Cambodia surged from 23,332,665 kilograms ("kg") in 2016 to 99,131,394 kg in 2018[8] and Cambodian exports of hardwood plywood to the United States more than doubled from 20,452 cubic meters in 2017 to 53,831 cubic meters in 2018.[9]  The Coalition maintains that these data suggest Chinese exporters of hardwood plywood shifted their exports from the United States to Cambodia and then transshipped Chinese-origin hardwood plywood from Cambodia to the United States.

Regarding these trends, the Coalition asserts that Cambodia's domestic consumption of hardwood plywood cannot account for the recent influx of Chinese-origin hardwood plywood into Cambodia.  The Coalition notes that Cambodia consumed only 30,000 cubic meters of hardwood plywood in 2016, which is slightly more than its production of 27,000 cubic meters. Even though Cambodia's production and consumption statistics do not indicate that it had surplus production to export, the figures still report that Cambodia exported 20,000 cubic meters.[10]  Further, the Coalition notes that even if all 27,000 cubic meters of Cambodia's 2016 production was in-scope merchandise and Cambodia's domestic consumption dropped to zero, they would have to approximately double their production to equal the 53,831 cubic meters of hardwood plywood that they exported to the United States in 2018, which the Coalition maintains is unlikely.  Thus, the Coalition notes that the context of the data suggests a situation in which Chinese-origin hardwood plywood passes through Cambodia by transshipment.

---

[3] *See Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 FR 513 (Dept. Commerce, January 4, 2018).
[4] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (April 15, 2019).
[5] *See* Revised Allegation.
[6] *See* June 5, 2019 email entitled "Receipt of EAPA Allegation 7321:  Transshipment / Hardwood Plywood."
[7] *See* Revised Allegation at Exhibit 4 (USITC Dataweb).
[8] *Id.* at Exhibit 3 (Chinese Export Statistics).
[9] *Id.* at Exhibit 4 (USITC Dataweb).
[10] *Id.* at Exhibit 2 (The Forestry Yearbook).

PR 000695

GOV0000695

*Allegations Pertaining to InterGlobal*

Within this context, the Coalition claims that InterGlobal, a U.S.-based importer of hardwood plywood, relatively recently began an almost-exclusive relationship with a Cambodian exporter of hardwood plywood, LB Wood Cambodia ("LB Wood").[11] LB Wood is located in Cambodia's Sihanoukville Special Economic Zone ("SSEZ"), near Cambodia's only deep-water port.[12] The Coalition claims that the SSEZ was purposefully designed to link Chinese and Cambodian trading partners and facilitate the global dissemination of their products. Likewise, the SSEZ describes itself as an "economic and trade cooperation zone constructed by Chinese and Cambodian enterprises, which is a landmark project on {the} 'Belt and Road' Initiative."[13] Thus, the Coalition asserts that it is highly likely that LB Wood has relationships with Chinese hardwood plywood producers as well as the facilities necessary to transship subject merchandise to the United States. The Coalition notes that LB Wood shipped at least 60 shipments of subject merchandise to InterGlobal in 2018 with a combined weight of 5,000,000 kg (approximately 7,690 cubic meters) and a total value of over USD $6,000,000.[14] They further note that according to these figures it appears that InterGlobal imported almost one-third of Cambodia's total hardwood plywood production in 2016, which they assert is unlikely for one U.S. importer.[15]

Regarding InterGlobal's importing practices, the Coalition states that InterGlobal openly sourced its hardwood plywood from China before the imposition of the AD/CVD orders and the beginning of its relationship with LB Wood. They maintain that since the imposition of the AD/CVD orders, InterGlobal changed its website to obscure its alleged relationship with Chinese producers of hardwood plywood. Nevertheless, the Coalition maintains that certain aspects of the website indicate that InterGlobal continues to source hardwood plywood from China. For example, InterGlobal currently lists a product category on its website as "Asian Plywood;" yet, the corresponding "URL of this page is https://www.interglobalforest.com/chinese-plywood.html, which suggests that InterGlobal was originally advertising Chinese plywood."[16] The Coalition further notes that until recently this webpage was entitled "Chinese Plywood" and included a picture of boxes with InterGlobal's logo and a "Made in China" stamp.[17] In addition, the Coalition maintains that until recently the file name of this image's source code was also "Chinese-plywood.jpg."[18] Finally, the Coalition pointed out a marketing website that updated weekly in which InterGlobal states, "{w}e currently import a diversified mix of panels from Belgium, Brazil, China, Indonesia, Russia, and Turkey."[19] However, Cambodia is not mentioned.

---

[11] *Id.* at 10.
[12] *Id.* at Exhibit 6.
[13] *Id.* at Exhibit 8. The Belt and Road Initiative supplies low-cost Chinese government funds for infrastructure projects outside China that are designed to link foreign back trade to China.
[14] *Id.* at 10 and Exhibit 2 (The Forestry Yearbook). Exhibit 2 provides a ratio in which one cubic meter of hardwood plywood equals about 650 kg.
[15] *Id.* at 11.
[16] *Id.* at 12 and Exhibit 9.
[17] *Id.* at Exhibit 10.
[18] *Id.*
[19] *Id.* at Exhibit 11.

3

GOV0000696

The Coalition asserts additional discrepancies concerning InterGlobal's online description of its "Asian Plywood" indicate that it is not fully forthcoming about its imported products.[20]  The Coalition states that InterGlobal advertises the decorative properties of its Asian Plywood brand Gorilla Ply online;[21] yet, the product's trademark application indicates that the product's intended use was as a non-decorative underlayment.[22]  When accompanying laminate or wood flooring, underlayments can measure between 3.175 mm to 12.7 mm.  However, InterGlobal advertises Gorilla Ply as 18 mm, which is much thicker than hardwood plywood used as an underlayment, thereby suggesting its use as a decorative hardwood plywood.[23]  InterGlobal's website displays Gorilla Ply as a product that is "Made in Cambodia."[24]

In addition to alleged website irregularities, the Coalition presented documentation indicating that one of InterGlobal's Chinese suppliers, [                                                    ], is [                  ] and that [                  
].[25]  Further, the Coalition points out that InterGlobal is also under investigation in EAPA case 7252 for transshipping Chinese-origin hardwood plywood through Vietnam.[26]  The Coalition maintains that InterGlobal's relationship with this supplier and the evidence pertaining to its alleged involvement in transshipping through Vietnam indicate that InterGlobal likely has the knowledge and ability to engage in transshipping through Cambodia.

<u>Analysis:</u>

Evasion is defined as the "entry of covered merchandise into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise."[27]  Under 19 CFR 165.15(b), CBP will initiate an investigation if it determines that, upon considering the  allegation, as supported by evidence reasonably available to the alleger, "{t}he information provided in the allegation…reasonably suggests that the covered merchandise has been entered for consumption into the customs territory of the United States through evasion."

---

[20] *Id.* at 14.
[21] *Id.* at Exhibit 9.
[22] *Id.* at Exhibit 15.  An underlayment is a layer of plywood installed between structural subflooring and laminate flooring.  Because it remains hidden from sight, its purpose is functionally oriented rather than aesthetic. Underlayments provide noise reduction, water-resistance, insulation, and a smooth surface for the application of a top flooring layer.
[23] *Id.*
[24] *Id.* at Exhibit 9.
[25] *Id.* at 12 and Exhibit 12.  [


                                   ]
[26] *Id.* at Exhibit 13.
[27] *See* 19 USC 1517(a)(5); *see also* 19 CFR 165.1 (setting forth the definition of "evasion").

4

PR 000697

GOV0000697

The Coalition submitted reasonably available information documenting irregularities surrounding InterGlobal's importation of hardwood plywood into the U.S. The irregularities concerning InterGlobal's importation of subject merchandise exist in a context conducive to transshipment. The Coalition's Revised Allegation notes the January 2018 imposition of the AD/CVD orders that is applicable to all Chinese producers of hardwood plywood. Following these orders, Chinese exports of hardwood plywood to the United States declined substantially. Accompanying this decline, Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States concurrently increased. Because Cambodia has very limited domestic production and consumption of hardwood plywood, it seems unlikely that the recent increase in Chinese-origin hardwood plywood exports to Cambodia is driven chiefly by Cambodia's consumption or production needs. Moreover, the available data from 2016 indicates that Cambodia's production of hardwood plywood at 27,000 cubic meters was slightly less than its consumption of hardwood plywood at 30,000 cubic meters.[28] It would be expected that the amount of hardwood plywood Cambodia exported, which was 20,000 cubic meters in 2016, would be reflected in a corresponding surplus of production above the amount consumed.[29] Potentially, some of these exports of hardwood plywood are due to transshipment. Therefore, these trends reasonably suggest that some Chinese exports of hardwood plywood pass through Cambodia by transshipment to the United States.

In 2010, China and Cambodia established the joint SSEZ near Cambodia's only deep water port.[30] Chinese and Cambodian companies then "cooperate{d} closely" and constructed the SSEZ as an "economic and trade cooperation zone" to promote the exportation of their products.[31] InterGlobal's main trading partner, LB Wood, is located in the SSEZ. The SSEZ's intent, to closely partner Chinese and Cambodian companies, indicates potential Chinese sources for LB Wood's hardwood plywood supply.[32] Further, the timing of InterGlobal's alleged shift from Chinese suppliers of hardwood plywood to a Cambodian exporter of hardwood plywood, LB Wood, with potential connections to Chinese hardwood plywood suppliers contributes to a reasonable suspicion of transshipment.

Changes to InterGlobal's website suggest that their Chinese Plywood has been renamed "Asian Plywood." Likewise, the website marketing InterGlobal's products describes InterGlobal sourcing its products from China and various other countries but does not mention Cambodia. These irregularities on InterGlobal's website reasonably suggest evasion. Moreover, InterGlobal has been under investigation for transshipping hardwood plywood through Cambodia's neighbor Vietnam. In consideration of a potential finding of evasion in that case, it is a reasonable conclusion that an importer capable of transshipping Chinese-origin hardwood plywood through Vietnam is capable of transshipping Chinese-origin hardwood plywood through its southwestern neighbor Cambodia as well.

---

[28] *See* Revised Allegation at Exhibit 2 (The Forestry Yearbook).

[29] *Id.* The 20,000 cubic meters cited here pertains to Cambodian exports of hardwood plywood to all countries in 2016. The 53,831 cubic meters cited earlier pertains to Cambodian exports of hardwood plywood solely to the United States in 2018.

[30] *Id.* at Exhibits 7 and 8.

[31] *Id.* at Exhibit 8.

[32] *Id.*

PR 000698

GOV0000698

In assessing the Coalition's claims made and evidence provided in its Revised Allegation, CBP finds that the Revised Allegation reasonably suggests that InterGlobal attempted to evade AD/CVD orders A-570-051 and C-570-052 through the transshipment of Chinese-origin hardwood plywood through Cambodia and failed to report merchandise as subject to the AD/CVD orders.[33] Specifically, the various irregularities surrounding InterGlobal's importation of hardwood plywood and the context in which they occur lead to a reasonable suspicion that InterGlobal entered covered merchandise into the customs territory of the United States by means of evasion. For the reasons previously set forth, CBP is initiating an investigation under the authority of 19 USC 1517(b)(1) for imports of hardwood plywood that are alleged to be entered through evasion with regard to Chinese-origin hardwood plywood.[34] Therefore, CBP will investigate the extent to which InterGlobal is engaged in evasion.

---

[33] *See* 19 CFR 165.11; *see also* 19 CFR 165.15(2).
[34] *See also* 19 CFR 165.15.

6

GOV0000699

Public Document No. 34

PR 000700

GOV0000700

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

**PUBLIC VERSION**

## Memorandum to the File

**Date**:        June 26, 2019

**To**:           Africa Bell *ARB*
              Acting Director, Enforcement Operations Division

**From**:         Kristina Horgan *VAC* for KH
              Chief, EAPA Investigations Branch

**Subject**:      Initiation of Investigation for EAPA Case Number 7327–
              U.S. Global Forest, Inc.

---

**Alleger**:      Coalition for Fair Trade of Hardwood Plywood

**Importer**:     U.S. Global Forest, Inc.

Purpose:

Pursuant to 19 CFR 165.15(a), U.S. Customs and Border Protection ("CBP") has decided to initiate an investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act ("EAPA"), for the case referenced above.  The allegation therein reasonably suggests that covered merchandise entered into the customs territory of the United States by means of evasion.

Background:

On April 15, 2019, the Coalition for Fair Trade of Hardwood Plywood ("the Coalition")[1] filed an EAPA allegation through counsel claiming that U.S.-based importer(s), U.S. Global Forest, Inc. ("U.S. Global") and CTS Global Supply Chain Solutions ("CTS Global") were evading antidumping duty ("AD") order A-570-051[2] and countervailing duty ("CVD") order C-570-052[3]

---

[1] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (May 1, 2019) ("Updated Allegation") at 5-6 and Exhibit 1.  A majority of the Coalition's members are U.S. producers of hardwood plywood, and thus, pursuant to 19 CFR 165.1(4), meet the definition of an interested party that is permitted to submit an EAPA allegation.

[2] *See Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 83 FR 504 (Dept. Commerce, January 4, 2018).

[3] *See Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 FR 513 (Dept. Commerce, January 4, 2018).

GOV0000701

on certain hardwood plywood products ("hardwood plywood") from the People's Republic of China ("China").[4]  The Coalition then submitted an updated allegation on May 1, 2019.[5]  The Coalition claimed that U.S. Global and CTS Global were either the same company or closely related.[6]  In response to CBP's request that they file one allegation for each alleged importer, the Coalition submitted a Revised Allegation concerning solely U.S. Global on May 10, 2019.[7]  On June 5, 2019, in accordance with 19 CFR 165.12(a), CBP acknowledged receipt of the Coalition's properly filed EAPA allegation concerning evasion by U.S. Global.[8]  The Coalition alleged that available information reasonably suggests that U.S. Global evaded the AD and CVD orders with respect to Chinese-origin hardwood plywood transshipped through Cambodia.  The basis for this allegation follows.

*Import and Export Trends are Consistent with Transshipment*

The Coalition claims that recent import and export trends in China, Cambodia, and the United States concerning hardwood plywood are consistent with transshipment through Cambodia. They assert that since the imposition of the AD and CVD orders, Chinese exports of hardwood plywood to the United States decreased from 1,153,065 cubic meters in 2017 to 181,288 cubic meters in 2018, the year that CBP implemented the AD/CVD orders.[9]  The Coalition further states that a large increase in the volume of Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States occurred in the same time period.  In support, the Coalition notes that Chinese exports of hardwood plywood to Cambodia surged from 23,332,665 kilograms ("kg") in 2016 to 99,131,394 kg in 2018[10] and Cambodian exports of hardwood plywood to the United States more than doubled from 20,452 cubic meters in 2017 to 53,831 cubic meters in 2018.[11]  The Coalition maintains that these data suggest Chinese exporters of hardwood plywood shifted their exports from the United States to Cambodia and then transshipped Chinese-origin hardwood plywood from Cambodia to the United States.

Regarding these trends, the Coalition asserts that Cambodia's domestic consumption of hardwood plywood cannot account for the recent influx of Chinese-origin hardwood plywood into Cambodia.  The Coalition notes that Cambodia consumed only 30,000 cubic meters of hardwood plywood in 2016, which is slightly more than its production of 27,000 cubic meters. Even though Cambodia's production and consumption statistics do not indicate that it had surplus production to export, the figures still report that Cambodia exported 20,000 cubic meters.[12]  Further, the Coalition notes that even if all 27,000 cubic meters of Cambodia's 2016

---

[4] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act" (April 15, 2019).
[5] *See* Updated Allegation.
[6] *Id.* at 8.
[7] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation of U.S. Global Forest, Inc. under the Enforce and Protect Act" (May 10, 2019) ("Revised Allegation").
[8] *See* June 5, 2019 email entitled "Receipt of EAPA Allegation 7327: Transshipment / Hardwood Plywood."
[9] *See* Revised Allegation at Exhibit 7 (USITC Dataweb).
[10] *Id.* at Exhibit 6 (Chinese Export Statistics).
[11] *Id.* at Exhibit 7 (USITC Dataweb).
[12] *Id.* at Exhibit 5 (The Forestry Yearbook).

2

GOV0000702

production was in-scope merchandise and Cambodia's domestic consumption dropped to zero, they would have to approximately double their production to equal the 53,831 cubic meters of hardwood plywood that they exported to the United States in 2018, which the Coalition maintains is unlikely. Thus, the Coalition notes that the context of the data suggests a situation in which Chinese-origin hardwood plywood passes through Cambodia by transshipment.

*Allegations Pertaining to U.S. Global*

Within this context, the Coalition claims that U.S. Global, a U.S.-based importer of hardwood plywood, has a potentially exclusive relationship with a Cambodian exporter of hardwood plywood, Cambodia Happy Home Wood Products Co., Ltd. ("Cambodia Happy Home").[13] Cambodia Happy Home is located in Cambodia's Sihanoukville Special Economic Zone ("SSEZ"), near Cambodia's only deep-water port.[14] The Coalition claims that the SSEZ was purposefully designed to link Chinese and Cambodian trading partners and facilitate the global dissemination of their products. Likewise, the SSEZ describes itself as an "economic and trade cooperation zone constructed by Chinese and Cambodian enterprises, which is a landmark project on {the} 'Belt and Road' Initiative."[15] Thus, the Coalition asserts that it is highly likely that Cambodia Happy Home has relationships with Chinese hardwood plywood producers as well as the facilities necessary to transship subject merchandise to the United States. The Coalition notes that Cambodia Happy Home shipped at least 59 shipments of subject merchandise to U.S. Global in 2018 with a combined weight of 8,829,460 kg (approximately 13,580 cubic meters) and a total value of USD $8,370,328.[16] The Coalition further notes that these shipments from Cambodia Happy Home to U.S. Global account for 50.3 percent of Cambodia's total production in 2016.[17] The Coalition asserts that it is highly unlikely that U.S. Global's imports would account for so much of Cambodia's production and that this suggests that at least some of this amount does not originate in Cambodia.

Analysis:

Evasion is defined as the "entry of covered merchandise into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise."[18] Under 19 CFR 165.15(b), CBP will initiate an investigation if it determines that, upon considering the allegation, as supported by evidence reasonably available to the alleger, "{t}he information provided in the allegation…reasonably suggests that the covered merchandise has been entered for consumption into the customs territory of the United States through evasion."

---

[13] *Id.* at 10 and Exhibit 4.

[14] *Id.* at 10-11 and Exhibits 8 and 9.

[15] *Id.* at Exhibit 9. The Belt and Road Initiative supplies low-cost Chinese government funds for infrastructure projects outside China that are designed to link foreign back trade to China.

[16] *Id.* at 11 and Exhibits 4 ([    ]) and 5 (The Forestry Yearbook). Exhibit 5 provides a ratio in which one cubic meter of hardwood plywood equals about 650 kg.

[17] *Id.* at 11.

[18] *See* 19 USC 1517(a)(5); *see also* 19 CFR 165.1 (setting forth the definition of "evasion").

3

GOV0000703

The Coalition submitted reasonably available information documenting irregularities surrounding U.S. Global's importation of hardwood plywood into the United States. The irregularities concerning U.S. Global's importation of subject merchandise exist in a larger context conducive to transshipment. The Revised Allegation notes the January 2018 imposition of the AD/CVD orders that is applicable to all Chinese producers of hardwood plywood. Following these orders, Chinese exports of hardwood plywood to the United States declined substantially. Accompanying this decline, Chinese exports of hardwood plywood to Cambodia and Cambodian exports of hardwood plywood to the United States concurrently increased. Because Cambodia has very limited domestic production and consumption of hardwood plywood, it seems unlikely that the recent increase in Chinese-origin hardwood plywood exports to Cambodia is driven chiefly by Cambodia's consumption or production needs. Moreover, the available data from 2016 indicates that Cambodia's production of hardwood plywood at 27,000 cubic meters was slightly less than its consumption of hardwood plywood at 30,000 cubic meters.[19] It would be expected that the amount of hardwood plywood Cambodia exported, which was 20,000 cubic meters in 2016, would be reflected in a corresponding surplus of production above the amount consumed.[20] Potentially, some of these exports of hardwood plywood are due to transshipment. Therefore, these trends reasonably suggest that some Chinese exports of hardwood plywood pass through Cambodia by transshipment to the United States.

In 2010, China and Cambodia established the joint SSEZ near Cambodia's only deep water port.[21] Chinese and Cambodian companies then "cooperate{d} closely" and constructed the SSEZ as an "economic and trade cooperation zone" to promote the exportation of their products.[22] U.S. Global's main trading partner, Cambodia Happy Home, is located in the SSEZ. The SSEZ's intent, to closely partner Chinese and Cambodian companies, indicates potential Chinese sources for Cambodia Happy Home's hardwood plywood supply.[23] Further, the volume of U.S. Global's imports as a proportion of Cambodia's domestic hardwood plywood production, along with their supplier Cambodia Happy Home's potential connections to Chinese hardwood plywood suppliers contribute to a reasonable suspicion of transshipment.

In assessing the Coalition's claims made and evidence provided in its Revised Allegation, CBP finds that the Revised Allegation reasonably suggests that U.S. Global attempted to evade AD/CVD orders A-570-051 and C-570-052 through the transshipment of Chinese-origin hardwood plywood through Cambodia and failed to report merchandise as subject to the AD/CVD orders.[24] Specifically, circumstances surrounding U.S. Global's importation of hardwood plywood and the larger context in which they occur lead to a reasonable suspicion that U.S. Global entered covered merchandise into the customs territory of the United States by means of evasion. For the reasons previously set forth, CBP is initiating an investigation under the authority of 19 USC 1517(b)(1) for imports of hardwood plywood that are alleged to be

---

[19] *See* Revised Allegation at Exhibit 5 (The Forestry Yearbook).
[20] *Id.* The 20,000 cubic meters cited here pertains to Cambodian exports of hardwood plywood to all countries in 2016. The 53,831 cubic meters cited earlier pertains to Cambodian exports of hardwood plywood solely to the United States in 2018.
[21] *Id.* 8 and 9.
[22] *Id.* at Exhibit 9.
[23] *Id.*
[24] *See* 19 CFR 165.11; *see also* 19 CFR 165.15(2).

4

entered through evasion with regard to Chinese-origin hardwood plywood.[25]  Therefore, CBP will investigate the extent to which U.S. Global is engaged in evasion.

---

[25] *See also* 19 CFR 165.15.

PR 000705

GOV0000705

Public Document No. 35

PR 000706

GOV0000706

PUBLIC DOCUMENT

**From:** CAMPBELL, KAREEN <KAREEN.CAMPBELL@cbp.dhs.gov>
**Sent:** Thursday, June 27, 2019 1:40 PM
**To:** AMDUR, ALEXANDER <Alexander.Amdur@cbp.dhs.gov>; OCC CBP EAPA
<OCCCBPEAPA@cbp.dhs.gov>; RA EAPA <raeapa@cbp.dhs.gov>; Wendy.Frankel.trade.gov
<Wendy.Frankel@trade.gov>; urfer, elisabeth <elisabeth.urfer@trade.gov>;
HSI.ADCVD@ice.dhs.gov; THOMAS, SUSAN S <SUSAN.S.THOMAS@CBP.DHS.GOV>; Baiamonte,
Josephine <JOSEPHINE.BAIAMONTE@cbp.dhs.gov>; HANLEY, ALLISON A
<ALLISON.A.HANLEY@cbp.dhs.gov>; WACHOVEC, EDWARD P
<EDWARD.P.WACHOVEC@CBP.DHS.GOV>
**Cc:** CHO, VICTORIA <victoria.cho@cbp.dhs.gov>; BELL, AFRICA <AFRICA.BELL@CBP.DHS.GOV>;
WHITESIDE, TINA MARIE F <tinamarie.f.whiteside@cbp.dhs.gov>; CAMPBELL, KAREEN
<KAREEN.CAMPBELL@cbp.dhs.gov>; VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; EAPA
ALLEGATIONS <eapallegations@cbp.dhs.gov>
**Subject:** CBP Notification of EAPA Investigation for Case 7321 (Certain Hardwood Plywood Products
from Cambodia Imported by InterGlobal Forest, LLC )

Good Afternoon,

This email is to notify you that on June 26, 2019, the Office of Trade initiated EAPA
Investigation No. 7321 based on an allegation of AD and CV duty evasion filed by The
Coalition for Fair Trade of Hardwood Plywood ("the Coalition"). The Coalition alleges that
InterGlobal Forest, LLC ("InterGlobal") evaded AD order A-570-051 and countervailing
duty ("CVD") order C-570-052 on certain hardwood plywood products ("hardwood
plywood") from the People's Republic of China ("China") by failing to pay the full amount
of AD and CV duties due on covered merchandise. The initiation memorandum is attached
for your reference, as are the narrative portion of the allegation.

Please note that initiation of this investigation is NOT PUBLIC information until the Notice of
Investigation is issued five days AFTER interim measures are taken, which can be up to 95
days from the date of initiation of this investigation.

We are requesting that you respond to this e-mail, at your earliest convenience, and provide
the following information (as applicable to your office):

INA: Please identify the personnel with whom we would coordinate for verification that may
require outreach for Cambodia.

OFO: Please identify the primary point(s) of contact at the Center responsible for the
importer, IPC International Inc.

OT/RA: Please identify the lead auditor to whom this case will be assigned.

GOV0000707

OCC: Please identify the lead attorney to whom this case will be assigned.

As CBP has strict statutory deadlines under which to obtain factual information and determine if there is a reasonable suspicion that evasion has occurred, we ask that you reply as soon as possible.

We will be holding a kick off meeting for everyone on the team to discuss the case as soon as all of the POCs are identified.

Please do not hesitate to contact me or lead ITS Tobias Vandall should you have any questions or require further information.

Thank you for your time and consideration.


Respectfully submitted,

*Kareen Campbell,*

International Trade Specialist
EAPA Investigations Branch | Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7866 | Email: kareen.campbell@cbp.dhs.gov


U.S. Customs and
Border Protection

Public Document No. 36

PR 000709

GOV0000709

**PUBLIC DOCUMENT**

**From:** CAMPBELL, KAREEN <KAREEN.CAMPBELL@cbp.dhs.gov>
**Sent:** Thursday, June 27, 2019 7:09 PM
**To:** AMDUR, ALEXANDER <Alexander.Amdur@cbp.dhs.gov>; OCC CBP EAPA
<OCCCBPEAPA@cbp.dhs.gov>; RA EAPA <raeapa@cbp.dhs.gov>; Wendy.Frankel.trade.gov
<Wendy.Frankel@trade.gov>; urfer, elisabeth <elisabeth.urfer@trade.gov>;
HSI.ADCVD@ice.dhs.gov; THOMAS, SUSAN S <SUSAN.S.THOMAS@CBP.DHS.GOV>; Baiamonte,
Josephine <JOSEPHINE.BAIAMONTE@cbp.dhs.gov>; HANLEY, ALLISON A
<ALLISON.A.HANLEY@cbp.dhs.gov>; WACHOVEC, EDWARD P
<EDWARD.P.WACHOVEC@CBP.DHS.GOV>
**Cc:** CHO, VICTORIA <victoria.cho@cbp.dhs.gov>; BELL, AFRICA <AFRICA.BELL@CBP.DHS.GOV>;
WHITESIDE, TINA MARIE F <tinamarie.f.whiteside@cbp.dhs.gov>; CAMPBELL, KAREEN
<KAREEN.CAMPBELL@cbp.dhs.gov>; VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; EAPA
ALLEGATIONS <eapallegations@cbp.dhs.gov>
**Subject:** CBP Notification of EAPA Investigation for Case 7327 (Certain Hardwood Plywood Products
from Cambodia Imported by U.S. Global Forest, Inc..)

Good Evening,

This email is to notify you that on June 26, 2019, the Office of Trade initiated EAPA
Investigation No. 7327 based on an allegation of AD and CV duty evasion filed by The
Coalition for Fair Trade of Hardwood Plywood ("the Coalition"). The Coalition alleges that
U.S. Global Forest, Inc. ("U.S. Global") and CTS Global Supply Chain Solutions ("CTS
Global") evaded AD order A-570-051 and countervailing duty ("CVD") order C-570-052
on certain hardwood plywood products ("hardwood plywood") from the People's Republic
of China ("China") by failing to pay the full amount of AD and CV duties due on covered
merchandise. The initiation memorandum is attached for your reference, as are the
narrative portion of the allegation.

Please note that initiation of this investigation is NOT PUBLIC information until the Notice of
Investigation is issued five days AFTER interim measures are taken, which can be up to 95
days from the date of initiation of this investigation.

We are requesting that you respond to this e-mail, at your earliest convenience, and provide
the following information (as applicable to your office):

INA: Please identify the personnel with whom we would coordinate for verification that may
require outreach for Cambodia.

OFO: Please identify the primary point(s) of contact at the Center responsible for the
importers, U.S. Global Forest, Inc. ("U.S. Global") and CTS Global Supply Chain Solutions
("CTS Global"),.

GOV0000710

OT/RA: Please identify the lead auditor to whom this case will be assigned.

OCC: Please identify the lead attorney to whom this case will be assigned.

As CBP has strict statutory deadlines under which to obtain factual information and determine if there is a reasonable suspicion that evasion has occurred, we ask that you reply as soon as possible.

We will be holding a kick off meeting for everyone on the team to discuss the case as soon as all of the POCs are identified.

Please do not hesitate to contact me or lead ITS Tobias Vandall should you have any questions or require further information.

Thank you for your time and consideration.


Respectfully submitted,

*Kareen Campbell,*

International Trade Specialist
EAPA Investigations Branch | Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7866 | Email: kareen.campbell@cbp.dhs.gov

 U.S. Customs and Border Protection

Public Document No. 37

PR 000712

GOV0000712

**PUBLIC DOCUMENT**

**From:** VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov> **On Behalf Of** EAPA ALLEGATIONS
**Sent:** Friday, June 28, 2019 9:45 AM
**To:** RA EAPA <raeapa@cbp.dhs.gov>; OCC CBP EAPA <OCCCBPEAPA@cbp.dhs.gov>; BEKALARSKI,
ROBERT L <ROBERT.L.BEKALARSKI@cbp.dhs.gov>; WACHOVEC, EDWARD P
<EDWARD.P.WACHOVEC@CBP.DHS.GOV>; AMDUR, ALEXANDER <Alexander.Amdur@cbp.dhs.gov>;
ROY, TRACY D <TRACY.D.ROY@CBP.DHS.GOV>; WHITEHURST, LORI J
<LORI.J.WHITEHURST@CBP.DHS.GOV>; Baiamonte, Josephine
<JOSEPHINE.BAIAMONTE@cbp.dhs.gov>; HANLEY, ALLISON A <ALLISON.A.HANLEY@cbp.dhs.gov>;
MARDO, JONATHAN A <JONATHAN.A.MARDO@cbp.dhs.gov>; hsi.adcvd@ice.dhs.gov; McCarthy,
Brian P <Brian.P.McCarthy@ice.dhs.gov>; Wendy.Frankel.trade.gov <Wendy.Frankel@trade.gov>;
urfer, elisabeth <elisabeth.urfer@trade.gov>
**Cc:** BELL, AFRICA <AFRICA.BELL@CBP.DHS.GOV>; CHO, VICTORIA <victoria.cho@cbp.dhs.gov>;
HORGAN, KRISTINA <kristina.horgan@cbp.dhs.gov>; CAMPBELL, KAREEN
<KAREEN.CAMPBELL@cbp.dhs.gov>; VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; EAPA
ALLEGATIONS <eapallegations@cbp.dhs.gov>
**Subject:** EAPA 7323: Initiation of Investigation

Good Morning,

This email serves to notify you that on June 26, 2019, the Office of Trade initiated EAPA
Investigation 7323 based on an allegation of AD/CVD duty evasion filed by the Coalition for Fair
Trade of Hardwood Plywood (Coalition).  The Coalition alleges that American Pacific Plywood, Inc.
evaded AD/CVD orders A-570-051 and C-570-052 on certain hardwood plywood products from
China by importing covered merchandise that originates in China and is transshipped through
Cambodia.  The allegation and initiation memorandum is attached for your reference.

Please note that the initiation of this investigation is *not* public information until the Notice of
Investigation is issued five days after interim measures are taken, which can be up to 95 days from
today's initiation date.  We request that you respond to this email at your earliest convenience and
provide the following information:

- • __INA__:  Please identify the personnel with whom we would coordinate for verification that
    may require outreach for Cambodia.
- • __OFO__:  Please identify the primary point(s) of contact at the Center responsible for the
    importer American Pacific Plywood, Inc.
- • __OT/RA__:  Please identify the lead auditor to whom this case will be assigned.
- • __OCC__:  Please identify the lead attorney to whom this case will be assigned.

Because we have strict statutory deadlines under which to obtain factual information and determine
if evasion has occurred, we ask that you reply as soon as possible.  After all POCs are identified, we
will hold a kick-off meeting for everyone on the team to discuss these cases and the initial
investigative steps.

Please do not hesitate to contact me or Kareen Campbell if you have any questions.  Thank you.

Regards,

Tobias Vandall
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7629 | Email: Tobias.A.Vandall@cbp.dhs.gov



Public Document No. 38

PR 000715

GOV0000715

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

**Public Version**

### Memo to the File

**EAPA Cases:** 7321, 7323, 7327

**Date:** September 12, 2019

**Re:** Adding Certain Documents to the Administrative Record

---

We are uploading the attached documents to the administrative records of EAPA cases 7321, 7323, and 7327. These documents concern the June 6, 2018, site visits that CBP personnel conducted at LB Wood Cambodia Co., Ltd.'s (LB Wood) and Cambodia Happy Home Wood Products Co. Ltd.'s (Happy Home) facilities in Cambodia.

| From: | [                    ] |
| To: | [                    ] |
| Cc: | [          ] [         ] |
| Subject: | RE: Happy Home photos |
| Date: | Friday, July 26, 2019 11:09:13 AM |

No, poplar and birch are not harvested in Cambodia. But "Made in Cambodia" is a different issue. "Made in Cambodia", based on 19 CFR 134 (19 USC 1304), is where manufacturing results in a substantial transformation of products. So, a log may be harvested in China (4403, origin China), but sliced into veneers in Cambodia (4408, origin Cambodia). A log and veneers are significantly different products, and, so, when the logs are changed into veneers, a substantial transformation takes place. If the veneers were exported to the US, the c/o would be Cambodia. If the veneers (4408, origin Cambodia) were shipped to Vietnam and made into plywood or flooring (4412, origin Vietnam), then the country of origin would be Vietnam. Veneers are significantly different products from plywood, so, when made into plywood, a substantial transformation takes place, and where the plywood is made is the c/o. The problem comes when you have Chinese plywood (4412) that goes to Cambodia and is clear-coated (4412), there is no substantial transformation, therefore, the C/O is still China. If it's flooring and the plywood base goes from China to Cambodia, where they put a face ply on it, there is no substantial transformation and the C/O would remain China. The Court of Appeals in Kahrs v. US determined that plywood (i.e., building material) and plywood flooring are not different products. They both meet the definition of plywood in the ENs. So, adding a face is not a substantial transformation, and no country change takes place.

So, you could make birch/poplar plywood in Cambodia, but the factories just aren't sophisticated enough to produce large quantities of "perfect" birch/poplar plywood. Plus, those are temperate woods that wouldn't do well in tropical climates. The only likely possibility is that the plywood was made in China.

[                    ]
[                        ]
[                      ]
Customs and Border Protection
[                    ]
[                ]
[                ]
[                    ]

**From:** [                                        ]
**Sent:** Friday, July 26, 2019 9:51 AM
**To:** [                                    ]

**Cc:** [                                      ]
**Subject:** RE: Happy Home photos

[          ]

GOV0000717

Thanks again for sending these photos. I recall you mentioned that Birch, White Birch, and Poplar plywood are typical Chinese products. Is it possible for those species to originate in Cambodia or do those species not grow there and thus, the "Made in Cambodia" labels on those products are definitely not accurate?

Thanks,
[          ]

**From:** [                                                    ]
**Sent:** Thursday, July 18, 2019 5:20 PM
**To:** [

**Subject:** Happy Home photos

This first email is photos from Happy Home. We did not see markings specifically for
[                    ]. We did, however, see pallets of [                         ] (typical
Chinese product, Chinese [                                                    ].

Kh2 – pallet label
Kh3 – packed pallet with [          ] marking
Kh4 – another pallet label
Kh5 – only pallet with a name or product description, [                    ]
Kh6 – another packed pallet. I believe this one was just about to be loaded.
Kh7 – plywood stack. Looks too precise to be Cambodian. Very few voids or veneer overlaps. That requires sophisticated manufacturing which Happy Home didn't really have.
Kh8 – another stack. Same characteristics.
Kh9 – Employee and warehouse of plywood flooring blanks behind him. They appeared to be mostly engaged in making flooring. Oddly, they did have a
[                                                    ]

HHUV1 and 2 - Happy Home did have a functioning [                    ]. I don't know how much they were     actually     manufacturing     with     it.     In     the     photos,
[                                        ].


[                    ]
[                         ]
Customs and Border Protection
[                    ]
[                    ]
[                    ]

GOV0000718

PR 000719

GOV0000719

**From:**        [       ]
**To:**           [                                         ]
**Subject:**     LB Wood photos
**Date:**        Thursday, July 18, 2019 5:33:08 PM
**Attachments:**   [

                ]

---

Kh10 – LB Wood had a [           ] when we visited that was small, broken up into multiple pieces, and was covered in a thick layer of dust. Any [    ] plywood leaving that factory prior to June 2018 was not [   ] there.

Kh11 – [     ]

Kh12 – [     ]

Kh13 – [    ] and, off to the right, strapped stacks of packed plywood for [      ]

Kh15 – stacked veneers

Kh17 – [    ] packaging on plywood pallets. The label says "[     ]", meaning [     ].

Kh18 – [     ] packaging that says "[       ]", meaning [      ].

Note, that, again, the plywood is clear of laps and voids. This is a sophisticated product coming from a factory that barely had any employees or much manufacturing.

[           ]

[               ]

Customs and Border Protection

[           ]

[        ]

[        ]

[       ]

[         ]

GOV0000720

] [

PR 000721

GOV0000721

PR 000722

GOV0000722

Public Document No. 39

PR 000723

GOV0000723

1300 Pennsylvania Avenue NW
Washington, DC 20229



U.S. Customs and
Border Protection

**Public Version**

## Memo to the File

**EAPA Cases:** 7321, 7323, 7327
**Date:** September 13, 2019

**Re:** Adding Certain Documents to the Administrative Record

We are uploading the attached documents that are outlined below to the administrative records of EAPA cases 7321, 7323, and 7327. These documents concern Cambodia Happy Home Wood Products Co. Ltd.'s (Happy Home).

| PDF Page # | Document Description | Date |
|---|---|---|
| 2-7 | CF-28 Related to Happy Home | 12/18/2017 |
| 8-14 | Emails | [                              ] |
| 15 | Entry Summary | Submitted to CBP [        ] |
| 16-20 | CF-28 Response Related to Happy Home | Submitted to CBP [        ] |
| 21 | Happy Home Sales Contract | Submitted to CBP [        ] |
| 22 | Happy Home Invoice | Submitted to CBP [        ] |
| 23 | Happy Home Bill of Lading | Submitted to CBP [        ] |
| 24 | Happy Home Document | Submitted to CBP [        ] |
| 25 | Happy Home Customs Receipt | Submitted to CBP [        ] |
| 26-33 | Happy Home Material Safety Data Sheet | Submitted to CBP [        ] |
| 34-38 | Happy Home Sales Contract | Submitted to CBP [        ] |
| 39 | Happy Home Commercial Invoice | Submitted to CBP [        ] |
| 40 | Happy Home Bill of Lading | Submitted to CBP [        ] |
| 41 | Happy Home Screenshot | Submitted to CBP [        ] |
| 42 | Happy Home Customs Receipt | Submitted to CBP [        ] |
| 43-50 | Happy Home Worker Timecards | Submitted to CBP [        ] |
| 51-71 | Happy Home Material Invoices for [        ] | Submitted to CBP [        ] |
| 72-73 | Happy Home Material Invoices for [        ] | Submitted to CBP [        ] |
| 74 | Happy Home Production Process | Submitted to CBP [        ] |
| 75 | Happy Home Mill Production Records | Submitted to CBP [        ] |
| 76-77 | Happy Home Payment Information | Submitted to CBP [        ] |
| 78-79 | Happy Home Invoice and Packing List | Submitted to CBP [        ] |
| 80 | Happy Home Payment Information | Submitted to CBP [        ] |
| 81-82 | Happy Home Purchase Orders | Submitted to CBP [        ] |
| 83-84 | Proposed CF-29 | 8/9/2018 |
| 85-90 | Response to CF-29 | Submitted to CBP [        ] |
| 91-92 | Taken CF-29 | 12/13/2018 |

GOV0000724

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

### REQUEST FOR INFORMATION
19 CFR 151.11

OMB No. 1651-0023
Exp. 09-30-2019

| 1. Date of Request 12/18/2017 |
| 2. Date of Entry and Importation [         ] |

| 3. Manufacturer/Seller/Shipper [ | 4. Carrier MAERSK | 5. Entry No. [         ] 5955 |
| 5a. Invoice Description of Merchandise Engineered flooring | 5b. Invoice No. | 6. HTSUS Item No. [ |
| 7. Country of Origin/Exportation KH        KH | 8. CBP Broker and Reference or File No. |

| 9. TO: [ |   1 |
| US                    ] | |

| Production of Documents and/or Information Required by Law: If you have provided the information requested on this form to U.S. Customs and Border Protection at other ports, please indicate the port of entry to which it was supplied, and furnish a copy of your reply to this office, if possible. | 11a. Port 4210 5301 | 11b. Date Information Furnished |

**General Information and Instructions**

| 12. Please Answer Indicated Question(s) | 13. Please Furnish Indicated Item(s) |
|---|---|
| ☐ A.  Are you related (see reverse) in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise. | ☐ A.  Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto. |
| | ☐ B.  Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates. |
| | ☐ C.  Breakdown of components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article. |
| ☐ B.  Identify and give details of any additional costs/ expenses incurred in this transaction, such as: | ☐ D.  Submit samples: Article number and description _____ |
| ☐ (1) packing | from container _____ |
| ☐ (2) commissions | mark(s)and number _____ |
| ☐ (3) proceeds that accrue to the seller | Samples consumed in analysis, and other samples whose return is not specifically requested, will not normally be returned. |
| ☐ (4) assists | |
| ☐ (5) royalties and/or license fees | ☑ E.  See item 14 below. |

14. CBP Officer Message
See continuation sheet      2ND + 3RD page

15. Reply Message (Use additional sheets if more space is needed.)

| 16. CERTIFICATION | It is required that an appropriate corporate/company official execute this certificate and/or endorse all correspondence in response to the information requested. (NOTE: NOT REQUIRED IF FOREIGN FIRM COMPLETES THIS FORM.) |

| I hereby certify that the information furnished herewith or upon this form in response to this inquiry is true and correct, and that any samples provided were taken from the shipment covered by this entry. | 16a. Name and Title/Position of Signer (Owner, Importer, or Corporate/Company Official) | 16b. Signature |
| | | 16c. Telephone No. | 16d. Date |

| 17. CBP Official [         ] | 18. Team Designation 039 | 19. Telephone No. |
| 20. Fax No. | 21. Email [         ] |

CBP Form 28 (06/14)

[

]

PR 000726

GOV0000726

## GENERAL INFORMATION AND INSTRUCTIONS

1.  The requested information is necessary for proper classification and/or appraisement of your merchandise and/or for insuring import compliance of such merchandise. Your reply is required in accordance with section 509(a), Tariff Action of 1930, as amended (19 U.S.C.1509).

2.  All information, documents, and samples requested must relate to the shipment of merchandise described on the front of this form.

3.  Please answer all indicated questions to the best of your knowledge.

4.  All information submitted will be treated confidentially.

5.  If a reply cannot be made within 30 days from the date of this request or if you wish to discuss any of the questions designated for your reply, please contact the CBP officer whose name appears on the front of this form.

6.  Return a copy of this form with your reply.

## DEFINITIONS OF KEY WORDS IN BLOCK 12

Question A:  RELATED - The persons specified below shall be treated as persons who are related:

(A) Members of the same family, including brothers and sisters (whether by whole or half blood), spouse, ancestors, and lineal descendants.

(B) Any officer or director of an organization and such organization.

(C) An officer or director of an organization and an officer or director of another organization, if each such individual is also an officer or director in the other organization.

(D) Partners.

(E) Employer and employee.

(F) Any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and such organization.

(G) Two or more persons directly or indirectly controlling, controlled by or under common control with, any person.

PRICE PAID OR PAYABLE - This term is defined as the total payment (whether direct or indirect and exclusive of any costs, charges, or expenses incurred for transportation, insurance, and other C.I.F. charges) made, or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller.

Question B:  ASSISTS - The term "assist" means any of the following if supplied directly or indirectly, and free of charge or at reduced cost, by the buyer of the imported merchandise for use in connection with the production and the sale for export to the United States of the merchandise:

(1) Materials, components, parts, and similar items incorporated in the imported merchandise.

(2) Tools, dies, molds, and similar items used in the production of the imported merchandise.

(3) Merchandise consumed in the production of the imported merchandise.

(4) Engineering, development, artwork, design work, and plans and sketches that are undertaken elsewhere than in the United States and are necessary for the production of the imported merchandise.

PROCEEDS THAT ACCRUE TO THE SELLER - This term is defined as the amount of any subsequent resale, disposal, or use of the imported merchandise that accrues, directly or indirectly, to the seller.

ROYALTIES AND/OR LICENSE FEES - This term relates to those amounts that the buyer is required to pay, directly or indirectly, as a condition of the sale of the imported merchandised for exportation to the United States.

PAPERWORK REDUCTION ACT STATEMENT - An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number and an expiration date. The control number for this collection is 1651-0023. The estimated average time to complete this application is 2 hours. If you have any comments regarding the burden estimate you can write to Regulations and Rulings, Office of International Trade, U.S. Customs and Border Protection, 90 K St. NE., (10th Floor), Washington, DC 20229-1177.

CBP Form 28 (06/14)

GOV0000727

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

OMB No. 1651-0023; Exp. 09-30-2019

## REQUEST FOR INFORMATION
Continuation Page

19 CFR 151.11

| | | 4. Carrier | 5. Entry No. |
|---|---|---|---|
| 3. [ ] | | MAERSK | [ 15955 |

| | | | |
|---|---|---|---|
| 5a. Invoice Description of Merchandise | | 5b. Invoice No. | 6. emNESUS |
| Engineered flooring | | | [ ] |

1. Date of Request
12/18/2017

2. Date of Entry and Importation
[      ]

5. Entry No.
[ 15955

| 7. Country of Origin/Exportation | 8. |
|---|---|
| KH | [ ] |

| Entry No. | Line No. | Importer of Record No. |
|---|---|---|
| [      ]5955 | 1 | [      ] |

| | 18. Team Designation | 19. Telephone No. |
|---|---|---|
| [      ] | 039 | [ |

CBP Form 28 (08/08)

PR 000728

GOV0000728



PR 000729

GOV0000729

Form Approved OMB No. 1651-0022
EXP. 10-31-2017

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**
**ENTRY SUMMARY**

| 1. Filer Code/Entry | | 2. Entry Type | 3. Summary Date | Import Team 089 |
|---|---|---|---|---|
| No. [ ]595-5 | | 01 ABI/A | [ ] | DOCS |
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date | |
| [ ] | [ ] | 5301 | | |

| 8. Importing Carrier | 9. Mode Of Transport | 10. Country of Origin | 11. Import Date |
|---|---|---|---|
| [ ] | 11 | KH | [] |
| 12. B/L or AWB No. | 13. Manufacturer ID | 14. Exporting Country | 15. Export Date |
| [ ] | [ ] | KH | [] |
| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading 55500 | 20. U.S. Port of Unlading 5301 |
| 21. Location of Goods/G.O. No. [ ] | 22. Consignee No. SAME | | 23. Importer No. | 24. Reference No. |

| 25. Consignee/Ultimate Consignee Name and Address | 26. Importer of Record Name and Address [ ] |
|---|---|
| | ] |
| City          State [ ]    Zip | City  [ ]          State [ ]   Zip [ ] |

| 27 Line No. | 28. Description of Merchandise | | | 32. A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax |
|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Gross Weight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | | | Dollars          Cents |
| | I.T. DATE    I.T. NO. [ ] | MASTER BILL/AWB [ ] | HOUSE BILL [ ] | SUBHOUSE BILL | BILL QTY [ ] | |
| 001 A. | Invoice Number  [ ] [OTHER WOOD FLOORING, [ ] | [ ] KG | [ ] | [ ] [ ] [ ] [ ] | Free | 0.00 |
| | 501 HARBOR MAINTENANCE FEE (HMF) | | | | 0.125% | [ ] |
| | Invoice Number | [ ] | ] | | | |
| | Invoice Value USD | [ ] | ] | | | |
| | Total Entered Value (Invoice) | [ ] | ] | | | |

| Other Fee Summary for Block 39 | 35. Total Entered Value | CBP USE ONLY | TOTALS |
|---|---|---|---|
| 501 Harbor Maintenance Fee   $[ ] | $[ ] | A. LIQ CODE       B. Ascertained Duty | 37. Duty            0.00 |
| | Total Other Fees | REASON CODE    C. Ascertained Tax | 38. Tax             0.00 |
| | $[ ] | D. Ascertained Other | 39. Other    [ ] |
| 36. DECLARATION OF IMPORTER OF RECORD (OWNER OR PURCHASER) OR AUTHORIZED AGENT | | E. Ascertained Total | 40. Total    [ ] |

I declare that I am the [ ] Importer of record and that the actual owner, purchaser, or consignee for CBP purposes is as shown above, OR [X] owner or purchaser or agent thereof. I further declare that the merchandise [X] was obtained pursuant to a purchase or agreement to purchase and that the prices set forth in the invoices are true, OR [ ] was not obtained pursuant to a purchase or agreement to purchase and the statements in the invoices as to value or price are true to the best of my knowledge and belief. I also declare that the statements in the documents herein filed fully disclose to the best of my knowledge and belief the true prices, values, quantities, rebates, drawbacks, fees, commissions, and royalties and are true and correct, and that all goods or services provided to the seller of the merchandise either free or at reduced cost are fully disclosed. I will immediately furnish to the appropriate CBP officer any information showing a different statement of facts.

| 41. DECLARANT NAME [ ] | TITLE ATTY-IN-FACT | SIGNATURE [ ] | DATE [ ] |
|---|---|---|---|
| 42. Broker/Filer Information (Name, address, phone number) [ ] | | 43. Broker/Importer File No. [ ] | |

CBP Form 7501 (06/09)

PR 000730

GOV0000730

**Product information –**

**—How many layers is the flooring?**

[          ]

**—What is the thickness of each layer?**

[                              ]                    [              ]

[          ]

**—What is each layer made of (type/species of wood)?**

[                ]  [                            ]

**—What is used to bond the layers together?**

[          ]

**—What are the dimensions(widths/lengths/total thickness/weight)?** Total thickness: [          ]

Width:          [          ]

Lengths:        [                              ]

Weight:         [                  ]

                [                  ]

                [                  ]

                [                  ]

GOV0000731

**Transactions records (flooring manufacturer to importer of record ),provide the following-**

—.Purchase order and any revisions from the manufacturer to the importer of record;

—.Invoices from the manufacturer to the importer of record;

—Poor of payment from the importer of record to the manufacturer;

—Through bill of lading showing movement of goods from manufacturer to place of delivery in the U.S.

See attachment 1 for the transaction records.


**Raw material information,provide the following-**


—List of all raw materials used in the manufacturing of the flooring;

　[　　　　　　　　　　　]

—HTSUS classification of each raw material;

　[　　　　　　　　　　　]


　[

　]

GOV0000732

**—Name and location of manufacturer/supplier of each raw material;  [**

**]**

**—Purchase orders for each raw material;**

**—Invoices for each raw material;**

**—Shipping records for each raw material;**

**—Proof of payment for each raw material;**

**—Customs clearance records for each raw material into Cambodia.**

See attachment [

]

GOV0000733

**Manufacturing information,provide the following-**

**—Name and location of manufacturing facility;**

Factory Name: [                                    ]
Factory  address:[                                    ]

**—Manufacturing description/flow charts to show how raw materials**

   **are processed into flooring;**

[                        ]
**—List of all machinery used in the manufacturing process;**
[                                                      ]

**—Production records maintained by the factory;**

[



]

**—Time cards to show employees were working during time of**

   **manufacture;**

[                              ]

**—Factory inspection reports by importer or third party.**

[                                          ]

PR 000734

GOV0000734

**Values and calculations to demonstrate GSP**

**eligibility ,provide the following-**

**—Direct cost of processing**

| ITEM | Labor Cost USD/m² | Manufacturing Cost（Electricity, Water and  Facilities maintain cost Etc.） USD/m² | Facilities Depreciation USD/m² |
|---|---|---|---|
| [          ] | [     ] | [     ] | [     ] |

**—Value of originating (Cambodia)materials;**

| ITEM | Plywood USD/m² | Glue USD/m² | Cartons USD/m² |
|---|---|---|---|
| [          ] | [     ] | [     ] | [     ] |

**—Appraised value of imported good;**

| Item | USD/m²  (FOB) |
|---|---|
| [          ] | [     ] |

**—Value of U.S.originating materials;**

[


]

**—Regional value content calculation for the flooring**

[     ]

GOV0000735

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
19 CFR 152.2

| This is NOT A Notice of Liquidation | 1. DATE OF THIS NOTICE 08/09/2018 |
|---|---|

| 2. CARRIER MAERSK | 3. DATE OF IMPORTATION [        ] | 4. DATE OF ENTRY [        ] | 5. ENTRY NO. [        ]5955 |
|---|---|---|---|
| 6. MFR/SELLER/SHIPPER [        ] | 7. COUNTRY KH | 8. CBP BROKER AND FILE NO. [        ] | |

9. DESCRIPTION OF MERCHANDISE
engineered flooring

| 10. TO ▶ [        ] | 11. FROM ▶ [        ] N |
|---|---|

12. THE FOLLOWING ACTION, WHICH WILL RESULT IN AN INCREASE IN DUTIES, —

[✓] IS **PROPOSED**      ▶   IF YOU DISAGREE WITH THIS PROPOSED ACTION, PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

[ ] HAS BEEN **TAKEN**      ▶   THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

TYPE OF ACTION
- A. [✓] RATE ADVANCE
- B. [ ] VALUE ADVANCE
- C. [ ] EXCESS [ ] WEIGHT [ ] QUANTITY
- D. [✓] OTHER (See below)

13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE)
[

]

| 14. CBP OFFICIAL [        ] | 15. TEAM DESIGNATION 039 | 16. TELEPHONE [        ] |
|---|---|---|
| 17. FAX NUMBER [        ] | 18. EMAIL [        ] | |

CBP Form 29 (06/14)

PR 000736

GOV0000736

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
Continuation Page

19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. DATE OF THIS NOTICE<br>08/09/2018 |
|---|---|---|---|
| 2. CARRIER<br>MAERSK | 3. DATE OF IMPORTATION | 4. DATE OF ENTRY<br>[          ] | 5. ENTRY NO.<br>[          ]5955 |
| 6. MFR/SELLER/SHIPPER<br>[                    ] | 7. COUNTRY<br>KH | 8. CBP BROKER AND FILE NO.<br>[ | |
| 9. DESCRIPTION OF MERCHANDISE  engineered flooring | | | |

13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE)

[          ]5955               1                          [               ]
[          ] 5955        [          ]5955              [               ]

| 14. CBP OFFICER (PRINT OR TYPE)<br>[                    ] | 15. TEAM DESIGNATION<br>039 | 16. TELEPHONE NO.<br>[ |
|---|---|---|

CBP Form 29 (11/13)

PR 000737

GOV0000737

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

## NOTICE OF ACTION
19 CFR 152.2

| This is **NOT A Notice of Liquidation** | | | 1. DATE OF THIS NOTICE<br>12/13/2018 |
|---|---|---|---|
| 2. CARRIER<br>MAERSK | 3. DATE OF IMPORTATION<br>[                    ] | 4. DATE OF ENTRY<br>[                    ] | 5. ENTRY NO.<br>[          ]5955 |
| 6. MFR/SELLER/SHIPPER<br>[                    ] | 7. COUNTRY<br>KH | 8. CBP BROKER AND FILE NO.<br>[██████████████████████ ] | |

9. DESCRIPTION OF MERCHANDISE
engineered flooring

| 10.<br>[▶                    ] | 11. FROM<br>[▶                    ] N |
|---|---|

12. THE FOLLOWING ACTION, WHICH WILL RESULT IN AN INCREASE IN DUTIES, —

☐ IS **PROPOSED**   ▶ IF YOU DISAGREE WITH THIS PROPOSED ACTION, PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

☑ HAS BEEN **TAKEN**   ▶ THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

TYPE OF ACTION
A. ☑ RATE ADVANCE
B. ☐ VALUE ADVANCE
C. ☐ EXCESS ☐ WEIGHT ☐ QUANTITY
D. ☑ OTHER (See below)

13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE)
[

]

| 14. CBP OFFICIAL<br>[ | 15. TEAM DESIGNATION<br>089 | 16. TELEPHONE<br>[ |
|---|---|---|
| 17. FAX NUMBER | 18. EMAIL<br>[ | |

CBP Form 29 (06/14)

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
Continuation Page

19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. DATE OF THIS NOTICE<br>12/13/2018 |
|---|---|---|---|
| 2. CARRIER<br>MAERSK | 3. DATE OF IMPORTATION | 4. DATE OF ENTRY<br>[                    ] | 5. ENTRY NO.<br>[              ]5955 |
| 6. MFR/SELLER/SHIPPER<br>[                    ] | 7. COUNTRY<br>KH | 8. CBP BROKER AND FILE NO.<br>[ ▮▮▮▮▮▮▮▮        ] | |
| 9. DESCRIPTION OF MERCHANDISE   engineered flooring | | | |

13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE)

[          ]5955            1                    [              ]

[          ]5955          [          ]5955        [              ]

| 14. CBP OFFICER (PRINT OR TYPE)<br>[                ] | 15. TEAM DESIGNATION<br>089 | 16. TELEPHONE NO.<br>[ |
|---|---|---|

CBP Form 29 (11/13)

Public Document No. 40

PR 000740

GOV0000740

1300 Pennsylvania Avenue NW
Washington, DC 20229

 U.S. Customs and
Border Protection

**Public Version**

### Memo to the File

**EAPA Cases:** 7321, 7323, 7327
**Date:** September 16, 2019

**Re:** Adding Certain Documents to the Administrative Record

We are uploading the attached documents that are outlined below to the administrative records of EAPA cases 7321, 7323, and 7327. These documents concern Cambodia Happy Home Wood Products Co. Ltd. (Happy Home).

| PDF Page # | Document Description | Date |
|---|---|---|
| 2-5 | Emails | [          ] |
| 6-10 | CF-28 Response pertaining to Happy Home | Submitted to CBP [          ] |
| 11 | Production Process | Submitted to CBP [          ] |
| 12-13 | Production Documents | Submitted to CBP [          ] |
| 14-21 | Employee Timesheets | Submitted to CBP [          ] |
| 22-24 | Test Report | Submitted to CBP [          ] |
| 25-26 | Proposed CF-29 | August 9, 2018 |
| 27 | Emails | [          ] |
| 28 | Response to CF-29 | Submitted to CBP [          ] |
| 29-30 | Response to CF-29 | Submitted to CBP [          ] |
| 31 | Bill of Lading | Submitted to CBP [          ] |
| 32-33 | Packing List | Submitted to CBP [          ] |
| 34 | Lacy Declaration | Submitted to CBP [          ] |
| 35 | Certificate of Origin | Submitted to CBP [          ] |
| 36 | Affidavit | Submitted to CBP [          ] |
| 37-38 | Emails | [          ] |
| 39-42 | CF-28 Related to Happy Home | November 5, 2018 |
| 43-44 | Taken CF-29 | December 13, 2018 |

DEPARTMENT OF HOMELAND SECURITY
**U.S. Customs and Border Protection**

## NOTICE OF ACTION
19 CFR 152.2

| This is NOT A Notice of Liquidation | | 1. DATE OF THIS NOTICE 08/09/2018 |
|---|---|---|
| 2. CARRIER MAERSK | 3. DATE OF IMPORTATION | 4. DATE OF ENTRY [ ]  |
| | | 5. ENTRY NO. [        ]8467 |

| 6. MFR/SELLER/SHIPPER [        ] | 7. COUNTRY KH | 8. CBP BROKER AND FILE NO. [                        ] |
|---|---|---|

**9. DESCRIPTION OF MERCHANDISE**
engineered flooring

| 10. TO [▶                    ] | 11. FROM [ ▶                    ] |
|---|---|

**12. THE FOLLOWING ACTION, WHICH WILL RESULT IN AN INCREASE IN DUTIES, ---**

[✓] IS **PROPOSED**    ▶ IF YOU DISAGREE WITH THIS PROPOSED ACTION, PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

[ ] HAS BEEN **TAKEN**    ▶ THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

TYPE OF ACTION
A. [✓] RATE ADVANCE
B. [ ] VALUE ADVANCE
C. [ ] EXCESS [ ] WEIGHT [ ] QUANTITY
D. [✓] OTHER (See below)

**13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE)**
[
]

| 14. CBP OFFICIAL [              ] | 15. TEAM DESIGNATION 039 | 16. TELEPHONE [        ] |
|---|---|---|
| 17. FAX NUMBER [ | 18. EMAIL [                ] | |

CBP Form 29 (06/14)

PR 000742

GOV0000742

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
Continuation Page

19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. DATE OF THIS NOTICE 08/09/2018 |
|---|---|---|---|
| 2. CARRIER MAERSK | 3. DATE OF IMPORTATION | 4. DATE OF ENTRY [] | 5. ENTRY NO. [▮▮▮▮▮▮▮]6467 |
| 6. MFR/SELLER/SHIPPER [▮▮▮▮▮▮▮] | 7. COUNTRY KH | 8. CBP BROKER AND FILE NO. [                                    ] | |
| 9. DESCRIPTION OF MERCHANDISE  engineered flooring | | | |

| 13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE) | | | |
|---|---|---|---|
| [▮▮▮▮▮]6467 | 1 | [ | ] |
| [        ]6467 | [        ]6467 | [ | ] |

| 14. CBP OFFICER (PRINT OR TYPE) [ | 15. TEAM DESIGNATION 039 | 16. TELEPHONE NO. [ |
|---|---|---|

CBP Form 29 (11/13)

OMB No. 1651-0023
Exp. 09-30-2019

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

## REQUEST FOR INFORMATION

19 CFR 151.11

| 1. Date of Request |
| --- |
| 11/05/2018 |

2. Date of Entry and Importation

| 3. Manufacturer/Seller/Shipper<br>[            ] | 4. Carrier<br>MAERSK | 5. Entry No.<br>[          ]6467 |
| --- | --- | --- |
| 5a. Invoice Description of Merchandise<br>engineered flooring | | 5b. Invoice No. | 5c. HTSUS Item No.<br>[          ] |
| 7. Country of Origin/Exportation<br>KH        KH | | 8. CBP Broker and Reference or File No. |

| Production of Documents and/or Information Required by Law: If you have provided the information requested on this form to U.S. Customs and Border Protection at other ports, please indicate the port of entry to which it was supplied, and furnish a copy of your reply to this office, if possible. | 11a. Port<br>1703 | 11b. Date Information Furnished |
| --- | --- | --- |

### General Information and Instructions

| 12. Please Answer Indicated Question(s) | 13. Please Furnish Indicated Item(s) |
| --- | --- |
| ☐ A. Are you related (see reverse) in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise. | ☐ A. Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto. |
| | ☐ B. Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates. |
| | ☐ C. Breakdown of components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article. |
| ☐ B. Identify and give details of any additional costs/expenses incurred in this transaction, such as: | ☐ D. Submit samples:<br>Article number and description _____ |
| ☐ (1) packing | from container _____ |
| ☐ (2) commissions | mark(s) and number _____ |
| ☐ (3) proceeds that accrue to the seller | Samples consumed in analysis, and other samples whose return is not specifically requested, will not normally be returned. |
| ☐ (4) assists | |
| ☐ (5) royalties and/or license fees | ☑ E. See item 14 below. |

| 14. CBP Officer Message |
| --- |
| See continuation sheet |

| 15. Reply Message (Use additional sheets if more space is needed.) |
| --- |
| |

| 16. CERTIFICATION | It is required that an appropriate corporate/company official execute this certificate and/or endorse all correspondence in response to the information requested. (NOTE: NOT REQUIRED IF FOREIGN FIRM COMPLETES THIS FORM.) |
| --- | --- |
| I hereby certify that the information furnished herewith or upon this form in response to this inquiry is true and correct, and that any samples provided were taken from the shipment covered by this entry. | 16a. Name and Title/Position of Signer (Owner, Importer, or Corporate/Company Official) | 16b. Signature |
| | | 16c. Telephone No.    16d. Date |

| 17. CBP Official<br>[          ] | 18. Team Designation<br>079 | 19. Telephone No.<br>[          ] |
| --- | --- | --- |
| 20. Fax No. | 21. Email<br>[          ] | |

CBP Form 28 (06/14)
PR 000744

GOV0000744

OMB No. 1651-0023
Exp. 06-30-2016

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**REQUEST FOR INFORMATION**
Continuation Page

19 CFR 151.11

| 1. Date of Request |
| --- |
| 11/05/2018 |

| 2. Date of Entry and Importation |
| --- |
| [               ] |

| 3. Manufacturer/Seller/Shipper [        ] | 4. Carrier MAERSK | 5. Entry No. [        ]6467 |
| --- | --- | --- |
| 5a. Invoice Description of Merchandise engineered flooring | 5b. Invoice No. | 6. HTSUS Item No. [        ] |
| 7. Country of Origin/Exportation KH        KH | 8. CBP Broker and Reference or File No. [          ] |

14. CBP Officer Message
[

                                                                      ]

| 17. CBP Official [        ] | 18. Team Designation 079 | 19. Telephone No. [        ] |
| --- | --- | --- |
| 20. Fax No. | 21. Email [        ] |

CBP Form 28 (06/14)

## GENERAL INFORMATION AND INSTRUCTIONS

1.  The requested information is necessary for proper classification and/or appraisement of your merchandise and/or for insuring import compliance of such merchandise. Your reply is required in accordance with section 509(a), Tariff Action of 1930, as amended (19 U.S.C.1509).

2.  All information, documents, and samples requested must relate to the shipment of merchandise described on the front of this form.

3.  Please answer all indicated questions to the best of your knowledge.

4.  All information submitted will be treated confidentially.

5.  If a reply cannot be made within 30 days from the date of this request or if you wish to discuss any of the questions designated for your reply, please contact the CBP officer whose name appears on the front of this form.

6.  Return a copy of this form with your reply.

## DEFINITIONS OF KEY WORDS IN BLOCK 12

Question  A:  RELATED - The persons specified below shall be treated as persons who are related:

   (A) Members of the same family, including brothers and sisters (whether by whole or half blood), spouse, ancestors, and lineal descendants.

   (B) Any officer or director of an organization and such organization.

   (C) An officer or director of an organization and an officer or director of another organization, if each such individual is also an officer or director in the other organization.

   (D) Partners.

   (E) Employer and employee.

   (F) Any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and such organization.

   (G) Two or more persons directly or indirectly controlling, controlled by or under common control with, any person.

PRICE PAID OR PAYABLE - This term is defined as the total payment (whether direct or indirect and exclusive of any costs, charges, or expenses incurred for transportation, insurance, and other C.I.F. charges) made, or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller.

Question  B:  ASSISTS - The term "assist" means any of the following if supplied directly or indirectly, and free of charge or at reduced cost, by the buyer of the imported merchandise for use in connection with the production or the sale for export to the United States of the merchandise:

   (1) Materials, components, parts, and similar items incorporated in the imported merchandise.

   (2) Tools, dies, molds, and similar items used in the production of the imported merchandise.

   (3) Merchandise consumed in the production of the imported merchandise.

   (4) Engineering, development, artwork, design work, and plans and sketches that are undertaken elsewhere than in the United States and are necessary for the production of the imported merchandise.

PROCEEDS THAT ACCRUE TO THE SELLER - This term is defined as the amount of any subsequent resale, disposal, or use of the imported merchandise that accrues, directly or indirectly, to the seller.

ROYALTIES AND/OR LICENSE FEES - This term relates to those amounts that the buyer is required to pay, directly or indirectly, as a condition of the sale of the imported merchandised for exportation to the United States.

PAPERWORK REDUCTION ACT STATEMENT - An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number and an expiration date. The control number for this collection is 1651-0023. The estimated average time to complete this application is 2 hours. If you have any comments regarding the burden estimate you can write to Regulations and Rulings, Office of International Trade, U.S. Customs and Border Protection, 90 K St. NE., (10th Floor), Washington, DC 20229-1177.

CBP Form 28 (06/14)

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**REQUEST FOR INFORMATION**
Continuation Page

19 CFR 151.11

| OMB No. 1651-0023; Exp. 09-30-2019 |
|---|
| 1. Date of Request<br>11/05/2018 |
| 2. Date of Entry and Importation<br>[                          ] |

| 3. Manufacturer/Seller/Shipper<br>[              ] | 4. Carrier<br>MAERSK | 5. Entry No.<br>[            ]6467 |
|---|---|---|

| 5a. Invoice Description of Merchandise<br>engineered flooring | | 5b. Invoice No. | 6. HTSUS Item No.<br>[          ] |
|---|---|---|---|

| 7. Country of Origin/Exportation<br>KH | 8. Customs Broker and Reference or File No.<br>[                    ] |
|---|---|

| Entry No. | Line No. | Importer of Record No. |
|---|---|---|
| [        ]6467 | 1 | [            ] |

| 17. CBP Officer<br>[          ] | 18. Team Designation<br>079 | 19. Telephone No.<br>[          ] |
|---|---|---|

CBP Form 28 (08/08)

PR 000747

GOV0000747

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. DATE OF THIS NOTICE 12/13/2018 |
|---|---|---|---|
| 2. CARRIER MAERSK | 3. DATE OF IMPORTATION [ ] | 4. DATE OF ENTRY [ ] | 5. ENTRY NO. [ ]6467 |
| 6. MFR/SELLER/SHIPPER [ ] | 7. COUNTRY KH | 8. CBP BROKER AND FILE NO. [ ] | |

9. DESCRIPTION OF MERCHANDISE
engineered flooring

| 10. TO ▶ ] | 11. FROM ▶ ] |
|---|---|

12. THE FOLLOWING ACTION, WHICH WILL RESULT IN AN INCREASE IN DUTIES, ---

[ ] IS **PROPOSED**   ▶ IF YOU DISAGREE WITH THIS PROPOSED ACTION, PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

[✓] HAS BEEN **TAKEN**   ▶ THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

TYPE OF ACTION
A. [✓] RATE ADVANCE
B. [ ] VALUE ADVANCE
C. [ ] EXCESS [ ] WEIGHT [ ] QUANTITY
D. [✓] OTHER (See below)

13.
[

| 14. CBP OFFICIAL [ ] | 15. TEAM DESIGNATION 079 | 16. TELEPHONE [ |
|---|---|---|
| 17. FAX NUMBER | 18. EMAIL [ ] | |

CBP Form 29 (06/14)

PR 000748

GOV0000748

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**NOTICE OF ACTION**
Continuation Page

19 CFR 152.2

| This is NOT A Notice of Liquidation | | | | 1. DATE OF THIS NOTICE 12/13/2018 |
|---|---|---|---|---|
| 2. CARRIER MAERSK | | 3. DATE OF IMPORTATION | 4. DATE OF ENTRY [          ] | 5. ENTRY NO. [          ]6467 |
| 6. MFR/SELLER/SHIPPER [          ] | | 7. COUNTRY KH | 8. CBP BROKER AND FILE NO. [          ] | |
| 9. DESCRIPTION OF MERCHANDISE    engineered flooring | | | | |
| 13. EXPLANATION (REFER TO ACTION LETTER DESIGNATIONS ABOVE) | | | | |

```
[        ]6467              1                    [          ]
[        ]6467          [        ]6467           [          ]
```

| 14. CBP OFFICER (PRINT OR TYPE) [          ] | 15. TEAM DESIGNATION 079 | 16. TELEPHONE NO. [          ] |
|---|---|---|

CBP Form 29 (11/13)

PR 000749

GOV0000749

Public Document No. 41

PR 000750

GOV0000750

One World Trade Center, Suite 547
Long Beach, CA 90831

 U.S. Customs and
**Border Protection**

October 1, 2019

**PUBLIC DOCUMENT**

**EAPA Consolidated Case Number: 7321**

Mr. John Bennett
Chief Executive Officer
American Pacific Plywood, Inc.
414 1st Street
Solvang, CA 93463
pat@appiwood.com

**Re:** Request for Information with regards to Enforce and Protect Act investigation 7321 of
whether the above listed company has evaded the antidumping duty order A-570-051 and
Countervailing Duty Order C-570-052, on Certain Hardwood Plywood from the People's
Republic of China. Because the evidence thus far establishes a reasonable suspicion that
American Pacific Plywood, Inc. has entered merchandise into the United States through
evasion, CBP has imposed interim measures pursuant to 19 Code of Federal Regulations
§165.24.

Mr. Bennett:

U.S. Customs and Border Protection ("CBP") has commenced a formal investigation under
Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly
referred to as the Enforce and Protect Act ("EAPA"), for American Pacific Plywood, Inc.
("APP"). Specifically, CBP is investigating whether APP has evaded the antidumping ("AD")
order A-570-051 and countervailing duty ("CVD") order C-570-052, on Certain Hardwood
Plywood ("Hardwood Plywood") from the People's Republic of China with its entries of
merchandise into the United States. Per 19 Code of Federal Regulations ("C.F.R."). §
165.23(b), "Any party to the investigation may submit additional information in order to
support the allegation of evasion or to negate or clarify the allegation of evasion."
Furthermore, per 19 C.F.R. § 165.23(c)(2), "Factual information voluntarily submitted to CBP
pursuant to paragraph (b) of this section must be submitted no later than 200 calendar days after
CBP initiated the investigation under § 165.15." CBP initiated an investigation under EAPA
on June 26, 2019.

**FOR OFFICIAL USE ONLY**

PR 000751

GOV0000751

EAPA Case Number: 7321
Importer Request for Information
Page 2


Pursuant to 19 C.F.R. § 165.23(a), we are separately requesting additional information from APP. We are soliciting the information requested in the enclosed request for information. Please review and ensure that you have received all pages of the request for information (total 9 pages) as well as the three request for information transmittal pages. If you have not received the entire request for information, please contact Vicky Manukyan and Carlene Archibald immediately at Viktorya.Manukyan@cbp.dhs.gov and Carlene.G.Archibald@cbp.dhs.gov, respectively and carbon copy EAPAllegations@cbp.dhs.gov.

CBP must conduct this investigation in accordance with statutory and regulatory deadlines. Therefore, the deadline to respond to this request for information is **14 days from the date of issuance.** If you fail to cooperate and comply to the best of your ability with Section 1 of this request, CBP may apply an inference adverse to APP's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to 19 C.F.R. § 165.27.

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.


**FOR OFFICIAL USE ONLY**

GOV0000752

**EAPA Case Number: 7321**
Importer Request for Information
Page 3

Note: 19 C.F.R. § 165.4(a) **requires** that APP identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, APP must also create a public version that removes and sufficiently summarizes bracketed information.

Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.

Sincerely,

Carlene G Archibald
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection

Enclosure:
  Importer Request for Information

**FOR OFFICIAL USE ONLY**

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**AMERICAN PACIFIC PLYWOOD, INC.**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**IMPORTER REQUEST FOR INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: FOURTEEN DAYS FROM THE DATE OF ISSUANCE**


**RESPONSE FORM: Email:** Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov), Carlene
Archibald (Carlene.G.Archibald@cbp.dhs.gov), and EAPA Allegations
(EAPAllegations@cbp.dhs.gov)

-Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
-Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
-Hard Copy documentation should be submitted in Adobe Format
-ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO
ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
-ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 30MB and of certain file types - .zip and .exe - may not
be deliverable. Such information may need to be provided in piecemeal. Please contact
Vicky Manukyan and/or Carlene Archibald to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the
response. For any information or data requests, please indicate the system from which
the data was obtained <u>and</u> the location where the data/information was extracted. We
intend to perform an onsite visit to among other things, validate certain provided data
as necessary.**

If you have any questions regarding this request please contact Vicky Manukyan
(Viktorya.Manukyan@cbp.dhs.gov) or Carlene Archibald
(Carlene.G.Archibald@cbp.dhs.gov) immediately and carbon copy EAPA Allegations
(EAPAllegations@cbp.dhs.gov).


**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 2

## Section 1: Information Required Directly from APP

<u>General Information</u>

1. Provide the name and a contact person for external financial auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

2. Provide the name, title, email, and telephone number of the official(s) preparing information for this request for information.

3. Provide the name, title, email, and telephone number of the person who will be the CBP contact during the review.

4. Provide the names of all Customs brokers used, along with addresses, contact information (names, titles, emails, and telephone numbers), and powers of attorney.

5. If your firm has a website, identify the URL address and provide a copy of the site index. Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original documents as well as a translation in English.

6. Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter LB Wood Cambodia (LB Wood)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from LB Wood? If so, who performed the verification? When and where was the verification performed?

7. Provide a thorough explanation of the process of importing Hardwood Plywood from LB Woods. Provide documentation and all correspondence records to illustrate the process from initiating an order through payment and finalization of a transaction. Identify all parties that had a role in import transactions during the investigatory period and explain each party's role.

8. Identify the location(s) of your records.

9. Identify the source of records and information used to file a CBP entry. Explain how they are created, maintained, and transferred. Provide copies of any written operating procedures and internal controls over record production and retention.

10. Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 3

fees, management fees, advertising or marketing costs, warranty, etc.)?  If yes, identify the nature of the payment(s), the party to whom they are paid and the general ledger accounts/recording mechanism used to record such payments.  If general ledger accounts are not used, please explain how associated transactions are tracked/maintained.

11. Identify buyers of the Hardwood Plywood imported by APP.  Provide points of contact for each buyer (Company Name, Address, Point of Contact, and Email).

12. Please provide an explanation on how you identified LB Wood as a supplier of hardwood plywood?

13. How did you negotiate and determine a price for the imported plywood merchandise with LB Wood? If the price was in fact competitive with Chinese hardwood plywood, did you further investigate to verify the origin of the product?

14. Identify and explain any transactions where the resale, disposal or use of the imported merchandise by your company is restricted or hampered in any way by the foreign vendor or any third party.

15. Please provide a complete description and quantity of merchandise imported as Harwood Plywood.  Include specifications such as dimensions, weight, use and place in the market including pricing information. (How much it cost to acquire and the selling price).

16. Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood plywood imported since June 5, 2018.  Please provide a description of how your company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking the overseas supplier for the Genus/species of materials used in the production of hardwood plywood, checking botanical resources, checking with foreign government authorities, confirming that source companies operate legally and are licensed or certified, etc.).

17. What bank accounts are used to transfer funds to foreign exporters, manufacturers, intermediaries/middlemen and receive funds for sales of imported merchandise?  Please provide the bank name, account name (account holder), and account number(s).

<u>Customs Compliance:</u>

1. Who is responsible for Customs Compliance? Does he/she have training or knowledge about Anti-dumping duty (ADD)?

2. Do you have a policies and procedures manual for Customs related operations?

3. Do you have written policies and procedures related to ADD? (If so, are they approved by Management? Do you review and update them periodically?

**FOR OFFICIAL USE ONLY**

GOV0000756

EAPA Case Number: 7321
Importer Request for Information
Page 4

4.  Do you maintain a database or listing of products that are subject to ADD?

5.  Have you identified any risks related to ADD (for example violating manufacturers/vendors?) Have you implemented control mechanisms for the ADD risks identified?

6.  How do you make sure that information declared to CBP is accurate (including ADD)?

<u>Corporate Structure and Affiliations</u>
**(For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1.  The term affiliated persons[1] (affiliates) includes: (1) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review examples of situations which may indicate control include (but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub) contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

    a.  Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.
    b.  Provide a list of all the production facilities, sales office locations, research and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

---

[1] The term person includes any interested party as well as any other individual, enterprise, or entity, as appropriate. It includes any company, individual, organization, partnership or group.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 5

    c.  Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

    d.  Provide a list of: (1) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock; (2) the ten shareholders with the highest ownership percentage of your company; (3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

        Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

        If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation *(e.g.,* shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

    e.  State whether your company is part of a group. Examples of groups include: (1) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

        If your company is part of a group, provide:

        i.  An organization chart of the companies in the group.

        ii.  The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

**FOR OFFICIAL USE ONLY**

GOV0000758

**EAPA Case Number: 7321**
Importer Request for Information
Page 6

      iii. The names of the officers, director and managers of each company in the group and indicate whether any of them are also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group.

      Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

f. State whether your company is under "common control" with another person by a third person *(e.g.,* a family group or investor group) and/or whether your company and another person commonly control a third person *(e.g.,* a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers.

If there is such a relationship, describe the nature of the relationship *(e.g.,* ownership percentage, common officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

g. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership *(e.g.,* the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations *( e.g.,* shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 7

    h.  Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale and/or distribution of the merchandise under investigation which the Department may also consider affiliated with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other relationships between your company and the other person (e.g., director/manager relationships).[2]

    i.  Identify all business transactions that may directly or indirectly affect the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above).

    Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

2. Please explain the company's affiliation with LB Wood if not responded to previously.

<u>Accounting/Financial Practices</u>

Please provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and unconsolidated financial statements (including any footnotes and auditor's opinion); (2) internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business; (3) financial statements or other relevant documents *(i.e.,* profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; (4) any financial statement or other financial report filed in the United States.

<u>Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information</u>

1. Please provide us with a Chart of Accounts used by your company or other description of how the company accounts for assets, liabilities, equity, income, or expenses.

2. Please provide all accounts payable records (including beginning and ending trial balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, please provide all such information that would ordinarily be recorded in an accounts payable as maintained. Please distinguish transactions for domestic companies from those for foreign companies.

---

[2] Reported affiliations, selling expenses shared by, or distributed to, business associates, and/or the existence of commissions may be used to further analyze the potential existence of affiliations between the respondent, its customers, and other relevant entities.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 8

3. Likely as a subset of the information provided immediately above, please provide an excel spreadsheet listing all monetary transactions (including open liabilities - accounts and notes) between APP and parties involved in procuring Hardwood Plywood. Note: Transactions should not be limited to those for imports of Hardwood Plywood. Rather, they should include all transactions between the company and anyone involved in the transactions in the section below labeled <u>Pertinent Purchase/Procurement, Sales, and Documentation Requests.</u>

4. Please provide us with copies of all company bank statements from June 5, 2018 onward. Please highlight all payments to and from domestic and foreign companies relating to imported merchandise).

<u>Pertinent Purchase/Procurement, Sales, and Documentation Requests</u>
**Note: The following questions apply to imports of Hardwood Plywood purchased from LB Wood on/after June 5, 2018.**

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)
- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from APP after import)
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) for entire shipment process above - from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale
- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for APP's sales of imported Hardwood Plywood.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 9

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**FOR OFFICIAL USE ONLY**

PR 000762

GOV0000762

Public Document No. 42

PR 000763

GOV0000763

One World Trade Center, Suite 547
Long Beach, CA 90831

 U.S. Customs and
Border Protection

October 1, 2019

**PUBLIC DOCUMENT**

**EAPA Consolidated Case Number: 7321**

Ms. Deborah Havel
Manager
InterGlobal Forest, LLC
2190 W 11ᵀʰ Avenue, Suite 231
Eugene, OR 97402-3500
deborah@interglobalforest.com

**Re:** Request for Information with regards to Enforce and Protect Act investigation 7321 of
whether InterGlobal Forest, LLC has evaded the antidumping order A-570-051 and
countervailing duty order C-570-052, on Certain Hardwood Plywood from the People's
Republic of China.  Because the evidence thus far establishes a reasonable suspicion that
InterGlobal Forest, LLC has entered merchandise into the United States through evasion, CBP
has imposed interim measures pursuant to 19 Code of Federal Regulations §165.24.

_____

Ms. Havel:

U.S. Customs and Border Protection ("CBP") has commenced a formal investigation under
Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly
referred to as the Enforce and Protect Act ("EAPA"), for InterGlobal Forest, LLC ("IGF").
Specifically, CBP is investigating whether IGF has evaded the antidumping ("AD") duty order
A-570-051 and countervailing duty ("CVD") order C-570-052, on Certain Hardwood Plywood
("Hardwood Plywood") from the People's Republic of China with its entries of merchandise
into the United States.  Per 19 Code of Federal Regulations ("C.F.R.") § 165.23(b), "Any party
to the investigation may submit additional information in order to support the allegation of
evasion or to negate or clarify the allegation of evasion."  Furthermore, per 19 C.F.R. §
165.23(c)(2), "Factual information voluntarily submitted to CBP pursuant to paragraph (b) of
this section must be submitted no later than 200 calendar days after CBP initiated the
investigation under § 165.15."  CBP initiated an investigation under EAPA on June 26, 2019.

**FOR OFFICIAL USE ONLY**

GOV0000764

**EAPA Case Number: 7321**
Importer Request for Information
Page 2

Pursuant to 19 C.F.R. § 165.23(a), we are separately requesting additional information from IGF. We are soliciting the information requested in the enclosed request for information. Please review and ensure that you have received all pages of the request for information (total 9 pages) as well as the three request for information transmittal pages. If you have not received the entire request for information, please contact Vicky Manukyan and Carlene Archibald immediately at Viktorya.Manukyan@cbp.dhs.gov and Carlene.G.Archibald@cbp.dhs.gov, respectively and carbon copy EAPAllegations@cbp.dhs.gov.

CBP must conduct this investigation in accordance with statutory and regulatory deadlines. Therefore, the deadline to respond to this request for information is **14 days from the date of issuance.** If you fail to cooperate and comply to the best of your ability with Section 1 of this request, CBP may apply an inference adverse to IGF's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to 19 C.F.R. § 165.27.

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)   "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)  "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 3


Note: 19 C.F.R. § 165.4(a) **requires** that IGF identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, IGF must also create a public version that removes and sufficiently summarizes bracketed information.


Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.


Sincerely,


Carlene G Archibald
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection


Enclosure:
    Importer Request for Information


FOR OFFICIAL USE ONLY

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**INTERGLOBAL FOREST, LLC**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**IMPORTER REQUEST FOR INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: FOURTEEN DAYS FROM THE DATE OF ISSUANCE**


**RESPONSE FORM: Email:** Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov), Carlene
Archibald (Carlene.G.Archibald@cbp.dhs.gov), and EAPA Allegations
(EAPAllegations@cbp.dhs.gov)

-Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
-Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
-Hard Copy documentation should be submitted in Adobe Format
-ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO
ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
-ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 30MB and of certain file types - .zip and .exe - may not
be deliverable. Such information may need to be provided in piecemeal. Please contact
Vicky Manukyan and/or Carlene Archibald to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the
response. For any information or data requests, please indicate the system from which
the data was obtained <u>and</u> the location where the data/information was extracted. We
intend to perform an onsite visit to among other things, validate certain provided data
as necessary.**

If you have any questions regarding this request please contact Vicky Manukyan
(Viktorya.Manukyan@cbp.dhs.gov) or Carlene Archibald
(Carlene.G.Archibald@cbp.dhs.gov) immediately and carbon copy EAPA Allegations
(EAPAllegations@cbp.dhs.gov).

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Importer Request for Information
Page 2

## Section 1: Information Required Directly from IGF

<u>General Information</u>

1. Provide the name and a contact person for external financial auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

2. Provide the name, title, email, and telephone number of the official(s) preparing information for this request for information.

3. Provide the name, title, email, and telephone number of the person who will be the CBP contact during the review.

4. Provide the names of all Customs brokers used, along with addresses, contact information (names, titles, emails, and telephone numbers), and powers of attorney.

5. If your firm has a website, identify the URL address and provide a copy of the site index. Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original documents as well as a translation in English.

6. Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter LB Wood Cambodia (LB Wood)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from LB Wood? If so, who performed the verification? When and where was the verification performed?

7. Provide a thorough explanation of the process of importing Hardwood Plywood from LB Woods. Provide documentation and all correspondence records to illustrate the process from initiating an order through payment and finalization of a transaction. Identify all parties that had a role in import transactions during the investigatory period and explain each party's role.

8. Identify the location(s) of your records.

9. Identify the source of records and information used to file a CBP entry. Explain how they are created, maintained, and transferred. Provide copies of any written operating procedures and internal controls over record production and retention.

10. Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 3

fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party to whom they are paid and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, please explain how associated transactions are tracked/maintained.

11. Identify buyers of the Hardwood Plywood imported by IGF. Provide points of contact for each buyer (Company Name, Address, Point of Contact, and Email).

12. Please provide an explanation on how you identified LB Wood as a supplier of hardwood plywood?

13. How did you negotiate and determine a price for the imported plywood merchandise with LB Wood? If the price was in fact competitive with Chinese hardwood plywood, did you further investigate to verify the origin of the product?

14. Identify and explain any transactions where the resale, disposal or use of the imported merchandise by your company is restricted or hampered in any way by the foreign vendor
or any third party.

15. Please provide a complete description and quantity of merchandise imported as Harwood Plywood. Include specifications such as dimensions, weight, use and place in the market including pricing information. (How much it cost to acquire and the selling price).

16. Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood plywood imported since June 5, 2018. Please provide a description of how your company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking the overseas supplier for the Genus/species of materials used in the production of hardwood plywood, checking botanical resources, checking with foreign government authorities, confirming that source companies operate legally and are licensed or certified, etc.).

17. What bank accounts are used to transfer funds to foreign exporters, manufacturers, intermediaries/middlemen and receive funds for sales of imported merchandise? Please provide the bank name, account name (account holder), and account number(s).

Customs Compliance:

1. Who is responsible for Customs Compliance? Does he/she have training or knowledge about antidumping duty (ADD)?

2. Do you have a policies and procedures manual for Customs related operations?

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 4

3. Do you have written policies and procedures related to ADD? (If so, are they approved by Management? Do you review and update them periodically?

4. Do you maintain a database or listing of products that are subject to ADD?

5. Have you identified any risks related to ADD (for example violating manufacturers/vendors?) Have you implemented control mechanisms for the ADD risks identified?

6. How do you make sure that information declared to CBP is accurate (including ADD)?

<u>Corporate Structure and Affiliations</u>
**(For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1. The term affiliated persons[1] (affiliates) includes: (1) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review examples of situations which may indicate control include (but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub) contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

    a. Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.

---

[1] The term person includes any interested party as well as any other individual, enterprise, or entity, as appropriate. It includes any company, individual, organization, partnership or group.

**FOR OFFICIAL USE ONLY**

GOV0000770

**EAPA Case Number: 7321**
Importer Request for Information
Page 5

b. Provide a list of all the production facilities, sales office locations, research and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

c. Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

d. Provide a list of: (1) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock;
(2) the ten shareholders with the highest ownership percentage of your company;
(3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation *(e.g.,* shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

e. State whether your company is part of a group. Examples of groups include: (1) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

**FOR OFFICIAL USE ONLY**

PR 000771

GOV0000771

EAPA Case Number: 7321
Importer Request for Information
Page 6

If your company is part of a group, provide:

    i. An organization chart of the companies in the group.

    ii. The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

    iii. The names of the officers, director and managers of each company in the group and indicate whether any of them is also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group.

    Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

f. State whether your company is under "common control" with another person by a third person *(e.g.,* a family group or investor group) and/or whether your company and another person commonly control a third person *(e.g.,* a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers.

If there is such a relationship, describe the nature of the relationship *(e.g.,* ownership percentage, common officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

g. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Importer Request for Information
Page 7

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership (*e.g.,* the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations ( *e.g.,* shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

h.   Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale and/or distribution of the merchandise under investigation which the Department may also consider affiliated with your company.  Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other relationships between your company and the other person (e.g., director/manager relationships). [2]

i.   Identify all business transactions that may directly or indirectly affect the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above).

Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

2.   Please explain the company's affiliation with LB Wood if not responded to previously.

---

[2] Reported affiliations, selling expenses shared by, or distributed to, business associates, and/or the existence of commissions may be used to further analyze the potential existence of affiliations between the respondent, its customers, and other relevant entities.

FOR OFFICIAL USE ONLY

**EAPA Case Number: 7321**
Importer Request for Information
Page 8

Accounting/Financial Practices

Please provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and unconsolidated financial statements (including any footnotes and auditor's opinion); (2) internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business; (3) financial statements or other relevant documents *(i.e.,* profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; (4) any financial statement or other financial report filed in the United States.

Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information

1. Please provide us with a Chart of Accounts used by your company or other description of how the company accounts for assets, liabilities, equity, income, or expenses.

2. Please provide all accounts payable records (including beginning and ending trial balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, please provide all such information that would ordinarily be recorded in an accounts payable as maintained. Please distinguish transactions for domestic companies from those for foreign companies.

3. Likely as a subset of the information provided immediately above, please provide an excel spreadsheet listing all monetary transactions (including open liabilities - accounts and notes) between IGF and parties involved in procuring Hardwood Plywood. Note: Transactions should not be limited to those for imports of Hardwood Plywood. Rather, they should include all transactions between the company and anyone involved in the transactions in the section below labeled Pertinent Purchase/Procurement, Sales, and Documentation Requests.

4. Please provide us with copies of all company bank statements from June 5, 2018 onward. Please highlight all payments to and from domestic and foreign companies relating to imported merchandise).

Pertinent Purchase/Procurement, Sales, and Documentation Requests
**Note: The following questions apply to imports of Hardwood Plywood purchased from LB Wood on/after June 5, 2018.**

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**

Importer Request for Information

Page 9

- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from IGF after import)
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) for entire shipment process above - from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale
- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for IGF's sales of imported Hardwood Plywood.

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**FOR OFFICIAL USE ONLY**

Public Document No. 43

PR 000776

GOV0000776

One World Trade Center, Suite 547
Long Beach, CA 90831



**U.S. Customs and
Border Protection**

October 1, 2019

**PUBLIC DOCUMENT**

**EAPA Consolidated Case Number: 7321**

Jun Zhang
Chief Executive Officer
U.S. Global Forest, Inc.
663 Brea Canyon Road, Suite 8
Walnut, CA 91789
SEA-LGB@ctsglobalsolutions.com

**Re:** Request for Information with regards to Enforce and Protect Act investigation 7321 of
whether U.S. Global Forest, Inc. has evaded the antidumping duty order A-570-051 and
countervailing duty order C-570-052, on Certain Hardwood Plywood from the People's
Republic of China. Because the evidence thus far establishes a reasonable suspicion that U.S.
Global Forest, Inc. has entered merchandise into the United States through evasion, CBP has
imposed interim measures pursuant to 19 Code of Federal Regulations §165.24.

Mr. Zhang:

U.S. Customs and Border Protection ("CBP") has commenced a formal investigation under
Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly
referred to as the Enforce and Protect Act ("EAPA"), for U.S. Global Forest, Inc. ("GF").
Specifically, CBP is investigating whether GF has evaded the antidumping ("AD") duty order
A-570-051 and countervailing duty ("CVD") order C-570-052 on Certain Hardwood Plywood
("Hardwood Plywood") from the People's Republic of China, with its entries of merchandise
into the United States. Per 19 Code of Federal Regulations ("C.F.R.") § 165.23(b), "Any party
to the investigation may submit additional information in order to support the allegation of
evasion or to negate or clarify the allegation of evasion." Furthermore, per 19 C.F.R. §
165.23(c)(2), "Factual information voluntarily submitted to CBP pursuant to paragraph (b) of
this section must be submitted no later than 200 calendar days after CBP initiated the
investigation under § 165.15." CBP initiated an investigation under EAPA on June 26, 2019.

FOR OFFICIAL USE ONLY

**EAPA Case Number: 7321**
Importer Request for Information
Page 2

Pursuant to 19 C.F.R. § 165.23(a), we are separately requesting additional information from GF. We are soliciting the information requested in the enclosed request for information. Please review and ensure that you have received all pages of the request for information (total 9 pages) as well as the three request for information transmittal pages. If you have not received the entire request for information, please contact Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov), Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov), immediately.

CBP must conduct this investigation in accordance with statutory and regulatory deadlines. Therefore, the deadline to respond to this request for information is **14 days from the date of issuance.** If you fail to cooperate and comply to the best of your ability with Section 1 of this request, CBP may apply an inference adverse to GF's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to 19 C.F.R. § 165.27.

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

**FOR OFFICIAL USE ONLY**

GOV0000778

**EAPA Case Number:** 7321
Importer Request for Information
Page 3

Note: 19 C.F.R. § 165.4(a) **requires** that GF identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, GF must also create a public version that removes and sufficiently summarizes bracketed information.

Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.

Sincerely,

Carlene G. Archibald
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection

Enclosure:
    Importer Request for Information

**FOR OFFICIAL USE ONLY**

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**U.S. GLOBAL FOREST, INC.**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**IMPORTER REQUEST FOR INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: FOURTEEN DAYS FROM THE DATE OF ISSUANCE**


**RESPONSE FORM: Email:** Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov), Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

-Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
-Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
-Hard Copy documentation should be submitted in Adobe Format
-ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
-ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 30MB and of certain file types - .zip and .exe - may not be deliverable. Such information may need to be provided in piecemeal. Please contact Sara Dao-Pickard and/or Carlene Archibald to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the response. For any information or data requests, please indicate the system from which the data was obtained <u>and</u> the location where the data/information was extracted. We intend to perform an onsite visit to among other things, validate certain provided data as necessary.**

If you have any questions regarding this request please contact Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov) or Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov), immediately and carbon copy EAPA Allegations (EAPAllegations@cbp.dhs.gov).

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 2

## Section 1: Information Required Directly from GF

<u>General Information</u>

1. Provide the name and a contact person for external financial auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

2. Provide the name, title, email, and telephone number of the official(s) preparing information for this request for information.

3. Provide the name, title, email, and telephone number of the person who will be the CBP contact during the review.

4. Provide the names of all Customs brokers used, along with addresses, contact information (names, titles, emails, and telephone numbers), and powers of attorney.

5. If your firm has a website, identify the URL address and provide a copy of the site index. Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original documents as well as a translation in English.

6. Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter Cambodia Happy Home Wood Products Co., Ltd. (Happy Home)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from Happy Home? If so, who performed the verification? When and where was the verification performed?

7. Provide a thorough explanation of the process of importing Hardwood Plywood from Happy Home. Provide documentation and all correspondence records to illustrate the process from initiating an order through payment and finalization of a transaction. Identify all parties that had a role in import transactions during the investigatory period and explain each party's role.

8. Identify the location(s) of your records.

9. Identify the source of records and information used to file a CBP entry. Explain how they are created, maintained, and transferred. Provide copies of any written operating procedures and internal controls over record production and retention.

10. Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 3

fees, management fees, advertising or marketing costs, warranty, etc.)?  If yes, identify
the nature of the payment(s), the party to whom they are paid and the general ledger
accounts/recording mechanism used to record such payments.  If general ledger accounts
are not used, please explain how associated transactions are tracked/maintained.

11. Identify buyers of the Hardwood Plywood imported by GF.  Provide points of contact for
    each buyer (Company Name, Address, Point of Contact, and Email).

12. Please provide an explanation on how you identified Happy Home as a supplier of
    hardwood plywood?

13. How did you negotiate and determine a price for the imported plywood merchandise with
    Happy Home? If the price was in fact competitive with Chinese hardwood plywood, did
    you further investigate to verify the origin of the product?

14. Identify and explain any transactions where the resale, disposal or use of the imported
    merchandise by your company is restricted or hampered in any way by the foreign vendor
    or any third party.

15. Please provide a complete description and quantity of merchandise imported as Harwood
    Plywood.  Include specifications such as dimensions, weight, use and place in the market
    including pricing information. (How much it cost to acquire and the selling price).

16. Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood
    plywood imported since June 5, 2018.  Please provide a description of how your
    company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking
    the overseas supplier for the Genus/species of materials used in the production of
    hardwood plywood, checking botanical resources, checking with foreign government
    authorities, confirming that source companies operate legally and are licensed or
    certified, etc.).

17. What bank accounts are used to transfer funds to foreign exporters, manufacturers,
    intermediaries/middlemen and receive funds for sales of imported merchandise?  Please
    provide the bank name, account name (account holder), and account number(s).

<u>Customs Compliance:</u>

1.  Who is responsible for Customs Compliance?  Does he/she have training or knowledge about
    antidumping duty (ADD)?

2.  Do you have a policies and procedures manual for Customs related operations?

3.  Do you have written policies and procedures related to ADD? (If so, are they approved by
    Management?  Do you review and update them periodically?

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 4

4. Do you maintain a database or listing of products that are subject to ADD?

5. Have you identified any risks related to ADD (for example violating manufacturers/vendors?) Have you implemented control mechanisms for the ADD risks identified?

6. How do you make sure that information declared to CBP is accurate (including ADD)?

Corporate Structure and Affiliations
**(For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1. The term affiliated persons[1] (affiliates) includes: (1) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review examples of situations which may indicate control include (but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub)contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

   a. Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.

   b. Provide a list of all the production facilities, sales office locations, research and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

---

[1] The term person includes any interested party as well as any other individual, enterprise, or entity, as appropriate. It includes any company, individual, organization, partnership or group.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 5

 c. Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

 d. Provide a list of: (1) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock; (2) the ten shareholders with the highest ownership percentage of your company; (3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

  Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

  If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation *(e.g.,* shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

 e. State whether your company is part of a group.  Examples of groups include: (1) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

  If your company is part of a group, provide:

  i. An organization chart of the companies in the group.

  ii. The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

  iii. The names of the officers, director and managers of each company in the group

**FOR OFFICIAL USE ONLY**

GOV0000784

EAPA Case Number: 7321
Importer Request for Information
Page 6

and indicate whether any of them is also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group.

Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

f.  State whether your company is under "common control" with another person by a third person *(e.g.,* a family group or investor group) and/or whether your company and another person commonly control a third person *(e.g.,* a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers.

If there is such a relationship, describe the nature of the relationship *(e.g.,* ownership percentage, common officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

g.  If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership *(e.g.,* the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations *( e.g.,* shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Importer Request for Information
Page 7

h.  Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and
    other persons involved in the development, production, sale and/or distribution of
    the merchandise under investigation which the Department may also consider
    affiliated with your company.  Some factors which you should consider include, for
    example, whether you acquire a significant amount of a major input from only a
    single supplier, the length of time your company has had a relationship with a
    supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the
    relationship, all business relationships your company has or had with these persons, and
    other relationships between your company and the other person (e.g., director/manager
    relationships). [2]

i.  Identify all business transactions that may directly or indirectly affect the
    development, production, sale and/or distribution of the merchandise under
    investigation which your company has or had with any affiliate (except to the extent
    you have provided this in response to one of the questions above).

    Examples of such business transactions may include, but are not limited to, loans
    made by or to an affiliate, purchases and resales of the merchandise under
    investigation by an affiliated reseller, purchases made from a close supplier, and/or
    transactions with joint ventures, or a company acting as an agent for your company's
    sales.

2.  Please explain the company's affiliation with Happy Home if not responded to
    previously.

Accounting/Financial Practices

Please provide the following financial documents for the two most recently completed fiscal
years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and
unconsolidated financial statements (including any footnotes and auditor's opinion); (2)
internal financial statements or profit and loss reports of any kind that are prepared and
maintained in the normal course of business; (3) financial statements or other relevant
documents (*i.e.,* profit and loss reports) of all affiliates involved in the production or sale of
the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of
these affiliates; (4) any financial statement or other financial report filed in the United States.

Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment
Information

1.  Please provide us with a Chart of Accounts used by your company or other description of
    how the company accounts for assets, liabilities, equity, income, or expenses.

---

[2] Reported affiliations, selling expenses shared by, or distributed to, business associates, and/or the existence
of commissions may be used to further analyze the potential existence of affiliations between the respondent,
its customers, and other relevant entities.

**FOR OFFICIAL USE ONLY**

GOV0000786

EAPA Case Number: 7321
Importer Request for Information
Page 8

2. Please provide all accounts payable records (including beginning and ending trial balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, please provide all such information that would ordinarily be recorded in an accounts payable as maintained. Please distinguish transactions for domestic companies from those for foreign companies.

3. Likely as a subset of the information provided immediately above, please provide an excel spreadsheet listing all monetary transactions (including open liabilities - accounts and notes) between GF and parties involved in procuring Hardwood Plywood. Note: Transactions should not be limited to those for imports of Hardwood Plywood. Rather, they should include all transactions between the company and anyone involved in the transactions in the section below labeled <u>Pertinent Purchase/Procurement, Sales, and Documentation Requests.</u>

4. Please provide us with copies of all company bank statements from June 5, 2018 onward. Please highlight all payments to and from domestic and foreign companies relating to imported merchandise).

<u>Pertinent Purchase/Procurement, Sales, and Documentation Requests</u>
**Note: The following questions apply to imports of Hardwood Plywood purchased from Happy Home on/after June 5, 2018.**

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)
- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from GF after import)
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) for entire shipment process above - from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Request for Information
Page 9

- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for GF's sales of imported Hardwood Plywood.

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**FOR OFFICIAL USE ONLY**

Public Document No. 44

PR 000789

GOV0000789

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and
Border Protection**

**PUBLIC VERSION**

October 1, 2019

Matt McNichols
InterGlobal Forest, Inc.
2190 West 11th Avenue, #231
Eugene, OR  97402

John P. Bennett
American Pacific Plywood, Inc.
414 First Street
Solvang, CA  93463

Timothy Brightbill
On behalf of the Coalition for
Fair Trade of Hardwood Plywood
Wiley Rein LLP
1776 K Street, NW
Washington, DC  20006

Jun Zhang
U.S. Global Forest, Inc.
663 Brea Canyon Road, Suite 8
Walnut, CA  91789

Re: Notice of Initiation of Investigation and Interim Measures - EAPA Cons. Case 7321

To the Counsel and Representatives of the above-referenced Entities:

This letter is to inform you that U.S. Customs and Border Protection (CBP) has commenced a formal investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act (EAPA), for InterGlobal Forest, LLC (InterGlobal); American Pacific Plywood, Inc. (American Pacific); and U.S. Global Forest Inc. (U.S. Global) (collectively, the Importers).  CBP is investigating whether the Importers have evaded antidumping duty (AD) order A-570-051 and countervailing duty (CVD) order C-570-052 on certain hardwood plywood products (plywood) from the People's Republic of China (China)[1] when importing plywood into the United States.  Because evidence supports a reasonable suspicion that the Importers entered covered merchandise into the customs territory of the United States through evasion, CBP has imposed interim measures.[2]

Period of Investigation

Pursuant to 19 CFR 165.2, entries covered by an EAPA investigation are those "entries of allegedly covered merchandise made within one year before the receipt of an allegation...."

---

[1] *See Certain Hardwood Plywood Products from the People's Republic of China: Final Determination of Sales at Less Than Fair Value, and Final Affirmative Determination of Critical Circumstances, in Part*, 82 FR 53460 (November 16, 2017) (AD Order); *see also Countervailing Duty Investigation of Certain Hardwood Plywood Products from the People's Republic of China: Final Affirmative Determination, and Final Affirmative Critical Circumstances Determination, in Part*, 82 FR 53473 (November 16, 2017) (CVD Order) (collectively, AD/CVD orders).
[2] *See* 19 USC 1517(e); *see also* 19 CFR 165.24.

GOV0000790

Entry is defined as an "entry, or withdrawal from warehouse for consumption, of merchandise in the customs territory of the United States."[3]  CBP acknowledged receipt of the properly filed allegations against InterGlobal, American Pacific, and U.S. Global on June 5, 2019.[4]  These three investigations are now consolidated as discussed further below, and the entries covered by the consolidated investigation are those entered for consumption, or withdrawn from warehouse for consumption, from June 5, 2018, through the pendency of this investigation.[5]

Initiation

On June 26, 2019, the Trade Remedy Law Enforcement Directorate (TRLED), within CBP's Office of Trade, initiated investigations under EAPA as a result of allegations submitted by the Coalition for Fair Trade of Hardwood Plywood (the Coalition) on evasion of antidumping and countervailing duties by InterGlobal, American Pacific, and U.S. Global.[6]  In these allegations, the Coalition asserts that InterGlobal, American Pacific, and U.S. Global evaded the AD/CVD orders on plywood from China by importing Chinese-origin plywood that was transshipped through Cambodia.[7]

Concerning transshipment of Chinese-origin plywood through Cambodia, the Coalition claims that recent import and export trends in China, Cambodia, and the United States pertaining to plywood are consistent with this pattern of transshipment.  The Coalition asserts that since the imposition of the AD/CVD orders, Chinese exports of plywood to the United States decreased

---

[3] *See* 19 USC 1517(a)(4); *see also* 19 CFR 165.1.

[4] *See* the June 5, 2019, Receipt Notification Emails to Timothy Brightbill of Wiley Rein LLP for EAPA Allegations 7321 (InterGlobal), 7323 (American Pacific), and 7327 (U.S. Global).

[5] *See* 19 CFR 165.2.

[6] *See* CBP Memorandum, "Initiation of Investigation for EAPA Case Number 7321 – InterGlobal Forest, LLC," dated June 26, 2019 (InterGlobal Initiation); *see also* CBP Memorandum, "Initiation of Investigation for EAPA Case Number 7323 – American Pacific Plywood, Inc.," dated June 26, 2019 (American Pacific Initiation); *see also* CBP Memorandum, "Initiation of Investigation for EAPA Case Number 7327 – U.S. Global Forest, Inc.," dated June 26, 2019 (U.S. Global Initiation).

[7] *See* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated April 12, 2019 (InterGlobal Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated May 1, 2019 (Revised InterGlobal Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated April 12, 2019 (American Pacific Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated May 1, 2019 (Revised American Pacific Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated April 15, 2019 (U.S. Global Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated May 1, 2019 (Revised U.S. Global Allegation); *see also* Letter from the Coalition, "Certain Hardwood Plywood Products from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act," dated May 10, 2019 (Second Revised U.S. Global Allegation).

PR 000791

GOV0000791

from 1,153,065 cubic meters in 2017 to 181,288 cubic meters in 2018.[8]  The Coalition further states that a large increase in the volume of Chinese exports of plywood to Cambodia and Cambodian exports of plywood to the United States occurred in the same period.  In support, the Coalition notes that Chinese exports of plywood to Cambodia surged from 23,332,665 kg (approximately 35,896 cubic meters) in 2016 to 99,131,394 kg (approximately 152,510 cubic meters) in 2018[9] and Cambodian exports of plywood to the United States more than doubled from 20,452 cubic meters in 2017 to 53,831 cubic meters in 2018.[10]  The Coalition maintains that this data suggests Chinese exporters of plywood shifted their exports from the United States to Cambodia and then transshipped Chinese-origin plywood from Cambodia to the United States.

The Coalition further asserts that Cambodia's domestic consumption of plywood cannot account for the recent influx of Chinese-origin plywood into Cambodia.  The Coalition notes that Cambodia consumed only 30,000 cubic meters of plywood in 2016, which is slightly more than its production of 27,000 cubic meters.  Even though Cambodia's production and consumption statistics do not indicate that it had surplus production to export, the figures still report that Cambodia exported 20,000 cubic meters.[11]  Further, the Coalition notes that even if Cambodia's 2016 domestic consumption dropped to zero, Cambodia would have to approximately double its 2016 production of 27,000 cubic meters to equal the 53,831 cubic meters of plywood that was exported to the United States in 2018, which the Coalition maintains is unlikely.  Thus, the Coalition notes that the context of the data suggests a situation in which Chinese-origin plywood passes through Cambodia by transshipment.

*InterGlobal and American Pacific*

The Coalition claims that InterGlobal and American Pacific, two unrelated U.S.-based importers of plywood, each recently began a relationship with a Cambodian exporter of plywood, LB Wood Cambodia (LB Wood).[12]  LB Wood is located in Cambodia's Sihanoukville Special Economic Zone (SSEZ), near Cambodia's only deep-water port.[13]  The Coalition claims that the SSEZ was purposefully designed to link Chinese and Cambodian trading partners and facilitate the global dissemination of their products.  Likewise, the SSEZ describes itself as an "economic and trade cooperation zone constructed by Chinese and Cambodian enterprises, which is a landmark project on {the} 'Belt and Road' Initiative."[14]  Thus, the Coalition asserts that it is highly likely that LB Wood has relationships with Chinese plywood producers as well as the facilities necessary to transship covered merchandise to the United States.  The Coalition notes that LB Wood shipped at least 60 shipments of covered merchandise to InterGlobal in 2018 with

---

[8] *See* Revised InterGlobal Allegation at Exhibit 4 (USITC Dataweb).
[9] *Id.* at Exhibits 2 (The Forestry Yearbook) and 3 (Chinese Export Statistics).  Exhibit 2 provides a ratio in which one cubic meter of plywood equals about 650 kg.
[10] *Id.* at Exhibit 4 (USITC Dataweb).
[11] *Id.* at Exhibit 2 (The Forestry Yearbook).
[12] *Id.* at 10; *see also* Revised American Pacific Allegation at 10.
[13] *See* Revised InterGlobal Allegation at Exhibit 6.
[14] *Id.* at Exhibit 8.  The Belt and Road Initiative supplies low-cost Chinese government funds for infrastructure projects outside China that are designed to link foreign back trade to China.

3

PR 000792

GOV0000792

a combined weight of 5,000,000 kg (approximately 7,690 cubic meters) for a total value of over USD $6,000,000 and LB Wood also shipped at least 13 shipments of covered merchandise to American Pacific in 2018 with a combined weight of 754,400 kg (approximately 1,160 cubic meters) for a total value of USD $715,171.[15]  The Coalition further states that according to these figures it appears that InterGlobal imported almost one-third of Cambodia's total plywood production in 2016, which they assert is unlikely for one U.S. importer.[16]  The Coalition also asserts that LB Wood's earliest shipment to American Pacific occurred after the imposition of the AD/CVD orders, which indicates that their relationship with American Pacific did not precede the AD/CVD orders.[17]

The Coalition states that InterGlobal openly sourced its plywood from China before the imposition of the AD/CVD orders and the beginning of its relationship with LB Wood.  They maintain that since the imposition of the AD/CVD orders, InterGlobal changed its website to obscure its alleged relationship with Chinese producers of plywood.  Nevertheless, the Coalition maintains that certain aspects of the website indicate that InterGlobal continues to source plywood from China.  For example, InterGlobal currently lists a product category on its website as "Asian Plywood;" yet, the corresponding "URL of this page is https://www.interglobalforest.com/chinese-plywood.html, which suggests that InterGlobal was originally advertising Chinese plywood."[18]  The Coalition further notes that until recently this webpage was entitled "Chinese Plywood" and included a picture of boxes with InterGlobal's logo and a "Made in China" stamp.[19]  In addition, the Coalition maintains that until recently the file name of this image's source code was also "Chinese-plywood.jpg."[20]  Finally, the Coalition pointed out a marketing website that is updated weekly in which InterGlobal states, "{w}e currently import a diversified mix of panels from Belgium, Brazil, China, Indonesia, Russia, and Turkey."[21]  However, Cambodia is not mentioned.

In addition to alleged website irregularities, the Coalition presented documentation indicating that one of InterGlobal's Chinese suppliers, [                                        ], [                        ] and that [
                        ].[22]  The Coalition also points out that InterGlobal and American Pacific are both under investigation in EAPA case 7252 for transshipping Chinese-origin plywood through Vietnam.[23]  The Coalition notes that in EAPA 7252 a Vietnamese exporter/manufacturer is

---

[15] *Id.* at 10 and Exhibit 2 (The Forestry Yearbook); *see also* Revised American Pacific Allegation at 10 and Exhibits 3 (The Forestry Yearbook) and 6 ([          ]).
[16] *See* Revised InterGlobal Allegation at 11.
[17] *See* Revised American Pacific Allegation at 10 and Exhibit 6.
[18] *See* Revised InterGlobal Allegation at 12 and Exhibit 9.
[19] *Id.* at Exhibit 10.
[20] *Id.*
[21] *Id.* at Exhibit 11.
[22] *Id.* at 12 and Exhibit 12.  [

                                                                                                                ]

[23] *Id.* at Exhibit 13; *see also* Revised American Pacific Allegation at 11 and Exhibit 10.

4

PR 000793

GOV0000793

alleged to have begun operations after the AD/CVD order went into force in order to transship subject merchandise. The Coalition maintains that InterGlobal's and American Pacific's relationship with their Vietnamese supplier and the evidence pertaining to their alleged involvement in transshipping through Vietnam indicate that InterGlobal and American Pacific likely have the knowledge and ability to engage in transshipping through Cambodia as well.

*U.S. Global*

The Coalition claims that U.S. Global, a U.S.-based importer of plywood, has a nearly exclusive relationship with a Cambodian exporter of plywood, Cambodia Happy Home Wood Products Co., Ltd. (Happy Home).[24] Happy Home is also located in the SSEZ.[25] The Coalition claims that the SSEZ was purposefully designed to link Chinese and Cambodian trading partners and facilitate the global dissemination of their products. Likewise, the SSEZ describes itself as an "economic and trade cooperation zone constructed by Chinese and Cambodian enterprises, which is a landmark project on {the} 'Belt and Road' Initiative."[26] Thus, the Coalition asserts that it is highly likely that Happy Home has relationships with Chinese plywood producers as well as the facilities necessary to transship subject merchandise to the United States. The Coalition notes that Happy Home shipped at least 59 shipments of subject merchandise to U.S. Global in 2018 with a combined weight of 8,829,460 kg (approximately 13,580 cubic meters) and a total value of USD $8,370,328.[27] The Coalition further notes that these shipments from Happy Home to U.S. Global account for 50.3 percent of Cambodia's total production in 2016.[28] The Coalition asserts that it is highly unlikely that U.S. Global's imports would account for so much of Cambodia's production and that this suggests that at least some of this amount does not originate in Cambodia.

*Initiation Assessment*

TRLED will initiate an investigation if it determines that "{t}he information provided in the allegation ... reasonably suggests that the covered merchandise has been entered for consumption into the customs territory of the United States through evasion."[29] Evasion is defined as "the entry of covered merchandise into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the covered merchandise."[30] Thus, the allegation must reasonably suggest not only that merchandise subject to an AD and/or CVD order was entered into the United States by the

---

[24] *Id.* at 10 and Exhibit 4 ([        ]).
[25] *Id.* at 10-12 and Exhibits 8 and 9.
[26] *Id.* at Exhibit 9.
[27] *Id.* at 11 and Exhibits 4 ([        ]) and 5 (The Forestry Yearbook).
[28] *Id.* at 11.
[29] *See* 19 CFR 165.15(b); *see also* 19 USC 1517(b)(1).
[30] *See* 19 CFR 165.1; *see also* 19 USC 1517(a)(5)(A).

PR 000794

GOV0000794

importer alleged to be evading, but that such entry was made by a material false statement or act, or material omission, that resulted in the reduction or avoidance of applicable AD and/or CVD cash deposits or other security.

All three allegations claim that Chinese exports of plywood to the United States decreased while its exports of plywood to Cambodia and Cambodia's exports of plywood to the United States concurrently increased. Because Cambodia has very limited domestic production and consumption of plywood, it seems unlikely that the recent increase in Chinese-origin plywood exports to Cambodia is driven chiefly by Cambodia's consumption or production needs. In addition, the available data from 2016 indicates that Cambodia's production of plywood at 27,000 cubic meters was slightly less than its consumption at 30,000 cubic meters. It would be expected that the amount of plywood Cambodia exported, which was 20,000 cubic meters in 2016, would be reflected in a corresponding surplus of production above the amount consumed. Therefore, these trends reasonably suggest that some Chinese exports of plywood pass through Cambodia by transshipment to the United States.

The Importers' trading partners LB Wood and Happy Home are both located in the SSEZ. The SSEZ's intent, to closely partner Chinese and Cambodian companies, indicates potential Chinese sources for LB Wood's and Happy Home's plywood supplies.[31] The volume of U.S. Global's imports as a proportion of Cambodia's domestic plywood production, *i.e.* about 50 percent, along with its supplier Happy Home's potential connections to Chinese plywood suppliers contribute to a reasonable suspicion of transshipment. In addition, the timing of InterGlobal's and American Pacific's alleged shift from Chinese suppliers of plywood to a Cambodian exporter of plywood, LB Wood, with potential connections to Chinese plywood suppliers, also contributes to a reasonable suspicion of transshipment.[32]

Regarding InterGlobal, changes to its website suggest that its "Chinese Plywood" has been renamed "Asian Plywood." Likewise, the website marketing InterGlobal's products describes InterGlobal sourcing its products from China and various other countries but does not mention Cambodia. These irregularities on InterGlobal's website reasonably suggest evasion. Moreover, InterGlobal and American Pacific have been under investigation for transshipping plywood through Vietnam. It is conceivable that an importer experienced in transshipping Chinese-origin plywood through Vietnam would be able to use the knowledge and business connections gained from that experience to transship Chinese-origin plywood through Vietnam's southwestern neighbor Cambodia as well.

In assessing the claims made and evidence provided in the allegations, TRLED found that the allegations reasonably suggest that the Importers are evading AD/CVD orders by importing Chinese-origin plywood into the United States via Cambodia and failing to declare the merchandise

---

[31] *Id.*

[32] *See* Revised InterGlobal Allegation at 10 and Exhibit 5; *see also* Revised American Pacific Allegation at 10 and Exhibit 6. American Pacific's imports from LB Wood appear to begin only after the imposition of the AD/CVD orders.

PR 000795

GOV0000795

as subject to the AD/CVD orders.[33]  Consequently, TRLED initiated the investigations pursuant to 19 USC 1517(b)(1) and 19 CFR 165.15.

<u>Interim Measures</u>

Not later than 90 calendar days after initiating an investigation under EAPA, TRLED will decide based upon the record of the investigation if there is reasonable suspicion that merchandise covered by the AD/CVD orders was entered into the United States through evasion.  Therefore, CBP need only have sufficient evidence to support a reasonable suspicion that merchandise covered by an AD or CVD order was entered into the United States by the importer alleged to be evading by a material false statement or act, or material omission, that resulted in the reduction or avoidance of applicable AD or CVD cash deposits or other security.  If reasonable suspicion exists, CBP will impose interim measures pursuant to 19 USC 1517(e) and 19 CFR 165.24.  As explained below, CBP is imposing interim measures because there is a reasonable suspicion that InterGlobal, American Pacific, and U.S. Global entered covered merchandise into the United States through evasion by means of transshipment through Cambodia.[34]

*CF-28 Responses*

On August 9, 2019, and September 20, 2019, as part of the EAPA investigation process, CBP issued CF-28 questionnaires to the Importers' concerning certain entries.[35]  U.S. Global and InterGlobal submitted their responses on September 10 and 16, 2019, respectively.[36]  CBP has not yet received American Pacific's response to the CF-28 because the deadline for their response is after the issuance date of this notice.

In its CF-28 response, InterGlobal provided the requested documentation pertaining to the entries under question.  This documentation indicates that LB Wood exported [      ] plywood from the SSEZ to InterGlobal, which aligns with the allegation and photographic evidence from the June 6, 2018 site visit (see subsection below).[37]  In its CF-28 response, U.S. Global provided most of the requested information pertaining to the entries under question.  However, U.S. Global did not provide the requested descriptive literature, such as a sales flyer, brochure, catalog, specification sheet, *etc.*, in response to CBP's request, nor did U.S. Global address its failure to do so.[38]  Also, U.S. Global stated that it did not request [                    ] from Happy Home for the entries referenced in the CF-28.[39]  The documentation that U.S. Global provided in its response

---

[33] *See* InterGlobal Initiation; *see also* American Pacific Initiation; *see also* U.S. Global Initiation.

[34] *See* 19 CFR 165.24(a).

[35] *See* CBP Form 28 (CF-28) sent to InterGlobal, dated August 9, 2019; *see also* CF-28 sent to U.S. Global, dated August 9, 2019; *see also* CF-28 sent to American Pacific, dated September 20, 2019.

[36] *See* U.S. Global Response to CF-28, dated September 10, 2019; *see also* InterGlobal Response to CF-28, dated September 16, 2019.

[37] *See* InterGlobal Response to CF-28 at Exhibits A-1 to A-6 and B-1 to B-6; *see also* Revised InterGlobal Allegation at 10 and Exhibit 5.

[38] *Id.*

[39] *See* U.S. Global Response to CF-28 at 2.

PR 000796

GOV0000796

indicates that Happy Home exported [                    ] plywood from the SSEZ to U.S. Global, which aligns with the allegation and photographic evidence from the June 6, 2018, site visit.[40]

*Other Record Evidence*

On September 12, 13, and 16, 2019, CBP added documents concerning LB Wood and Happy Home to the administrative record.[41]  The September 12 Memorandum pertains to site visits that CBP personnel conducted at LB Wood's and Happy Home's facilities in Cambodia on June 6, 2018.  The September 13 and September 16 Memoranda pertain to relevant documentation concerning LB Wood and Happy Home that was submitted by importers that are not under an EAPA investigation.

In particular, CBP placed photographs on the record from June 2018 site visits with accompanying descriptions from a CBP official that participated in the site visits.  CBP conducted these site visits on various Cambodian plywood producers with reference to preferential tariff treatment under the Generalized System of Preferences, in a proceeding unrelated to the EAPA investigation.  These photographs show pallets of [                    ] at Happy Home's facility that are typical Chinese products and of Chinese [          ].[42] [                    ] are temperate woods that could not have been harvested in Cambodia's tropical climate.[43]  Moreover, even if [                    ] logs were imported into Cambodia from China, the factories in Cambodia lack the sophistication to produce the [          ] of plywood observed at Happy Home's and LB Wood's facilities in Cambodia.[44]

In an affidavit, the [                    ] of Happy Home states that Happy Home "[                    ]."[45]  The CF-29 also notes that "[

                    ]."[46]  The photographs from LB Wood's facility also portray a similar set of circumstances.  They show a [                         ] plywood; however, it was broken up into multiple pieces and covered in a thick layer of dust.[47]  There were also multiple pallets of [          ] plywood of a [         ] that is not typical of Cambodian plywood production; thus, indicating these pallets of plywood were not produced in Cambodia.[48]  The evidence on the

---

[40] *Id.* at 2 and Attachments 1-3; *see also* Second Revised U.S. Global Allegation at 10 and Exhibit 4.
[41] *See* CBP Memorandum, "Adding Certain Documents to the Administrative Record," dated September 12, 2019 (September 12 Memorandum); *see also* CBP Memorandum, "Adding Certain Documents to the Administrative Record," dated September 13, 2019 (September 13 Memorandum); *see also* CBP Memorandum, "Adding Certain Documents to the Administrative Record," dated September 16, 2019 (September 16 Memorandum).
[42] *See* September 12 Memorandum at 3, 11-12.
[43] *Id.* at 2.
[44] *Id.* at 2-3, 14.  This information comes from an email sent by a CBP [                    ].
[45] *See* September 16 Memorandum at 36.  Specifically, this comes from an affidavit submitted to CBP on [          ] in response to a CF-29.
[46] *Id.* at 25, 43.  This quote is contained within the body of the CF-29s that CBP issued.
[47] *See* September 12 Memorandum at 14-18.
[48] *Id.* at 14, 20-21.

PR 000797

GOV0000797

record supports a reasonable suspicion that the [                    ] plywood may have originated in China and that the "[                    ]" label on Happy Home's and LB Wood's products is not accurate.[49]

*Enactment of Interim Measures*

Based on the information described above, TRLED determined that reasonable suspicion exists that the plywood that the Importers imported into the United States from Cambodia, was in fact manufactured in China. The information described above, creates the reasonable suspicion for CBP to conclude that the plywood imported by each importer into the United States was produced in China and should have been subject to AD/CVD duties.

As part of interim measures, unliquidated entries of plywood subject to this investigation will be rate-adjusted to reflect that they are subject to the AD/CVD orders on plywood from China and cash deposits will be owed. CBP will also suspend the liquidation for any entry that has entered on or after June 26, 2019, the date of initiation for the investigations incorporated into this consolidated investigation (*see* below), as well as extend the period for liquidation for all unliquidated entries that entered before that date.[50] Additionally, "live entry" is required for all future imports for InterGlobal, American Pacific, and U.S. Global, meaning that all entry documents and cash deposits must be provided before cargo is released by CBP into the U.S. commerce. CBP will reject any entry summaries that do not comply with live entry, and require refiling of entries that are within the entry summary rejection period. CBP will also evaluate the continuous bonds for InterGlobal, American Pacific, and U.S. Global to determine their sufficiency, among other measures, as needed. Finally, CBP may pursue additional enforcement actions, as provided by law, consistent with 19 USC 1517(h).

<u>Consolidation of the Investigations</u>

TRLED is consolidating the three investigations on InterGlobal, American Pacific, and U.S. Global into a single investigation covering all three importers. The new consolidated case number will be EAPA Consolidated Case 7321, and a single administrative record will be maintained. At its discretion, CBP may consolidate multiple allegations against one or more importers into a single investigation, pursuant to 19 CFR 165.13(b), which stipulates that the factors that CBP may consider in consolidating multiple allegations include, but are not limited to, whether the multiple allegations involve: 1) relationships between the importers; 2) similarity of covered merchandise; 3) similarity of AD/CVD orders; and 4) overlap in time periods of entries of covered merchandise. In these investigations, all three importers are alleged to have entered suspected Chinese-origin plywood from Cambodia that are covered by the same AD/CVD orders. The Importers' entries also fall within a common period of investigation. Moreover, two of the Importers have a common Cambodian supplier. Because factors warranting consolidation are present in these investigations, CBP is consolidating them and

---

[49] *Id.* at 6-10, 20.
[50] *See* 19 CFR 165.24(b)(1)(i) and (ii).

9

PR 000798

GOV0000798

providing this notice pursuant to 19 CFR 165.13(c). We note that the deadlines for the consolidated investigation will be set from the date of initiation of all of the allegations, which is June 26, 2019.[51]

For any future submissions or factual information that you submit to CBP pursuant to this consolidated EAPA investigation, please provide a public version to CBP, as well as to the email addresses of the parties identified at the top of this notice.[52] Should you have any questions regarding this investigation, you may contact us at eapallegations@cbp.dhs.gov with "EAPA Cons. Case 7321" in the subject line of your email. Additional information on this investigation, including the applicable statute and regulations, may be found on CBP's website at: https://www.cbp.gov/trade/tradeenforcement/tftea/enforce-and-protect-act-eapa.

Sincerely,

*Regina Walton*

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy & Law Enforcement Directorate
CBP Office of Trade

---

[51] *See* 19 CFR 165.13(a); *see also* 19 USC 1517(b)(5)(B).
[52] *See* 19 CFR 165.4; *see also* 19 CFR 165.23(c); *see also* 19 CFR 165.26.

PR 000799

GOV0000799

Public Document No. 45

PR 000800

GOV0000800

LAW OFFICES OF

## deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:                    GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                    DHLAW.COM

October 4, 2019

Electronic Filing

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection
Washington, D.C. 20229

RE:   *EAPA Con. Case No. 7321* – **Entry of Appearance**

Dear Acting Director Walton:

On behalf of Cambodia Happy Home Wood Products Co. Ltd. (Happy Home), a foreign exporter of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby enter our appearance as counsel for Happy Home in the above-referenced proceeding. From this date forward, deKieffer & Horgan, PLLC will be the sole legal representative of Happy Home in the above-referenced proceeding.

Gregory S. Menegaz, of deKieffer & Horgan, will serve as lead counsel. *Please serve the undersigned counsel any pleadings that have been generated by CBP with respect to Happy Home in the above captioned proceeding*:

Gregory S. Menegaz (Lead Counsel)
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.

GOV0000801

Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: gmenegaz@dhlaw.com

Judith L. Holdsworth
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: holdsworth@dhlaw.com

Alexandra H. Salzman
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: asalzman@dhlaw.com

Please contact the undersigned at gmenegaz@dhlaw.com, with cc to

holdsworth@dhlaw.com and asalzman@dhlaw.com, for any questions regarding this

submission.

Sincerely,


/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman


cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
       tbrightbill@wileyrein.com)
       Mr. John Bennett, CEO, American Pacific Plywood, Inc. (pat@appiwood.com)
       Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov)
       Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

PR 000802

GOV0000802

Public Document No. 46

PR 000803

GOV0000803

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:                    GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                    DHLAW.COM

October 4, 2019

Electronic Filing

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection
Washington, D.C. 20229

**RE:**   *EAPA Con. Case No. 7321* **– Entry of Appearance**

Dear Acting Director Walton:

On behalf of Interglobal Forest, LLC ("IGF"), a U.S. importer of hardwood plywood and

an interested party pursuant to 19 C.F.R. § 165.1, we hereby enter our appearance as counsel for

IGF in the above-referenced proceeding.  From this date forward, deKieffer & Horgan, PLLC

will be the sole legal representative of IGF in the above-referenced proceeding.

Gregory S. Menegaz, of deKieffer & Horgan, will serve as lead counsel.  *Please serve the*

*undersigned counsel any pleadings that have been generated by CBP with respect to IGF in the*

*above captioned proceeding:*

Gregory S. Menegaz (Lead Counsel)
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900

Fax:    (202) 783-6909
Email: gmenegaz@dhlaw.com

Judith L. Holdsworth
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: holdsworth@dhlaw.com

Alexandra H. Salzman
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: asalzman@dhlaw.com

Please contact the undersigned at gmenegaz@dhlaw.com, with cc to

holdsworth@dhlaw.com and asalzman@dhlaw.com, for any questions regarding this

submission.

Sincerely,


/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman


cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
        tbrightbill@wileyrein.com)
        Mr. John Bennett, CEO, American Pacific Plywood, Inc. (pat@appiwood.com)
        Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
        Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)
        EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

2

GOV0000805

3

PR 000806

GOV0000806

Public Document No. 47

PR 000807

GOV0000807

LAW OFFICES OF

# deKieffer & Horgan, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                     SAARBRÜCKEN, GERMANY                      DHLAW.COM

October 4, 2019

Electronic Filing

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection
Washington, D.C. 20229

**RE:  *EAPA Con. Case No. 7321* – Entry of Appearance**

Dear Acting Director Walton:

On behalf of LB Wood Cambodia (LB Wood), a foreign exporter of hardwood plywood
and an interested party pursuant to 19 C.F.R. § 165.1, we hereby enter our appearance as counsel
for LB Wood in the above-referenced proceeding.  From this date forward, deKieffer & Horgan,
PLLC will be the sole legal representative of LB Wood in the above-referenced proceeding.

Gregory S. Menegaz, of deKieffer & Horgan, will serve as lead counsel.  *Please serve the
undersigned counsel any pleadings that have been generated by CBP with respect to LB Wood in
the above captioned proceeding:*

Gregory S. Menegaz (Lead Counsel)
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900

Fax:    (202) 783-6909
Email: gmenegaz@dhlaw.com

Alexandra H. Salzman
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: asalzman@dhlaw.com

Please contact the undersigned at gmenegaz@dhlaw.com, with cc to

holdsworth@dhlaw.com and asalzman@dhlaw.com, for any questions regarding this

submission.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
       tbrightbill@wileyrein.com)
       Mr. John Bennett, CEO, American Pacific Plywood, Inc. (pat@appiwood.com)
       Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov)
       Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

PR 000809

GOV0000809

Public Document No. 48

PR 000810

GOV0000810

One World Trade Center, Suite 547
Long Beach, CA 90831

 **U.S. Customs and
Border Protection**

**PUBLIC VERSION**

| | |
|---|---|
| **DATE:** | October 4, 2019 |
| **FOR:** | Cambodia Happy Home Wood Products Co. Ltd. <br> [        ], Sihanoukville Special Economic Zone, [ <br> ] Sihanoukville, <br> [                    ] |
| **FROM:** | Assistant Field Director <br> Office of Trade <br> Regulatory Audit and Agency Advisory Services <br> Long Beach Field Office |
| **SUBJECT:** | Cambodia Happy Home Wood Products Co. Ltd. <br> Request for Information <br> EAPA CONSOLIDATED CASE NUMBER: 7321 <br> Hardwood Plywood |

U.S. Customs and Border Protection ("CBP") has commenced a formal investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act (EAPA), for Cambodia Happy Home Wood Products Co. Ltd. ("Claimed Manufacturer"). Specifically, CBP is investigating whether importers evaded the antidumping duty order A-570-051 and countervailing duty order C-570-052, on Certain Hardwood Plywood from the People's Republic of China, with their entries of merchandise into the United States. Therefore, Claimed Manufacturer exports are subject to an EAPA investigation.

Per 19 Code of Federal Regulations (C.F.R.) § 165.23(b), "Any party to the investigation may submit additional information in order to support the allegation of evasion or to negate or clarify the allegation of evasion". Furthermore, per 19 C.F.R. § 165.23(c)(2), "Factual information voluntarily submitted to CBP pursuant to paragraph (b) of this section must be submitted no later than 200 calendar days after CBP initiated the investigation under § 165.15." CBP initiated an investigation under EAPA on June 26, 2019.

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Claimed Manufacturer Request for Information
Page 2 of 9

While your company is referenced in the Notice of Investigation and Interim Measures, please understand that, your company is not the subject of this investigation nor is it under investigation. With this in mind, as the foreign manufacturer of the subject merchandise that was subsequently imported to the United States, and Pursuant to 19 C.F.R. §165.23(a), we are requesting additional information.

PERIOD OF INVESTIGATION: June 5, 2018 ONWARD

The period of the investigation is generally limited to relevant entries for one year prior to receipt of the allegation, however, as some of the questions contained herein pertain to sourcing of raw materials, the production process, and infrequent shipments, the reference period has been expanded to capture a more complete sample of information.

RESPONSE DUE DATE: October 18, 2019

CBP must conduct this investigation in accordance with statutory and regulatory deadlines. Therefore, the deadline to respond to this request for information is **5 p.m. ET on October 18, 2019**. If you fail to cooperate and comply to the best of your ability with this request, CBP may apply adverse inference to Claimed Manufacturer's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to § 165.27.

RESPONSE FORM: Email final responses to – eapallegations@cbp.dhs.gov, with Sara.Dao-Pickard@cbp.dhs.gov and Carlene.G.Archibald@cbp.dhs.gov in copy.

- Worksheets should be submitted in Microsoft Excel (version 2016 or earlier)
- Narrative responses should be submitted in Microsoft Word (version 2016 or earlier)
- Hard Copy documentation should be submitted in Adobe Format
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Keep in mind that emails over 30MB and of certain file types, .zip and .exe, may not be deliverable. Such information may need to be provided in piecemeal.

**Note: For each question indicate the individual's name and title that created the response. For any information or data requests, indicate the system from which the data was obtained <u>and</u> the location where the data/information was extracted.**

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 3 of 9

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    i.    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    ii.    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    iii.    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(1) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that Claimed Manufacturer identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, Claimed Manufacturer must also create a public version that removes and sufficiently summarizes bracketed information.

Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to 18 United States Code 1001.

Should you have any questions regarding this request, please contact Carlene Archibald at

**FOR OFFICIAL USE ONLY**

GOV0000813

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 4 of 9

Carlene.G.Archibald@cbp.dhs.gov or Sara Dao-Pickard at Sara.Dao-Pickard@cbp.dhs.gov
and copy eapallegations@cbp.dhs.gov.

## A. General Information

1.  Provide the name and contact information for external auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

2.  Provide the name, title, email, and telephone number of the official(s) preparing the response to this request for information.

3.  Provide the name, title, email, and telephone number of the person who will be the point of contact for CBP during the review.

4.  If your company has a website, identify the URL address and provide a copy of the site index. Do the same for any affiliated parties.

5.  Provide a detailed explanation of the company's processes for the production, sale, and exportation of merchandise under investigation. Support this detailed explanation with documentation, photographic evidence of the production space, and all correspondence records to illustrate the process from receiving an order through the payment and finalization of a transaction.

6.  Identify the roles of all parties involved in sourcing, manufacturing, selling, transporting, and completing purchasing transactions and explain each party's role, including selling/buying agents.

7.  Provide location(s) and address where your records are maintained; if multiple locations specify what is maintained at each location.

8.  Are there any other payments, in addition to the invoice values, made/received to obtain the merchandise (e.g., commissions, royalties, license fees, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party providing the payment and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, explain how associated transactions are tracked/maintained.

9.  What bank accounts are used to receive funds from sales and make payments? Provide the bank name, account holder(s) name, and account number(s).

10. Provide a catalog of products manufactured and/or sold for the years of 2018 and 2019. Identify which products are manufactured by your company.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 5 of 9

11. Identify procedures and the information/documents used in determining the proper
classification of merchandise.


## B.  Corporate Structure and Affiliations

1.  Provide an organizational chart and description of your company's operating structure.
    Include any parent companies, subsidiaries and all affiliated persons[1] with your company
    along with a description explaining his or her affiliation.

2.  Provide a list of all the production facilities, sales office locations, research and development
    facilities, and administrative offices involved in the development, production, sale, and/or
    distribution of the merchandise under investigation operated by your company and its
    affiliates.  Briefly describe the purpose of each, the date operations began for each, and
    provide a complete address and telephone number for each of these plants, offices, and other
    facilities.

3.  Provide a list of:

    a)  The shareholders who directly or indirectly own, hold, or control with power to vote, five
        (5) percent or more of your company's outstanding voting stock;
    b)  The ten (10) shareholders with the highest ownership percentage of your company;
    c)  All companies in which your company directly or indirectly owns, holds, or controls with
        power to vote, five (5) percent or more of the outstanding voting stock;
    d)  If your company is a subsidiary of another company, the ten (10) largest shareholders of
        your parent company and of the other subsidiaries of your parent company which are
        involved in the development, production, sale, and/or distribution of the merchandise
        under investigation; and
    e)  If your parent company is itself a subsidiary of another company, the ten (10) largest
        shareholders of its parent company.

---

[1]The term affiliated persons (affiliates) includes: (a) members of a family; (b) an officer or director of an
organization and that organization; (c) partners; (d) employers and employees; (e) any person directly or indirectly
owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of
any organization and that organization; (f) two or more persons directly or indirectly controlling, controlled by, or
under common control with, any person; and (g) any person who controls any other person and that other person.
Control exists when a person is legally or operationally in a position to exercise restraint or direction over another
person.  A control relationship should also have the potential to affect decisions concerning the production, pricing,
or cost of the merchandise under investigation or review.  Examples of situations which may indicate control include
(but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with
a supplier, (sub) contractor, lender, distributor, exporter or reseller, and (d) a group of companies controlled by, for
example, a family, a corporation, or the same investors.  An example of affiliation by common control may be the
affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.
The term person includes any interested party as well as any other individual, enterprise, or entity, as appropriate.  It
includes any company, individual, organization, partnership, or group.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 6 of 9

4. For all of the above provide the following information:

   a) State the percentage of voting stock owned, held, or controlled, directly or indirectly;
   b) Fully explain any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales, or distribution of the merchandise under investigation; and
   c) If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale, and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation (e.g., shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

5. State whether your company is part of a group. Examples of groups include: (i) a parent company and its subsidiaries; (ii) a defined corporate group; (iii) a network of companies with cross ownership; and (iv) two or more companies involved in the development, production, sale, and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

   If your company is part of a group, provide:

   a) An organization chart of the companies in the group;
   b) The amount of outstanding voting stock directly or indirectly owned, held, or controlled, with power to vote, of each company in the group by: (i) any other company in the group; (ii) any member of the family group; and/or (iii) any member of the investor group;
   c) The names of the officers, directors, and managers of each company in the group and indicate whether any of them are also: (i) an officer, director, or manager of another company in the group; (ii) a member of the family group; and/or (iii) a member of the investor group; and
   d) An explanation of all business or operational relationships affecting the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

6. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

   a) If there is such a relationship, describe the nature of the relationship (e.g., ownership percentage, common officers/directors), your business relationship with such company or

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Claimed Manufacturer Request for Information
Page 7 of 9

person, and the effect such relationship may have on the development, production, sale, and/or distribution of the merchandise under investigation.

7. Identify all suppliers, contractors, subcontractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale, and/or distribution of the merchandise under investigation that CBP may also consider affiliated[2] with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, contractor, subcontractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other business relationships your company has or had with the persons, and other relationships between your company and other person. (e.g., director/manager relationships).

8. Identify all business transactions that may directly or indirectly affect the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above). Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

9. Provide a copy of your business registration certificate and a copy of your business registration certificate that has been fully translated into English.

## C. Accounting/Financial Practices

Provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements:

1. Trial Balance;

2. Provide all account payable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts payable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

---

[2]Reported affiliations, selling expenses shared by, or distributed to, business associates, and/or the existence of commissions may be used to further analyze the potential existence of affiliations between the respondent, its customers, and other relevant entities.

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Claimed Manufacturer Request for Information
Page 8 of 9

3. Provide all account receivable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts receivable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

4. Provide an Excel spreadsheet listing all monetary transactions (including open liabilities – accounts and notes) between your company and its foreign suppliers;

5. Internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business;

6. Audited, consolidated, and unconsolidated financial statements (including any footnotes and auditor's opinion);

7. Provide us with copies of all company bank statements from June 2018 to present;

8. Financial statements or other relevant documents (i.e., profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; and,

9. Any financial statement or other financial report filed with your company's local or national government.

**D. Pertinent Sales, Purchase/Procurement, and Documentation Requests**
*Note*: The following questions apply to hardwood plywood and related products invoiced since **June 5, 2018 to the present.**

1. Provide a list of all orders of hardwood plywood and related products produced at your facility (include invoice and purchase order numbers).

2. Provide a product list (include any product numbers and descriptions) of all hardwood plywood and related products that the company manufactures, sells, and/or purchases.

3. Provide a list of buyers (include names, locations, and point of contact information) of the items sold by your company; categorizing each buyer (e.g., distributor, wholesaler, retailer, end-user).

4. Provide employee records identifying all employees, including names, titles, job descriptions, hire dates, termination dates (if applicable), and payroll records. For the wages paid, provide support i.e., payroll disbursement checks/records.

5. Provide quality inspection reports.

6. Provide purchase orders, raw materials invoices, freight bills and Customs clearance records, country of origin certificates for shipment of materials, and any other documentation related

**FOR OFFICIAL USE ONLY**

GOV0000818

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 9 of 9

to raw materials.  This includes all documentation beginning from the initial steps (i.e. sourcing of raw materials) up to the finished goods (i.e. shipment of finished goods to customer).

7.  Provide purchase orders, materials invoices, shipping records, and any other documentation related to packaging material acquired by your company.

8.  Provide purchase orders, invoices, and any other documentation related to materials your company sources and/or provides to any of its suppliers.

9.  Provide proof of payment (e.g. bank statements, canceled check, wire transfer, letter of credit, etc.) to foreign suppliers/manufacturers and/or other parties related to the transaction.

10. Provide all correspondence related directly/indirectly to the shipment/order.

11. Provide all pertinent transportation documents (e.g., master and house bill of lading) from the source location and through to the U.S. buyer.

12. Provide payment for freight (e.g., freight bill along with wire transfers, cancelled checks, letters of credit, bank statements, etc.) for entire shipment process – from exporter/manufacturer/agents, as necessary.

13. Provide all correspondence related directly/indirectly to the sale.

14. Provide invoices and packing list issued to U.S. buyers.

15. Provide receipt of payment for sales to U.S. buyers (e.g. bank statements, check images, incoming wire transfer, letters of credit etc.).

***Products/Manufacturing Process***

16. Provide a factory profile for all manufacturing facilities; including pictures and diagrams of how the manufacturing process is laid out and operates from the receipt of raw materials to the inventory, production, and shipment of finished goods to customers.

17. Describe all of the equipment used in production and provide photos of such equipment.

18. Describe the production capacity of all the equipment used to produce hardwood plywood.

19. Provide records of the equipment maintenance and quality inspections reports.

20. Provide a bill of material (or equivalent document) noting the raw materials/inputs needed to produce hardwood plywood, identify the amount of each raw material input needed.

**FOR OFFICIAL USE ONLY**

PR 000819

GOV0000819

Public Document No. 49

PR 000820

GOV0000820

One World Trade Center, Suite 547
Long Beach, CA 90831



U.S. Customs and
Border Protection

**PUBLIC DOCUMENT**

**DATE:**          October 4, 2019

**FOR:**           LB Wood Cambodia Co., Ltd.
                   D44-20 Sihanoukville Special Economic Zone
                   212KM National Road, 4 Prey Nop District
                   Sihanoukville, Cambodia

**FROM:**          Assistant Field Director
                   Office of Trade
                   Regulatory Audit and Agency Advisory Services
                   Long Beach Field Office

**SUBJECT:**       LB Wood Cambodia Co., Ltd.
                   Request for Information
                   EAPA CONSOLIDATED CASE NUMBER: 7321
                   Hardwood Plywood

U.S. Customs and Border Protection ("CBP") has commenced a formal investigation under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act (EAPA), for LB Wood Cambodia Co., Ltd. ("Claimed Manufacturer"). Specifically, CBP is investigating whether importers evaded the antidumping duty order A-570-051 and countervailing duty order C-570-052, on Certain Hardwood Plywood from the People's Republic of China, with their entries of merchandise into the United States. Therefore, Claimed Manufacturer exports are subject to an EAPA investigation.

Per 19 Code of Federal Regulations (C.F.R.) § 165.23(b), "Any party to the investigation may submit additional information in order to support the allegation of evasion or to negate or clarify the allegation of evasion". Furthermore, per 19 C.F.R. § 165.23(c)(2), "Factual information voluntarily submitted to CBP pursuant to paragraph (b) of this section must be submitted no later than 200 calendar days after CBP initiated the investigation under § 165.15." CBP initiated an investigation under EAPA on June 26, 2019.

While your company is referenced in the Notice of Investigation and Interim Measures, please understand that, your company is not the subject of this investigation nor is it under

**FOR OFFICIAL USE ONLY**

EAPA Case Number: 7321
Claimed Manufacturer Request for Information
Page 2 of 9

investigation. With this in mind, as the foreign manufacturer of the subject merchandise that was subsequently imported to the United States, and Pursuant to 19 C.F.R. §165.23(a), we are requesting additional information.

**PERIOD OF INVESTIGATION:** June 5, 2018 ONWARD

The period of the investigation is generally limited to relevant entries for one year prior to receipt of the allegation, however, as some of the questions contained herein pertain to sourcing of raw materials, the production process, and infrequent shipments, the reference period has been expanded to capture a more complete sample of information.

**RESPONSE DUE DATE:** October 18, 2019

CBP must conduct this investigation in accordance with statutory and regulatory deadlines. Therefore, the deadline to respond to this request for information is **5 p.m. ET on October 18, 2019**. If you fail to cooperate and comply to the best of your ability with this request, CBP may apply adverse inference to Claimed Manufacturer's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to § 165.27.

**RESPONSE FORM:** Email final responses to – eapallegations@cbp.dhs.gov, with Viktorya.Manukyan@cbp.dhs.gov and Carlene.G.Archibald@cbp.dhs.gov in copy.

- Worksheets should be submitted in Microsoft Excel (version 2016 or earlier)
- Narrative responses should be submitted in Microsoft Word (version 2016 or earlier)
- Hard Copy documentation should be submitted in Adobe Format
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Keep in mind that emails over 30MB and of certain file types, .zip and .exe, may not be deliverable. Such information may need to be provided in piecemeal.

**Note: For each question indicate the individual's name and title that created the response. For any information or data requests, indicate the system from which the data was obtained <u>and</u> the location where the data/information was extracted.**

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

**FOR OFFICIAL USE ONLY**

GOV0000822

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 3 of 9

    i.    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    ii.    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    iii.    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(1) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that Claimed Manufacturer identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, Claimed Manufacturer must also create a public version that removes and sufficiently summarizes bracketed information.

Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to 18 United States Code 1001.

Should you have any questions regarding this request, please contact Carlene Archibald at Carlene.G.Archibald@cbp.dhs.gov, or Viktorya Manukyan at Viktorya.Manukyan@cbp.dhs.gov and copy eapallegations@cbp.dhs.gov.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 4 of 9

## A.  General Information

1. Provide the name and contact information for external auditors and tax preparers and authorization to contact those auditors.  Provide the individual's email and telephone number.

2. Provide the name, title, email, and telephone number of the official(s) preparing the response to this request for information.

3. Provide the name, title, email, and telephone number of the person who will be the point of contact for CBP during the review.

4. If your company has a website, identify the URL address and provide a copy of the site index.  Do the same for any affiliated parties.

5. Provide a detailed explanation of the company's processes for the production, sale, and exportation of merchandise under investigation.  Support this detailed explanation with documentation, photographic evidence of the production space, and all correspondence records to illustrate the process from receiving an order through the payment and finalization of a transaction.

6. Identify the roles of all parties involved in sourcing, manufacturing, selling, transporting, and completing purchasing transactions and explain each party's role, including selling/buying agents.

7. Provide location(s) and address where your records are maintained; if multiple locations specify what is maintained at each location.

8. Are there any other payments, in addition to the invoice values, made/received to obtain the merchandise (e.g., commissions, royalties, license fees, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)?  If yes, identify the nature of the payment(s), the party providing the payment and the general ledger accounts/recording mechanism used to record such payments.  If general ledger accounts are not used, explain how associated transactions are tracked/maintained.

9. What bank accounts are used to receive funds from sales and make payments?  Provide the bank name, account holder(s) name, and account number(s).

10. Provide a catalog of products manufactured and/or sold for the years of 2018 and 2019. Identify which products are manufactured by your company.

11. Identify procedures and the information/documents used in determining the proper classification of merchandise.

**FOR OFFICIAL USE ONLY**

GOV0000824

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 5 of 9

## B.  Corporate Structure and Affiliations

1.  Provide an organizational chart and description of your company's operating structure. Include any parent companies, subsidiaries and all affiliated persons[1] with your company along with a description explaining his or her affiliation.

2.  Provide a list of all the production facilities, sales office locations, research and development facilities, and administrative offices involved in the development, production, sale, and/or distribution of the merchandise under investigation operated by your company and its affiliates.  Briefly describe the purpose of each, the date operations began for each, and provide a complete address and telephone number for each of these plants, offices, and other facilities.

3.  Provide a list of:

    a)  The shareholders who directly or indirectly own, hold, or control with power to vote, five (5) percent or more of your company's outstanding voting stock;
    b)  The ten (10) shareholders with the highest ownership percentage of your company;
    c)  All companies in which your company directly or indirectly owns, holds, or controls with power to vote, five (5) percent or more of the outstanding voting stock;
    d)  If your company is a subsidiary of another company, the ten (10) largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale, and/or distribution of the merchandise under investigation; and
    e)  If your parent company is itself a subsidiary of another company, the ten (10) largest shareholders of its parent company.

4.  For all of the above provide the following information:

    a)  State the percentage of voting stock owned, held, or controlled, directly or indirectly;

---

[1]The term affiliated persons (affiliates) includes: (a) members of a family; (b) an officer or director of an organization and that organization; (c) partners; (d) employers and employees; (e) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (f) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (g) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person.  A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review.  Examples of situations which may indicate control include (but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub) contractor, lender, distributor, exporter or reseller, and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors.  An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture. The term person includes any interested party as well as any other individual, enterprise, or entity, as appropriate.  It includes any company, individual, organization, partnership, or group.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 6 of 9

b) Fully explain any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales, or distribution of the merchandise under investigation; and

c) If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale, and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation (e.g., shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

5. State whether your company is part of a group. Examples of groups include: (i) a parent company and its subsidiaries; (ii) a defined corporate group; (iii) a network of companies with cross ownership; and (iv) two or more companies involved in the development, production, sale, and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

If your company is part of a group, provide:

a) An organization chart of the companies in the group;

b) The amount of outstanding voting stock directly or indirectly owned, held, or controlled, with power to vote, of each company in the group by: (i) any other company in the group; (ii) any member of the family group; and/or (iii) any member of the investor group;

c) The names of the officers, directors, and managers of each company in the group and indicate whether any of them are also: (i) an officer, director, or manager of another company in the group; (ii) a member of the family group; and/or (iii) a member of the investor group; and

d) An explanation of all business or operational relationships affecting the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

6. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

a) If there is such a relationship, describe the nature of the relationship (e.g., ownership percentage, common officers/directors), your business relationship with such company or person, and the effect such relationship may have on the development, production, sale, and/or distribution of the merchandise under investigation.

7. Identify all suppliers, contractors, subcontractors, lenders, exporters, distributors, resellers,

**FOR OFFICIAL USE ONLY**

GOV0000826

EAPA Case Number: 7321
Claimed Manufacturer Request for Information
Page 7 of 9

and other persons involved in the development, production, sale, and/or distribution of the merchandise under investigation that CBP may also consider affiliated[2] with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, contractor, subcontractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other business relationships your company has or had with the persons, and other relationships between your company and other person. (e.g., director/manager relationships).

8. Identify all business transactions that may directly or indirectly affect the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above). Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

9. Provide a copy of your business registration certificate that has been fully translated into English.

## C. Accounting/Financial Practices

Provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements:

1. Trial Balance;

2. Provide all account payable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts payable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

3. Provide all account receivable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts receivable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

---

[2]Reported affiliations, selling expenses shared by, or distributed to, business associates, and/or the existence of commissions may be used to further analyze the potential existence of affiliations between the respondent, its customers, and other relevant entities.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 8 of 9

4.  Provide an Excel spreadsheet listing all monetary transactions (including open liabilities – accounts and notes) between your company and its foreign suppliers;

5.  Internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business;

6.  Audited, consolidated, and unconsolidated financial statements (including any footnotes and auditor's opinion);

7.  Provide us with copies of all company bank statements from June 2018 to present;

8.  Financial statements or other relevant documents (i.e., profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; and,

9.  Any financial statement or other financial report filed with your company's local or national government.

**D.  Pertinent Sales, Purchase/Procurement, and Documentation Requests**
*Note*: The following questions apply to hardwood plywood and related products invoiced since **June 5, 2018 to the present.**

1.  Provide a list of all orders of hardwood plywood and related products produced at your facility (include invoice and purchase order numbers).

2.  Provide a product list (include any product numbers and descriptions) of all hardwood plywood and related products that the company manufactures, sells, and/or purchases.

3.  Provide a list of buyers (include names, locations, and point of contact information) of the items sold by your company; categorizing each buyer (e.g., distributor, wholesaler, retailer, end-user).

4.  Provide employee records identifying all employees, including names, titles, job descriptions, hire dates, termination dates (if applicable), and payroll records.  For the wages paid, provide support i.e., payroll disbursement checks/records.

5.  Provide quality inspection reports.

6.  Provide purchase orders, raw materials invoices, freight bills and Customs clearance records, country of origin certificates for shipment of materials, and any other documentation related to raw materials.  This includes all documentation beginning from the initial steps (i.e. sourcing of raw materials) up to the finished goods (i.e. shipment of finished goods to customer).

**FOR OFFICIAL USE ONLY**

**EAPA Case Number**: 7321
Claimed Manufacturer Request for Information
Page 9 of 9

7.  Provide purchase orders, materials invoices, shipping records, and any other documentation related to packaging material acquired by your company.

8.  Provide purchase orders, invoices, and any other documentation related to materials your company sources and/or provides to any of its suppliers.

9.  Provide proof of payment (e.g. bank statements, canceled check, wire transfer, letter of credit, etc.) to foreign suppliers/manufacturers and/or other parties related to the transaction.

10. Provide all correspondence related directly/indirectly to the shipment/order.

11. Provide all pertinent transportation documents (e.g., master and house bill of lading) from the source location and through to the U.S. buyer.

12. Provide payment for freight (e.g., freight bill along with wire transfers, cancelled checks, letters of credit, bank statements, etc.) for entire shipment process – from exporter/manufacturer/agents, as necessary.

13. Provide all correspondence related directly/indirectly to the sale.

14. Provide invoices and packing list issued to U.S. buyers.

15. Provide receipt of payment for sales to U.S. buyers (e.g. bank statements, check images, incoming wire transfer, letters of credit etc.).

### *Products/Manufacturing Process*

16. Provide a factory profile for all manufacturing facilities; including pictures and diagrams of how the manufacturing process is laid out and operates from the receipt of raw materials to the inventory, production, and shipment of finished goods to customers.

17. Describe all of the equipment used in production and provide photos of such equipment.

18. Describe the production capacity of all the equipment used to produce hardwood plywood.

19. Provide records of the equipment maintenance and quality inspections reports.

20. Provide a bill of material (or equivalent document) noting the raw materials/inputs needed to produce hardwood plywood, identify the amount of each raw material input needed.

**FOR OFFICIAL USE ONLY**

Public Document No. 50

PR 000830

GOV0000830

LAW OFFICES OF

# deKIEFFER & HORGAN, PLLC
## 1090 VERMONT AVENUE, N.W.
### SUITE 410
### WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:                    GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                    DHLAW.COM

October 4, 2019

<u>Electronic Filing</u>

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection
Washington, D.C. 20229

**RE:   *EAPA Con. Case No. 7321* – Entry of Appearance**

Dear Acting Director Walton:

On behalf of U.S. Global Forest, Inc. ("U.S. Global"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby enter our appearance

as counsel for U.S. Global in the above-referenced proceeding.  From this date forward,

deKieffer & Horgan, PLLC will be the sole legal representative of U.S. Global in the above-

referenced proceeding.

Gregory S. Menegaz, of deKieffer & Horgan, will serve as lead counsel.  *Please serve the*

*undersigned counsel any pleadings that have been generated by CBP with respect to U.S. Global*

*in the above captioned proceeding:*

Gregory S. Menegaz (Lead Counsel)
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.

Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: gmenegaz@dhlaw.com

Judith L. Holdsworth
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: holdsworth@dhlaw.com

Alexandra H. Salzman
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: asalzman@dhlaw.com

Please contact the undersigned at gmenegaz@dhlaw.com, with cc to

holdsworth@dhlaw.com and asalzman@dhlaw.com, for any questions regarding this

submission.


Sincerely,


/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman


cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
       tbrightbill@wileyrein.com)
       Mr. John Bennett, CEO, American Pacific Plywood, Inc. (pat@appiwood.com)
       Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
       Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)

2

GOV0000832

EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

PR 000833

GOV0000833

Public Document No. 51

PR 000834

GOV0000834

LAW OFFICES OF
# deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                  SAARBRÜCKEN, GERMANY                   DHLAW.COM

October 9, 2019

Electronic Filing

Regina Walton                                            **PUBLIC DOCUMENT**
Acting Director, Enforcement Operations Division
Trade Remedy & Law Enforcement Directorate
CBP Office of Trade

RE:    *EAPA Con. Case No. 7321* – **Extension of Time Request**

Dear Ms. Walton:

On behalf of InterGlobal Forest, LLC ("InterGlobal Forest"), a U.S. importer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby request an extension of time to file InterGlobal Forest's Response to the RFI until October 30, 2019. The current due date is October 16, 2019, pursuant to CBP's email addressed to IGF on October 2, 2019.

As a general matter, the questionnaire is extensive and the time allotted for the response—14 calendar days—is remarkably short and insufficient. We understand that CBP may be developing a practice under this relatively new law but this deadline should be re-examined as a matter of course. For instance, when CBP issues CF-28s for information the deadline is normally 30 days. Those requests are far more targeted and require far less information; yet they give a base-response period that is *twice* as long.

Indeed, the instant questionnaire contains seventeen questions in the General Information

GOV0000835

section.  Many of those questions are complex and require documentation in support.  The Customs Compliance section contains six questions requesting internal policies and procedure manuals.  The Corporate Structure and Affiliations section contains two questions with thirteen sub-questions centered on affiliations and takes up 3.5 single-spaced pages of the questionnaire. Review of the requirements and researching the information responsive to these multi-part questions is very time-consuming.  The Accounting/Financial Practices section concerns Accounting and requests very significant documentation of two calendar years.  Finally, the Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information and Pertinent Purchase/Procurement, Sales, and Documentation Requests sections require extensive and comprehensive documentation of imports from LB Wood of hardwood plywood spanning a period of 16 months.

Moreover, CBP's rules and/or practice do not explain or make publicly available any guidance on the public treatment of the materials requested.  Most of the documents requested are extremely sensitive commercial documents that would never be publicly available to anyone, much less the competing importer who lodged the allegation that gave rise to the investigation. Thus, preparation of the public version, which is due *the same day* under CBP's rules, will take great care and thought to ensure that InterGlobal Forest's business proprietary information is adequately safeguarded.

InterGlobal Forest has an administrative staff of approximately four full time equivalents ("FTE") that already have a full workload to support InterGlobal Forest's daily business activity. To fulfill all requested documents, InterGlobal Forest will likely need to hire and supervise temporary help. InterGlobal Forest strongly prefers not to have to resort to outside help and

2

believes that the best way to accurately respond is with its own knowledgeable, if limited, staff.

In any event, a minimum of 14 more days is needed to provide documentation and answers as

requested, particularly as the RFI was issued consecutive with the date this investigation was

first made public.

Thus, for reasons noted above, the information gathering, review, and formatting of this

data is very time-consuming.  Accordingly, InterGlobal Forest asks for an extension of **14

additional calendar days**, or until **5 p.m., October 30, 2019**.  Finally, granting this extension

would not substantially delay the proceedings or prejudice any party in a material way.

We appreciate CBP's consideration of this request and hope that it can be granted **in full**.


Sincerely,


/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman


cc:     Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
        Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov)
        EAPALLEGATIONS (eapallegations@cbp.dhs.gov)

3

PR 000837

GOV0000837

# PUBLIC CERTIFICATE OF SERVICE

## Hardwood Plywood

The undersigned hereby certifies that a copy of the foregoing public document was served upon the following parties by electronic mail on October 9, 2019

Coalition for Fair Trade of Hardwood Plywood
Timothy Brightbill, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006
tbrightbill@wileyrein.com

American Pacific Plywood, Inc.
John P. Bennett
414 First Street
Solvang, CA 93463
pat@appiwood.com

U.S. Global Forest, LLC
Cambodia Happy Home Wood Products Co. Ltd.
LB Wood Cambodia
Gregory S. Menegaz, Esq.
**deKieffer & Horgan, PLLC**
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20005
gmenegaz@dhlaw.com

/s/ Betsy Baber
**Betsy Baber**

PR 000838

GOV0000838

Public Document No. 52

PR 000839

GOV0000839

LAW OFFICES OF

## deKIEFFER & HORGAN, PLLC
### 1090 VERMONT AVENUE, N.W.
### SUITE 410
### WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:                GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                        DHLAW.COM

October 10, 2019

Electronic Filing

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection
Washington, D.C. 20229

RE:    *EAPA Con. Case No. 7321* – **Entry of Appearance**

Dear Acting Director Walton:

On behalf of American Pacific Plywood, Inc. ("American Pacific"), a U.S. importer of

hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby enter our

appearance as counsel for American Pacific in the above-referenced proceeding.  From this date

forward, deKieffer & Horgan, PLLC will be the sole legal representative of American Pacific in

the above-referenced proceeding.

Gregory S. Menegaz, of deKieffer & Horgan, will serve as lead counsel.  *Please serve the*

*undersigned counsel any pleadings that have been generated by CBP with respect to American*

*Pacific in the above captioned proceeding:*

Gregory S. Menegaz (Lead Counsel)
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.

Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: gmenegaz@dhlaw.com

Judith L. Holdsworth
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: holdsworth@dhlaw.com

Alexandra H. Salzman
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
Washington, D.C. 20005
Tel:    (202) 783-6900
Fax:    (202) 783-6909
Email: asalzman@dhlaw.com

Please contact the undersigned at gmenegaz@dhlaw.com, with cc to

holdsworth@dhlaw.com and asalzman@dhlaw.com, for any questions regarding this

submission.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
tbrightbill@wileyrein.com)
Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)
EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

2

Public Document No. 53

PR 000842

GOV0000842

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                 AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                   SAARBRÜCKEN, GERMANY                      DHLAW.COM

October 10, 2019

Electronic Filing

Regina Walton                                              **PUBLIC DOCUMENT**
Acting Director, Enforcement Operations Division
Trade Remedy & Law Enforcement Directorate
CBP Office of Trade

RE:     *EAPA Con. Case No. 7321* – **Extension of Time Request**

Dear Ms. Walton:

On behalf of American Pacific Plywood, Inc. ("APPI"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby request an extension

of time to file APPI's Response to the RFI until **October 31, 2019**, for reasons explained below.

The current due date is October 16, 2019, pursuant to CBP's email addressed to APPI on

October 2, 2019.

The primary reason APPI needs more time to respond is that the questionnaire is quite

extensive. Indeed, the instant questionnaire contains seventeen questions in the General

Information section. Many of those questions are complex and require documentation in

support. The Customs Compliance section contains six questions requesting internal policies

and procedure manuals. The Corporate Structure and Affiliations section contains two questions

with thirteen sub-questions centered on affiliations and takes up 3.5 single-spaced pages of the

questionnaire. Review of the requirements and researching the information responsive to these

multi-part questions is very time-consuming. The Accounting/Financial Practices section concerns Accounting and requests very significant documentation of two calendar years. Finally, the Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information and Pertinent Purchase/Procurement, Sales, and Documentation Requests sections require extensive and comprehensive documentation of imports from LB Wood of hardwood plywood spanning a period of 16 months.

APPI has an administrative staff of approximately 4 employees full time equivalents ("FTE") that already have a full workload to support APPI's daily business activity. Thus, the extensive narrative and document requests will place great strain on APPI's limited staff.

Thus, for reasons noted above, the information gathering, review, and formatting of this data is very time-consuming. Accordingly, APPI asks for an extension of **15 additional calendar days**, or until **5 p.m., October 31, 2019**. Finally, granting this extension would not substantially delay the proceedings or prejudice any party in a material way.

We appreciate CBP's consideration of this request and hope that it can be granted **in full**.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
       tbrightbill@wileyrein.com)
       Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
       Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov)
       EAPALLEGATIONS (eapallegations@cbp.dhs.gov)

2

GOV0000844

Public Document No. 54

PR 000845

GOV0000845

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                 SAARBRÜCKEN, GERMANY                         DHLAW.COM

October 10, 2019

Electronic Filing

Regina Walton                                           **PUBLIC DOCUMENT**
Acting Director, Enforcement Operations Division
Trade Remedy & Law Enforcement Directorate
CBP Office of Trade

RE:   *EAPA Con. Case No. 7321* – Extension of Time Request

Dear Ms. Walton:

On behalf of U.S. Global Forest, Inc. ("U.S. Global Forest"), a U.S. importer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby request an extension of time to file U.S. Global Forest's Response to the RFI until **October 30, 2019**, for reasons explained below. The current due date is October 16, 2019, pursuant to CBP's email addressed to U.S. Global Forest on October 2, 2019.

The primary reason U.S. Global Forest needs more time to respond is that the questionnaire is quite extensive. Indeed, the instant questionnaire contains seventeen questions in the General Information section. Many of those questions are complex and require documentation in support. The Customs Compliance section contains six questions requesting internal policies and procedure manuals. The Corporate Structure and Affiliations section contains two questions with thirteen sub-questions centered on affiliations and takes up 3.5 single-spaced pages of the questionnaire. Review of the requirements and researching the information responsive to these multi-part

GOV0000846

questions is very time-consuming. The Accounting/Financial Practices section concerns Accounting and requests very significant documentation of two calendar years. Finally, the Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information and Pertinent Purchase/Procurement, Sales, and Documentation Requests sections require extensive and comprehensive documentation of imports from Happy Home of hardwood plywood spanning a period of 16 months.

U.S. Global Forest has very limited administrative staff that already have a full workload to support U.S. Global Forest's daily business activity. Thus, the extensive narrative and document requests will place great strain on U.S. Global Forest's limited staff.

Thus, for reasons noted above, the information gathering, review, and formatting of this data is very time-consuming. Accordingly, U.S. Global Forest asks for an extension of **14 additional calendar days**, or until **5 p.m., October 30, 2019**. Finally, granting this extension would not substantially delay the proceedings or prejudice any party in a material way.

We appreciate CBP's consideration of this request and hope that it can be granted **in full**.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

cc:    Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
       tbrightbill@wileyrein.com)
       Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov)
       Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov)
       EAPALLEGATIONS (eapallegations@cbp.dhs.gov)

2

Public Document No. 55

PR 000848

GOV0000848

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC

1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                      SAARBRÜCKEN, GERMANY                      DHLAW.COM

October 11, 2019

Electronic Filing

**PUBLIC DOCUMENT**

Regina Walton
Acting Director, Enforcement Operations Division
Trade Remedy & Law Enforcement Directorate
CBP Office of Trade

RE:    *EAPA Con. Case No. 7321* – **Extension of Time Request**

Dear Ms. Walton:

On behalf of LB Wood Cambodia ("LB Wood"), a foreign producer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby request an extension of time to file LB Wood's Questionnaire Response.  Our reasons are set forth below.

As a general matter, the questionnaire is extensive and the time allotted for the response—14 calendar days—is remarkably short and insufficient.  We understand that CBP may be developing a practice under this relatively new law but this deadline should be re-examined as a matter of course.  For instance, when CBP issues CF-28s for information the deadline is normally 30 days.  Those requests are far more targeted and require far less information; yet they give a base-response period that is *twice* as long.

In this questionnaire, CBP is requesting LB Wood to provide purchase documents for all raw materials and packing materials notwithstanding they were imported or domestically sourced.  CBP is also requesting sales documents for each and every sale LB Wood has

PR 000849

GOV0000849

conducted going back to June 2018. All of these documents are not only voluminous but also will also take company staff a significant amount of time to sort out. Furthermore, CBP is asking LB Wood to report the employment of each employee, as well as all payroll records. It is impractical for LB Wood to prepare all of the above documents in a two-week period, especially given that the questionnaire was received on October 4, when most of the Chinese staff ware taking vacations in China. Additionally, CBP requests LB Wood to translate all these documents to English before submitting them. Unlike the importers cooperating in this investigation, whose documents are kept in English, a majority of LB Wood's documents are not in English and require a substantial amount of time to translate all of them.

Moreover, CBP's rules and/or practice do not explain or make publicly available any guidance on the public treatment of the materials requested. Most of the documents requested are extremely sensitive commercial documents that would never be publicly available to anyone, much less the importer of competing Vietnamese producer who lodged the allegation that gave rise to the investigation. Thus, preparation of the public version, which is due the same day under CBP's rules, will take great care and thought to ensure that LB Wood's business proprietary information is adequately safeguarded. In any event, a minimum of 28 additional days is needed to provide documentation and answers as requested.

Thus, for the reasons noted above, the information gathering, review, and finalizing of this data is very time-consuming. Accordingly, LB Wood asks for an extension of **28 additional calendar days**, or until **5 p.m., November 15, 2019**. Finally, granting this extension would not substantially delay the proceedings or prejudice any party in a material way, particularly as the questionnaire was issued in consecutive with the day this investigation first made public.

2

We appreciate CBP's consideration of this request and hope that it can be granted in full.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

cc:     Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
        tbrightbill@wileyrein.com)
        Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
        Carlene Archibald, (Carlene.G.Archibald@cbp.dhs.gov)
        EAPALLEGATIONS (eapallegations@cbp.dhs.gov)

3

GOV0000851

Public Document No. 56

PR 000852

GOV0000852

LAW OFFICES OF

## deKieffer & Horgan, pllc
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900               SAARBRÜCKEN, GERMANY                     DHLAW.COM

October 21, 2019

ELECTRONIC FILING BY EMAIL                     EAPA Investigation No. 7321
                                               (Certain Hardwood Plywood)
Tobias A. Vandall                              CBP Office of Trade
International Trade Specialist                  POI: June 5, 2018 Onwards
U.S. Customs and Border Protection
Office of Trade / TRLED                         **PUBLIC VERSION**
EAPA Investigations Branch
                                               Business Proprietary information
                                               deleted within brackets in Pages A-1 –
                                               A-2, A-5, B-1 – B-2, B-5 and Exhibits
                                               CF-1, Exhibits A-1 – A-17, and
                                               Exhibits B-1 – B-14.


RE:     ***EAPA Con. Case No. 7321* – Refiling InterGlobal Forest CF-28
        Response**

Dear International Trade Specialist Vandall:

On behalf of InterGlobal Forest LLC ("IGF"), a U.S. importer of hardwood plywood and

an interested party pursuant to 19 C.F.R. § 165.1, we hereby refile IGF's response to CBP's CF-

28 Request for Information initially submitted on September 16, 2019. At CBP's request, we are

submitting a revised confidential version and a public version of IGF's initial response

conforming to 19 C.F.R. § 165.5. For ease of reference, we have added an exhibit list and

exhibit cover pages to the submission.

The CF-28 Request for Information dated August 9, 2019 concerns IGF's two entries of

hardwood plywood from Cambodia. *See* **Exhibit CF-1**. IGF is submitting in **Annex A** its

response to the CF-28 regarding the first entry, Exhibit List "A", and Exhibits. In **Annex B**, IGF

is submitting its response to the CF-28 regarding the second entry, Exhibit List "B", and

Exhibits.

*      *      *

In accordance with 6 C.F.R. § 5.12 and 19 C.F.R. § 165.4(a), IGF requests confidential treatment of the information contained herein as business confidential and commercial data that is proprietary to IGF and its suppliers and customers.  The information contained in this response to CBP has never been released in any manner to a person who is not an employee or in a confidential relationship with the companies.  The information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort. Disclosure of this information would cause substantial competitive and commercial harm to the above parties.  The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Pages / Exhibits | Reason for Confidential Treatment |
|---|---|
| Exhibit CF-1 | IGF's entry numbers, which contain proprietary information of its broker; specific shipment information, including identification of the shipper, date of shipment, vessel name, and ports of loading and discharge; |
| Pages A-1, B-1 | Entry number identifying the specific entry that is the subject of the CF-28; |
| Pages A-2, B-2 | Proprietary information on LB Wood's costs of components that cannot be revealed to any other parties in this proceeding including IGF; |
| Pages A-5, B-5 | Specific information on terms of sale and terms of delivery; |
| Exhibits A-1, B-1 | Information identifying the supplier, the quantity and value of the merchandise, terms of sale and delivery, merchandise description; |

2

GOV0000854

| Exhibits A-2, B-2 | Specific shipment information, including identification of the shipper, date of shipment, vessel name, and ports of loading and discharge; |
|---|---|
| Exhibits A-3, B-3 | Specific bank and payment information of IGF and its supplier; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibits A-4, B-4 | Specific shipment information, including identification of the shipper, date of shipment, vessel name, and ports of loading and discharge; |
| Exhibits A-5, B-5 | Information identifying the supplier, the quantity and value of the merchandise, terms of sale and delivery, merchandise description, shipment information; |
| Exhibits A-6, B-6 | Specific shipment information, including identification of the shipper, date of shipment, vessel name, and ports of loading and discharge; |
| Exhibits A-7, B-7 | Specific bank and payment information of IGF and its shipper; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibits A-8, B-8, B-9 | Detailed description of specific inputs, including the physical condition of the materials used in the manufacturing process, date of production, company employees; |
| Exhibits A-9, B-10 | Specific information of the local delivery company that the supplier contracted with; |
| Exhibits A-10, B-11 | Photographs taken within the supplier's factory; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibits A-11, B-12 | Information identifying customers, the quantity and value of the merchandise, terms of sale and delivery, merchandise description; |
| Exhibit A-12 | Detailed information on the supplier's production factory and production machines; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because it consists exclusively of proprietary information on business operations of a company not related to IGF; |
| Exhibit A-13 | Detailed information on the supplier's production factory; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because it consists exclusively of proprietary information concerning business operations of a company not related to IGF; |
| Exhibit A-14 | Specific information on the supplier's scope of business operations; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because it consists exclusively of proprietary information concerning business operations of a company not related to IGF; |

3

GOV0000855

| Exhibit A-15 | Detailed information on the supplier's production process; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because it consists exclusively of proprietary information concerning business operations of a company not related to IGF; |
| --- | --- |
| Exhibits A-16, B-13 | Detailed description of specific inputs, including the physical condition of the materials used in the manufacturing process, date of production, company employees; |
| Exhibits A-17, B-14 | Specific details of the supplier's cost of components, including a description of the raw materials, quantity and value; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because it consists exclusively of proprietary information concerning third-party transactions not related to IGF. |

Accordingly, for the above reasons, IGF requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information."  We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

/s/ Judith L. Holdsworth

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

cc:     Coalition for Fair Trade of Hardwood Plywood (c/o Timothy Brightbill, Wiley Rein LLP
        tbrightbill@wileyrein.com)
        Vicky Manukyan (Viktorya.Manukyan@cbp.dhs.gov)
        Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov)
        EAPALLEGATIONS (eapallegations@cbp.dhs.gov)

4

GOV0000856

### *ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth**, with **deKieffer & Horgan,** Counsel to **InterGlobal Forest LLC**, certify the following:

(i)    All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)   Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)  I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

Signature:    *Judith L. Holdsworth*

Date:    Oct. 21, 2019

Exhibit CF-1

PR 000858

GOV0000858

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 000859

GOV0000859

# Annex A

PR 000860

GOV0000860

**INTERGLOBAL FOREST LLC ("IGF")**

**RESPONSE TO CBP REQUEST FOR INFORMATION**

[                    ]

**September 16, 2019**

      **The questions below are reproduced and answered in the order presented on the CBP Form 28.**

Question 12 –

  A. Are you related in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise.

    **Response: IGF is not related in any way to the seller of the merchandise.**

  B. Identify and give details of any additional costs/expenses incurred in this transaction.

    **Response: There are no additional costs/expenses incurred in relation to this transaction.**

Question 13 –

  A. Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto.

    **Response: Please refer to Exhibit A-1 for the three POs covered in this entry and corresponding seller's confirmation. After receiving the PO, the seller, LB WOOD (CAMBODIA) CO. LTD ("LB Wood"), returns a stamped PO as confirmation each time to indicate acceptance of the order.**

A-1

B.  Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates.

**Response**: **Plywood is made of thin sheets of wood "veneer", stacked together in layers, or "plies", with the direction of each layer's grain differing from its neighbor by 90 degrees (Cross-Banding). These plies are bonded under heat and pressure with strong adhesives making a composite panel that can be used for construction, furniture, cabinets, etc., imparting high structural strength and making them resistant to cracking, shrinking, and warping.**

C.  Breakdown the components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article.

**Response**: **The total cost for [**

**].** **Please see** **Exhibit A-17** **for the percentages of actual cost of components at the time of assembly into the finished article.**

E.  Continuation Sheet:

1.  Bill of Lading

**Response**: **Please see** **Exhibit A-2**.

2.  Buyer's Proof of Payment

**Response**: **Please see** **Exhibit A-3**.

3.  Buyer's Purchase Order

**Response**: **Please see** **Exhibit A-1**.

4.  Certificate of Origin, Which Covers These Shipments

A-2

PR 000862

GOV0000862

**Response**: Please see **Exhibit A-4** for the certificate of origin for the three POs.

5. <u>Commercial Invoices</u>

**Response**: Please see **Exhibit A-5** for the commercial invoice and packing list.

6. <u>Contracts</u>

**Response**: Please see the POs attached at **Exhibit A-1**, which serve as contracts for these transactions.

7. <u>Explain The Role And Relationship Of The Parties Involved In These Import Transactions</u>

**Response**: The role of IGF is that of buyer/importer. The role of LB Wood is that of producer/seller/exporter. Neither LB Wood nor IGF play any other role in the transactions.

8. <u>Freight Bill(s) and Freight Proof of Payment for All Entries</u>

**Response**: Please see **Exhibit A-6** for the freight bill, and **Exhibit A-7** for the proof of payment.

9. <u>Production Records from Both Factories</u>

**Response**: Please see **Exhibit A-8** for the Production Records pertaining to this entry. The factory records its production by: Raw Material Withdrawal Slips, Face Veneer Gluing Production Report, and Plywood Hot Pressing Production Report.

IGF has submitted the reports on finishing operations in response to Question 17 on the Continuation Sheet below.

10. <u>Transport Documents from Factory to Port and Transport Port to U.S. Port</u>

**Response**: Please see **Exhibit A-9** for the Delivery Note from factory to VN port.

A-3

Please see **Exhibit A-6** & **A-7** for the transport from VN port to U.S. port.

11. <u>Also include in your response descriptive literature (sales flyer, brochure, catalog, spec. sheet, etc.) a statement explaining the intended use of imported goods as well as high quality photographs (front, back, side and end) of the product both in and out of retail packaging.</u>

     **Response**: **Please refer to response to Question 13.B, above, for a statement describing imported goods. IGF submits five photos (one in IGF package and four in unfinished shape) of imported goods in <u>Exhibit A-10</u>. Neither LB Wood nor IGF maintain brochures of this merchandise.**

12. <u>Please fully explain the selling policy between LB WOOD (CAMBODIA) CO. LTD and INTERGLOBAL FOREST LLC (of USA). Indicate how the unit price was determined. Was the price negotiated at arm's length, and settled in accordance with the industry pricing practices? Or was the price settled in a manner consistent with the way LB WOOD (CAMBODIA) CO. LTD settles prices for sales to buyers who are unrelated to it? Or identify the type of accounting methodology, i.e. gross margin, cost plus, etc., which you employ over a representative period of time (e.g. one year) for merchandise of the same class or kind.</u>

     **Response**: **The selling price was negotiated at arm's length. IGF requests quotes on different thicknesses and grades of birch plywood, and LB Wood quotes its price. In instances where LB Wood's price is competitive compared to IGF's other suppliers, IGF places orders with LB Wood.**

     **When LB Wood negotiates price with unrelated customers such as IGF, LB Wood considers its full cost of production, including material costs, labor, energy, overhead, SG&A, as well as the profit margin. LB Wood also considers the customer's purchase volume and other competitors' selling prices, because it is normal industry practice for customers to request quotes from different suppliers for multiple competing price quotes. LB Wood negotiates price with IGF at arm's length and in accordance with the industry pricing practices.**

A-4

13. <u>Provide copies of the ultimate U.S. purchaser order, the manufactures billing invoice for LB WOOD {CAMBODIA) CO. LTD, proof of your payment to LB WOOD {CAMBODIA) CO. LTD, commercial billing invoices and U.S. buyer proof of payment to LB WOOD (CAMBODIA) CO. LTD. Advise who is responsible in this transaction for the cost of transportation, insurance and the risk of loss for this merchandise after importation into the United States.</u>

**Response:** **Please see <u>Exhibit A-1</u> for IGF's purchaser order, <u>Exhibit A-5</u> for the commercial invoice and packing list, and <u>Exhibit A-5</u> for the proof of payment. Downstream U.S. buyers do not pay LB Wood; rather, they pay IGF for the goods. After importation into the U.S., [**

**                    ]. IGF sold the plywood in question pursuant to POs attached at <u>Exhibit A-11</u>. IGF is submitting the three largest POs as samples. Additionally, IGF notes that some POs include plywood that was imported in different shipments.**

14. <u>PURCHASE ORDER FOR MERCHANDISE – Provide commercial invoices, bill of sale, supplier's invoices and purchase orders. The documents should identify the manufacturer; include the date, description of merchandise, quantity, price, style/production number and terms of sale. Proof of payment to the actual manufacturer for the merchandise must be provided. The Manufacturer ID {MID) for this entry references:</u>
LB WOOD (CAMBODIA) CO., LTD.
D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4,
PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.

**Response:** **Please refer to <u>Exhibit A-1</u>, <u>A-3</u>, and <u>A-5</u> for the requested documents.**

15. <u>FACTORY PROFILE/FACTORY REGISTRATION - The factory profile should include an overview of the factory, a copy of the registration document, floor plan/map, production schedule and specific details about what type of processing and production capabilities are performed at the factory including a list of machinery.</u>

**Response:** **Please see <u>Exhibit A-12</u> for LB Wood's profile and a list of machines, <u>Exhibit A-13</u> for LB Wood's floor map, and <u>Exhibit A-14</u> for the registration certificate.**

A-5

16. PRODUCTION STEPS – Provide a list of individual processes, each having a unique number assigned to it.

    **Response: Please see Exhibit A-15 for the production steps.**

17. FINISHING OPERATIONS – Provide records for all finishing operations (labeling, packing, etc.) whether they are done at the factory of production or contracted out.

    **Response: Please see Exhibit A-16 for the finishing operation records (including polishing and packing production reports). The finishing operations are done at the factory.**

18. PROOF OF PAYMENT FINISHED GOODS – Proof of payment for the manufactured merchandise as well as a copy of the commercial invoice issued to buyer.

    **Response: Please see Exhibit A-3 and A-5 for the proof of payment and commercial invoice.**

A-6

# INTERGLOBAL FOREST LLC

## RESPONSE TO CBP REQUEST FOR INFORMATION

### September 16, 2019

### Exhibit List (Annex A)

| | |
|---|---|
| Exhibit A-1 | Purchase Order and Seller's Confirmation |
| Exhibit A-2 | Bill of Lading |
| Exhibit A-3 | Wire Confirmation |
| Exhibit A-4 | Certificate of Origin |
| Exhibit A-5 | Commercial Invoice & Packing List |
| Exhibit A-6 | Freight Bill |
| Exhibit A-7 | Freight Proof of Payment |
| Exhibit A-8 | Production Report |
| Exhibit A-9 | Delivery Note from Factory to VN Port |
| Exhibit A-10 | Photographs |
| Exhibit A-11 | U.S. Purchaser POs |
| Exhibit A-12 | Factory Profile and List of Machines |
| Exhibit A-13 | Floor Map |
| Exhibit A-14 | Registration Certificate |
| Exhibit A-15 | Production Steps |
| Exhibit A-16 | Finishing Operations |
| Exhibit A-17 | Cost of Components |

PR 000867

GOV0000867

# Exhibit A-1

# Purchase Order and Seller's Confirmation

PR 000868

GOV0000868

# InterGlobal Forest

PO Box 2543
Eugene, OR 97402 USA
Phone: 541-485-5343

**PURCHASE ORDER**

Account:
Branch:
Phone:
Fax:

Reprinted:

**SHIP TO:**

LB Wood (Cambodia) Co., LTD
D44-20
Sihanoukville Special Economic
212KM National Road 4
Sihanouk Province

Page 1 of 1

| VERBAL PO: | | REFERENCE: | | | | |
|---|---|---|---|---|---|---|
| ORDER DATE: | BUYER: | | | SHIP VIA: | FRT TERM: | |
| EXP SHIP DATE: | BUYER 2: | | | TRANSPORT: | | |
| TYPE: | CONFIRMED: | | | PICK UP ID: | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

**PAYMENT TERMS:**

Total

PR 000869

Weight:                Load:

GOV0000869



PO Box 2543
Eugene, OR 97402 USA
Phone: 541-485-5343

## PURCHASE ORDER

Account:
Branch:
Phone:
Fax:

Reprinted:

SHIP TO:

LB Wood (Cambodia) Co., LTD
D44-26
Sihanoukville Special Economic
212KM National Road 4
Sihanouk Province

Page 1 of 1

| VERBAL PO: | | REFERENCE: | | | |
|---|---|---|---|---|---|
| ORDER DATE: | BUYER: | | SHIP VIA: | | FRT TERM: |
| EXP SHIP DATE: | BUYER 2: | | | | |
| TYPE: | CONFIRMED: | | | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

PAYMENT TERMS:

Total

Weight:          Load:

PR 000870

GOV0000870

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0000871

Exhibit A-2

Bill of Lading

PR 000872

GOV0000872

PUBLIC VERSION

**SEA WAYBILL NO.**

**NON-NEGOTIABLE COPY**

| NO. & SEQUENCE OF ORIGINAL B/L's | NO. OF RIDER PAGES |
|---|---|

SHIPPER:

LB WOOD (CAMBODIA) CO.,LTD
D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE,
212KM NATIONAL ROAD 4, PREY NOP DISTRICT
SIHANOUK PROVINCE, KINGDOM OF CAMBODIA

CARRIER'S AGENTS ENDORSEMENTS: (include Agent(s) at POD)

CONSIGNEE: This B/L is not negotiable unless marked "To Order" or "To Order of..." here.

InterGlobal Forest
PO Box 2543 2190 West 11th Avenue, Suite 231
Eugene, OR 97402 USA
phone: 541.485.5343 fax: 541.434.9750

NOTIFY PARTIES: (No responsibility shall attach to the Carrier or to his Agent for failure to notify - see Clause 20)

InterGlobal Forest
PO Box 2543 2190 West 11th Avenue, Suite 231
Eugene, OR 97402 USA
phone: 541.485.5343 fax: 541.434.9750

| VESSEL & VOYAGE NO. (see Clauses 8 & 9) | PORT OF LOADING | PLACE OF RECEIPT: (Combined Transport ONLY - see Clauses 1 & 5.2) |
|---|---|---|
| BOOKING REF.         (or)         SHIPPER'S REF | PORT OF DISCHARGE | PLACE OF DELIVERY: (Combined Transport ONLY - see Clauses 1 & 5.2) |

PARTICULARS FURNISHED BY THE SHIPPER - NOT CHECKED BY CARRIER - CARRIER NOT RESPONSIBLE (see Clause 14)

| Container Numbers, Seal Numbers and Marks | Description of Packages and Goods (Continued on attached Bill of Lading Rider page(s), if applicable) | Gross Cargo Weight | Measurement |
|---|---|---|---|
| | | | |

FREIGHT & CHARGES        Cargo shall not be delivered unless Freight & Charges are paid (see Clause 16).

| DECLARED VALUE (only applicable if Ad Valorem Charges paid - see Clause 7.3) | CARRIER'S RECEIPT (No. of Cntrs or Pkgs rcvd by Carrier - see Clause 14.1) | |
|---|---|---|
| PLACE AND DATE OF ISSUE | SHIPPED ON BOARD DATE | |

PR 000873

GOV0000873

# Exhibit A-3

# Wire Confirmation

PR 000874

GOV0000874

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000875

GOV0000875

# Exhibit A-4

# Certificate of Origin

PR 000876

GOV0000876

**PUBLIC VERSION**

| 1.Exporter (name, full address, country) | Reference |
|---|---|
| LB WOOD (CAMBODIA) CO.,LTD<br>D44-20,SIHANOUKVILLE SPECIAL ECONOMIC ZONE,212KM NATIONAL ROAD 4,PREY NOP DISTRICT,SIHANOUK PROVINCE,KINGDOM OF CAMBODIA. | |

| 2.Consignee (name, full address, country) | 4.Country of Origin | 5.Country of destination |
|---|---|---|
| INTERGLOBAL FOREST<br>PO BOX 2543<br>2190 WEST 11TH AVENUE,SUITE 231<br>EUGENE,OR 97402 USA" | *Kingdom of Cambodia* | USA |

| 3.Place and date of shipment – Means of transport | 6.Supplementary details |
|---|---|
| | |

| 7.Mark and numbers | 8.Number and kind of packages, description of goods | 9.Quantity | 10.    Value |
|---|---|---|---|
| | TOTAL:<br>ITEM DESCRIPTION | | |

*Notice:*

PR 000877

GOV0000877

# Exhibit A-5

# Commercial Invoice & Packing List

PR 000878

GOV0000878

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## COMMERCIAL INVOICE

TO: INTERGLOBAL FOREST                    INVOICE NO
    PO BOX 2543                           DATE:
    2190 WEST 11TH AVENUE,SUITE 231       PAYMENT:
    EUGENE,OR 97402   USA                 PO NO.:

FROM:                                     TO:
SHIPPED PER:                              SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q'TY | UNIT PRICE | AMOUNT |
|-------|----------------------|------|-----------|--------|
|       | PRICE TERM: |      |           |        |
| PO#:  |                      |      |           |        |
|       | TOTAL:               |      |           |        |

SAY

**(Name)** :<u>**LB WOOD(CAMBODIA) CO., LTD.**</u>

PR 000879

GOV0000879

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## PACKING LIST

TO: INTERGLOBAL FOREST           INVOICE NO:
     PO BOX 2543                    DATE:
     2190 WEST 11TH AVENUE,SUITE 231     PAYMENT:
     EUGENE,OR 97402    USA           PO NO.:

FROM:                              TO:
SHIPPED PER:                  SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q`TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|------|-----------|-----------|
| PO#: |  |  |  |  |
|  | TOTAL: |  |  |  |

**CONTAINER/SEAL NO.:**

PR 000880

GOV0000880

Exhibit A-6

Freight Bill

PR 000881

GOV0000881

## ARRIVAL NOTICE

| VESSEL NAME | VOYAGE No. | Estimated Arrival Date |
|---|---|---|
| A | | |
| B | | |

| FLAG REGISTRY | BILL OF LADING No. | PRINT DATE |
|---|---|---|
| A | | |
| B | | |

Transshipment Port:

| ORIGIN LOCATION | PORT OF LOADING | PORT OF DISCHARGE | FINAL DEST NATION | No. Cont. | No. Pkgs. | WEIGHT (Kgs.) | MEASURE(Cbm) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

IT INFORMATION
IT LOCATION:                              FIRMS CODE:

CARGO DESCRIPTION

SHIPPER    LB WOOD (CAMBODIA) CO.,LTD.

CONSIGNEE
    INTERGLOBAL FOREST

CONTAINER NUMBER

NOTIFY
    INTERGLOBAL FOREST
    2190 WEST 11TH AVE, #231
    Eugene, Oregon  97402

| FREIGHT AND CHARGES | COLLECT |
|---|---|
| | |

PORT OF DISCHARGE LOCATION

TOTALS:

NOTE:

PUBLIC VERSION

PR 000882

GOV0000882

# Exhibit A-7

# Freight Proof of Payment

PR 000883

GOV0000883

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000884

GOV0000884

Exhibit A-8

Production Report

PR 000885

GOV0000885

Warehouse Out Ticket



## 贴面工序报工单

## Face veneers gluing production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.          订单号（PO Number）：

生产日期（Production date）：          批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

车间主任签名（workshop manager signature）

## 成品热压工序报工单

## Plywood hot pressing production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.          订单号（PO Number）：

生产日期（Production date）：          批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

车间主任签名（workshop manager signature）          PR 000887

GOV0000887

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0000888

# Exhibit A-9

# Delivery Note from Factory to VN Port

PR 000889

GOV0000889

PUBLIC VERSION

# DELIVERY NOTE

អ្នកទទួល/Notify Party:......*L.B*........ នាវា/Vessel     ដើរ/Voy:     ចេញពី/From.     ផ្លាស់ទៅ/To.

| វិក័យប័ត្រ<br>B/L | លេខកុងទែនរី<br>Container NO | ចំនួន<br>Quantity | ទំងន់<br>Weight | កំណត់សំគាល់<br>Remark |
|---|---|---|---|---|
| | | | | |

GOV0000890

THE FOLLOWING PAGE CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

Exhibit A-10

Photographs

PR 000892

GOV0000892

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000893

GOV0000893

Exhibit A-11

U.S. Purchaser POs

PR 000894

GOV0000894

PUBLIC VERSION

**PURCHASE ORDER**

Account:
Branch:
Phone:
Fax:

INTERGLOBAL FOREST LLC
PO BOX 2543
EUGENE OR  97402

SHIP TO:

| VERBAL PO: | | REFERENCE: | | | | | Page 1 of 1 |
|---|---|---|---|---|---|---|---|
| ORDER DATE: | | BUYER: | | | | | |
| EXP SHIP DATE: | | | | SHIP VIA: | | FRT TERM: | |
| TYPE: | | CONFIRMED: | | | | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

PAYMENT TERMS:

Total

PR 000895

GOV0000895

PUBLIC VERSION

## PURCHASE ORDER

Account:
Branch:
Phone:
Fax:

INTERGLOBAL FOREST                    SHIP TO:
P.O. BOX 2543
EUGENE OR  97402

| VERBAL PO: | | REFERENCE: | | | | Page 1 of 1 | |
|---|---|---|---|---|---|---|---|
| ORDER DATE: | | BUYER: | | | SHIP VIA: | FRT TERM: | |
| EXP SHIP DATE: | | | | | | | |
| TYPE: | | CONFIRMED: | | | | | |
| QUANTITY | UOM | ITEM/DESCRIPTION | | | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
| | | | | | | | |

PAYMENT TERMS:

Total

GOV0000896

PUBLIC VERSION

# Purchase Order

| Date | P.O. No. |
|------|----------|
|      |          |

| Phone # | |
|---------|--|

**Vendor**

InterGlobal Forest
PO BOX 2543
Eugene, OR 97402

**Ship To**

| Expected | Purchaser | Delivery Method |
|----------|-----------|-----------------|
|          |           |                 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
|      |             |     |      |        |
|      |             |     |      |        |
|      |             |     |      |        |
|      |             |     |      |        |
|      |             |     |      |        |
|      |             | **Total** | | |

PR 000897

GOV0000897

# Exhibit A-12

# Factory Profile and List of Machines

PR 000898

GOV0000898

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000899

GOV0000899

Exhibit A-13

Floor Map

PR 000900

GOV0000900

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000901

GOV0000901

Exhibit A-14

Registration Certificate

PR 000902

GOV0000902

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0000903

Exhibit A-15

Production Steps

PR 000904

GOV0000904

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000905

GOV0000905

# Exhibit A-16

# Finishing Operations

PR 000906

GOV0000906

PUBLIC VERSION

包装工序报工单

**Packing production report**

Factory name: LB WOOD (CAMBODIA) CO., LTD.     订单号（PO Number）
生产日期（Production date）:     批次号（Lot number）:

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

抛光工序报工单

**Polishing production report**

Factory name: LB WOOD (CAMBODIA) CO., LTD.     订单号（PO Number）
生产日期（Production date）:     批次号（Lot number）:

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

PR 000907

GOV0000907

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 000908

GOV0000908

# Exhibit A-17

# Cost of Components Percentages

PR 000909

GOV0000909

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000910

GOV0000910

Annex B

PR 000911

GOV0000911

INTERGLOBAL FOREST LLC ("IGF")

RESPONSE TO CBP REQUEST FOR INFORMATION

[                          ]

September 16, 2019

The questions below are reproduced and answered in the order presented on the CBP Form 28.

Question 12 –

    A.  Are you related in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise.

    **Response: IGF is not related in any way to the seller of the merchandise.**

    B.  Identify and give details of any additional costs/expenses incurred in this transaction.

    **Response: There are no additional costs/expenses incurred in relation to this transaction.**

Question 13 –

    A.  Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto.

    **Response: Please refer to Exhibit B-1 for the four POs covered in this entry and corresponding seller's confirmation. After receiving the PO, the seller, LB WOOD (CAMBODIA) CO. LTD ("LB Wood"), returns a stamped PO as confirmation each time to indicate acceptance of the order.**

B-1

B.  Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates.

**Response**: Plywood is made of thin sheets of wood "veneer", stacked together in layers, or "plies", with the direction of each layer's grain differing from its neighbor by 90 degrees (Cross-Banding). These plies are bonded under heat and pressure with strong adhesives making a composite panel that can be used for construction, furniture, cabinets, etc., importing high structural strength and making them resistant to cracking, shrinking, and warping.

C.  Breakdown the components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article.

**Response**: The total cost for [

]. Please see **Exhibit B-14** for the percentages of actual cost of components at the time of assembly into the finished article.

E.  Continuation Sheet:

1.  Bill of Lading

**Response**: Please see **Exhibit B-2**.

2.  Buyer's Proof of Payment

**Response**: Please see **Exhibit B-3** for the bank transfer and an email for the break-down of the lump sum payment.

B-2

3. Buyer's Purchase Order

   **Response**: Please see **Exhibit B-1**.

4. Certificate of Origin, Which Covers These Shipments

   **Response**: Please see **Exhibit B-4** for the certificate of origin for the four POs.

5. Commercial Invoices

   **Response**: Please see **Exhibit B-5** for the commercial invoice and packing list.

6. Contracts

   **Response**: Please see **Exhibit B-1**, which serve as contracts for these transactions.

7. Explain The Role And Relationship Of The Parties Involved In These Import Transactions

   **Response**: The role of IGF is that of buyer/importer. The role of LB Wood is that of producer/seller/exporter. LB Wood and IGF ply no other roles in the transactions.

8. Freight Bill(s) and Freight Proof of Payment for the Entry

   **Response**: Please see **Exhibit B-6** for the freight bill, and **Exhibit B-7** for the proof of payment.

9. Production Records from Factories

   **Response**: Please see **Exhibit B-8** for the Core Build-up Production Records pertaining to this entry. The factory records its core production by Raw Material Withdrawal Slips, Core Veneers Gluing Production Report, Core Repairing Production Report, Core Hot Pressing Production Report, and Puttying Production Report. After producing the core, LB Wood adds the face and back veneer to the core.

PR 000914

GOV0000914

Please see <u>**Exhibit B-9**</u> for the Plywood Production Records, which includes Raw Material Withdrawal Slips, Face Veneers Gluing Production Report, Sanding Production Report, Yellow Coating Production Report, Plywood Hot Pressing Production Report.

IGF has submitted the reports on finishing operations in response to Question 17 on the Continuation Sheet below.

10. <u>Transport Documents from Factory to Port and Transport Port to U.S. Port</u>

**Response**: Please see <u>**Exhibit B-10**</u> for the Delivery Note from factory to VN port. Please see <u>**Exhibit B-6**</u> & <u>**B-7**</u> for the transport from VN port to U.S. port.

11. <u>Also include in your response descriptive literature (sales flyer, brochure, catalog, spec. sheet, etc.) a statement explaining the intended use of imported goods as well as high quality photographs (front, back, side and end) of the product both in and out of retail packaging.</u>

**Response**: Please refer to response to Question 13.B above for a statement describing imported goods. IGF submits a photo of finished but unpacked photo of imported goods in <u>**Exhibit B-11**</u>, in addition to the five photographs submitted in Annex A.

12. <u>Please fully explain the selling policy between LB WOOD (CAMBODIA) CO. LTD and INTERGLOBAL FOREST LLC (of USA). Indicate how the unit price was determined. Was the price negotiated at arm's length, and settled in accordance with the industry pricing practices? Or was the price settled in a manner consistent with the way LB WOOD (CAMBODIA) CO. LTD settles prices for sales to buyers who are unrelated to it? Or identify the type of accounting methodology, i.e. gross margin, cost plus, etc., which you employ over a representative period of time (e.g. one year) for merchandise of the same class or kind.</u>

**Response**: **Response**: The selling price was negotiated at arm's length. IGF requests quotes on different thicknesses and grades of birch plywood, and LB Wood quotes its price. In instances where LB Wood's price is competitive comparing to IGF's other suppliers, IGF place orders with LB Wood.

When LB Wood negotiates price with unrelated customers such as IGF, LB Wood

B-4

GOV0000915

considers its full cost of production, including material costs, labor, energy, overhead, SG&A, as well as the profit margin. LB Wood also considers the customer's purchase volume and other competitors' selling prices, because it is normal industry practice for customers to request quotes from different suppliers for multiple competing price quotes. LB Wood negotiates price with IGF at arm's length and in accordance with the industry pricing practices.

13. <u>Provide copies of the ultimate U.S. purchaser order, the manufactures billing invoice for LB WOOD {CAMBODIA) CO. LTD, proof of your payment to LB WOOD {CAMBODIA) CO. LTD, commercial billing invoices and U.S. buyer proof of payment to LB WOOD (CAMBODIA) CO. LTD. Advise who is responsible in this transaction for the cost of transportation, insurance and the risk of loss for this merchandise after importation into the United States.</u>

   **Response**: Please see **Exhibit B-1** for IGF's purchaser order, **Exhibit B-5** for the commercial invoice and packing list, and **Exhibit B-3** for the proof of payment. Downstream U.S. buyers do not pay LB Wood; rather, they pay IGF for the goods. After importation into the U.S., [

   ]. IGF sold the plywood in question pursuant to POs attached at **Exhibit B-12**. IGF is submitting the three largest POs as samples. Additionally, IGF notes that some POs include plywood that was imported in different shipments.

14. <u>PURCHASE ORDER FOR MERCHANDISE – Provide commercial invoices, bill of sale, supplier's invoices and purchase orders. The documents should identify the manufacturer; include the date, description of merchandise, quantity, price, style/production number and terms of sale. Proof of payment to the actual manufacturer for the merchandise must be provided. The Manufacturer ID {MID) for this entry references:</u>
   LB WOOD (CAMBODIA) CO., LTD.
   D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4,
   PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.

B-5

**Response: Please refer to Exhibit B-1, B-3, and B-5 for the requested documents.**

15. FACTORY PROFILE/FACTORY REGISTRATION - The factory profile should include an overview of the factory, a copy of the registration document, floor plan/map, production schedule and specific details about what type of processing and production capabilities are performed at the factory including a list of machinery.

**Response: Please refer to Annex A for LB Wood's profile and a list of machines, floor map, and registration certificate.**

16. PRODUCTION STEPS – Provide a list of individual processes, each having a unique number assigned to it.

**Response: Please refer to Annex A for the production steps.**

17. FINISHING OPERATIONS – Provide records for all finishing operations (labeling, packing, etc.) whether they are done at the factory of production or contracted out.

**Response: Please refer to Exhibit B-13 for the finishing operation records (including UV coating, polishing, repairing, checking, and packing production reports). The finishing operations are done at the production factory.**

18. PROOF OF PAYMENT FINISHED GOODS – Proof of payment for the manufactured merchandise as well as a copy of the commercial invoice issued to buyer.

**Response: Please see Exhibit B-3 and B-5 for the proof of payment and commercial invoice.**

B-6

# INTERGLOBAL FOREST LLC

## RESPONSE TO CBP REQUEST FOR INFORMATION

### September 16, 2019

### Exhibit List (Annex B)

| | |
|---|---|
| Exhibit B-1 | Purchase Orders |
| Exhibit B-2 | Bill of Lading |
| Exhibit B-3 | Wire Confirmation |
| Exhibit B-4 | Certificate of Origin |
| Exhibit B-5 | Commercial Invoice & Packing List |
| Exhibit B-6 | Freight Bill |
| Exhibit B-7 | Freight Proof of Payment |
| Exhibit B-8 | Production Report - Core |
| Exhibit B-9 | Production Report – Plywood |
| Exhibit B-10 | Delivery Note from Factory to VN Port |
| Exhibit B-11 | Photograph of Finished Unpacked Plywood |
| Exhibit B-12 | U.S. Downstream Purchaser POs |
| Exhibit B-13 | Finishing Operations |
| Exhibit B-14 | Cost of Components |

GOV0000918

# Exhibit B-1

# Purchase Orders

PR 000919

GOV0000919

InterGlobal Forest

PURCHASE ORDER

PO Box 2543
Eugene, OR 97402 USA
Phone: 541-485-5343

Account:
Branch:
Phone:
Fax:

Reprinted:

SHIP TO:

LB Wood (Cambodia) Co., LTD
D44-20
Sihanoukville Special Economic
212KM National Road 4
Sihanouk Province

Page 1 of 1

| VERBAL PO: | | REFERENCE: | | | |
|---|---|---|---|---|---|
| ORDER DATE: | | BUYER: | | SHIP VIA: | FRT TERM: |
| EXP SHIP DATE: | | BUYER 2: | | TRANSPORT: | |
| TYPE: | | CONFIRMED: | | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

PAYMENT TERMS:

Total

PR 000920

Weight:                    Load:

GOV0000920

PUBLIC VERSION



**PURCHASE ORDER**

PO Box 2543
Eugene, OR 97402 USA
Phone: 541-485-5343

Account:
Branch:
Phone:
Fax:

Reprinted:

SHIP TO:

LB Wood (Cambodia) Co., LTD
D44-20
Sihanoukville Special Economic
212KM National Road 4
Sihanouk Province

Page 1 of 1

| VERBAL PO: | | REFERENCE: | | | | |
|---|---|---|---|---|---|---|
| ORDER DATE: | | BUYER: | | SHIP VIA: | | FRT TERM: |
| EXP SHIP DATE: | | BUYER 2: | | | | |
| TYPE: WH | | CONFIRMED: | | | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

PAYMENT TERMS:

Total

Weight:                    Load:

PR 000921

GOV0000921

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0000922

Exhibit B-2

Bill of Lading

PR 000923

GOV0000923

PUBLIC VERSION

**SEA WAYBILL NO.**

**NON-NEGOTIABLE COPY**

| NO. & SEQUENCE OF ORIGINAL B/L's | NO. OF RIDER PAGES |
|---|---|
| | |

SHIPPER:

LB WOOD (CAMBODIA) CO.,LTD
D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE,
212KM NATIONAL ROAD 4, PREY NOP DISTRICT
SIHANOUK PROVINCE, KINGDOM OF CAMBODIA

CARRIER'S AGENTS ENDORSEMENTS: (Include Agent(s) at POD)

CONSIGNEE: This B/L is not negotiable unless marked "To Order" or "To Order of..." here.

InterGlobal Forest
PO Box 2543 2190 West 11th Avenue, Suite 231
Eugene, OR 97402  USA
phone: 541.485.5343 fax: 541.434.9750

NOTIFY PARTIES: (No responsibility shall attach to the Carrier or to his Agent for failure to notify - see Clause 20)

InterGlobal Forest
PO Box 2543 2190 West 11th Avenue, Suite 231
Eugene, OR 97402  USA
phone: 541.485.5343 fax: 541.434.9750

| VESSEL & VOYAGE NO. (see Clauses 8 & 9) | PORT OF LOADING | PLACE OF RECEIPT: (Combined Transport ONLY - see Clauses 1 & 5.2) |
|---|---|---|
| | | |
| BOOKING REF.            (or)            SHIPPER'S REF. | PORT OF DISCHARGE | PLACE OF DELIVERY: (Combined Transport ONLY - see Clauses 1 & 5.2) |

**PARTICULARS FURNISHED BY THE SHIPPER - NOT CHECKED BY CARRIER - CARRIER NOT RESPONSIBLE (see Clause 14)**

| Container Numbers, Seal Numbers and Marks | Description of Packages and Goods (Continued on attached Bill of Lading Rider page(s), if applicable) | Gross Cargo Weight | Measurement |
|---|---|---|---|
| | | | |

| FREIGHT & CHARGES | Cargo shall not be delivered unless Freight & Charges are paid (see Clause 16). |
|---|---|
| | |

| DECLARED VALUE (only applicable if Ad Valorem Charges paid - see Clause 7.3) | CARRIER'S RECEIPT (No. of Cntrs or Pkgs rcvd by Carrier - see Clause 14.1) | |
|---|---|---|
| PLACE AND DATE OF ISSUE | SHIPPED ON BOARD DATE | |

PR 000924

GOV0000924

# Exhibit B-3

# Wire Confirmation

PR 000925

GOV0000925

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000926

GOV0000926

# Exhibit B-4

# Certificate of Origin

PR 000927

GOV0000927

PUBLIC VERSION

| 1.Exporter (name, full address, country) | Reference |
|---|---|
| LB WOOD (CAMBODIA) CO.,LTD<br>D44-20,SIHANOUKVILLE SPECIAL ECONOMIC ZONE,212KM<br>NATIONAL ROAD 4,PREY NOP DISTRICT,SIHANOUK<br>PROVINCE,KINGDOM OF CAMBODIA. | |

| 2.Consignee (name, full address, country) | 4.Country of Origin | 5.Country of destination |
|---|---|---|
| INTERGLOBAL FOREST<br>PO BOX 2543<br>2190 WEST 11TH AVENUE,SUITE 231<br>EUGENE,OR 97402 USA | *Kingdom of Cambodia* | USA |

| 3.Place and date of shipment – Means of transport | 6.Supplementary details |
|---|---|
| | |

| 7.Mark and numbers | 8.Number and kind of packages, description of goods | 9.Quantity | 10.    Value |
|---|---|---|---|
| | TOTAL:<br>ITEM DESCRIPTION | | |

Notice:

GOV0000928

# Exhibit B-5

# Commercial Invoice & Packing List

GOV0000929

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## COMMERCIAL INVOICE

TO: INTERGLOBAL FOREST
    PO BOX 2543
    2190 WEST 11TH AVENUE,SUITE 231
    EUGENE,OR 97402   USA

INVOICE NO:
DATE:
PAYMENT:
PO NO.:

FROM:                                         TO:
SHIPPED PER:                                  SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q'TY | UNIT PRICE | AMOUNT |
|-------|----------------------|------|-----------|--------|
| | PRICE TERM: | | | |
| PO#: | | | | |
| | TOTAL: | | | |

**(Name)** : <u>LB WOOD(CAMBODIA) CO., LTD.</u>

PR 000930

GOV0000930

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## PACKING LIST

TO: INTERGLOBAL FOREST
    PO BOX 2543
    2190 WEST 11TH AVENUE,SUITE 231
    EUGENE,OR 97402   USA

INVOICE NO:
DATE:
PAYMENT:
PO NO.:

FROM:
SHIPPED PER:

TO:
SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q`TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|------|-----------|-----------|
| PO#: | | | | |
| | TOTAL: | | | |

**CONTAINER/SEAL NO.:**

PR 000931

GOV0000931

Exhibit B-6

Freight Bill

PR 000932

GOV0000932

# ARRIVAL NOTICE

| VESSEL NAME | VOYAGE No. | Estimated Arrival Date |
|---|---|---|
| A B | | |

| FLAG REGISTRY | BILL OF LADING No. | PRINT DATE |
|---|---|---|
| A B | | |

Transshipment Port:

| ORIGIN LOCATION | PORT OF LOADING | PORT OF DISCHARGE | FINAL DEST NATION | No. Cont. | No. Pkgs. | WEIGHT (Kgs.) | MEASURE(Cbm) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

IT INFORMATION
IT LOCATION:                          FIRMS CODE:
CARGO DESCRIPTION

SHIPPER    LB WOOD (CAMBODIA) CO.,LTD.

CONSIGNEE
        INTERGLOBAL FOREST

CONTAINER NUMBER
                Chassis Number

NOTIFY
        INTERGLOBAL FOREST
        2190 WEST 11TH AVE, #231
        Eugene, Oregon  97402

| FREIGHT AND CHARGES | COLLECT |
|---|---|
| | |

PORT OF DISCHARGE LOCATION

TOTALS:

PUBLIC VERSION

PR 000933

GOV0000933

# Exhibit B-7

# Freight Proof of Payment

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000935

GOV0000935

Exhibit B-8

Production Report - Core

PR 000936

GOV0000936

PUBLIC VERSION

# 出 库 单　№

| 单位 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 品 名 | 规 格 | 型 号 | 单位 | 数 量 | 单价 | 金 额 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| 合计 | | | | | | | |

出库人　　　　　　　　　　制单

PR 000937

GOV0000937

PUBLIC VERSION

铺板工序报工单

## Core veneers gluing production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.　　　　订单号（PO Number）：

生产日期（Production date）：　　　　　　　　　　批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

车间主任签名（workshop manager signature）

修芯工序报工单

## Core repairing production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.　　　　订单号（PO Number）：

生产日期（Production date）：　　　　　　　　　　批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

车间主任签名（workshop manager signature）

GOV0000938

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 000939

GOV0000939

Exhibit B-9

Production Report – Plywood

PR 000940

GOV0000940



Warehouse Out Ticket

# 出 库 单 No

| 品 名 | 规 格 | 型 号 | 单位 | 数 量 | 单价 | 金 额 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| 合计 | | | | | | |

出库人 　　　　　制

## 贴面工序报工单

## Face veneers gluing production report

Factory name: LB WOOD (CAMBODIA) CO., LTD. 　订单号（PO Number）：

生产日期（Production date）： 　批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

车间主任签名（workshop manager signature）

PR 000941

GOV0000941

砂光工序报工单

## Sanding production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.

生产日期（Production date）:

订单号（PO Number）:

批次号（Lot number）:

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

涂黄工序报工单

## Yellow coating production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.

生产日期（Production date）:

订单号（PO Number）:

批次号（Lot number）:

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

PR 000942

GOV0000942

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 000943

GOV0000943

Exhibit B-10

Delivery Note from Factory to VN Port

PR 000944

GOV0000944

PUBLIC VERSION

# DELIVERY NOTE

អ្នកទទួល/Notity Party:.....L.B............. នាវា/Vessel    .ជើង/Voy:    ៣ញពី/From.    ផ្លោះទៅ/To.

| វិក័យប័ត្រ B/L | លេខកុងទ័រនើ Container NO | ចំនួន Quantity | ទំងន់ Weight | កំណត់សំគាល់ Remark |
|---|---|---|---|---|
| | | | | |

អ្នកទទួល/Receiver

# DELIVERY NOTE

អ្នកទទួល/Notity Party:.....L.B............. នាវា/Vessel    ..ជើង/Voy:    ៣ញពី/From.    .ផ្លោះទៅ/To.

| វិក័យប័ត្រ B/L | លេខកុងទ័រនើ Container NO | ចំនួន Quantity | ទំងន់ Weight | កំណត់សំគាល់ Remark |
|---|---|---|---|---|
| | | | | |

អ្នកទទួល/Receiver

GOV0000945

THE FOLLOWING PAGE CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 000946

GOV0000946

# Exhibit B-11

# Photograph of Finished Unpacked Plywood

GOV0000947

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000948

Exhibit B-12

U.S. Downstream Purchaser POs

PR 000949

GOV0000949

PUBLIC VERSION

# Purchase Order

**VENDOR**

Interglobal Forest Products
PO BOX 2543
EUGENE, OR  97402

**SHIP TO**

**P.O. NO.**

**DATE**

| ACTIVITY | QTY | PRICE EACH | AMOUNT |
|----------|-----|------------|--------|
|          |     |            |        |

TOTAL

Approved By

Date

GOV0000950

PUBLIC VERSION

# Purchase Order

Order No

Order Date

Our Ref

Your Ref

Delivery

Taken By

**Supplier Address**
INTERGLOBAL FOREST
PO BOX 2543
EUGENE OR 97402
US

**Delivery Address**

Page 1 of 1

| Special Instructions | | | Notes | | | | | |
|---|---|---|---|---|---|---|---|---|
| Line | Product Code | Description | | Quantity | Price | UOM | Total | |

| | Total Amount | |
|---|---|---|
| | Total Weight | |

Signed

PR 000951

PUBLIC VERSION

# Purchase Order

**VENDOR**

Interglobal Forest Products
PO BOX 2543
EUGENE, OR  97402

**SHIP TO**

**P.O. NO.**

**DATE**

| ACTIVITY | QTY | PRICE EACH | AMOUNT |
|---|---|---|---|
| | | | |

TOTAL

Approved By

Date

PR 000952

GOV0000952

Exhibit B-13

Finishing Operations

PR 000953

GOV0000953

包装工序报工单

## Packing production report

Factory name: LB WOOD {CAMBODIA} CO., LTD.          订单号（PO Number）：
生产日期（Production date):                            批次号（Lot number):

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

## UV 工序报工单

## UV coating production report

Factory name: LB WOOD {CAMBODIA} CO., LTD.          订单号（PO Number）：
生产日期（Production date):                            批次号（Lot number):

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

车间主任签名（workshop manager signature）

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 000955

GOV0000955

# Exhibit B-14

# Cost of Components Percentages

PR 000956

GOV0000956

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000957

GOV0000957

Public Document No. 57

PR 000958

GOV0000958

**PUBLIC DOCUMENT**

---

**From:** CAMPBELL, KAREEN
**Sent:** Thursday, October 24, 2019 3:08 PM
**To:** Judith Holdsworth <holdsworth@dhlaw.com>; HORGAN, KRISTINA
<kristina.horgan@cbp.dhs.gov>
**Cc:** VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; Greg Menegaz <gmenegaz@dhlaw.com>;
Vivien Jinghui Wang <vwang@dhlaw.com>; CHOI, LINDA <LINDA.CHOI@CBP.DHS.GOV>;
CHRISTENSEN, CURTIS J <CURTIS.J.CHRISTENSEN@CBP.DHS.GOV>; DAO-PICKARD, SARA <SARA.DAO-
PICKARD@CBP.DHS.GOV>; ARCHIBALD, CARLENE <carlene.g.archibald@cbp.dhs.gov>
**Subject:** RE: EAPA Inv. 7321 - Extension Request for U.S. Global Response to Questionnaire

Good day Ms. Holdsworth,

We are in receipt of your properly filed extension request for U.S. Global Forest, Inc. to file
its response to CBP's Request for Information ("RFI") dated Thursday, October 24, 2019.

At this time, pursuant to 19 CFR § 165.5 (c)(1), EAPA will grant a (2) two business day
extension to receive the RFI response, which is now due Wednesday, October 30, 2019 at
5:00 pm (est).

If required, all of the interested parties to this case are extended the same courtesy. This
extension is final.

Please be reminded that should CBP fail to receive the response by the aforementioned
deadline, CBP may apply inferences adverse to U.S. Global Forest and select from among the
facts otherwise available to make the determination as to evasion pursuant to 19 CFR
165.27.

Please feel free to contact us with any questions at tobias.a.vandall@cbp.dhs.gov or
kareen.campbell@cbp.dhs.gov.

Respectfully submitted,

*Kareen Campbell,*
International Trade Specialist
EAPA Investigations Branch | Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7866 | Email:  kareen.campbell@cbp.dhs.gov

GOV0000959

 **U.S. Customs and Border Protection**

**From:** Judith Holdsworth <holdsworth@dhlaw.com>
**Sent:** Thursday, October 24, 2019 11:41 AM
**To:** HORGAN, KRISTINA <kristina.horgan@cbp.dhs.gov>; CAMPBELL, KAREEN <KAREEN.CAMPBELL@cbp.dhs.gov>
**Cc:** VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; Greg Menegaz <gmenegaz@dhlaw.com>; Vivien Jinghui Wang <vwang@dhlaw.com>
**Subject:** FW: EAPA Inv. 7321 - Extension Request for U.S. Global Response to Questionnaire
**Importance:** High

Dear Kristina and Kareen,

According to Toby Vandall's email instructions, we are forwarding to you our extension request for U.S. Global Forest, Inc. to file its response to CBP's Request for Information.

Please see the message below and let us know as soon as possible whether CBP can grant our request.

Thank you for your assistance.
Best regards,
Judith

Judith L. Holdsworth
deKieffer & Horgan, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C. 20005
202 783-6900
202 783-6909 (fax)
301-354-6037 (mobile)
Email: **holdsworth@dhlaw.com**
Website: http://www.dhlaw.com/
This e-mail message is confidential, may be privileged and is intended for the exclusive use of the addressee. Any other person is strictly prohibited from disclosing, distributing or reproducing it. If the addressee cannot be reached or is unknown to you, please inform us immediately and delete this e-mail message and destroy all copies. Thank you.

**From:** Judith Holdsworth
**Sent:** Thursday, October 24, 2019 11:36 AM
**To:** 'Linda Choi' <linda.choi@cbp.dhs.gov>; 'Curtis Christensen' <Curtis.J.Christensen@cbp.dhs.gov>;

'EAPA Allegations' <EAPAllegations@cbp.dhs.gov>; 'Toby Vandall' <tobias.a.vandall@cbp.dhs.gov>
**Cc:** Greg Menegaz <gmenegaz@dhlaw.com>; Vivien Jinghui Wang <vwang@dhlaw.com>;
'carlene.g.archibald@cbp.dhs.gov' <carlene.g.archibald@cbp.dhs.gov>; 'sara.dao-
pickard@cbp.dhs.gov' <sara.dao-pickard@cbp.dhs.gov>
**Subject:** EAPA Inv. 7321 - Extension Request for U.S. Global Response to Questionnaire
**Importance:** High

Dear All,

We are writing to request a one-week extension of time – **to November 4, 2019 -** for U.S.
Global Forest, Inc. ("U.S. Global"), an importer of hardwood plywood from Cambodia, to file its
response to CBP's Request for Information dated October 1, 2019 in EAPA Investigation No.
7321.  The reason for this request is that the U.S. Global's CEO has been on travel and unable
to respond to all of CBP's requests for information in time to meet the current deadline of
October 28, 2019.  U.S. Global is a small, streamlined company with only part-time staff to
compile the requested information in Mr. Zhang's absence.  After the initial collection of
information, Mr. Zhang and legal counsel must review all documents in order to fully answer
the questions contained in CBP's questionnaire.

A one-week extension will allow U.S. Global sufficient time to more completely and accurately
respond to CBP's questions and thus, in the end, save time for the further procedures in this
case.  We therefore ask CBP to grant in full U.S. Global's request for an extension of time to
November 4, 2019 to submit its response to CBP's questionnaire in EAPA Investigation 7321.

Thank you for your assistance in this matter.
Best regards,
Judith

Judith L. Holdsworth
deKieffer & Horgan, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C. 20005
202 783-6900
202 783-6909 (fax)
301-354-6037 (mobile)
Email: **holdsworth@dhlaw.com**
Website: http://www.dhlaw.com/
This e-mail message is confidential, may be privileged and is intended for the exclusive use of the
addressee. Any other person is strictly prohibited from disclosing, distributing or reproducing it. If the
addressee cannot be reached or is unknown to you, please inform us immediately and delete this e-mail
message and destroy all copies. Thank you.

PR 000962

GOV0000962

Public Document No. 58

PR 000963

GOV0000963

## PUBLIC DOCUMENT

---

**From:** EAPA ALLEGATIONS <eapallegations@cbp.dhs.gov>
**Sent:** Friday, October 11, 2019 4:24 PM
**To:** Greg Menegaz <gmenegaz@dhlaw.com>; holdsworth@dhlaw.com; asalzman@dhlaw.com;
Vivien Jinghui Wang <vwang@dhlaw.com>
**Cc:** Brightbill, Timothy <TBrightbill@wileyrein.com>; CHOI, LINDA <LINDA.CHOI@CBP.DHS.GOV>;
CHRISTENSEN, CURTIS J <CURTIS.J.CHRISTENSEN@CBP.DHS.GOV>; CHO, VICTORIA
<victoria.cho@cbp.dhs.gov>; HORGAN, KRISTINA <kristina.horgan@cbp.dhs.gov>; WHITESIDE, TINA
MARIE F <tinamarie.f.whiteside@cbp.dhs.gov>; VANDALL, TOBIAS A
<tobias.a.vandall@cbp.dhs.gov>; EAPA ALLEGATIONS <eapallegations@cbp.dhs.gov>
**Subject:** EAPA 7321 - RFI Extension Requests

Good afternoon,

This letter concerns your requests on behalf of InterGlobal, American Pacific, U.S. Global, and LB
Wood for an extension of the deadline for their respective RFI responses.  The current deadline for
the RFI responses of InterGlobal, American Pacific, and U.S. Global is Wednesday, October 16,
2019 and of LB Wood is October 18, 2019.  In view of the circumstances described in your letter
and case-related deadlines, we are granting your extension requests in part.  Accordingly, the RFI
responses of InterGlobal, American Pacific, and U.S. Global to the full initial questionnaire is now
due no later than 5:00 p.m. Eastern Time on Monday, **October 28, 2019**.  The RFI response of LB
Wood is now due no later than 5:00 p.m. Eastern Time on Monday, **November 4, 2019**.  The
November 4, 2019, deadline is applicable to Happy Home's RFI response as well.

Please note that the updated contacts for future RFI-related emails and submissions are now Linda
Choi (linda.choi@cbp.dhs.gov), Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov), and EAPA
Allegations (EAPAllegations@cbp.dhs.gov).

Regards,

Toby Vandall
International Trade Specialist
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7629 | Email: Tobias.A.Vandall@cbp.dhs.gov

 U.S. Customs and
Border Protection

GOV0000964

Public Document No. 59

PR 000965

GOV0000965

# PUBLIC DOCUMENT

**From:** Judith Holdsworth <holdsworth@dhlaw.com>
**Sent:** Thursday, October 24, 2019 11:36 AM
**To:** CHOI, LINDA <LINDA.CHOI@CBP.DHS.GOV>; CHRISTENSEN, CURTIS J
<CURTIS.J.CHRISTENSEN@CBP.DHS.GOV>; EAPA ALLEGATIONS <eapallegations@cbp.dhs.gov>;
VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>
**Cc:** Greg Menegaz <gmenegaz@dhlaw.com>; Vivien Jinghui Wang <vwang@dhlaw.com>;
ARCHIBALD, CARLENE <carlene.g.archibald@cbp.dhs.gov>; DAO-PICKARD, SARA <SARA.DAO-
PICKARD@CBP.DHS.GOV>
**Subject:** EAPA Inv. 7321 - Extension Request for U.S. Global Response to Questionnaire
**Importance:** High

Dear All,

We are writing to request a one-week extension of time -- **to November 4, 2019 -** for U.S.
Global Forest, Inc. ("U.S. Global"), an importer of hardwood plywood from Cambodia, to file its
response to CBP's Request for Information dated October 1, 2019 in EAPA Investigation No.
7321. The reason for this request is that the U.S. Global's CEO has been on travel and unable
to respond to all of CBP's requests for information in time to meet the current deadline of
October 28, 2019. U.S. Global is a small, streamlined company with only part-time staff to
compile the requested information in Mr. Zhang's absence. After the initial collection of
information, Mr. Zhang and legal counsel must review all documents in order to fully answer
the questions contained in CBP's questionnaire.

A one-week extension will allow U.S. Global sufficient time to more completely and accurately
respond to CBP's questions and thus, in the end, save time for the further procedures in this
case. We therefore ask CBP to grant in full U.S. Global's request for an extension of time to
November 4, 2019 to submit its response to CBP's questionnaire in EAPA Investigation 7321.

Thank you for your assistance in this matter.
Best regards,
Judith

GOV0000966

Judith L. Holdsworth
deKieffer & Horgan, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C. 20005
202 783-6900
202 783-6909 (fax)
301-354-6037 (mobile)
Email: **holdsworth@dhlaw.com**
Website: http://www.dhlaw.com/

This e-mail message is confidential, may be privileged and is intended for the exclusive use of the addressee. Any other person is strictly prohibited from disclosing, distributing or reproducing it. If the addressee cannot be reached or is unknown to you, please inform us immediately and delete this e-mail message and destroy all copies. Thank you.

GOV0000967

Public Document No. 60

PR 000968

GOV0000968

LAW OFFICES OF

## deKIEFFER & HORGAN, PLLC
### 1090 VERMONT AVENUE, N.W.
### SUITE 410
### WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ
TEL 202-783-6900

AFFILIATED OFFICE:
SAARBRÜCKEN, GERMANY

GMENEGAZ@DHLAW.COM
DHLAW.COM

October 28, 2019

ELECTRONIC FILING BY EMAIL
Carlene.G.Archibal@cbp.dhs.gov

Carlene G. Archibald
Assistant Field Director
U.S. Customs and Border Protection
Office of Trade
Office of Regulatory Audit and Agency
Advisory Services

EAPA Investigation No. 7321
(Certain Hardwood Plywood)
CBP Office of Trade
POI: June 5, 2018 Onwards

**PUBLIC VERSION**

Business Proprietary information
deleted within brackets on pages 1 – 15,
18 - 19 and in Exhibits 1 - 23.

RE:    ***EAPA Con. Case No. 7321* – American Pacific Plywood Questionnaire
Response**

Dear International Trade Specialist Vandall:

On behalf of American Pacific Plywood, Inc. ("APPI"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby submit APPI's

response to CBP's questionnaire issued in the above-referenced proceeding.  We are submitting a

confidential version and a public version of APPI's response in accordance with 19 C.F.R. §§

165.4 & 165.5.

\*       \*       \*

In accordance with 19 C.F.R. § 165.4, APPI requests confidential treatment of the

information contained herein as business confidential and commercial data that is proprietary to

APPI and its suppliers, service providers, and customers.  The information contained in this

response to CBP that is marked confidential has never been released in any manner to a person

who is not an employee or in a confidential relationship with the companies.  The confidential

information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort.  Disclosure of this information would cause substantial competitive and commercial harm to APPI and its suppliers, service providers, and customers.  The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Page / Exhibit | Reason for Confidential Treatment |
|---|---|
| Pages 1 - 2 | Identification of third parties who are service providers to APPI and not a party to this investigation; |
| Pages 3 - 4 | Identification of a third party who is a supplier to APPI and not a party to this investigation; |
| Page 5 | Identification of third parties who are service providers to APPI and not a party to this investigation; specific sales information on one sale; |
| Pages 6 - 8 | Identification of third parties and the identification of their employees who provide services to APPI; APPI's internal business procedures not accessible to the general public; |
| Pages 9 - 11 | Identification of a third party who is a supplier to APPI and not a party to this investigation; specific product characteristics and specific prices; APPI's bank account information; |
| Page 12 | Specific information on APPI's business scope; |
| Page 13 | Identification of a third party who is a supplier to APPI and not a party to this investigation; |
| Pages 14 - 15 | APPI's corporate information; |
| Pages 18 - 19 | Identification of a third party who is a supplier to APPI and not a party to this investigation; |
| Exhibit 1 | Identification of third parties who are service providers to APPI and not a party to this investigation; |
| Exhibit 2 | Photographs taken by a third party not named in this investigation; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |

2

GOV0000970

| Exhibit 3 | Confidential business information that APPI obtained from a third party not named in this investigation specific to LB Wood; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because APPI is not at liberty to disclosure LB Wood's information, and LB Wood can produce its own information and designate confidential and public information; |
|---|---|
| Exhibits 4 - 5 | Report issued by APPI's supplier who is not named in this investigation; photographs taken during this supplier's trips to LB Wood; details on APPI and inspector visits to LB Wood; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibits 6 - 7 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; |
| Exhibit 8 | APPI's U.S. customers' information; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to APPI's competitive position; |
| Exhibit 9 | Identification of a third party who is a supplier to APPI and not a party to this investigation; specific business offers made by this supplier; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 10 | Details on purchases and shipments of the subject merchandise and entry numbers that, collectively in the manner presented in this document, are accessible only to APPI; |
| Exhibit 11 | Details on APPI's corporate structure, which is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because no person or entity outside the APPI organization has access to this information in the manner presented here; |
| Exhibits 12 - 14 | Details on APPI's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the APPI organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning APPI's business operations; |
| Exhibit 15 | APPI's bank statements that contains APPI's revenue and its bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning APPI's business operations; |
| Exhibits 16 - 22 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; identification of service providers and details on merchandise and terms of delivery; identification of a third party who is a supplier to APPI and not a party to this investigation; |

3

GOV0000971

| Exhibit 23 | Identification of a third party who is a supplier to APPI and not a party to this investigation; specific business offers made by this supplier and by APPI; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY. |
|---|---|

Accordingly, for the above reasons, APPI requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information."  We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Gregory S. Menegaz*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
Vivien Jinghui Wang
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

cc:     Linda Choi (linda.choi@cbp.dhs.gov)
        Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
        Victoria Cho (victoria.cho@cbp.dhs.gov)
        Kristina Horgan (kristina.horgan@cbp.dhs.gov)
        Tina Marie F. Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
        EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

PR 000972

GOV0000972

## *ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **American Pacific Plywood, Inc.,** certify the following:

(i)     All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)    Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)   I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

Signature: *[signature]*

Date: Oct. 28, 2019

*Public Version*

**CBP EAPA Case Number: 7321**
**(Certain Hardwood Plywood)**
**Period of Investigation: June 5, 2018 Onward**

AMERICAN PACIFIC PLYWOOD, INC. ("APPI")
**Questionnaire Response**
**October 28, 2019**

## Section 1: Information Required Directly from APPI

<u>General Information</u>

1.    Provide the name and a contact person for external financial auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

**Response:**    [

]

2.    Provide the name, title, email, and telephone number of the official(s) preparing information for this request for information.

**Response:**    Information preparations -    **Mark O'Brien**
**mark@appiwood.com**
**VP Sales**
**(805) 688-7919**

**John P. Bennett**
**pat@appiwood.com**

1

PR 000974

GOV0000974

EAPA Case Number: 7321                                    *Public Version*

**President**
**(805) 688-7919**

3.    Provide the name, title, email, and telephone number of the person who will be the CBP contact during the review.

      <u>**Response**</u>:  **Please contact the undersigned counsel for this EAPA Investigation.**

4.    Provide the names of all Customs brokers used, along with addresses, contact information (names, titles, emails, and telephone numbers), and powers of attorney.

      <u>**Response**</u>:  **[**                         -


]

      **Please see <u>Exhibit 1</u> for the Customs Brokers' Power of Attorney.**

5.    If your firm has a website, identify the URL address and provide a copy of the site index. Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original

2

GOV0000975

documents as well as a translation in English.

     **<u>Response</u>: APPI does not have a website.**

6.    Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter Cambodia LB Wood Cambodia (LB Wood)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from LB Wood? If so, who performed the verification? When and where was the verification performed?

     **<u>Response</u>: As a preliminary matter, APPI has been a certified partner in the C-TPAT program since 2008, and has always followed CBP's procedures and guidelines.**

     **For plywood from Cambodia, specifically, APPI was first introduced to the possibility of sourcing higher quality plywood from LB Wood Cambodia ("LB Wood") by [                                        ]. [                ] has worked with APPI for many years in finding suppliers of high-quality plywood, while also providing oversea inspection services to APPI. [                                        ], is an experienced plywood expert who has been in the hardwood plywood business for over 25 years.  Before APPI agrees to purchase from new manufacturers, [                ] supplies APPI with responses from potential manufacturers from [                ] manufacturer questionnaire that is administered by [                ].**

     **In [                        ] advised APPI that they had begun sourcing from mills in Southeast Asia to help fill APPI's needs for plywood.  [                ] sent APPI information on [        ] new potential sources including LB Wood.  Please see <u>Exhibit 3</u> for a copy of the questionnaire completed by LB Wood.  APPI was most interested in the [        ] that LB Wood was setting up.  LB Wood advised APPI that it was hiring experienced**

GOV0000976

workers to run the production.  [                                    ] visited LB Wood's factory

in [                    ] and reported to APPI that LB Wood had already installed

manufacturing equipment.  [                    ] also sent APPI photographs that he took of the

new plant, which in his opinion was a qualified supplier for APPI.  *See* <u>Exhibit 2</u>.  After

agreeing on initial price, APPI then informed [                    ] of the quantity and product

specifications for hardwood plywood that it would like to purchase for the initial

production runs.  In [                ,] APPI sent [                                        ]

of the plywood.

   On the advice of [                ], APPI's President Pat Bennett visited LB Wood in

[                    ] to inspect the production of both the [

    ] that were placed.  By then, LB wood had doubled the machinery and

expanded its capacity significantly.  On the October trip, upon arriving at the Mill, Mr.

Bennett inspected the [                    ] products and [                    ] products that LB

Wood was running on its production lines.  Mr. Bennett discussed the production process

with the production manager, who had many years of experience in running plywood

plants and was aware of APPI's quality concerns.  Mr. Bennett observed LB Wood's log

supply of [                        ] being used.  *See* <u>Exhibits 4 & 5</u>.  Mr. Bennett

has testified as an expert witness in matters regarding plywood issues over the last 30 years,

and he confirmed after his visit that LB Wood was a legitimate producer of hardwood with

experienced employees.

7.    Provide a thorough explanation of the process of importing Hardwood Plywood from
LB Wood.  Provide documentation and all correspondence records to illustrate the process
from initiating an order through payment and finalization of a transaction. Identify all

4

GOV0000977

*Public Version*

parties that had a role in import transactions during the investigatory period and explain each party's role.

**Response:  Prior to placing the orders for [                          ] from LB Wood,**

**[          ] advised APPI of the landed costs.  APPI management conferred with its sales**

**personnel, who agreed that the proposed price was acceptable.  APPI also investigated**

**further whether LB Wood's plywood quality would justify its price.  APPI's Vice President**

**for Sales, Mr. Mark O'Brien, calculated the landed costs into each port, and then decided**

**the quantities and product types to bring into each port. The range of products that Mr.**

**O'Brien decided to order was based on information from APPI's main sales personnel's**

**(see below) advice on what they could sell based on the proposed prices.**

**[**



**]**

**After reviewing the plywood needed, Mr. O'Brien sent an Order List by purchase**

**order ("PO") reference and port of discharge for each of the items.  [**



**].  After the PO was generated, Mr. O'Brien sent the order to**

**[          ] for acceptance.  After [            ] accepted the PO, APPI [**



**].  Before the shipment of the orders, [              ] arranged for**

5

PR 000978

GOV0000978

*Public Version*

one of their inspection agents or [                    ], if available, to inspect the production

quality at LB Wood.

      [            ] then sent [                        ] to APPI [        ].  The entry

and delivery also followed APPI's normal procedures: one of APPI's sales staff gathers the

[                    ] information and sends it to the customs broker, in this case [

                                    ]. A few days later, APPI receives a

copy of the documents and maintains them in its records, and then waits for the shipping

line arrival notice information.  For this order, when the arrival notice was received,

[



            ].

      The broker electronically entered the information for the shipment into the

Customs database and reviewed the 10+2 ISF information to ensure that it was correct.

The broker also electronically entered the Lacey Act information for the shipment and

typed up a Delivery Order. Once all the fees were confirmed and the B/L released from the

shipping lines, APPI procured a Customs and Line Release at the terminal that allowed the

drayage line to deliver the container [

            ].

      If the product is devanned at [                    ], then APPI receives an email with

crate numbers and items that have been delivered on the PO.  After confirmed with APPI,

[                                    ] to keep track

6

GOV0000979

EAPA Case Number: 7321                                    *Public Version*

**of every shipment.  The specific salesperson is then advised that the plywood is ready for**

**shipment. The sales order is written up by the sales staff in a sales working folder for each**

**customer order.  Sales personnel also produce [**


**].**

**If the container [**



**], the order files**

**are given to the accounting department for processing an invoice.  From the sales order**

**file, the information is input into APPI's [                    ] and an invoice is created.**

**The invoice is then mailed out to the appropriate customer.  Please see** <u>**Exhibit 6**</u> **for the**

**documentation on [          ].**

8.    Identify the location(s) of your records.

    <u>**Response**</u>**:  APPI keeps its records at [                    ].**

9.    Identify the source of records and information used to file a CBP entry. Explain how
they are created, maintained, and transferred. Provide copies of any written operating
procedures and internal controls over record production and retention.

    <u>**Response**</u>**:  Please refer to APPI's response to Question 7 above.  Please see** <u>**Exhibit 7**</u>

**for all records supplied to broker [              ]:**

      **[**

7

GOV0000980

EAPA Case Number: 7321                                                    *Public Version*

].

**All files are secured in locked cabinets for seven years after the shipment.**

10.   Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party to whom they are paid and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, please explain how associated transactions are tracked/maintained.

   <u>Response</u>: **There are no additional payments.**

11.   Identify buyers of the Hardwood Plywood imported by APP. Provide points of contact for each buyer (Company Name, Address, Point of Contact, and Email).

   <u>Response</u>: **Please see <u>Exhibit 8</u>.**

12.   Please provide an explanation on how you identified LB Wood as a supplier of hardwood plywood?

   <u>Response</u>:  **Please review APPI's response to Question 6 above.**

13.   How did you negotiate and determine a price for the imported plywood merchandise with LB Wood? If the price was in fact competitive with Chinese hardwood plywood, did you further investigate to verify the origin of the product?

   <u>Response</u>:  **For plywood manufactured by LB Wood, APPI [**

**].**

**The FOB price of plywood manufactured by LB Wood [**

**].**

**The "LB Wood price" [**

**].  Please see <u>Exhibit 9</u> for email offers from [                    ] for LB**

8

GOV0000981

*Public Version*

**Wood Products.**

14.    Identify and explain any transactions where the resale, disposal or use of the imported merchandise by your company is restricted or hampered in any way by the foreign vendor or any third party.

  **Response:  There are no restrictions on resale.**

15.    Please provide a complete description and quantity of merchandise imported as Hardwood Plywood. Include specifications such as dimensions, weight, use and place in the market including pricing information. (How much it cost to acquire and the selling price).

  **Response:  The plywood products that APPI purchased from [                    ]**

**manufactured by LB Wood were as follows:**

  [



                              ].

***Description and Costs of LB Wood [          ] products –***

  [




9

GOV0000982

EAPA Case Number: 7321                                    *Public Version*

PR 000983

GOV0000983

*Public Version*

]

16.    Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood plywood imported since June 5, 2018. Please provide a description of how your company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking the overseas supplier for the Genus/species of materials used in the production of hardwood plywood, checking botanical resources, checking with foreign government authorities, confirming that source companies operate legally and are licensed or certified, etc.).

   **Response:  Please see Exhibit 10 for the Lacey Act Declarations.  The Lacey Act**

**information is electronically entered by brokers using the information on the actual**

**shipping documents.  From the beginning, APPI was advised that LB Wood was using**

**[                                                        ], which are not endangered species that the**

**Lacey Act was enacted to protect, so there was no red flag.**


17.    What bank accounts are used to transfer funds to foreign exporters, manufacturers, intermediaries/middlemen and receive funds for sales of imported merchandise? Please provide the bank name, account name (account holder), and account number(s).

   **Response:**

   [



                        ]



Customs Compliance:

I.    Who is responsible for Customs Compliance? Does he/she have training or knowledge about antidumping duty(ADD)?

11

GOV0000984

*Public Version*

     **Response:  Mr. O'Brien, with guidance and help from APPI's experienced customs broker assigned to the specific port for a specific entry, is mainly responsible for customs compliance. APPI has been a member of the Imported Wood Panel Association (IWPA) for many years.  Mr. O'Brien routinely receives advice from the Association on the latest news in the plywood industry on ADD issues.**

2.    Do you have a policies and procedures manual for Customs related operations?

     **Response:  APPI is a small company and does not have a written manual for customs related operations.  Mr. O'Brien and Mr. Bennett discuss policies and procedures whenever an issue arises.  Moreover, being a member of the IWPA, APPI routinely receives updates on customs related matters.**

3.    Do you have written policies and procedures related to ADD? (If so, are they approved by Management? Do you review and update them periodically?)

     **Response:  Please see response to Question 2 above.**

4.    Do you maintain a database or listing of products that are subject to ADD?

     **Response:  APPI has no database or listings for products that are subject to antidumping duties.  APPI [**

               **].  APPI's experienced customs brokers, along with the Association, keep APPI well informed on relevant issues.**

5.    Have you identified any risks related to ADD (for example violating manufacturers/vendors?) Have you implemented control mechanisms for the ADD risks identified?

PR 000985

GOV0000985

*Public Version*

**Response:  APPI is vigilant about possible ADD violators.  APPI monitors other sellers' prices on the open market and distances itself from a seller and its suppliers if APPI estimates that the plywood product is being sold at a price lower than APPI believes is reasonable for the type of product and source.**

6.    How do you make sure that information declared to CBP is accurate (including ADD)?

**Response: [          ] supplies CBP with the product's Certificate of Origin documents and other documents such as TSCA Title VI CARB certifications, for which APPI has reviewed its sources.**

Corporate Structure and Affiliations
**(For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1.    The term affiliated persons1 (affiliates) includes: (1) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review examples of situations which may indicate control include (but are not limited to): (a)joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub)contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

    a.  Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.

13

GOV0000986

EAPA Case Number: 7321                                                *Public Version*

**Response**:  Please see **Exhibit 11** for APPI's Organization Chart.


b.    Provide a list of all the production facilities, sales office locations, research and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

**Response: APPI [**                                        **] 414 First St, Solvang, CA 93463;**

[                                        ].


c.    Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

**Response: APPI has no parent company or affiliations.**


d.    Provide a list of: (1) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock;(2) the ten shareholders with the highest ownership percentage of your company;(3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation *(e.g.,* shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise

14

GOV0000987

EAPA Case Number: 7321                                          *Public Version*

under investigation.

    **Response:** [                                                    ].


    e.    State whether your company is part of a group. Examples of groups include: (1) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

    **Response: APPI is not part of a group.**


If your company is part of a group, provide:

    i. An organization chart of the companies in the group.

    **Response: Not applicable because APPI is not part of a group.**


    ii. The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

    **Response:  Not applicable.**


    iii. The names of the officers, director and managers of each company in the group and indicate whether any of them is also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group. Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

    **Response: Not applicable.**


    a. State whether your company is under "common control" with another person by a

PR 000988

GOV0000988

third person *(e.g.,* a family group or investor group) and/or whether your company and another person commonly control a third person *(e.g.,* a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers. If there is such a relationship, describe the nature of the relationship *(e.g.,* ownership percentage, common officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

**Response**: **APPI is not under "common control" with another person by a third**

**person nor control a third person with another person.**

   b. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership *(e.g.,* the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations *( e.g.,* shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

**Response: Not applicable because APPI does not have any affiliates.**

   c. Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale and/or distribution of the merchandise under investigation which the Department may also consider affiliated with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time

PR 000989

GOV0000989

EAPA Case Number: 7321                                      *Public Version*

your company has had a relationship with a supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other relationships between your company and the other person (e.g., director/manager relationships).[2]

> **Response**: **Not applicable because APPI does not have any affiliates.**

I.    Identify all business transactions that may directly or indirectly affect the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above).

Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

> **Response**:  **Not applicable because APPI does not have any affiliates.**

j.    Please explain the company's affiliation with LB Wood if not responded to previously.

> **Response**: **APPI is not affiliated with LB Wood.**

Accounting/Financial Practices

Please provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and unconsolidated financial statements (including any footnotes and auditor's opinion); (2) internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business; (3) financial statements or other relevant documents (*i.e.,* profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; (4) any financial statement or other financial report filed in the United States.

Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information

PR 000990

GOV0000990

*Public Version*

1.      Please provide us with a Chart of Accounts used by your company or other description of how the company accounts for assets, liabilities, equity, income, or expenses.

    **Response: Please see <u>Exhibit 12</u>.**


2.      Please provide all accounts payable records (including beginning and ending trial balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, please provide all such information that would ordinarily be recorded in an accounts payable as maintained. Please distinguish transactions for domestic companies from those for foreign companies.

    **Response:  Please see <u>Exhibit 13</u>.  APPI has highlighted all LB Wood related**

**transactions.**


3.      Likely as a subset of the information provided immediately above, please provide an excel spreadsheet listing all monetary transactions (including open liabilities - accounts and notes) between APP and parties involved in procuring Hardwood Plywood. Note: Transactions should not be limited to those for imports of Hardwood Plywood. Rather, they should include all transactions between the company and anyone involved in the transactions in the section below labeled <u>Pertinent Purchase/Procurement, Sales, and Documentation Requests.</u>

    **Response:  Please see <u>Exhibit 14</u> for an excel spreadsheet listing all transactions**

**between APPI and [                ] with transactions of plywood manufactured by LB Wood**

**highlighted.**


4.      Please provide us with copies of all company bank statements from June 5, 2018 onward. Please highlight all payments to and from domestic and foreign companies relating to imported merchandise).

    **Response:  Please see <u>Exhibit 15</u> for APPI's Bank Statements from July 2017 thru**

**January 2019.  APPI has highlighted all payments related to imported plywood.**

GOV0000991

EAPA Case Number: 7321                                          *Public Version*

<u>Pertinent Purchase/Procurement, Sales, and Documentation Requests</u>
**Note: The following questions apply to imports of Hardwood Plywood purchased from LB Wood on/after June 5, 2018.**

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)
- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from APP after import)
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) for entire shipment process above - from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale
- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for APP 's sales of imported Hardwood Plywood.

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**Response:  Please see <u>Exhibit 16</u> for all 7501 forms.  APPI does not have 3461 forms as they are replaced by ACE transmissions.  APPI submits all commercial invoices, packing lists, bills of lading, POs, and proof of payment in <u>Exhibit 17</u>.  APPI submits**

PR 000992

GOV0000992

**transport and release document in** <u>**Exhibit 18**</u>**, transport and payment information in**

<u>**Exhibit 19**</u>**, freight proof of payment [                                    ] in** <u>**Exhibit 20**</u>**, LB Wood's**

**business license and EPA certificate in** <u>**Exhibit 21**</u>**, and APPI's U.S. sales in** <u>**Exhibit 22**</u>**.**

**APPI submits available correspondence related to LB Wood orders in** <u>**Exhibit 23**</u>**.**

      **Please refer to** <u>**Exhibit 10**</u> **for all Lacey Act Declarations.**

PR 000993

GOV0000993

**CBP EAPA Case Number: 7321**

**AMERICAN PACIFIC PLYWOOD, INC. ("APPI")**

**October 28, 2019**

**EAPA Questionnaire**

**Exhibit List**

| | |
|---|---|
| Exhibit 1 | Customs Broker Power of Attorney |
| Exhibit 2 | January 2018 Trip |
| Exhibit 3 | LB Wood Questionnaire |
| Exhibit 4 | October 2018 Trip Memo and Photographs |
| Exhibit 5 | October 2018 Trip Inspection Photographs |
| Exhibit 6 | Order Process Documentation |
| Exhibit 7 | Broker Entry Documentation |
| Exhibit 8 | U.S. customers |
| Exhibit 9 | Pricing Emails |
| Exhibit 10 | Lacey Act |
| Exhibit 11 | Organization Chart |
| Exhibit 12 | 2017 & 2018 & 2019 YTD Financial Documents |
| Exhibit 13 | 2017 & 2018 & 2019 YTD P&L |
| Exhibit 14 | Excel Spreadsheet |
| Exhibit 15 | Bank Statements |
| Exhibit 16 | CBP 7501 Forms |
| Exhibit 17 | Sales Packages |
| Exhibit 18 | Transport and Release Document |
| Exhibit 19 | Transport and Payment Information |

| | |
|---|---|
| Exhibit 20 | Freight Proof of Payment |
| Exhibit 21 | Business License and EPA Cert |
| Exhibit 22 | U.S. sales |
| Exhibit 23 | Sales Correspondence |

PR 000995

GOV0000995

# Exhibit 1

# Customs Broker Power of Attorney

PR 000996

GOV0000996

# EXHIBIT NOT SUSCEPTIBLE TO
# PUBLIC SUMMARY

PR 000997

GOV0000997

Exhibit 2

January 2018 Trip

PR 000998

GOV0000998

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 000999

GOV0000999

# Exhibit 3

# LB Wood Questionnaire

PR 001000

# EXHIBIT NOT SUSCEPTIBLE TO PUBLIC SUMMARY

# Exhibit 4

# October 2018 Trip Memo and Photographs

PR 001002

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001003

GOV0001003

Exhibit 5

October 2018 Trip Inspection Photographs

GOV0001004

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001005

GOV0001005

# Exhibit 6

# Order Process Documentation

PR 001006

GOV0001006

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PUBLIC VERSION

**AMERICAN**
**PACIFIC**
**PLYWOOD, INC.**

P.O. Box 8
Solvang, California 93464
(805) 688-7919    (805) 688-2956 FAX

## PURCHASE ORDER

DATE:                                                P.O. #:

TO:                                      SHIP TO: APPI /

| SHIP VIA | ROUTING | SHIP DATE | TERMS |
|----------|---------|-----------|-------|
|          | CAMBODIA/ |         |       |

| QTY/PCS | SF | DESCRIPTION | PRICE PER MSF | AMOUNT |
|---------|----|-------------|---------------|--------|
|         |    |             |               |        |

BY: _____

AMERICAN PACIFIC PLYWOOD, INC

GOV0001008

PUBLIC VERSION

# IMPORTER SECURITY FILING

Must be received no later than 5 business days prior to date of lading.

| Shipment Information: | APPI REF: | | Date: | |
|---|---|---|---|---|
| Port of Lading: | | ,CAMBODIA | Importer Ref # : | |
| Vessel Name: | | | | |
| Departure Date: | | | Port of Entry: | |
| Est. Arrival Date | | | Notes: | |
| Country of Origin: | | CAMBODIA | | |
| Port of Unlading: | | | | |
| B/L Number(s): House: | | | | |
| Master: | | | | |

| Seller Name and Address: | Buyer Name / Address /IRS #: |
|---|---|
| | AMERICAN PACIFIC PLYWOOD, INC.<br>414 FIRST ST<br>SOLVANG, CALIFORNIA  93463  USA |

| Manufactures*(Supplier) Name/Address:   [   ]same as Seller | Importer Name / IRS #:          [ X ]Same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Cont. Stuffing Location Name/Address:    [    ]same as Seller | Consignee Name/Address /IRS#:    [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Consolidator Name and Address:     [    ]same as Seller | Ship to Name and Address:          [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Commodity HTSUS Number(s):     (6, 8, 10 digits) | Completed By |
|---|---|
| | Company Name: |
| | Name: |
| | Email: |
| | Signature: |

*Attach a supplement sheet for additional Manufacturers/commodities

GOV0001009

PUBLIC VERSION

# IMPORTER SECURITY FILING

Must be received no later than 5 business days prior to date of lading.

| Shipment Information: | APPI REF: | | Date: | |
|---|---|---|---|---|
| Port of Lading: | | CAMBODIA | Importer Ref # : | |
| Vessel Name: | | | | |
| Departure Date: | | | Port of Entry: | |
| Est. Arrival Date | | | Notes: | |
| Country of Origin: | | CAMBODIA | | |
| Port of Unlading: | | | | |
| B/L Number(s): House: | | | | |
| Master: | | | | |

| Seller Name and Address: | Buyer Name / Address /IRS #: |
|---|---|
| | AMERICAN PACIFIC PLYWOOD, INC. |
| | 414 FIRST ST |
| | SOLVANG, CALIFORNIA 93463 USA |
| | IRS # |

| Manufactures*(Supplier) Name/Address:   [   ]same as Seller | Importer Name / IRS #:          [ X ]Same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Cont. Stuffing Location Name/Address:   [   ]same as Seller | Consignee Name/Address /IRS#:     [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Consolidator Name and Address:      [   ]same as Seller | Ship to Name and Address:        [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Commodity HTSUS Number(s):      (6, 8, 10 digits) | Completed By |
|---|---|
| | Company Name: |
| | Name: |
| | Email: |
| | Signature: |

*Attach a supplement sheet for additional Manufacturers/commodities

PUBLIC VERSION

# INVOICE

TO:   AMERICAN PACIFIC PLYWOOD INC.
      414 FIRST ST.SOLVANG, CA93463
SHIPPED PER:
FROM:                    CAMBODIA

INVOICE NO.:
DATE:
SAILED ON:
TO:

| ORDER NO. | DESCRIPTION | QUANTITY（PCS/MSF/M3） | UNIT PRICE/MSF | AMOUNT(USD) |
|---|---|---|---|---|
| | | | | CAMBODIA |

PR 001011

GOV0001011

PUBLIC VERSION

# PACKING LIST

TO: AMERICAN PACIFIC PLYWOOD INC.
    414 FIRST ST.SOLVANG, CA93463
SHIPPED PER:
FROM:             CAMBODIA

INVOICE NO.:
DATE:
SAILED ON:
TO:

| C/NO. | PO | DESCRIPTION OF GOODS | QUANTITY | | | G.W. | M3 | MSF |
|-------|----|--------------------|----------|------|------|------|----|-----|
| | | | PCS/CRT | CRTS | PCS | KGS | M3 | MSF |
| | | TOTAL | | CRTS | PCS | KGS | M3 | MSF |

SHIPPING MARK:

PR 001012

PUBLIC VERSION

# PROFORMA

SEA WAYBILL

| 1. Shipper    Insert Name Address and Phone/Fax | | Booking No. | Sea Waybill No. |
|---|---|---|---|
| LB WOOD (CAMBODIA) CO.,LTD<br>D44 20,SIHANOUK PROVINCE,KINDOM OF<br>CAMBODIA | | Export References | |

| 2. Consignee    Insert Name Address and Phone/Fax | Forwarding Agent and References<br>FMC/CHB No. |
|---|---|
| AMERICAN PACIFIC PLYWOOD,INC.<br>414 FIRST ST. SOLVANG, CA 93464 | |
| | Point and Country of Origin |

| 3. Notify Party    Insert Name Address and Phone/Fax | (It is agreed that no responsibility shall attach<br>to the Carrier or his agents for failure to notify) | Also Notify Party-routing & Instructions |
|---|---|---|
| SAME AS CONSIGNEE | | |

| 4. Combined Transport*    Pre-Carriage by | 5. Combined Transport*    Place of Receipt | |
|---|---|---|
| 6. Ocean Vessel Voy. No. | 7. Port of Loading         CAMBODIA | Service Contract No. | Commodity Code |
| 8. Port of Discharge | 9. Combined Transport*    Place of Delivery | Type of Movement |

| Marks & Nos.<br>Container / Seal No. | No. of Container<br>or Packages | Description of Goods (If Dangerous Goods, See Clause 20) | Gross Weight | Measurement |
|---|---|---|---|---|
| | | | | |

Declared Cargo Value US$

Description of Contents for Shipper's Use Only (Not part of This Sea Waybill Contract)

10. Total Number of Containers and/or Packages (in words)<br>Subject to Clause 7 Limitation

| 11.    Freight & Charges | Revenue Tons | Rate | Per | Amount | Prepaid Collect | Freight & Charges Payable at / by |
|---|---|---|---|---|---|---|
| | | | | | | |

GOV0001013

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001014

GOV0001014

Exhibit 7

Broker Entry Documentation

PR 001015

GOV0001015

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 001016

GOV0001016

# Exhibit 8

# U.S. customers

PR 001017

GOV0001017

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

Exhibit 9

Pricing Emails

PR 001019

GOV0001019

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001020

Exhibit 10

Lacey Act

PR 001021

GOV0001021

SECTION #1                                                        Lacey Act Into

## Lacey Act Copies for _____ / LB WOOD SHIPMENTS -

| Order No. | ETD | Cargo Description | | | Port of Discharge |
|---|---|---|---|---|---|
| | | Specie | Thickness/Size | Grade | |

*Item*

**PUBLIC VERSION**

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
. Exp. Date:

## SECTION 1 - Shipment Information

**Plant and Plant Product Declaration Form**

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

APHIS

**U.S. DEPARTMENT OF AGRICULTURE**
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER: ☐ See Attachment

4. BILL OF LADING:

5. MID:

6. IMPORTER NAME: AMERICAN PACIFIC PLYWOOD INC

7. IMPORTER ADDRESS: 414 FIRST STREET SOLVANG CA 93463

8. CONSIGNEE NAME:

9. CONSIGNEE ADDRESS:

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/ COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus | Species | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

I certify under penalty of perjury that to the best of my knowledge and belief, the information furnished is true and correct.

Preparer's Phone Number and Area Code    Signature    Type or Print Name    Date

Knowingly making a false statement in this Declaration for importation may subject the declarant to criminal penalties in accordance with 18 U.S.C. 3372(m)

Version 08-15-2011-0856
PPQ FORM 505
AUGUST 2011

PR 001023

Page 1

GOV0001023

GOV0001024

PUBLIC VERSION

PR 001025

GOV0001025

*Item*

PUBLIC VERSION

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
Exp. Date:

## SECTION 1 – Shipment information

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

APHIS

**U.S. DEPARTMENT OF AGRICULTURE**
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER: ☐ See Attachment

4. BILL OF LADING:

5. MID:

6. IMPORTER NAME: AMERICAN PACIFIC PLYWOOD INC

7. IMPORTER ADDRESS: 414 FIRST STREET SOLVANG CA-93463

8. CONSIGNEE NAME:

9. CONSIGNEE ADDRESS:

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 – Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/ COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus    Species | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

...ef, the information furnished is true and correct.

Signature                Type or Print Name                Date

Knowingly making a false statement in this Declaration for importation may subject the declarant to criminal penalties in accordance with 18 U.S.C. 3372(d)

Version 08-15-2011-0856
PPQ FORM 505
AUGUST 2011

PR 001026

Page 1

GOV0001026

PR 001027

GOV0001027

PUBLIC VERSION

PR 001028

GOV0001028

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001029

Exhibit 11

Organization Chart

PR 001030

GOV0001030

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 001031

GOV0001031

Exhibit 12

2017 & 2018 & 2019 YTD Financial
Documents

PR 001032

GOV0001032

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001033

GOV0001033

Exhibit 13

2017 & 2018 & 2019 YTD P&L

PR 001034

GOV0001034

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 001035

GOV0001035

Exhibit 14

Excel Spreadsheet

PR 001036

GOV0001036

EAPA Case # 7321



AMERICAN
PACIFIC
PLYWOOD, INC.

P.O. Box 8
Solvang, California 93464

PR 001037

GOV0001037

| PO No | Invoice No | CTN | Loading Port | Destination | Value(US$ | Freight(USD | Total Amount(US$ | Ship Date | Account Receivable | B/L # | Release Date | ETA |
|-------|-----------|-----|--------------|-------------|-----------|-------------|------------------|-----------|-------------------|-------|--------------|-----|

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001039

GOV0001039

# Exhibit 15

# Bank Statements

PR 001040

GOV0001040

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001041

GOV0001041

Exhibit 16

CBP 7501 Forms

PR 001042

GOV0001042

PUBLIC VERSION

EAPA CASE #7321



**AMERICAN
PACIFIC
PLYWOOD, INC.**

P.O. Box 8
Solvang, California 93464

 #1    FORM 7501
LB WOOD Shipments

PR 001043

GOV0001043

PUBLIC VERSION

Form Approved OMB No. 1651-0022
EXP. 08-31-2014

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**
**ENTRY SUMMARY**

| 1. Filer Code/Entry No. | | 2. Entry Type | 3. Summary Date |
|---|---|---|---|
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date |

| 8. Importing Carrier | 9. Mode of Transport | 10. Country of Origin | 11. Import Date |
|---|---|---|---|
| 12. B/L or AWB No. | 13. Manufacturer ID | 14. Exporting Country | 15. Export Date |
| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading | 20. U.S. Port of Unlading |
| 21. Location of Goods/G.O. No. | 22. Consignee No. | 23. Importer No. | 24. Reference No. |

25. Ultimate Consignee Name and Address
AMERICAN PACIFIC PLYWOOD INC.
414 FIRST AVE

26. Importer of Record Name and Address
AMERICAN PACIFIC PLYWOOD INC.
414 FIRST AVE

City SOLVANG    State CA    Zip 93465

City SOLVANG    State CA    Zip 93465

| 27. Line No. | 28. Description of Merchandise | | | 32. A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax |
|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Grossweight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | | | Dollars    Cents |

PR 001044

GOV0001044

PUBLIC VERSION

# IMPORTER SECURITY FILING

Must be received no later than 5 business days prior to date of lading.

| Shipment Information: | APPI REF: | | Date: | |
|---|---|---|---|---|
| Port of Lading: | | CAMBODIA | Importer Ref # : | |
| Vessel Name: | | | | |
| Departure Date: | | | Port of Entry: | |
| Est. Arrival Date | | | Notes: | |
| Country of Origin: | | CAMBODIA | | |
| Port of Unlading: | | | | |
| B/L Number(s): House: | | | | |
| Master: | | | | |

| Seller Name and Address: | Buyer Name / Address /IRS #: |
|---|---|
| | AMERICAN PACIFIC PLYWOOD, INC. |
| | 414 FIRST ST |
| | SOLVANG, CALIFORNIA 93463 USA |
| | IRS # |

| Manufactures*(Supplier) Name/Address:    [   ]same as Seller | Importer Name / IRS #:              [ X ]Same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Cont. Stuffing Location Name/Address:    [   ]same as Seller | Consignee Name/Address /IRS#:       [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Consolidator Name and Address:    [   ]same as Seller | Ship to Name and Address:              [ X ]same as buyer |
|---|---|
| LB WOOD (CAMBODIA) CO., LTD | |

| Commodity HTSUS Number(s):    (6, 8, 10 digits) | Completed By |
|---|---|
| | Company Name: |
| | Name: |
| | Email: |
| | Signature: |

*Attach a supplement sheet for additional Manufacturers/commodities

PUBLIC VERSION

Form Approved OMB No. 1651-0022
EXP. 08-31-2014

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**
**ENTRY SUMMARY**

| | |
|---|---|
| 1. Filer Code/Entry No. | 2. Entry Type | 3. Summary Date |
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date |

| 8. Importing Carrier | 9. Mode of Transport | 10. Country of Origin | 11. Import Date |
| 12. B/L or AWB No. | 13. Manufacturer ID | 14. Exporting Country | 15. Export Date |
| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading | 20. U.S. Port of Unlading |
| 21. Location of Goods/G.O. No. | 22. Consignee No. | 23. Importer No. | 24. Reference No. |

25. Ultimate Consignee Name and Address

AMERICAN PACIFIC PLYWOOD INC.
414 FIRST AVE

City SOLVANG    State CA    Zip 93463

26. Importer of Record Name and Address

AMERICAN PACIFIC PLYWOOD INC.
414 FIRST AVE

City SOLVANG    State CA    Zip 93463

| 27. Line No. | 28. Description of Merchandise | | | 32. | | | |
|---|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Grossweight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax Dollars | Cents |

PR 001046

GOV0001046

# IMPORTER SECURITY FILING

Must be received no later than 5 business days prior to date of lading.

| | | |
|---|---|---|
| **Shipment Information:** | APPI REF: | **Date:** |
| **Port of Lading:** | CAMBODIA | **Importer Ref # :** |
| **Vessel Name:** | | |
| **Departure Date:** | | **Port of Entry:** |
| **Est. Arrival Date** | | **Notes:** |
| **Country of Origin:** | CAMBODIA | |
| **Port of Unlading:** | | |
| **B/L Number(s): House:** | | |
| **Master:** | | |

**Seller Name and Address:**

**Buyer Name / Address /IRS #:**
AMERICAN PACIFIC PLYWOOD, INC.
414 FIRST ST
SOLVANG, CALIFORNIA 93463 USA
IRS #

**Manufactures*(Supplier) Name/Address:    [  ]same as Seller**
LB WOOD (CAMBODIA) CO., LTD

**Importer Name / IRS #:        [ X ]Same as buyer**

**Cont. Stuffing Location Name/Address:     [  ]same as Seller**
LB WOOD (CAMBODIA) CO., LTD

**Consignee Name/Address /IRS#:     [ X ]same as buyer**

**Consolidator Name and Address:        [  ]same as Seller**
LB WOOD (CAMBODIA) CO., LTD

**Ship to Name and Address:        [ X ]same as buyer**

**Commodity HTSUS Number(s):     (6, 8, 10 digits)**

**Completed By**
**Company Name:**

**Name:**
**Email:**
**Signature:**

*Attach a supplement sheet for additional Manufacturers/commodities

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001048

GOV0001048

Exhibit 17

Sales Packages

PR 001049

GOV0001049

PUBLIC VERSION

# INVOICE

TO:   AMERICAN PACIFIC PLYWOOD INC.
      414 FIRST ST.SOLVANG. CA93463
SHIPPED PER:
FROM:                        CAMBODIA

INVOICE NO.:
DATE:
SAILED ON:
TO:

| ORDER NO. | DESCRIPTION | QUANTITY（PCS/MSF/M3) | UNIT PRICE/MSF | AMOUNT(USD) |
|-----------|-------------|----------------------|----------------|-------------|
|           |             |                      |                | ,CAMBODIA   |

PR 001050

GOV0001050

PUBLIC VERSION

# PACKING LIST

TO: AMERICAN PACIFIC PLYWOOD INC.
414 FIRST ST.SOLVANG, CA93463
SHIPPED PER:
FROM:                    ,CAMBODIA

INVOICE NO.:
DATE:
SAILED ON:
TO:

| C/NO. | PO | DESCRIPTION OF GOODS | QUANTITY | | | G.W. | M3 | MSF |
|-------|----|-----------------------|----------|------|------|------|-----|-----|
|       |    |                       | PCS/CRT | CRTS | PCS | KGS | M3 | MSF |
|       |    |                       | TOTAL    |      |      |      |     |     |
|       |    |                       |          | CRTS | PCS | KGS | M3 | MSF |

SHIPPING MARK:

GOV0001051

**PUBLIC VERSION**

# PROFORMA

| | SEA WAYBILL | |
|---|---|---|
| 1. Shipper    Insert Name Address and Phone/Fax | Booking No. | Sea Waybill No. |

1. Shipper    Insert Name Address and Phone/Fax

LB WOOD (CAMBODIA) CO.,LTD
D44 20,SIHANOUK PROVINCE,KINDOM OF
CAMBODIA

Export References

2. Consignee    Insert Name Address and Phone/Fax

AMERICAN PACIFIC PLYWOOD,INC.
414 FIRST ST. SOLVANG, CA 93464

Forwarding Agent and References
FMC/CHB No.

Point and Country of Origin

3. Notify Party    Insert Name Address and Phone/Fax    [It is agreed that no responsibility shall attach to the Carrier or his agents for failure to notify]

SAME AS CONSIGNEE

Also Notify Party-routing & Instructions

| 4. Combined Transport*    Pre-Carriage by | 5. Combined Transport*    Place of Receipt |
|---|---|
| 6. Ocean Vessel Voy. No. | 7. Port of Loading     CAMBODIA | Service Contract No. | Commodity Code |
| 8. Port of Discharge | 9. Combined Transport*    Place of Delivery | Type of Movement |

| Marks & Nos. Container / Seal No. | No. of Container or Packages | Description of Goods (If Dangerous Goods, See Clause 20) | Gross Weight | Measurement |
|---|---|---|---|---|

Declared Cargo Value US$

Description of Contents for Shipper's Use Only (Not part of This Sea Waybill Contract)

10. Total Number of Containers and/or Packages (in words) Subject to Clause 7 Limitation

| 11.    Freight & Charges | Revenue Tons | Rate | Per | Amount | Prepaid | Collect | Freight & Charges Payable at / by |
|---|---|---|---|---|---|---|---|

PR 001052

GOV0001052



## AMERICAN PACIFIC PLYWOOD, INC.

P.O. Box 8
Solvang, California 93464

(805) 688-7919    (805) 688-2956 FAX

## PURCHASE ORDER

DATE:                                                           P.O. #:

    TO:                                          SHIP TO: APPI

| SHIP VIA | ROUTING | SHIP DATE | TERMS |
|----------|---------|-----------|-------|
|          | CAMBODIA |          |       |

| QTY/PCS | SF | DESCRIPTION | PRICE PER MSF | AMOUNT |
|---------|----|-------------|---------------|--------|
|         |    |             |               |        |

BY: _____

AMERICAN PACIFIC PLYWOOD, INC

PR 001053

GOV0001053

THE FOLLOWING PAGE CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001054

GOV0001054

PUBLIC VERSION

## PURCHASE ORDER

TO:LB WOOD(CAMBODIA) CO.,LTD

DATE:

PO NO. :

| PO NO. | Specification | | | GRADE | Pcs/crt | Crts | Pcs | Volume (m3) | USD/M3 | Total Amount USD |
|---|---|---|---|---|---|---|---|---|---|---|
| | T | W | L | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

PR 001055

GOV0001055

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP
DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.

## COMMERCIAL INVOICE

TO:

INVOICE NO.
DATE:
PAYMENT:
PO NO.:
TO:

FROM:    CAMBODIA
SHIPPED PER:    SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q ' TY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | PRICE TERM:      CAMBODIA | | | |
| PO#: | | | | |
| | TOTAL: | | | |

Pls remit the dollars to

Customer's Bank :

Customer(beneficiary):
Account Number:

(Name) :LB WOOD(CAMBODIA) CO., LTD.



PR 001056

GOV0001056

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP
DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.

## PACKING LIST

TO:

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:
TO:

FROM:            CAMBODIA
SHIPPED PER:                                                    SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q'TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|------|-----------|-----------|
| PO#: | | | | |
| | TOTAL: | | | |



GOV0001057

PUBLIC VERSION

ORIGINAL

| 1. Exporter (name, full address, country) | Reference | |
|---|---|---|
| LB WOOD (CAMBODIA) CO., LTD<br>D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE,<br>212KM NATIONAL ROAD 4, PREY NOP DISTRICT,<br>SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.<br>TEL: + (855)96 336 0948 | **CERTIFICATE OF ORIGIN** | |

| 2. Consignee (name, full address, country) | 4. Country of Origin | 5. Country of destination |
|---|---|---|
| | *Kingdom of Cambodia* | USA |

| 3. Place and date of shipment - Means of transport | 6. Supplementary details |
|---|---|
| | |

| 7. Mark and numbers | 8. Number and kind of packages, description of goods | 9. Quantity | 10    Value US$ |
|---|---|---|---|
| | | | |

**11. CERTIFICATION BY THE COMPETENT AUTHORITY**
I, the undersigned, certify that the goods described above originated in the country shown in box 4.

Representative of The Minister of Commerce
of the Kingdom of Cambodia
Sihanouk Ville Special Economic Zone
Deputy Director

**12. Competent authority:**
Ministry of Commerce
Lot 19-61, MOC Road (113B Road), Phum Teuk Thla, Sangkat
Teuk Thla, Khand Sen Sok, Phnom Penh,

PR 001058

GOV0001058

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001059

# Exhibit 18

# Transport and Release Document

PR 001060

GOV0001060

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001061

GOV0001061

# Exhibit 19

# Transport and Payment Information

PR 001062

GOV0001062



# AMERICAN
## PACIFIC
### PLYWOOD, INC.

P.O. Box 8
Solvang, California 93464

TRANSPORTATION + PAYMENTS

GOV0001063

PUBLIC VERSION

## PROFORMA

| 1. Shipper    Insert Name Address and Phone/Fax | SEA WAYBILL |
|---|---|
| LB WOOD (CAMBODIA) CO.,LTD<br>D44 20,SIHANOUK PROVINCE,KINDOM OF<br>CAMBODIA | Booking No.        Sea Waybill No.<br><br>Export References |

| 2. Consignee    Insert Name Address and Phone/Fax | Forwarding Agent and References<br>FNC/CHB No. |
|---|---|
| AMERICAN PACIFIC PLYWOOD,INC.<br>414 FIRST ST. SOLVANG, CA 93464 | |
| | Point and Country of Origin |

| 3. Notify Party    Insert Name Address and Phone/Fax | (It is agreed that no responsibility shall attach to the Carrier or his agents for failure to notify) | Also Notify Party-routing & Instructions |
|---|---|---|
| SAME AS CONSIGNEE | | |

| 4. Combined Transport*    Pre-Carriage by | 5. Combined Transport*    Place of Receipt | |
|---|---|---|
| 6. Ocean Vessel Voy. No. | 7. Port of Loading | Service Contract No.    Commodity Code |
| 8. Port of Discharge | 9. Combined Transport*    Place of Delivery | Type of Movement |

| Marks & Nos.<br>Container / Seal No. | No. of Container<br>of Packages | Description of Goods (If Dangerous Goods, See Clause 20) | Gross Weight | Measurement |
|---|---|---|---|---|
| | | | | |

Declared Cargo Value US$

Description of Contents for Shipper's Use Only (Not part of This Sea Waybill Contract)

10. Total Number of Containers and/or Packages (in words)
Subject to Clause 7 Limitation

| 11.    Freight & Charges | Revenue Tons | Rate | Per | Amount | Prepaid | Collect | Freight & Charges Payable at / by |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

PR 001064

GOV0001064

# ARRIVAL NOTICE

**SHIPPER**
Lb Wood (Cambodia) Co.,Ltd
D4-20,Sihanoukville Special
Economic Zone,212km National Road
4,Prey Nop District,Sihanouk
Province,Kingdom Of Cambodia

**CONSIGNEE**
AMERICAN PACIFIC PLYWOOD,INC.
414 FIRST ST. SOLVANG, CA 93464

**NOTIFY PARTY**
American Pacific Plywood, Inc.
414 First Street
P.O. Box 8
Solvang, CA - 93464
United States

**MAIL TO**
American Pacific Plywood Incorporat
414 First Street
P.O. Box 8
Solvang, CA - 93464
United States

**BROKER**

**IT NO.:**

| Vessel/Voyage arriving at POD | Delivery Mode | ETA at: on / ETA at: on |
|---|---|---|
| Place of Receipt | Port of Loading | Cargo Pickup Location: |
| Port of Discharge | Place of Delivery | |

| Cntr Size/Type | Container Gross Weight | Cntr Piece Count | Container No./Seal No. | F/L | RF | Haz | Cargo Piece Count | Weight/Measurement | Brief Cargo Description | CPRS IT/CPRS NO |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

PR 001065

GOV0001065

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001066

GOV0001066

# Exhibit 20

# Freight Proof of Payment

PR 001067

GOV0001067

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001068

GOV0001068

Exhibit 21

Business License and EPA Cert

PR 001069

GOV0001069

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001070

Exhibit 22

U.S. sales

PR 001071

GOV0001071



Business

P.O. BOX 8 · Solvang, California 93464 · (805) 688-7919 · (800) 829-7909 · Fax (805) 688-2956
E-Mail: appiwood@silcom.com

PR-001072
GOV0001072

PUBLIC VERSION



**AMERICAN
PACIFIC
PLYWOOD, INC.**
P.O. Box 8
Solvang, California 93464

## PO BOX 8    SOLVANG, CA  93464
(805) 688-7919    (805) 688-2956 FAX

## ORDER ACKNOWLEDGMENT

DATE:

NO:

TO:                                            SHIP TO:

COMMENTS

| Your Order # | Order Date | Terms | Estimated arrival | Via |
|---|---|---|---|---|
| | | | | |

| QTY/PCS | SF | DESCRIPTION | PRICE/MSF | AMOUNT |
|---|---|---|---|---|
| | | | | |

PR 001073

GOV0001073



AMERICAN
PACIFIC
PLYWOOD, INC.
P.O. Box 8
Solvang, California 93464

**Attn:**

**Release:**

**Release to:**

**Ref:**

PR 001074

GOV0001074

PUBLIC VERSION

**AMERICAN PACIFIC PLYWOOD, INC.**
P O BOX 8
SOLVANG, CA 93464
USA

Voice: (805) 688-7919
Fax: (805) 688-2956



Invoice Number:
Invoice Date:
Page:
*Duplicate*

| Bill To: | Ship to: |
|---|---|
| | |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| Sales Rep ID | Shipping Method | Ship Date | Due Date |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| | | | | |

| | | |
|---|---|---|
| | Subtotal | |
| | Sales Tax | |
| | Total Invoice Amount | |
| | Payment/Credit Applied | |
| | **TOTAL** | |

Check/Credit Memo No:

PR 001075

GOV0001075

THE FOLLOWING PAGE CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001076

GOV0001076

PUBLIC VERSION

**AMERICAN PACIFIC PLYWOOD, INC.**
P.O. Box 8
Solvang, California 93464
(805) 688-7919    (805) 688-2956 FAX

# ORDER ACKNOWLEDGMENT

**DATE:**

**REVISED NO:**

**TO:**

**SHIP TO:**

**COMMENTS** -

| Your Order # | Order Date | Terms | Estimated arrival | Via |
|---|---|---|---|---|
| | | | | |

| QTY/PCS | SF | DESCRIPTION | PRICE/MSF | AMOUNT |
|---|---|---|---|---|
| | | | | |

PR 001077

GOV0001077



**AMERICAN PACIFIC PLYWOOD, INC.**
P.O. Box 8
Solvang, California 93464

**Attn:**

**Release the following the**

**Release:**

**Release to:**

**Ref:**

PR 001078

GOV0001078

PUBLIC VERSION

# AMERICAN PACIFIC PLYWOOD, INC.

P O BOX 8
SOLVANG, CA  93464
USA

Voice:  (805) 688-7919
Fax:    (805) 688-2956

# INVOICE

Invoice Number:
Invoice Date:
Page:

*Duplicate*

| Bill To: |
| --- |
| |

| Ship to: |
| --- |
| |

| Customer ID | Customer PO | Payment Terms | |
| --- | --- | --- | --- |
| Sales Rep ID | Shipping Method | Ship Date | Due Date |

| Quantity | Item | Description | Unit Price | Amount |
| --- | --- | --- | --- | --- |
| | | | | |
| | | Subtotal | | |
| | | Sales Tax | | |
| | | Total Invoice Amount | | |
| | | Payment/Credit Applied | | |
| | | TOTAL | | |

Check/Credit Memo No:

PR 001079

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

# Exhibit 23

# Sales Correspondence

PR 001081

GOV0001081

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001082

Public Document No. 61

PR 001083

GOV0001083

LAW OFFICES OF
## deKieffer & Horgan, pllc
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ
TEL 202-783-6900

AFFILIATED OFFICE:
SAARBRÜCKEN, GERMANY

GMENEGAZ@DHLAW.COM
DHLAW.COM

October 28, 2019

ELECTRONIC FILING BY EMAIL
Tobias.A.Vandall@cbp.dhs.gov

Tobias Vandall
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade
Trade Remedy Law Enforcement Directorate

EAPA Investigation No. 7321
(Certain Hardwood Plywood)
CBP Office of Trade
POI: June 5, 2018 Onwards

**PUBLIC VERSION**

Business Proprietary information
contained within brackets deleted on
pages 1 - 8, 10 – 13 & 16 - 19 and in
Exhibits 2 - 16.

RE:    *EAPA Con. Case No. 7321*
       **InterGlobal Forest Questionnaire Response**

Dear International Trade Specialist Vandall:

On behalf of InterGlobal Forest LLC ("IGF"), a U.S. importer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby submit IGF's response to CBP's questionnaire issued in the above-referenced proceeding.  We are submitting a confidential version and a public version of IGF's response in accordance with 19 C.F.R. §§ 165.4 & 165.5.

\*        \*        \*

In accordance with 19 C.F.R. § 165.4, IGF requests confidential treatment of the information contained herein as business confidential and commercial data that is proprietary to IGF and its suppliers, service providers, and customers.  The information contained in this response to CBP that is marked confidential has never been released in any manner to a person who is not an employee or in a confidential relationship with the companies.  The confidential information is not commonly known within the industry or readily ascertainable by outside

GOV0001084

persons with a minimum of time and effort.  Disclosure of this information would cause

substantial competitive and commercial harm to IGF and its suppliers, service providers, and

customers.  The confidential information in the narrative response and the attached exhibits are

enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the

confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Page / Exhibit | Reason for Confidential Treatment |
|---|---|
| Page 1 | Identification of a third party who is a service provider to IGF and not a party to this investigation; |
| Page 2 | IGF internal organization and identification of individuals not accessible to the general public; identification of the software used by IGF; |
| Page 3 | Identification of a third party who is a service provider to IGF and not a party to this investigation; IGF internal organization; |
| Page 4 | Identification of individuals conducting business on behalf of IGF and LB Wood; details on the business and contract negotiations between these individuals; |
| Page 5 | Identification of IGF's software and its server's location; IGF internal business procedures not accessible to the general public; |
| Page 6 | Identification of a third party who is a service provider to IGF and not a party to this investigation; specific product characteristics; internal business processes; |
| Page 7 | IGF's bank account information; |
| Page 8 | IGF's bank account information and information on IGF internal organization that is not available to the public; |
| Page 10 | IGF's confidential corporate information; |
| Page 11 | IGF's confidential corporate information; |
| Page 12 | Identification of entities and individuals conducting business on behalf of IGF and LB Wood; identification of locations from which IGF conducts its business; |

2

GOV0001085

| Page 13 | Identification of third parties who are service providers to IGF and not a party to this investigation; |
|---|---|
| Page 16 | Identification of individuals and sales teams conducting business on behalf of IGF; |
| Page 17 | Identification of a third party who is service providers to IGF and not a party to this investigation; |
| Page 18 | Identification of a third party who is service providers to IGF and not a party to this investigation; details on IGF's accounting system; no person outside of IGF's accounting staff has access to this information; |
| Page 19 | Details on IGF's accounting system; no person outside of IGF's accounting staff has access to this information; |
| Exhibit 2 | Identification of individuals conducting business on behalf of IGF and LB Wood; details on the business and contract negotiations; identification of overseas locations from which IGF conducts its business; details on IGF and inspector visits to LB Wood; information on LB Wood inputs and manufacturing process; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to IGF's competitive position; |
| Exhibit 3 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; |
| Exhibit 4 | Internal IGF document for control of operational processes; |
| Exhibit 5 | Extremely sensitive information on IGF business operations and relations; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to IGF's competitive position; |
| Exhibit 6 | Details on purchases and shipments of the subject merchandise that, collectively in the manner presented in this document, are accessible only to IGF; |
| Exhibit 7 | Details and analyses of purchases of the subject merchandise that are accessible only to IGF; |
| Exhibit 8 | Details on IGF's corporate structure and IGF's related companies' corporate structure; no person or entity outside the IGF organization has access to this information in the manner presented here; |

3

GOV0001086

| | |
|---|---|
| Exhibit 9 | Details on IGF's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the IGF organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning IGF business operations; |
| Exhibit 10 | Details on IGF's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the IGF organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning IGF business operations; |
| Exhibit 11 | Details on IGF's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the IGF organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because no person or entity outside the IGF organization has access to this information in the manner presented here; |
| Exhibit 12 | Details on IGF's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the IGF organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning IGF business operations; |
| Exhibit 13 | IGF's bank statements that contains IGF's revenue and its bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning IGF business operations; |
| Exhibit 14 | Details on IGF's costs and bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that IGF is not a liberty to disclose; |
| Exhibit 15 | Details on IGF's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the IGF organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that IGF is not a liberty to disclose; |

4

GOV0001087

| Exhibit 16 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; dentification of service providers and details on merchandise and terms of delivery; a public version of IGF's entry packages is available for Exhibit 3; the documents in this exhibit are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that IGF is not a liberty to disclose, sensitive information of IGF's business operations, and other information to which no person or entity outside the IGF organization has access. |
|---|---|

Accordingly, for the above reasons, IGF requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information."  We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Gregory S. Menegaz*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
Vivien Jinghui Wang
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
       Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

5

GOV0001088

### *ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **InterGlobal Forest LLC,** certify the following:

(i)    All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)   Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)  I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

Signature: *Judith L. Holdsworth*

Date: *Oct. 28, 2019*

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**CBP EAPA Case Number: 7321**

**(Certain Hardwood Plywood)**

**Period of Investigation: June 5, 2018 Onward**

**INTERGLOBAL FOREST ("IGF")**

**Questionnaire Response**

**October 30, 2019**

Section 1: Information Required Directly from IGF

A. **General Information**

1.      Provide the name and a contact person for external financial auditors and tax preparers
and authorization to contact those auditors. Provide the individual's email and telephone
number.

**Response**:

[

]

[

].

2.      Provide the name, title, email, and telephone number of the official(s) preparing
information for this request for information.

1

GOV0001090

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested



**Response**:

[



]


3.  Provide the name, title, email, and telephone number of the person who will be the CBP
    contact during the review.

    **Response**:

    [



    ]


4.  Provide the names of all Customs brokers used, along with addresses, contact
    information (names, titles, emails, and telephone numbers), and powers of attorney.

    **Response**: **Most customs entries are processed [**

**]** **utilizing [** **] software. On rare occasions for more complex custom**

**entries, we have used outside customs brokers.**


5.  If your firm has a website, identify the URL address and provide a copy of the site index.

PR 001091

GOV0001091

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original documents as well as a translation in English.

**Response**:

**www. Interglobalforest.com**

**Tabs (site index):**

- **Home**
- **About us**
- **Products**
      **Gizir**
      **Unilin-MDF**
      **Asian Plywood Products**
      **Russian Birch**
      **Birch Drawer Sides**
      **Lite-Core**
- **Locations**
- **Contact Us**
- **Request Samples**

**Please also see Exhibit-1 for the Site Map.**

6.    Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter LB Wood Cambodia (LB Wood)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from LB Wood? If so, who performed the verification? When and where was the verification performed?

**Response**:  **IGF utilizes [**

**] to inspect the integrity of its importation of hardwood**

**plywood from various sources, including LB Wood.  Through [**

**] at each factory, IGF is committed to its compliance practices.  Prior to [**

3

GOV0001092

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

], the IGF staff visited LB Wood's factory and witnessed the production capabilities

three times. The verification was performed in [        ] and [        ] of 2018 by [

]. Please see <u>Exhibit 2</u> for [                    ] Response.

7.     Provide a thorough explanation of the process of importing Hardwood Plywood from LB
       Wood. Provide documentation and all correspondence records to illustrate the process
       from initiating an order through payment and finalization of a transaction. Identify all
       parties that had a role in import transactions during the investigatory period and explain
       each party's role.

       **<u>Response</u>:  Please refer to <u>Exhibit 3</u> for a sample sales documentation package. The**

**following outlines the steps in the acquisition process:**

- **Buyer [                    ], identifies products and quantities that need to be ordered.**
- **[                                                      ], about the merchandise and desired timeline for shipment/receipt. Mills are chosen based on pricing, quality needed and availability in schedule.**
- **[        ] corresponds with mills to place orders. [        ] consults with [                                                      ].**
- **[        ] sends PO to mills.**
- **[        ] follows up with mills to get acknowledgement of PO timing for products ordered.**
- **[                                    ] advises mill about ocean freight company to use and books containers for shipment.**
- **Inspectors go to mills to check quality of products.**
- **Material is shipped as orchestrated by [        ].**
- **[        ] completes ISF entry.**
- **US office takes over tracking containers and processing of customs paperwork.**

8.     Identify the location(s) of your records.

       **<u>Response</u>:**

4

GOV0001093

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**All records are on our server located at:**

[

].

[     ] **software is accessed through the internet and database stored on the cloud.**

9.    Identify the source of records and information used to file a CBP entry. Explain how they are created, maintained, and transferred. Provide copies of any written operating procedures and internal controls over record production and retention.

**Response: IGF uses custom software called, [                    ] customs**

**clearance software. Documents for processing customs entries come from IGF's overseas**

**office. Please refer to Exhibit 4 for the procedure.**

10.    Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party to whom they are paid and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, please explain how associated transactions are tracked/maintained.

**Response: IGF purchases directly from the mills. IGF does not pay any other party**

**to obtain plywood from LB Wood or any other mill.**

11.    Identify buyers of the Hardwood Plywood imported by IGF. Provide points of contact for each buyer (Company Name, Address, Point of Contact, and Email).

**Response: Please see Exhibit 5.**

12.    Please provide an explanation on how you identified LB Wood as a supplier of hardwood plywood?

**Response: IGF's main objective for suppliers is to partner with manufacturers that**

**have the capabilities to adhere to all US regulations and requirements for wood products**

5

GOV0001094

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**that were to be imported by IGF.  Since IGF had been purchasing plywood from [**


**].  Our inspection team learned LB Wood [**


**].  Upon further investigation, [**


**].  Our Team made**

**[      ] different trips to Cambodia in 2018 to confirm the production process, quality**

**control and documentation throughout the process, and to continue negotiating price and**

**production levels for future orders.  Trips were made [                    ] of**

**2018.  Please see photographs taken by IGF during these trips in <u>Exhibit 2</u>.  Exhibit 2**

**includes corporate official's visa stamps from the trips and initial pricing emails and**

**invitation letter from LB Wood in [                    ].**

13.   How did you negotiate and determine a price for the imported plywood merchandise
      with LB Wood? If the price was in fact competitive with Chinese hardwood plywood,
      did you further investigate to verify the origin of the product?

**<u>Response</u>:  Upon visiting the manufacturing facility and determining that the**

**quality of plywood was acceptable to IGF, we were given a price for the different**

**thicknesses and grades of [      ] plywood that was approximately competitive with the**

**other regional manufacturers.  Based on IGF's understanding and observation of LB**

**Wood's procurement and production processes, the country of origin of the plywood was**

6

GOV0001095

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**"Cambodia." As IGF was not seeking pricing from Chinese plywood manufactures at the time, IGF was not aware of comparative pricing from China for the same product.**

14. Identify and explain any transactions where the resale, disposal or use of the imported merchandise by your company is restricted or hampered in any way by the foreign vendor or any third party.

    **Response**:  **Not applicable.  There are no such restrictions imposed on IGF.**

15. Please provide a complete description and quantity of merchandise imported as Harwood Plywood. Include specifications such as dimensions, weight, use and place in the market including pricing information. (How much it cost to acquire and the selling price).

    **Response:  Please refer to <u>Exhibit 6</u> for a complete description and quantity of merchandise imported as Hardwood Plywood.**

16. Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood plywood imported since June 5, 2018. Please provide a description of how your company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking the overseas supplier for the Genus/species of materials used in the production of hardwood plywood, checking botanical resources, checking with foreign government authorities, confirming that source companies operate legally and are licensed or certified, etc.).

    **Response:  IGF is providing its Lacey Act Declarations for the merchandise under investigation at <u>Exhibit 7</u>.  Since Lacey Act Declarations are done by entries, IGF is also submitting a spreadsheet that has the lists the Declarations by Customs Entry number in <u>Exhibit 7</u>.**

17. What bank accounts are used to transfer funds to foreign exporters, manufacturers, intermediaries/middlemen and receive funds for sales of imported merchandise? Please provide the bank name, account name (account holder), and account number(s).

    **Response**:

    [

PR 001096

GOV0001096

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

]

[

]

**B. Customs Compliances:**

1. Who is responsible for Customs Compliance? Does he/she have training or knowledge about antidumping duty (ADD)?

   **Response:** [                    ] handles IGF's Customs Compliance.  IGF's customs compliance team receives training concerning the importation of materials from online webinars offered by U.S. Customs, Livingston, and Smartborder.  [                    ] stays current on antidumping issues though the use of websites owned by the U.S. Government and through announcements from Trade Organizations.

2. Do you have a policies and procedures manual for Customs related operations?

   **Response:**  IGF has a procedural manual that covers Customs related operations as it relates to the importation of materials (*see* **Exhibit 4**, Customs Manual).  IGF has been evaluating all of its procedures and has engaged a third party to help IGF increase its due care.

3. Do you have written policies and procedures related to ADD? (If so, are they approved by Management? Do you review and update them periodically?)

PR 001097

GOV0001097

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**Response:  IGF does not have a written policy specific to ADD.  IGF relies on information it obtains directly from U.S. Government websites as it pertains to the products IGF imports.**

4.  Do you maintain a database or listing of products that are subject to ADD?

**Response: IGF relies on updates provided by trade organizations and the U.S. Government websites to stay current. IGF does not maintain a database because the products it trades in are of a narrow scope.  IGF does, however, rely on lists maintained by the Government and checks periodically to assure that material IGF trades in is either on the list or not.**

5.  Have you identified any risks related to ADD (for example violating manufacturers/vendors?) Have you implemented control mechanisms for the ADD risks identified?

**Response:  IGF has engaged a third party to perform audits and site visits of manufacturers that IGF sources from to help identify whether a risk for ADD to be occurring exists. This engagement began in June of 2019.  Currently, the third party is helping IGF develop operating procedures to bolster the compliance program it already has in place and help assess the associated risks with IGF's vendors and supply chain. This program is ongoing and is evolving as IGF collects data and evaluates its suppliers.**

6.  How do you make sure that information declared to CBP is accurate (including ADD)?

9

GOV0001098

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**Response:  IGF performs a thorough document review to make sure that documents provided from its suppliers contain the appropriate information and that IGF understands the source of all materials. IGF has made adjustments and is also performing on site evaluations to cross reference documents provided with materials being produced in country. Currently, IGF is working with a third party to help strengthen the program it has in place.**

C.  **Corporate Structure and Affiliations  (For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1.      The term affiliated persons [1] (affiliates) includes: (l) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review. Examples of situations which may indicate control include (but are not limited to): (a) joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub) contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

   a.   Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.

   **Response:  Please refer to the Organization Chart at Exhibit 8.**

   **Interglobal Forest LLC (IGF) is part of and owned by a group of various entities.**

   *See* **Organizational Chart.  IGF is a Limited Liability Company.  IGF has [**

10

GOV0001099

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

].  **IGF is owned [**

**].**

**[          ] is a Limited Liability Company.  [          ] has [                              ].**

**[**

**].**

**[          ] is an S Corporation.  [                              ].  [          ] owns**

**[                  ].**

**[          ] is a Limited Partnership.  [**

**].**

**[          ] is a Limited Partnership.  [**

**].**

**[          ], via [          ], is the managing member and director of [          ].  [          ] controls**

**[**

**].**

11

GOV0001100

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

    b.   Provide a list of all the production facilities, sales office locations, research and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

**Response**:

**Two administrative offices:**

[

    ]

[

    ]

**Sales Rep company:**

[

    ]

**Individual Rep:**

[

    ]

**Third party warehouses that IGF uses are:**

12

GOV0001101

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

[

]

    c.  Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

13

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**Response:** Please refer to Question B.1.a above and the Organization Chart at

**Exhibit 8.**

    d. Provide a list of: (l) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock; (2) the ten shareholders with the highest ownership percentage of your company; (3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation (e.g., shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

    **Response:** **Not applicable.**

    e. State whether your company is part of a group. Examples of groups include: (l) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

If your company is part of a group, provide:

        i. An organization chart of the companies in the group.

        ii. The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any

PR 001103

GOV0001103

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

iii.    The names of the officers, director and managers of each company in the group and indicate whether any of them are also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group.

Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

**Response: Please refer to Question B.1.a above and the Organization Chart at**

**Exhibit 8.**

f.   State whether your company is under "common control" with another person by a third person (e.g., a family group or investor group) and/or whether your company and another person commonly control a third person (e.g., a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers.

If there is such a relationship, describe the nature of the relationship (e.g., ownership percentage, common officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

**Response: Please refer to Question B.1.a above and the Organization Chart at**

**Exhibit 8.**

g.   If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could

PR 001104

GOV0001104

PUBLIC VERSION

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership (e.g., the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations (e.g., shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

**Response:  Not applicable.**

h.  Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale and/or distribution of the merchandise under investigation which the Department may also consider affiliated with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other relationships between your company and the other person (e.g. , director/manager  relationships).

**Response:  Plywood purchasing is done in-house based on pricing, quality and availability from mills. IGF's inside and outside sales team is in direct communication with IGF's customers. Their input on demand, quality and projected sales is taken on a weekly basis to determine how much and what products are ordered with our buyer, [**

**  ].**

**IGF's outside sales team includes [**

16

GOV0001105

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

**] that also reps some of IGF's products.  None of them are affiliates as defined above.**

i.  Identify all business transactions that may directly or indirectly affect the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above).

Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

**<u>Response</u>:  All purchases are market and demand driven. IGF has no such business transactions with any affiliates.**

2.    Please explain the company's affiliation with LB Wood if not responded to previously.

**<u>Response</u>:  LB Wood was a vendor for IGF in 2018 and 2019.  There is no affiliation with LB Wood as defined in the questions above.**

## D.  <u>Accounting/Financial Practices</u>

Please provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and unconsolidated financial statements (including any footnotes and auditor's opinion); (2) internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business; (3) financial statements or other relevant documents (i. e. , profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; (4) any financial statement or other financial report filed in the United States.

**<u>Response</u>:  The responses below pertain to IGF.  IGF has no affiliates involved in**

PR 001106

GOV0001106

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

the production or sale of the "subject merchandise."  IGF runs accounting on an accrual

basis and follows GAAP.  IGF's unaudited financial statements are reviewed by

[                                    ] annually to ensure accounting follows GAAP.  Please refer to

**Exhibit 9** for IGF's September 2019 Trial Balance and **Exhibit 10** for IGF's 2017 & 2018

**Financial Statements.**

### E.  Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment Information

1.    Please provide us with a Chart of Accounts used by your company or other description of how the company accounts for assets, liabilities, equity, income, or expenses.

        **Response**: **Please find the Chart of Accounts in Exhibit 11.**

2.    Please provide all accounts payable records (including beginning and ending trial balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, please provide all such information that would ordinarily be recorded in an accounts payable as maintained. Please distinguish transactions for domestic companies from those for foreign companies.

        **Response**:  **Please refer to Exhibit 12 for the Accounts Payable.  This exhibit**

**contains [      ] reports: [**

**].  These reports total**

**about 2,000 pages.  IGF is therefore attaching in hard copy sample pages for each report**

**and is transmitting the full reports as Excel spreadsheets with this submission.**

3.    Likely as a subset of the information provided immediately above, please provide an excel spreadsheet listing all monetary transactions (including open liabilities — accounts and notes) between IGF and parties involved in procuring Hardwood Plywood. Note: Transactions should not be limited to those for imports of Hardwood Plywood.  Rather, they should include all transactions between the company and anyone involved in the transactions in the section below labeled Pertinent

18

GOV0001107

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

> Purchase/Procurement, Sales, and Documentation Requests.

> **Response**:  **Please refer to Exhibits 9-12.**

4.  Please provide us with copies of all company bank statements from June 5, 2018 onward. Please highlight all payments to and from domestic and foreign companies relating to imported merchandise).

> **Response**:  **Please refer to Exhibit 13 for the Bank Statements from 6/5/18 to 9/30/19.  IGF also enclosed a listing of payments to LB Wood in Exhibit 14. The bank statements that have LB Wood payments have the check number indicated to the right of the payment.  Please also see Exhibit 15 for [**

> **                ].**

## F.  **Pertinent Purchase/Procurement. Sales, and Documentation Requests**

Note: The following questions apply to imports of Hardwood Plywood purchased from LB Wood on/after June 5, 2018.

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)
- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from IGF after import)]
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters

19

GOV0001108

**PUBLIC VERSION**

EAPA case Number: 7321
Contains Business Proprietary Information
Confidential Treatment Requested

of credit, etc.) for entire shipment process above — from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale
- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for IGF's sales of imported Hardwood Plywood.

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**Response**:  Please refer to **Exhibit 16** for the packages of orders that pertain to the purchases, sales, and other documentation.

PR 001109

GOV0001109

## List of Exhibits

**CBP EAPA Case Number: 7321**
**(Certain Hardwood Plywood)**
**Period of Investigation: June 5, 2018 Onward**

### INTERGLOBAL FOREST ("IGF")

**Questionnaire Response**

**October 28, 2019**

Exhibit 1          IGF Site Map

Exhibit 2          IGF Visits to LB Wood

Exhibit 3          Sample Package

Exhibit 4          Customs Entry Procedure

Exhibit 5          Exhibit Responsive to Question 11

Exhibit 6          Complete Description of Hardwood Plywood

Exhibit 7          Lacey Act Declarations and Entry Spreadsheet

Exhibit 8          Organization Chart

Exhibit 9          Trial Balance

Exhibit 10        Financial Statements

Exhibit 11        Chart of Accounts

Exhibit 12        Accounts Payable

Exhibit 13        Bank Statements

Exhibit 14        Payments to LB Wood

Exhibit 15        Exhibit Responsive to Last Bullet Point

Exhibit 16        Packages of Orders

GOV0001110

# Exhibit 1

IGF Site Map

PR 001111

GOV0001111



# www.interglobalforest.com/

PR 001112

InterGlobal Forest - Home

- IGF - Home
- IGF - About Us
- IGF - Products
  - IGF - Products - Gizir
  - IGF - Products - Unilin-MDF
  - IGF - Products - Asian Plywood Products
  - IGF - Products - Russian Birch
  - IGF - Products -Birch Drawer Sides
  - IGF - Products - Lite-Core
- IGF - Locations
- IGF - Contact Us
- IGF - Request Samples

PR 001113

GOV0001113

PUBLIC VERSION

# Exhibit 2

## IGF Visits to LB Wood

GOV0001114

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001115

**PUBLIC VERSION**

# Exhibit 3

Sample Package

Q7 - SAMPLE PACKET          PO# 102476

**From:**
**Sent:**
**To:**
**Cc:**
**Subject:**

PR 001117

GOV0001117

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001118



PO Box 2543
Eugene, OR 97402 USA
Phone: 541 485 5343

**PURCHASE ORDER**

**Account:** LB Wood
**Branch:**
**Phone:**
**Fax:**

**SHIP TO:**

LB Wood (Cambodia) Co., LTD
D44-20
Sihanoukville Special Economic
212KM National Road 4
Sihanouk Province

| VERBAL PO: | | REFERENCE: | | | |
|---|---|---|---|---|---|
| ORDER DATE: | BUYER: | | SHIP VIA: | FRT TERM: | |
| EXP SHIP DATE: | BUYER 2: | | TRANSPORT: | | |
| TYPE: | CONFIRMED: | | PICK UP ID: | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | TOTAL QUANTITY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

**PAYMENT TERMS:**
Due upon Receipt
Weight:

Total | PR 001119

GOV0001119

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001120

PUBLIC VERSION

VOYAGE NUMBER

SHIPPER
LB WOOD CAMBODIA CO LTD
D4 20 SIHANOUKVILLE SPECIAL
ECONOMIC ZONE 212KM NATIONAL ROAD 4
PREY NOP DISTRICT PREAH SIHANOU
KAMPONG SAOM
CAMBODIA

CONSIGNEE
INTERGLOBAL FOREST
2190 W 11TH AVENUE
SUITE 231
EUGENE
UNITED STATES

# DRAFT
# BILL OF LADING

EXPORT REFERENCES
SYSY

NOTIFY PARTY,  Carrier not to be responsible for failure to notify

| PRE CARRIAGE BY* | | PLACE OF RECEIPT* | | FREIGHT TO BE PAID AT |
|---|---|---|---|---|
| ATOUT | VESSEL | PORT OF LOADING | PORT OF DISCHARGE | |
| | | SIHANOUKVILLE | LOS ANGELES, CA | |

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPER'S LOAD  STOW AND COUNT    SAID TO CONTAIN | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|
| | | | KGS | KGS | CBM |

Weight in Kgs  Total:

ADDITIONAL CLAUSES

(OTHER TERMS AND CONDITIONS OF THE CONTRACT ON PAGE ONE)

PLACE AND DATE OF ISSUE

PR 001121

GOV0001121

PUBLIC VERSION

VOYAGE NUMBER

# DRAFT
# BILL OF LADING

BILL OF LADING NUMBER

| PRE CARRIAGE BY* | PLACE OF RECEIPT* | FREIGHT TO BE PAID AT |
|---|---|---|

AT OUT

PORT OF LOADING

FINAL PLACE OF DELIVERY*

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPER'S LOAD STOW AND COUNT SAID TO CONTAIN | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|

ADDITIONAL CLAUSES

PLACE AND DATE OF ISSUE

PR 001122

GOV0001122

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## COMMERCIAL INVOICE

TO: INTERGLOBAL FOREST
    PO BOX 2543
    2190 WEST 11TH AVENUE,SUITE 231
    EUGENE,OR 97402   USA
FROM: SIHANOUVILLE,CAMBODIA
SHIPPED PER: ATOUT 0041S

INVOICE NO:
DATE:
PAYMENT:
PO NO.:
 TO:
SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q'TY | UNIT PRICE | AMOUNT |
|-------|----------------------|------|-----------|--------|
|       |                      |      |           |        |
|       |                      |      |           |        |

PR 001123

GOV0001123

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## PACKING LIST

TO: INTERGLOBAL FOREST  
    PO BOX 2543  
    2190 WEST 11TH AVENUE,SUITE 231  
    EUGENE,OR 97402   USA  
FROM: SIHANOUVILLE,CAMBODIA  
SHIPPED PER: ATOUT 0041S  

INVOICE NO:  
DATE:  
PAYMENT:  
PO NO.:  
TO:  
SAILED ON:  

| MARKS | COMMODITY DESCRIPTION | Q'TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|------|-----------|-----------|
|       |                      |      |           |           |

PR 001124

GOV0001124

PUBLIC VERSION

INTERGLOBAL FOREST
2190 W 11TH AVENUE
SUITE 231
EUGENE
UNITED STATES

# GENERAL NOTICE

*SHIPPER*

**LB WOOD CAMBODIA CO LTD**
**D4 20 SIHANOUKVILLE SPECIAL**
**ECONOMIC ZONE 212KM NATIONAL ROAD 4**
**PREY NOP DISTRICT PREAH SIHANOU**
**KAMPONG SAOM**

*CONSIGNEE*

**INTERGLOBAL FOREST**
**2190 W 11TH AVENUE**
**SUITE 231**
**EUGENE**
**UNITED STATES**

*VESSEL:*

*OPERATIONAL DISCH. PORT:*

*PLACE OF RECEIPT:*

*OPERATIONAL LOAD PORT:*

*PLACE OF DELIVERY:*

PR 001125

GOV0001125

INTERGLOBAL FOREST
2190 W 11TH AVENUE
SUITE 231
EUGENE
UNITED STATES

# GENERAL NOTICE

*SHIPPER*
**LB WOOD CAMBODIA CO LTD**
**D4 20 SIHANOUKVILLE SPECIAL**
**ECONOMIC ZONE 212KM NATIONAL ROAD 4**
**PREY NOP DISTRICT PREAH SIHANOU**
**KAMPONG SAOM**

*CONSIGNEE*

**INTERGLOBAL FOREST**
**2190 W 11TH AVENUE**
**SUITE 231**
**EUGENE**
**UNITED STATES**
*PLEASE NOTE :*

.

.

.

*ARRIVAL*                              *REMIT TO*                    *You may also send wire transfers as per*
*below bank details:*

PR 001126

GOV0001126

Team :

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**
# ENTRY SUMMARY

| | |
|---|---|
| 1. Filer Code/Entry No. | 2. Entry Type |
| | 3. Summary Date |

| | | | | |
|---|---|---|---|---|
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date | |

8. Importing Carrier

9. Mode of Transport

10. Country of Origin

11. Import Date

12. B/L or AWB No.

13. Manufacturer I.D.

14. Exporting Country

15. Export Date

16. I.T. No.       7. I.T. Date      18. Missing Docs

19. Foreign Port of Lading

21. Location of Goods / G.O. No.      22. Consignee No.

23. Importer No.

24. Reference No.

25. Ultimate Consignee Name and Address

State

26. Importer of Record Name and Address

INTERGLOBAL FOREST
2190 W 11TH AVE # 231

Shipper Reference No.:
City          State          Zip

City EUGENE          State OR          Zip 97402

| 27. | 28. Description of Merchandise | | | 32. | 33. | 34. |
|---|---|---|---|---|---|---|
| Line No. | 29.<br>A. HTSUS No.<br>B. ADA/CVD Case No. | 30.<br>A. Gross Weight<br>B. Manifest Qty. | 31.<br>Net Quantity in<br>HTSUS Units | A. Entered Value<br>B. CHGS<br>C. Relationship | A. HTSUS Rate<br>B. ADA/CVD Rate<br>C. IRC Rate<br>D. Visa No. | Duty and I.R. Tax<br>Dollars          Cents |

SUBHOUSE BILL          BILL QTY

Other Fee Summary for Block 39
501

35. Total Entered Value

Total Other Fees

**CBP USE ONLY**          TOTALS

| A. LIQ CODE | B. Ascertained Duty | 37. Duty |
|---|---|---|
| REASON CODE | C. Ascertained Tax | 38. Tax |
| | D. Ascertained Other | 39. Other |
| | E. Ascertained Total | 40. Total |

36. DECLARATION OF IMPORTER OF RECORD (OWNER OR
PURCHASER) OR AUTHORIZED AGENT

42. Broker/Filer Information( Name, address, phone number)

43. Broker/Importer File No.

PART 1 - RECORD COPY          CBP Form 7501 (2/18)

PR 001127

GOV0001127

IGF-LA

P/O Receiving Report

GOV0001128

## SHIP FROM

Name:    NTC0^602(INTERGLOBAL FOREST)
Address: C/O NOVA TRANSPORTATION SERVICES, INC.
         415 - 501 W. Walnut St.  Compton, CA90220
Phone:   (562)989-3333

## SHIP TO

Name:
Address:
Phone:

Bill Of Lading #:
load#
REF #

Carrier Name
Phone
Trailer#
Seal#

SCAC
Pro#

## THIRD PARTY FREIGHT CHARGES

Name:
Address:

Phone:

Freight Charge Terms (freight charges are prepaid unless marked otherwise)

Prepaid          Collect

Special Instructions

## CUSTOMER ORDER INFORMATION

| PURCHASE ORDER NO | # PKGS | WEIGHT | PALLET/SLIP (circle one) | ADDITIONAL SHIPPER |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| GRAND TOTAL |  |  |  |  |

## CARRIER INFORMATION

| HANDLING UNIT | | PACKAGE | | | | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | WEIGHT | H.M (X) |  | NMFC# | CLASS |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  | GRAND TOTAL |  |  |

COD Amt: $

Fee Terms:        Collect:        Prepaid:

Customer check acceptable:

per

RECEIVED. subject to individually determinded rates of contracts that have
been greed  upon is writing betwoon the carrier and shipper, if applicable,
otherwise to the rates, dass

# Product Pick List

Site :

Ref# :

Order #:          Requierd Date/Time :

| Customer | | NTC01502 INTERGLOBAL FOREST | | | Consignee | Pick Date |
|---|---|---|---|---|---|---|
| | | WILL CAL WILL CALL ***** | | | | |
| Product Dims | Location | QTY ( Pick ) | Vm-CFT Wt-L | | | Serial |

TOTAL

GOV0001130

PUBLIC VERSION



InterGlobal Forest

PO Box 2543
Eugene, OR  97402  USA
Phone: 541 485 5343

Remit To:

Eugene, OR  97402
Phone: 541 485 5343

**INVOICE**

Invoice Date:
Account:
Branch:
Phone:
Fax:
Delivery:

BILL TO:

SHIP TO:

| | | REF: | | | JOB: | | |
|---|---|---|---|---|---|---|---|
| ORDER DATE: | SALES | | ORDER TYPE: | | SHIP VIA: | | FRT TERM: |
| SHIP DATE: | GENTS | | ORDERED BY: | | | | |
| | | | ENTERED BY: | | AUTH CHG: | | |

| QTY ORDERED | QTY SHIPPED | UOM | ITEM/DESCRIPTION | CONVERTED QTY | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|---|
| | | | | | | |

Balance

PR 001131

GOV0001131

**PUBLIC VERSION**

# Exhibit 4

Customs Entry Procedure

GOV0001132

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001133

GOV0001133

# Exhibit 5

Exhibit Responsive to Question 11

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001135

PUBLIC VERSION

# Exhibit 6

Complete Description of Hardwood Plywood

PR 001136

GOV0001136

PUBLIC VERSION

| Quantity | UOM | Size | Weight #/unit | Item Description | Landed Cost | Selling price |
|---|---|---|---|---|---|---|

GOV0001137

PUBLIC VERSION

# Exhibit 7

Lacey Act Declarations and Entry
Spreadsheet

PR 001138

GOV0001138

Supplier ID  Verbal    PO #  Qty  Item Description    Label  Expect Receipt  Reference    Ship-to    Entry #

page 1 of 8

GOV0001139

Supplier ID  Verbal  PO #  Qty  Item Description  Label  Expect Receipt  Reference  Ship-to  Entry #

page 2 of 8

PR 001140

GOV0001140

PUBLIC VERSION

Supplier ID  Verbal  PO #  Qty  Item Description  Label  Expect Receipt  Reference  Ship-to  Entry #

page 3 of 8

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
Exp. Date:

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**APHIS**

## U.S. DEPARTMENT OF AGRICULTURE

ANIMAL AND PLANT HEALTH INSPECTION SERVICE

## SECTION 1 - Shipment Information

**1. ESTIMATED DATE OF ARRIVAL:** (MM/DD/YYYY)

**2. ENTRY NUMBER:**

**3. CONTAINER NUMBER:**   See Attachment

**4. BILL OF LADING:**

**5. MID:**

**6. IMPORTER NAME:**
INTERGLOBAL FOREST

**7. IMPORTER ADDRESS:**
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

**8. CONSIGNEE NAME:**
INTERGLOBAL FOREST

**9. CONSIGNEE ADDRESS:**
PO BOX 2543 2190 WEST 11TH AVENUE
SUITE 231 EUGENE, OR 97402

**10. DESCRIPTION OF MERCHANDISE:**

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/ COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus | Species | 15. COUNTRY OF HARVEST. | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PUBLIC VERSION

PR 001143

GOV0001143

OMB APPROVED
0579-0349
Exp. Date

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

## SECTION 1 - Shipment Information

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**U.S. DEPARTMENT OF AGRICULTURE**
APHIS

ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER:    See Attachment

4. BILL OF LADING:

5. MID:

6. IMPORTER NAME
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME.
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS.
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME. Genus    Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

PUBLIC VERSION

PR 001144

GOV0001144

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Data

OMB APPROVED
0579-0349

## SECTION 1 - Shipment Information

**1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)**

**2. ENTRY NUMBER:**

**3. CONTAINER NUMBER:**    See Attachment

**4. BILL OF LADING:**

**5. MID**

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**APHIS**

## U.S. DEPARTMENT OF AGRICULTURE

ANIMAL AND PLANT HEALTH INSPECTION SERVICE

**10. DESCRIPTION OF MERCHANDISE:**

**6. IMPORTER NAME:**

INTERGLOBAL FOREST

**7. IMPORTER ADDRESS**

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

**8. CONSIGNEE NAME:**

INTERGLOBAL FOREST

**9. CONSIGNEE ADDRESS**

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME | | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|---|
| | | | Genus | Species | | | | |

PUBLIC VERSION

PR 001145

GOV0001145

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB approval 0579-0349
Exp. Date

## SECTION 1 - Shipment Information

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**APHIS**

**U.S. DEPARTMENT OF AGRICULTURE**
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER:    See Attachment

4. BILL OF LADING:

5. MID:

6. IMPORTER NAME:
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME:
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME | | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|---|
| | | | Genus | Species | | | | |

PUBLIC VERSION

PR 001146

GOV0001146

SECTION 1   Shipment Information

## Plant and Plant Product
## Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**APHIS**

### U.S. DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY):
05/28/2018

2. ENTRY NUMBER:

3. CONTAINER NUMBER:    See Attachment

4. BILL OF LADING:

5. MID:

10. DESCRIPTION OF MERCHANDISE:

6. IMPORTER NAME:
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME:
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

### SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus    Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|

PUBLIC VERSION

PR 001147

GOV0001147

The public PGB burden statement for this collection of information is estimated to average 0.5 hours per response,
including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

## SECTION 1 - Shipment Information

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY):

2. ENTRY NUMBER:

3. CONTAINER NUMBER:   See Attachment

4. BILL OF LADING:

5. MID:

# Plant and Plant Product
# Declaration Form

### Section 3: Lacey Act Amendment (16 U.S.C. 3372)

APHIS

## U.S. DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

10. DESCRIPTION OF MERCHANDISE:

6. IMPORTER NAME:
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE
SUITE 251 EUGENE, OR 97402

8. CONSIGNEE NAME:
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following.

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE. | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus | Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL. | 17. UNIT | 18. PERCENT RECYCLED. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PUBLIC VERSION

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**U.S. DEPARTMENT OF AGRICULTURE**

ANIMAL AND PLANT HEALTH INSPECTION SERVICE

SECTION 1 - Shipment Information

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)
05/31/2015

2. ENTRY NUMBER:

3. CONTAINER NUMBER    See Attachment

4. BILL OF LADING:

5. MID

6. IMPORTER NAME:
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME:
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus      Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT. | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|

PUBLIC VERSION

Under the paperwork reduction act... The valid OMB control number for this information collection is 2572-1745. The time required to complete this information collection is estimated to average 0.6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

05/28/2045
Exp. Date

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**APHIS**
## U.S. DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

## SECTION 1 - Shipment Information

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)

2. ENTRY NUMBER

3. CONTAINER NUMBER    See Attachment

4. BILL OF LADING.

5. MID:

10. DESCRIPTION OF MERCHANDISE:

6. IMPORTER NAME
INTERGLOBAL FOREST

7. IMPORTER ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE.
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME:
INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS:
PO BOX 2543 2190 WEST 11TH AVENUE.
SUITE 231 EUGENE, OR 97402

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE. | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME | | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL. | 17. UNIT. | 18. PERCENT RECYCLED. |
|---|---|---|---|---|---|---|---|---|
| | | | Genus | Species | | | | |

PUBLIC VERSION

OMB control number for this collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response,    05/26/04xx
including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.    Exp. Date

## SECTION 1 - Shipment Information

### Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY):

2. ENTRY NUMBER:

3. CONTAINER NUMBER    See Attachment

4. BILL OF LADING:

5. MID:

**U.S. DEPARTMENT OF AGRICULTURE**

ANIMAL AND PLANT HEALTH INSPECTION SERVICE

10. DESCRIPTION OF MERCHANDISE:

6. IMPORTER NAME:

INTERGLOBAL FOREST

7. IMPORTER ADDRESS:

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

8. CONSIGNEE NAME:

INTERGLOBAL FOREST

9. CONSIGNEE ADDRESS:

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

## SECTION 2    Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus      Species | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

PUBLIC VERSION

PR 001151

GOV0001151

## SECTION 1 - Shipment Information

**1.** ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

**2.** ENTRY NUMBER:

**3.** CONTAINER NUMBER:    See Attachment

**4.** BILL OF LADING:

**5.** MID:

# Plant and Plant Product Declaration Form

### Section 3: Lacey Act Amendment (16 U.S.C. 3372)

APHIS

## U.S. DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

**10.** DESCRIPTION OF MERCHANDISE:

**6.** IMPORTER NAME:

INTERGLOBAL FOREST

**7.** IMPORTER ADDRESS:

PO BOX 2543 2190 WEST 11TH AVENUE
SUITE 231 EUGENE, OR 97402

**8.** CONSIGNEE NAME:

INTERGLOBAL FOREST

**9.** CONSIGNEE ADDRESS:

PO BOX 2543 2190 WEST 11TH AVENUE,
SUITE 231 EUGENE, OR 97402

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER. (no dashes/symbols) | 12. ENTERED VALUE | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus | Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT. | 18. PERCENT RECYCLED. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PUBLIC VERSION

PR 001152

GOV0001152

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PUBLIC VERSION

# Exhibit 8

## Organization Chart

GOV0001154

PUBLIC VERSION

**InterGlobal Forest, LLC - Organization Chart**

GOV0001155

PUBLIC VERSION

# Exhibit 9

## Trial Balance

PR 001156

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001157

PUBLIC VERSION

# Exhibit 10

Financial Statements

PR 001158

GOV0001158

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001159

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001160

GOV0001160

PUBLIC VERSION

# Exhibit 11

## Chart of Accounts

GOV0001161

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001162

GOV0001162

# Exhibit 12

## Accounts Payable

PR 001163

GOV0001163

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001164

PUBLIC VERSION

# Exhibit 13

## Bank Statements

GOV0001165

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001166

GOV0001166

PUBLIC VERSION

# Exhibit 14

## Payments to LB Wood

GOV0001167

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001168

GOV0001168

# Exhibit 15

Exhibit Responsive to Last Bullet Point

PR 001169

GOV0001169

PUBLIC VERSION

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001170

GOV0001170

PUBLIC VERSION

# Exhibit 16

Packages of Orders

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001172

Public Document No. 62

PR 001173

GOV0001173

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                      SAARBRÜCKEN, GERMANY                      DHLAW.COM

October 29, 2019

Electronic Filing
ELECTRONIC FILING BY EMAIL                              **PUBLIC DOCUMENT**
Tobias.A.Vandall@cbp.dhs.gov

Tobias Vandall
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade
Trade Remedy Law Enforcement Directorate

RE:    *EAPA Con. Case No. 7321* – **Extension of Time; Second Request**

Dear International Trade Specialist Vandall:

On behalf of Cambodia Happy Home Wood Products Co. Ltd. ("Happy Home"), a

foreign producer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we

hereby request a *second* extension of time to file Happy Home's Questionnaire Response in the

above-referenced investigation.  Our first request was granted only *in part*, extending the

deadline only by about half of the request time to November 4, 2019.  Happy Home requests two

*additional* weeks to file its Questionnaire Response, to **COB November 18, 2019,** for largely the

same underlying reasons previously identified as summarized below.

As previously noted, the questionnaire is extensive and Happy Home's very limited

skilled staff is struggling to compile all of the requested information.  Even with the extension,

CBP's response time is altogether only 30 days, which is significantly less than the standard time

afforded to respondents in analogous investigations, such as antidumping duty investigations.

Even targeted CF-28 questionnaires are set with a 30-day response time, and the instant EAPA

GOV0001174

questionnaire is essentially global, rather than targeted, seeking comprehensive records.

In this questionnaire, CBP is requesting Happy Home to provide purchase documents for all raw materials and packing materials notwithstanding they were imported or domestically sourced. Furthermore, CBP is requesting sales documents for each and every sale Happy Home has conducted going back to June 2018, or more than one year. All of these documents are not only voluminous but also take company staff a significant time to sort out. Unlike the rest of the parties in this investigation, whose documents are kept in English, a majority of Happy Home's documents are not in English and require a substantial amount of time to translate all of them.

Thus, for the reasons noted above, the information gathering, review, and finalizing of this data is very time-consuming. Accordingly, Happy Home asks for an extension of **two weeks**, or until **5 p.m., November 18, 2019**. Finally, granting this extension would not substantially delay the proceedings or prejudice any party in a material way, particularly as the EAPA statute affords the administrator one year to complete its investigation.

We appreciate CBP's consideration of this request and hope that this extension can be **granted in full**.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

Cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
       Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
       Victoria Cho (victoria.cho@cbp.dhs.gov)
       Kristina Horgan (kristina.horgan@cbp.dhs.gov)
       Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)
       Tim Brightbill (tbrightbill@wileyrein.com)

2

GOV0001175

Public Document No. 63

PR 001176

GOV0001176

LAW OFFICES OF
deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:                    GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                    DHLAW.COM

October 29, 2019

Electronic Filing
ELECTRONIC FILING BY EMAIL
Tobias.A.Vandall@cbp.dhs.gov                              **PUBLIC DOCUMENT**

Tobias Vandall
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade
Trade Remedy Law Enforcement Directorate

RE:    *EAPA Con. Case No. 7321* – **Extension of Time; Second Request**

Dear International Trade Specialist Vandall:

On behalf of LB Wood Cambodia ("LB Wood"), a foreign producer of hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby request a *second* extension of time to file LB Wood's Questionnaire Response in the above-referenced investigation.  Our first request was granted only *in part*, extending the deadline only by about half of the request time to November 4, 2019.  LB Wood requests two *additional* weeks to file its Questionnaire Response, to **COB November 18, 2019,** for largely the same underlying reasons previously identified as summarized below.

As previously noted, the questionnaire is extensive and LB Wood's very limited skilled staff is struggling to compile all of the requested information.  Even with the extension, CBP's response time is altogether only 30 days, which is significantly less than the standard time afforded to respondents in analogous investigations, such as antidumping duty investigations.  Even targeted CF-28 questionnaires are set with a 30-day response time, and the instant EAPA

GOV0001177

questionnaire is essentially global, rather than targeted, seeking comprehensive records.

In this questionnaire, CBP is requesting LB Wood to provide purchase documents for all raw materials and packing materials notwithstanding they were imported or domestically sourced. Furthermore, CBP is requesting sales documents for each and every sale LB Wood has conducted going back to June 2018, or more than one year. All of these documents are not only voluminous but also take company staff a significant time to sort out. Unlike the rest of the parties in this investigation, whose documents are kept in English, a majority of LB Wood's documents are not in English and require a substantial amount of time to translate all of them.

Thus, for the reasons noted above, the information gathering, review, and finalizing of this data is very time-consuming. Accordingly, LB Wood asks for an extension of **two weeks**, or until **5 p.m., November 18, 2019**. Finally, granting this extension would not substantially delay the proceedings or prejudice any party in a material way, particularly as the EAPA statute affords the administrator one year to complete its investigation.

We appreciate CBP's consideration of this request and hope that this extension can be **granted in full**.

Sincerely,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
J. Kevin Horgan
Judith L. Holdsworth
Alexandra H. Salzman

Cc:  Linda Choi (Linda.Choi@cbp.dhs.gov)
     Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
     Victoria Cho (victoria.cho@cbp.dhs.gov)
     Kristina Horgan (kristina.horgan@cbp.dhs.gov)
     Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
     EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)
     Tim Brightbill (tbrightbill@wileyrein.com)

2

Public Document No. 64

PR 001179

GOV0001179

LAW OFFICES OF
deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                 AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                 SAARBRÜCKEN, GERMANY                      DHLAW.COM

October 30, 2019

ELECTRONIC FILING BY EMAIL                    EAPA Investigation No. 7321
Tobias.A.Vandall@cbp.dhs.gov                   (Certain Hardwood Plywood)
                                               CBP Office of Trade
Tobias Vandall                                 POI: June 5, 2018 Onwards
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade                                **PUBLIC VERSION**
Trade Remedy Law Enforcement Directorate
                                               Business Proprietary information
                                               contained within brackets deleted on
                                               pages 1 – 11 & 13 and in Exhibits 1 -
                                               14.

        RE:   *EAPA Con. Case No. 7321*
              **U.S. Global Forest, Inc. Questionnaire Response**

Dear International Trade Specialist Vandall:

        On behalf of U.S. Global Forest, Inc. ("U.S. Global"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby submit U.S. Global's

response to CBP's questionnaire issued in the above-referenced proceeding.  We are submitting a

confidential version and a public version of U.S. Global's response in accordance with 19 C.F.R.

§§ 165.4 & 165.5.

                              *        *        *

        In accordance with 19 C.F.R. § 165.4, U.S. Global requests confidential treatment of the

information contained herein as business confidential and commercial data that is proprietary to

U.S. Global and its suppliers, service providers, and customers.  The information contained in

this response to CBP that is marked confidential has never been released in any manner to a

GOV0001180

person who is not an employee or in a confidential relationship with the companies. The confidential information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort. Disclosure of this information would cause substantial competitive and commercial harm to U.S. Global and its suppliers, service providers, and customers. The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Page / Exhibit | Reason for Confidential Treatment |
| --- | --- |
| Page 2 | Identification of a third party who is a service provider to U.S. Global and not a party to this investigation; |
| Page 3 | Specific information concerning U.S. Global's visits to its supplier's factory, which is information not accessible to the general public; |
| Page 4 | Identification of a third party who is a service provider to U.S. Global and not a party to this investigation; sales and delivery terms and procedures, the disclosure of which would severely compromise U.S. Global's competitive position; |
| Page 5 | Information on a third party who is a service provider to U.S. Global and not a party to this investigation; |
| Page 6 | Details on party relationships not known to the general public, the disclosure of which would severely compromise U.S. Global's competitive position; |
| Page 7 | Contracting details, the disclosure of which would severely compromise U.S. Global's competitive position; |
| Page 8 | U.S. Global's bank account information and payment details; identification of a third party who is a service provider to U.S. Global and not a party to this investigation; |
| Page 9 | Information on U.S. Global's product range, not available to the general public in this form; |

PR 001181

GOV0001181

| Page 10 | Specific information on U.S. Global's third-party service providers; confidential information on U.S. Global's internal organization; |
|---|---|
| Page 11 | U.S. Global's confidential corporate information; |
| Page 13 | Identification of entities and individuals conducting business with U.S. Global; identification of locations from which U.S. Global conducts its business; |
| Exhibit 1 | Identification of individuals conducting business on behalf of U.S. Global; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to U.S. Global's competitive position; |
| Exhibit 2 | Details on visit to supplier; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the sensitive nature of the supplier's business operations |
| Exhibit 3 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; dentification of service providers and details on merchandise and terms of delivery; |
| Exhibit 4 | Internal U.S. Global document for control of operational processes; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to U.S. Global's competitive position; |
| Exhibit 5 | Identification of entities and individuals conducting business with U.S. Global; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to U.S. Global's competitive position; |
| Exhibit 6 | Details on sales of the subject merchandise that are accessible only to U.S. Global; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to U.S. Global's competitive position; |
| Exhibit 7 | Details that accessible to only U.S. Global and its business partners regarding U.S. Global's entries of plywood from Cambodia, including product descriptions; |
| Exhibit 8 | Internal U.S. Global document for entry processes; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to U.S. Global's competitive position; |

3

GOV0001182

| | |
|---|---|
| Exhibit 9 | Details on U.S. Global's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the U.S. Global organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning U.S. Global business operations; |
| Exhibit 10 | Details on U.S. Global's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the U.S. Global organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because no person or entity outside the U.S. Global organization has access to this information in the manner presented here; |
| Exhibit 11 | Details on U.S. Global's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the U.S. Global organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning U.S. Global business operations; |
| Exhibit 12 | Details on U.S. Global's sales transactions; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that U.S. Global is not a liberty to disclose; |
| Exhibit 13 | Details on U.S. Global's costs and bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that U.S. Global is not a liberty to disclose; U.S. Global's bank statements that contain U.S. Global's revenue and its bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning U.S. Global business operations; |
| Exhibit 14 | Details on U.S. Global's sales transactions; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain third-party business details that U.S. Global is not a liberty to disclose; |

Accordingly, for the above reasons, U.S. Global requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information." We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

4

GOV0001183

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Gregory S. Menegaz*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
Vivien Jinghui Wang
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

Cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
       Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
       Victoria Cho (victoria.cho@cbp.dhs.gov)
       Kristina Horgan (kristina.horgan@cbp.dhs.gov)
       Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

PR 001184

GOV0001184

### *ATTORNEY CERTIFICATION*

I, **Gregory S. Menegaz**, with **deKieffer & Horgan**, Counsel to **U.S. Global Forest, Inc.**, certify the following:

(i)     All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)    Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)   I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

Signature: _[signature]_

Date: 10/30/19

GOV0001185

**U.S. CUSTOMS & BORDER PROTECTION OFFICE OF TRADE
REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**

**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**

**IMPORTER REQUEST FOR INFORMATION
PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**

**U.S. GLOBAL FOREST, INC. RESPONSE ("U.S. Global")**

**October 30, 2019**

**RESPONSE FORM: Email:** Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov), Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

-Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
-Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
-Hard Copy documentation should be submitted in Adobe Format
-ALL DOCUMENTATION MUST BE LEGIBLE (ANDA VERSION TRANSLATED TO ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
-ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 30MB and of certain file types - .zip and .exe - may not be deliverable. Such information may need to be provided in piecemeal. Please contact Vicky Manukyan and/or Carlene Archibald to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the response. For any information or data requests, please indicate the system from which the data was obtained mu!the location where the data/information was extracted. We intend to perform an onsite visit to among other things, validate certain provided data as necessary.**

If you have any questions regarding this request please contact Sara Dao-Pickard (Sara.Dao-Pickard@cbp.dhs.gov) or Carlene Archibald (Carlene.G.Archibald@cbp.dhs.gov), immediately and carbon copy EAPA Allegations (EAPAllegations@cbp.dhs.gov).

1

GOV0001186

**Section 1: Information Required Directly from GF**

<u>A.</u> <u>General Information</u>

1.    Provide the name and a contact person for external financial auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

      **Response:**

2.    Provide the name, title, email, and telephone number of the official(s) preparing information for this request for information.

      **Response:**

        **Jun Zhang**

        **CEO**

        <u>**Tel: 909-272-8265**</u>

        **Email: usglobalforest@gmail.com**

3.    Provide the name, title, email, and telephone number of the person who will be the CBP contact during the review.

      **Response:**

        **Jun Zhang**

        **CEO**

        <u>**Tel: 909-272-8265**</u>

        **Email: usglobalforest@gmail.com**

4.    Provide the names of all Customs brokers used, along with addresses, contact information (names, titles, emails, and telephone numbers), and powers of attorney.

2

**Response:  A list of U.S. Global's Customs brokers is attached hereto as Exhibit 1.**

5.    If your firm has a website, identify the URL address and provide a copy of the site index. Please do the same for any affiliated parties (defined and as identified by the company below). If the site index is in a language other than English, provide a translation. Again, for any requests below in a language other than English, please provide original documents as well as a translation in English.

**Response:  U.S. Global does not maintain a website.**

6.    Has the company implemented safeguards to prevent unlawful transshipment, particularly with regards to imports from Cambodian manufacturer/exporter Cambodia Happy Home Wood Products Co., Ltd. (Happy Home)? If so, please explain and provide appropriate evidence. Were production capabilities in Cambodia verified prior to initially importing certain hardwood plywood from Happy Home? If so, who performed the verification? When and where was the verification performed?

**Response:  Mr. Jun Zhang personally visits foreign suppliers to ensure that the potential and current suppliers have the requisite production capacity, including factory space, machinery, and personnel, to produce the quantity and quality of merchandise that U.S. Global's customers need.  U.S. Global also examines the integrity of the manufacturing process and finished products of its suppliers to ensure the quality of the merchandise that it is interested in purchasing.  In the case of Happy Home Wood Products Co., Ltd. specifically, Jun Zhang visited the manufacturing facilities in person several times for inspection: [**

**                                      ].  Attached as Exhibit 2 is a picture taken during one of these visits.**

7.    Provide a thorough explanation of the process of importing Hardwood Plywood from Happy Home.  Provide documentation and all correspondence records to illustrate the process from initiating an order through payment and finalization of a transaction. Identify all parties that had a role in import transactions during the investigatory period and explain

3

GOV0001188

each party's role.

**Response**: U.S. Global links potential U.S. customers with Happy Home as an intermediary trading company.  For its part, U.S. Global performs periodic inspections on site, in Cambodia.  In addition, U.S. Global buys, enters, and then resells the plywood to the various U.S. customers.  Once U.S. Global is satisfied with the quality and availability of the Happy Home plywood, it connects with U.S. customers.  As the parties all know each other well, and are all well familiar with prevailing pricing, prices are negotiated together with buyer, seller, and U.S. Global.   U.S. Global then [

] when it resells the plywood to them, [


].

U.S. Global's formal commercial contract (purchase order) for the merchandise provides a description of the merchandise, the quantity, unit price, and delivery terms and dates.  When the production of the merchandise for a specific order is complete, the manufacturer sends an invoice and packing list to U.S. Global with a copy to U.S. Global's freight forwarder, [                                        ], who arranges shipment and handles all shipping and entry documentation.  [      ] also contacts the customs broker and provides the broker and U.S. Global with the entry documentation.  U.S. Global is [

].  The merchandise is [

] is responsible for [


].

4

PR 001189

GOV0001189

U.S. Global has attached as <u>Exhibit 3</u> the entry packages for its purchases from Happy Home, including U.S. Global's purchase orders, freight forwarder's invoices, CBP Forms 3461, CBP Forms 7501, Arrival Notices, Bills of Lading, Happy Home invoices and packing lists, plant product declaration forms, ISF information, and shipper's contracts.

8.    Identify the location(s) of your records.

    <u>Response:</u>  U.S. Global's records are located at 19855 Quiroz Court, City of Industry, CA 91789.

9.    Identify the source of records and information used to file a CBP entry. Explain how they are created, maintained, and transferred. Provide copies of any written operating procedures and internal controls over record production and retention.

    <u>Response:</u>  The manufacturer provides the invoice, packing list, and shipping contract to the freight forwarder, and the shipping companies provide the bill of lading and arrival notice to the freight forwarder.  U.S. Global's freight forwarder, [

          ].

    U.S. Global's CEO, Jun Zhang, has 30 years of experience in the shipping business and [                                ].  Mr. Zhang is aware of the proper procedures for record production and retention.  U.S. Global has also created internal guidance for its operating procedures and internal controls and also uses the guide: "The Basic Entry Process- Entry and Entry Summary," both of which are included in the attached <u>Exhibit 4</u>.

    [



    ].

5

10.   Besides payments for invoice values of imported merchandise, are there any other payments made to obtain the imported merchandise (e.g., commissions, royalties, license fees, quota payments, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party to whom they are paid and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, please explain how associated transactions are tracked/maintained.

**Response:** **U.S. Global makes no other payments to obtain the imported**

**merchandise.**

11.   Identify buyers of the Hardwood Plywood imported by GF. Provide points of contact for each buyer (Company Name, Address, Point of Contact, and Email).

**Response:** **U.S. Global's customers are listed in Exhibit 5.**

12.   Please provide an explanation on how you identified Happy Home as a supplier of hardwood plywood?

**Response:** **U.S. Global's CEO, Jun Zhang, [**

**].  When Happy Home established its plywood**

**manufacturing business in Cambodia, [**

**]**

**to ensure production integrity and the quality of the finished product.  This is standard due**

6

GOV0001191

**diligence based on U.S. Global's extensive experience in this industry.**

13.    How did you negotiate and determine a price for the imported plywood merchandise with Happy Home? If the price was in fact competitive with Chinese hardwood plywood, did you further investigate to verify the origin of the product?

    **Response:**  [

                                    ] **to determine the price and terms of sale for the**

**merchandise.  As noted above, U.S. Global's CEO, Jun Zhang, personally visited Happy**

**Home's production facilities in Cambodia to ensure that the company had the capacity,**

**personnel, and machinery to operate its own plywood production and that the country of**

**origin of the merchandise was indeed Cambodia.**

14.    Identify and explain any transactions where the resale, disposal or use of the imported merchandise by your company is restricted or hampered in any way by the foreign vendor or any third party.

    **Response:  U.S. Global's resale, disposal and use of the imported merchandise are**

**not restricted in any way.  U.S. Global determines, customer by customer, how much it**

**charges upon resale [**

        **].**

15.    Please provide a complete description and quantity of merchandise imported as Hardwood Plywood. Include specifications such as dimensions, weight, use and place in the market including pricing information. (How much it cost to acquire and the selling price).

    **Response:  A complete description and the quantity of the imported merchandise**

**can be found on the invoices and packing lists included in the entry packages in <u>Exhibit 3</u>.**

[

7

]. **Included in the attached <u>Exhibit 6</u> are U.S. Global's invoices**

**to its U.S. customers [                                          ].**

16.    Please provide a copy of the Lacey Act Declaration (form PPQ505) for all hardwood plywood imported since June 5, 2018. Please provide a description of how your company exercised due care in meeting the requirements of the Lacey Act. (e.g., asking the overseas supplier for the Genus/species of materials used in the production of hardwood plywood, checking botanical resources, checking with foreign government authorities, confirming that source companies operate legally and are licensed or certified, etc.).

   <u>Response:</u>  **U.S. Global has included all of its Lacey Act Declarations in the attached**

**<u>Exhibit 7</u>.**

17.    What bank accounts are used to transfer funds to foreign exporters, manufacturers, intermediaries/middlemen and receive funds for sales of imported merchandise? Please provide the bank name, account name (account holder), and account number(s).

   <u>Response:</u>  **U.S. Global's bank is: [**

                           **].**

B.  <u>Customs Compliance:</u>

   1.  Who is responsible for Customs Compliance? Does he/she have training or knowledge about antidumping duty (ADD)?

   <u>Response:</u>  **U.S. Global [**

            **] are responsible for Customs compliance.  As mentioned above, Mr. Zhang**

**has over 30 years of experience in the international shipping business and is knowledgeable**

**and trained in importing plywood.  [      ] is also a large and respected international freight**

**forwarder that thoroughly vets and trains its staff in all import procedures.**

8

PR 001193

GOV0001193

2. Do you have a policies and procedures manual for Customs related operations?

**Response: U.S. Global uses its internal guidance for import operating procedures and internal controls and the guide: "The Basic Entry Process- Entry and Entry Summary," included in <u>Exhibit 4</u> as its manual for the Company's Customs policy and procedures.**

3. Do you have written policies and procedures related to ADD? (If so, are they approved by Management? Do you review and update them periodically?

**Response:  U.S. Global uses the attached manual, "Anti-Dumping Measures" specifically for its policies and procedures related to ADD.  *See* <u>Exhibit 8</u>.**

4. Do you maintain a database or listing of products that are subject to ADD?

**Response: Yes; U.S. Global maintains a list of products subject to ADD orders. These products include, e.g., [**

**].**

5. Have you identified any risks related to ADD (for example violating manufacturers / vendors?) Have you implemented control mechanisms for the ADD risks identified?

**Response: U.S. Global always visits the production facilities of its suppliers to ensure that the supplier has the requisite capacity, machinery, and personnel to meet U.S. Global's needs regarding the quantity and quality of the finished product.  U.S. Global was unaware of any risk that ADD could attach to its imports from Happy Home; CBP's notice of initiation in this case was completely unexpected.**

6. How do you make sure that information declared to CBP is accurate (including ADD)?

PR 001194

GOV0001194

**Response:  U.S. Global itself as well as the Company's Customs broker and [**

**] review the entry information and documentation to ensure that**

**U.S. Global's entry declarations are accurate and true to the best of their knowledge.**


C.  Corporate Structure and Affiliations
**(For all entities/individuals identified in the company's responses to this request for information, provide point of contact information - Name, Address, Phone Number, and Email)**

1.    The term affiliated persons1 (affiliates) includes: (1) members of a family; (2) an officer or director of an organization and that organization; (3) partners; (4) employers and employees; (5) any person directly or indirectly owning, controlling, or holding with power to vote, 5 percent or more of the outstanding voting stock or shares of any organization and that organization; (6) two or more persons directly or indirectly controlling, controlled by, or under common control with, any person; and (7) any person who controls any other person and that other person. Control exists when a person is legally or operationally in a position to exercise restraint or direction over another person. A control relationship should also have the potential to affect decisions concerning the production, pricing, or cost of the merchandise under investigation or review examples of situations which may indicate control include (but are not limited to): (a)joint ventures and franchises; (b) lender/borrower situations; (c) a close relationship with a supplier, (sub)contractor, lender, distributor, exporter or reseller; and (d) a group of companies controlled by, for example, a family, a corporation, or the same investors. An example of affiliation by common control may be the affiliation between the owners of a joint venture when each owner is in a control position with that joint venture.

   a.  Provide an organization chart and description of your company's operating structure. Describe the general organization of the company and each of its operating units.

   **Response: U.S. Global does not have separate departments for sales, accounting, or administration. The Company's CEO, Jun Zhang, is responsible for [**

**].  Mr. Zhang is assisted by only a part-time employee, [         ], who is responsible for [                                                        ].**


   b.      Provide a list of all the production facilities, sales office locations, research

10

GOV0001195

and development facilities and administrative offices involved in the development, production, sale and/or distribution of the merchandise under investigation operated by your company and its affiliates. Please briefly describe the purpose of each. Provide a complete address and telephone number for each of these plants, offices, and other facilities.

**Response:** **U.S. Global has only one office, at 19885 Quiroz Court, City of Industry, CA 91789.**

     c.     Provide an organization chart and description of your company's legal structure. Include any parent companies and subsidiaries of your company and all other persons affiliated with your company and provide a description of all such persons.

**Response:** [                                                                  ]. **U.S. Global has no parent company and no subsidiaries or affiliates.**

     d.     Provide a list of: (1) the shareholders who directly or indirectly own, control or hold with power to vote, 5 percent or more of your company's outstanding voting stock;(2) the ten shareholders with the highest ownership percentage of your company;(3) all companies in which your company directly or indirectly owns, holds or controls with power to vote, 5 percent or more of the outstanding voting stock; (4) if your company is a subsidiary of another company, the ten largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale and/or distribution of the merchandise under investigation; and (5) if your parent company is itself a subsidiary of another company, the ten largest shareholders of its parent company. For all of the above, state the percentage of voting stock owned, held or controlled, directly or indirectly.

Explain fully any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales or distribution of the merchandise under investigation.

If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation *(e.g.,* shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

**Response:** [                                                                  ]. **The company has**

PR 001196

GOV0001196

**no shareholders, parent company, affiliates, or subsidiaries.**

e.    State whether your company is part of a group. Examples of groups include: (1) a parent company and its subsidiaries; (2) a defined corporate group (3) a network of companies with cross ownership; and (4) two or more companies involved in the development, production, sale and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

> **Response: U.S. Global is not part of a group of companies.**

If your company is part of a group, provide:

i. An organization chart of the companies in the group.

11. The amount of outstanding voting stock directly or indirectly owned, held or controlled, with power to vote, of each company in the group by: (a) any other company in the group; (b) any member of the family group; and/or (c) any member of the investor group.

iii. The names of the officers, director and managers of each company in the group and indicate whether any of them is also: (a) an officer, director or manager of another company in the group; (b) a member of the family group; and/or (c) a member of the investor group. Explain all business or operational relationships affecting the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

> **Response: Not applicable.**

f.  State whether your company is under "common control" with another person by a third person *(e.g.,* a family group or investor group) and/or whether your company and another person commonly control a third person *(e.g.,* a joint venture). Control exists where a person is legally or operationally in a position to exercise restraint or direction over another person. Some factors, individually or in aggregate, which may influence your review for determining whether or not control may exist include, for example, ownership (with power to vote) of the voting stock of a company, substantial borrowings, intertwined business operations, and common officers, directors, or managers. If there is such a relationship, describe the nature of the relationship *(e.g.,* ownership percentage, common

PR 001197

GOV0001197

officers/directors), your business relationship with such company or person and the effect such relationship may have on the development, production, sale and/or distribution of the merchandise under investigation.

**Response:** **U.S. Global is not under the common control with another company by a**

**third company.**

g. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

If you do not believe that the affiliated producer and your company could manufacture identical or similar products without substantial retooling, please explain the reasons for your conclusion and provide support for such a conclusion.

For each affiliated producer or potential producer of the merchandise under investigation: (1) state the level of common ownership *(e.g.,* the amount of cross equity ownership between the producers and/or ownership by any third party of both of the producers); (2) provide the names of any officers, directors and/or managerial employees of one company who are also officers, directors and/or managerial employees of the other company or of a company that is affiliated with both your company and the other producer; and (3) explain any intertwined operations *( e.g.,* shared employees and/or shared facilities, shared sales information, common involvement in production and pricing decisions, and transactions between your company and the affiliated producers).

**Response:** **U.S. Global is not a producer of hardwood plywood and is not affiliated**

**with any producer or potential producer of plywood.**

h.    Identify all suppliers, (sub)contractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale and/or distribution of the merchandise under investigation which the Department may also consider affiliated with your company.  Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, (sub)contractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other relationships between your company and the other person (e.g., director/manager relationships).[2]

**Response:** [

PR 001198

GOV0001198

].

I.    Identify all business transactions that may directly or indirectly affect the development, production, sale and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above).

Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

**Response: U.S. Global has not made any business transactions such as described above.**

2.    Please explain the company's affiliation with Happy Home if not responded to previously.

**Response: U.S. Global is not affiliated with Happy Home.**

D.  Accounting/Financial Practices

Please provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements: (1) audited, consolidated and unconsolidated financial statements (including any footnotes and auditor's opinion); (2) internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business; (3) financial statements or other relevant documents *(i.e.,* profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; (4) any financial statement or other financial report filed in the United States.

**Response: U.S. Global has attached its unaudited financial statements for its last two fiscal years ending June 30, 2018 and June 30, 2019 in Exhibit 9.  U.S. Global's trial balances as of June 30, 2018, June 30, 2019, and September 30, 2019 are included in**

14

GOV0001199

**Exhibit 10.**

E.  Pertinent Requests for Accounting Transactions and Payment/Receipt of Payment
    Information

1.      Please provide us with a Chart of Accounts used by your company or other
description of how the company accounts for assets, liabilities, equity, income, or expenses.

      **Response: U.S. Global's list of accounts is attached as <u>Exhibit 11</u>.**

2.      Please provide all accounts payable records (including beginning and ending trial
balances and detailed monthly activity reports/journal entries). If general ledger accounts are
not used, please provide all such information that would ordinarily be recorded in an
accounts payable as maintained. Please distinguish transactions for domestic companies
from those for foreign companies.

      **Response: U.S. Global's accounts payable ledger ("Vendor Balance Detail") is**

**attached as <u>Exhibit 12</u>.**

3.      Likely as a subset of the information provided immediately above, please provide
an excel spreadsheet listing all monetary transactions (including open liabilities - accounts
and notes) between GF and parties involved in procuring Hardwood Plywood. Note:
Transactions should not be limited to those for imports of Hardwood Plywood. Rather, they
should include all transactions between the company and anyone involved in the
transactions in the section below labeled <u>Pertinent Purchase/Procurement, Sales. and
Documentation Requests.</u>

      **Response: Please see <u>Exhibit 12</u> for the requested information.**

4.      Please provide us with copies of all company bank statements from June 5, 2018
onward. Please highlight all payments to and from domestic and foreign companies relating
to imported merchandise).

      **Response: U.S. Global has attached its bank statements from June 5, 2018 onward**

**as <u>Exhibit 13</u>.**

15

GOV0001200

F.   Pertinent Purchase/Procurement, Sales, and Documentation Requests

**Note: The following questions apply to imports of Hardwood Plywood purchased from Happy Home on/after June 5, 2018.**

For all Harwood Plywood imported (including those not identifying Cambodia as the country of origin), provide the following:

- CBP Form 7501
- CBP Form 3461
- Invoice (Commercial Rated and Final)
- Packing Slip
- Purchase Orders (including purchase orders and other source correspondence going back to the actual manufacturer)
- Proof of Payment (canceled check, wire transfer, letter of credit, etc.) to Foreign Suppliers/Manufacturers and/or other parties related to the transaction
- Sales Confirmation from the Seller
- All correspondence related directly/indirectly to the shipment/order
- All Pertinent Transportation Documents (e.g., master and house bills of lading) from the Source location and through to the buyer (sale from GF after import)
- Payment for Freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) for entire shipment process above - from exporter/manufacturer/agents as necessary
- Mill Certificate (for raw material processing)
- Lacey Act Declaration (form PPQ505) for all hardwood plywood imported
- Purchase Orders and corresponding invoices from buyers of the imported Hardwood Plywood.
- All correspondence related directly/indirectly to the sale

- Invoices issued to buyers of imported Hardwood Plywood
- Payment Receipt Documentation (check images, incoming wire transfer, letters of credit etc.) for GF's sales of imported Hardwood Plywood.

We need to follow the imported merchandise through any middlemen suppliers all the way to the manufacturing source and the true country of origin. Please ensure the documents provided for each sample item provides a sufficient audit trail for the audit team to be able to trace the origin of the merchandise all the way back to the actual manufacturer and country of origin.

**Response:** The above-listed documents are included in **Exhibits 3, 6, 7, and 13**.  In

addition, customer payments are documented in **Exhibit 14**.

16

GOV0001201

**List of Exhibits**

**CBP EAPA Case Number: 7321**
**(Certain Hardwood Plywood)**
**Period of Investigation: June 5, 2018 Onward**

**U.S. GLOBAL FOREST, INC. ("U.S. GLOBAL")**

**Questionnaire Response**

**October 30, 2019**

Exhibit 1        Customs Brokers

Exhibit 2        U.S. Global Visit to Happy Home

Exhibit 3        Entry Packages

Exhibit 4        Customs Entry Procedure

Exhibit 5        Customers

Exhibit 6        Invoices to Customers

Exhibit 7        Lacey Act Declarations

Exhibit 8        Guide to Anti-Dumping Measures

Exhibit 9        Financial Statements

Exhibit 10       Trial Balances

Exhibit 11       Chart of Accounts

Exhibit 12       Accounts Payable

Exhibit 13       Bank Statements

Exhibit 14       Customer Payments

GOV0001202

Exhibit 1

Customs Brokers

PR 001203

GOV0001203

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001204

GOV0001204

Exhibit 2

U.S. Global Visit to Happy Home

PR 001205

GOV0001205

# EXHIBIT NOT SUSCEPTIBLE TO PUBLIC SUMMARY

PR 001206

GOV0001206

Exhibit 3

Entry Packages

PR 001207

GOV0001207

Exhibit 5 Of Summary of Entries

| No. | Invoice No. | Invoice Date | Entry No. | Entry Date | Qty (M3) | Value | Customer |
|-----|-------------|--------------|-----------|------------|----------|-------|----------|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |

PR 001208

PUBLIC VERSION

GOV0001208

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001209

3.1

GOV0001210

PUBLIC VERSION

## CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville    Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia

## INVOICE

TO: **US GLOBAL FOREST INC.**
   663 BREA CANYON ROAD, SUITE 8
WALNUT, CA 91789 USA

Invoice No:

Sales Confirmation No:

Date:

PORT OF LOADING :                              FINAL DESTINATION :

VESSEL NAME :                                PAYMENT: _____

| MARKS&NOS. | DESCRIPTION | QUANTITY | | UNIT PRICE (USD/MSF) | AMOUNT |
|---|---|---|---|---|---|
| | | CBM | MSF | | |
| B/LNO | | | | | |
| TOTAL | | | | | |

| CONTAINER/SEAL NO. | CRATE NO. | PO NO. |
|---|---|---|
| | | |

PR 001211

GOV0001211

PUBLIC VERSION

GOV0001212

PUBLIC VERSION

# US Global Forest Inc.

663 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

**Purchase Order**

To: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
Add: BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE
Tel: 996-6845658

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
| | | | |
| | | | |

Total: _____

PR 001213

GOV0001213

PUBLIC VERSION

# US Global Forest Inc.

883 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

# Purchase Order

To: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
Add: BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE
Tel: 096 -6845858

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
|  |  |  |  |

Total: _____

PR 001214

GOV0001214

# US Global Forest Inc.

663 Brea Canyon Road, Suite B Walnut, CA 91789 USA

# Purchase Order

To: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
Add: BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE
Tel: 096 -6845858

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
| | | | |
| | | | |

Total: _____

PR 001215

GOV0001215

# US Global Forest Inc.

663 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

# Purchase Order

To: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
Add: BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE
Tel: 096 -6045650

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Total:

GOV0001216

PUBLIC VERSION

# INVOICE

| | | | | Invoice Number |
|---|---|---|---|---|
| Your Reference | Terms | Invoice Date | Due Date | Our Reference |

| To | Remit To |
|---|---|
| | |

| MAWB # | HAWB | Description of Charges | Amount |
|---|---|---|---|

| Carrier | Flight No# | |
|---|---|---|

| Departure Date | Arrival Date |
|---|---|

| Origin Port | Destination Port |
|---|---|

| Shipper |
|---|
| CAMBODIAN HAPPY HOME WOOD PR |

| Consignee |
|---|
| US GLOBAL FOREST INC |

| Shipment Detail | Chargeable Weight Kgs |
|---|---|

| Cargo Description |
|---|

| Remarks |
|---|

| Our Contact: | Grand Total |
|---|---|

PR 001217

GOV0001217

PUBLIC VERSION

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

Page: 1

## ENTRY/IMMEDIATE DELIVERY

19 CFR 142.3, 142.16, 142.22, 142.24

Form Approved
OMB No. 1651-0024
Exp. 06-31-2016

| 1. ARRIVAL DATE | | 2. ELECTED ENTRY DATE | 3. ENTRY TYPE CODE/NAME | 4. ENTRY NUMBER |
|---|---|---|---|---|
| 5. PORT | | 6. SINGLE TRANS. BOND | 7. BROKER/IMPORTER FILE NUMBER | |
| | | 8. CONSIGNEE NUMBER | | 9. IMPORTER NUMBER |

| 10. ULTIMATE CONSIGNEE NAME | 11. IMPORTER OF RECORD NAME |
|---|---|
| US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br>CITY OF INDUSTRY, CA 91789-3074 | US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br>CITY OF INDUSTRY, CA 91789-3074 |

| 12. CARRIER NAME | 13. VOYAGE/FLIGHT/TRIP | 14. LOCATION OF GOODS-CODE(S)/NAME(S) | |
|---|---|---|---|
| 15. VESSEL CODE/NAME | | | |
| 16. U.S. PORT OF UNLADING | 17. MANIFEST NUMBER | 18. G.O. NUMBER | 19. TOTAL VALUE |

20. DESCRIPTION OF MERCHANDISE

| 21. T.S.C./A/WB/<br>27/BP | 22. IT/BL/AWB NO. | 23. MANIFEST QUANTITY | 24. H.S. NUMBER | 25. COUNTRY<br>OF ORIGIN | 26. MANUFACTURER NO. |
|---|---|---|---|---|---|
| | | | | | |

| 27. CERTIFICATION | 28. CBP USE ONLY |
|---|---|

GOV0001218

Continuation Sheet for Entry                                   Page 2

Broker Ref. No:

Containers:

PUBLIC VERSION

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Customs and Border Protection

## ENTRY SUMMARY

PAPERLESS

OMB APPROVAL NO. 1651-0022
EXPIRATION DATE 01/31/2021
ESTIMATED BURDEN 10 MIN

| 1. Filer Code/Entry No. | 2. Entry Type | 3. Summary Date |
|---|---|---|
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date |

| 6. Importing Carrier | 9. Mode of Transport | 10. Country of Origin | 11. Import Date |
|---|---|---|---|
| 12. B/L or AWB No. | 13. Manufacturer ID | 14. Exporting Country | 15. Export Date |
| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading | 20. U.S. Port of Unlading |
| 21. Location of Goods/G.O. No. | 22. Consignee No. | 23. Importer No. | 24. Reference No. |

| 25. Ultimate Consignee Name and Address | 26. Importer of Record Name and Address |
|---|---|
| US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400 | US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400 |
| Destination: CA    Customer Reference #<br>City  CITY OF INDUSTRY    State  CA  Zip  91789-3074 | City  CITY OF INDUSTRY    State  CA  Zip  91789-3074 |

| 27.<br>Line No. | 28. Description of Merchandise | | | 32. | 33. | 34. |
|---|---|---|---|---|---|---|
| | 29.<br>A. HTSUS No.<br>B. ADA/CVD No. | 30.<br>A. Grossweight<br>B. Manifest Qty. | 31.<br>Net Quantity in HTSUS Units | A. Entered Value<br>B. CHGS<br>C. Relationship | A. HTSUS Rate<br>B. ADA/CVD Rate<br>C. IRC Rate<br>D. Visa No. | Duty and I.R. Tax |
| | | | | | | Dollars | Cents |

PR 001220

GOV0001220

PUBLIC VERSION

# ARRIVAL NOTICE

| | | B/L No. |
|---|---|---|

| Notify Party (Complete name and address) | Vessel | Voyage No | Print Date |
|---|---|---|---|

Your ref.

| Place of Receipt | Other Numbering Identification |
|---|---|

Port of Loading

Port of Discharge

Place of delivery

| Consignee (Complete name and address) | Shipper/Exporter (Complete name and address) |
|---|---|

| Kind of Packages; Description of goods; Marks and Numbers; Container No./Seal No. | Gross Weight | Measurement |
|---|---|---|

PR 001221

GOV0001221

PUBLIC VERSION

B/L No.

| The above mentioned cargo is due to arrive aboard subject vessel On/or About | Date |
|---|---|

PR 001222

GOV0001222

PUBLIC VERSION

B/L No.

3/3

PR 001223

GOV0001223

PUBLIC VERSION

BILL OF LADING

B/L No.

Shipper
CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD .
BUILDING NO.C22-1 , SIHANOUKVILLE SPECIAL ECONOMIC ZONE
SMACH DENG VILLAGE , REAM COMMUNE ,
PREY NOB DISTRICT, SIHANOUKVILLE , CAMBODIA

Consignee

US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

Notify Party
US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

| Pre-Carriage by | | Place of Receipt | | |
| Ocean Vessel | Voy No. | Port of Loading | | |
| Port of Discharge | | Place of Delivery | Final Destination (for the Merchant's reference) | |
| Marks and Numbers Container No. / Seal No. | | No. of Containers or Pkgs | Kind of packages, description of goods | Gross weight | Measurement |

GOV0001224

PUBLIC VERSION

**** ATTACHED LIST FOR HB/L #          ***

SHEET : 1 OF 1

PUBLIC VERSION

## NON-NEGOTIABLE WAYBILL

SCAC

B/L No.

Shipper

Booking No.

Export references                                                                Svc Contract

Consignee

Notify Party (see clause 22)

Onward inland routing (Not part of Carriage as defined in clause 1. For account and risk of Merchant)

| Vessel | Voyage No. | Place of Receipt. Applicable only when document used as Multimodal Waybill |
| Port of Loading | Port of Discharge | Place of Delivery. Applicable only when document used as Multimodal Transport B/L (see clause 1) |

### PARTICULARS FURNISHED BY SHIPPER

| Kind of Packages; Description of goods; Marks and Numbers. Container No./Seal No. | Weight | Measurement |

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |

PR 001226

GOV0001226

B/L:                                    Page : 2

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| | | | | | |

| Charges Name | Prepaid/Collect | Invoice Party | | Collection Business Unit |
|---|---|---|---|---|
| | | | | |

PR 001227

GOV0001227

PUBLIC VERSION

# CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville   Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia )

## PACKING LIST

TO:US GLOBAL FOREST INC.                          INVOICE NO:
   663 BREA CANYONROAD,SUITE 8           P.O. NO:
   WALNUT,CA 91789 USA
                                                           DATE:
   B/L NO:

| MARKS | DESCRIPTION OF GOODS | CRTS & PCS/CRT | MEASUREMENT | | NET WEIGHT | GROSS WEIGHT |
|---|---|---|---|---|---|---|
| | | | CBM | MSF | | |
| | | | | | | |

| TOTAL | | | | | | |

| CONTAINER/SEAL NO. | CRATE NO. | PO NO. |
|---|---|---|
| | | |

GOV0001228

PR 001229

GOV0001229

PUBLIC VERSION

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED:
0579-0349
Exp. Date:

## SECTION 1 - Shipment Information

# Plant and Plant Product Declaration Form
### Section 3: Lacey Act Amendment (16 U.S.C. 3372)

**U.S. DEPARTMENT OF AGRICULTURE**
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER: ☐ See Attachment

4. BILL OF LADING:

5. MID:

6. IMPORTER NAME:
US GLOBAL FOREST NC

7. IMPORTER ADDRESS:
663 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

8. CONSIGNEE NAME:
US GLOBAL FOREST NC

9. CONSIGNEE ADDRESS:
663 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

10. DESCRIPTION OF MERCHANDISE:

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/ COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus          Species | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

I certify under penalty of perjury that, to the best of my knowledge and belief, the information furnished is true and correct:

| Preparer's Phone Number and Area Code | Signature | Type or Print Name | Date |
|---|---|---|---|

Knowingly making a false statement in this Declaration for importation may subject the declarant to criminal penalties in accordance with 16 U.S.C. 1373(d).

Version 08-15-2011-0856
PPQ FORM 505
AUGUST 2011

Page 1

Version 08-15-2011-0856

1. **Estimated Date of Arrival:** Enter the date (MM/DD/YYYY) that the product is expected to enter the United States of America.

2. **Entry Number:** Enter the U. S. Customs entry number assigned to this shipment. (Format: xxx-xxxxxxx-x)

3. **Container Number:** Enter the number of the shipping container in which the product is being shipped - available from your shipping company. If you have more than container number in your shipment, check the "see attachment" box, and list all of the containers on a separate sheet. Attach the container list to the PPQ 505. If there is no container number, please leave this section blank.

4. **Bill of Lading:** Enter the Bill of Lading (BOL) number assigned to this shipment - available from the shipping company. If there is no Bill of Lading number, please leave this section blank.

5. **MID:** Manufacturer Identification Code - available from the manufacturer or customs broker (19 CFR Appendix to Part 102).

6. **Importer Name:** Enter the name of the import company or individual for the product.

7. **Importer Address:** Enter the address of the import company or individual in #6.

8. **Consignee Name:** Name of the individual or company who ordered and will ultimately receive the shipment.

9. **Consignee Address:** Enter the address of the individual or company in #8.

10. **Description of the Merchandise:** Enter the name of the plant or plant product, and its use (example: wooden spoons for kitchenware). If the use is unknown, enter only the name of the product(example: lumber). If the product is protected under CITES also input CITES permit number here. If product was manufactured prior to the Lacey Act Amendment also input "Manufactured Prior to May 22, 2008".

11. **HTSUS Number:** Enter the Harmonized Tariff Code for the merchandise described in #10 - available at http://www.usitc.gov/tata/hts/.

12. **Entered Value (in U.S. Dollars):** Write the entered value of the imported merchandise described in #10 in U.S. Dollars.

13. **Article/Component of Article:** Enter a brief description of each article, or component of an article, that is manufactured from plants or plant parts. (Example: A decorative item including a wood frame and 100 % recycled paperboard - enter the frame as a line item, and record the percent recycled material in the paperboard in section #18.)

14. **Plant Scientific Name:** For each article/component in #13 enter the scientific name (example: See next page). If the species of plant used to produce the product varies, and the species used to produce the product is unknown, enter each species that may have been used to produce the product. If product was manufactured prior to the Amendment and you cannot determine species, enter "Special" for Genus and "PreAmendment" for Species. The Scientific Name is NOT the trade/common name of the plant.

Page 1

PR 001231

GOV0001231

Version 08-15-2011-0856

15.    **Country of Harvest:** Enter the country where the plant was harvested (example: See below). If the country of harvest varies, and is unknown, enter all countries from which the plant material in the product may have been harvested. This is NOT the country of manufacture/origin.

16.    **Quantity of Material:** How much plant material is in the shipment (example: See below).

17.    **Unit:** This is the Unit of Measure of the Plant Material. Use the drop down box on the form to enter the units for #17.    (example: See below).

        kg - kilograms
        m - meter
        m² - square meters
        m³ - cubic meters

18.    **% Recycled Material:** If the product is paper or paperboard, enter the percentage of recycled material it contains (0 - 100%). If the percentage of recycled material varies, enter the average percentage of recycled material used in the product (example: If the percentage of recycled material used is between 25% and 45%, enter 35%).

| 11. HTSUS Number | 12. Entered Value | 13. Article/Component of Article | 14. Plant Scientific Name | | 15. Country of Harvest | 16. Quantity of Plant Material | 17. Unit | 18. Percent Recycled |
|---|---|---|---|---|---|---|---|---|
| | | | Genus | Species | | | | |
| 9401692010 | 1354 | Bentwood Seats Made of Oak | Quercus | lineata | Indonesia | 500 | kg | 0 |
| 4407950060 | 8442 | European ash lumber (2" x 4") | Fraxinus | excelsior | Switzerland | 52 | M3 | 0 |

**Submission of Paper Declaration:** Importers should have a copy of the form available for Customs and Border Protection (CBP) to review at the port of entry. After CBP clears the shipment, the importer must mail the original form to the USDA at the following address:

    The Lacey Act
    c/o U.S. Department of Agriculture
    Box 10
    4700 River Road
    Riverdale, MD 20737

Note:    You may use Form PPQ 505B should more space be required. Make as many copies as necessary.
        Failure to include any and all of the required information will result in the rejection of your declaration.

**SPECIAL NOTE:** IF YOU HAVE FILED A LACEY ACT DECLARATION ELECTRONICALLY THROUGH THE CUSTOMS SYSTEM, THERE IS NO NEED TO FILE A PAPER DECLARATION.

Page 2

SHIPPER'S CONTRACT/REF#:

| 1. Manufacturer/Supplier **REQUIRED** | | Importer Security Filing    Request Form |
|---|---|---|
| Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD | | |

| | |
|---|---|
| Address1: | BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE |
| | REAM COMMUNE, PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA |
| Address2: | |
| City: | |
| Country : Cambodia | Postal Code: |

**2. Seller **REQUIRED****

Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

| | |
|---|---|
| Address1: | BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE |
| | REAM COMMUNE, PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA |
| Address2: | |
| City: | State/Province: |
| Country: Cambodia | Postal Code: |

**3. Buyer **REQUIRED****

| | |
|---|---|
| Name: | US GLOBAL FOREST INC |
| Address1: | 683 BREA CANYON ROAD, SUITE 6 WALNUT, CA 91789 USA |
| Address2: | PHONE. 562-907-4330 FAX. 562-907-4339 |
| City: | State/Province: |
| Country: USA | Postal Code: 91789 |

**4. Ship To:**

| | |
|---|---|
| Name: | |
| Address1: | |
| Address2: | |
| City: | State/Province: |
| Country: | Postal Code: |

7. Importer of Record Number (Federal Tax ID#)

8. Consignee Number (Federal Tax ID#)

**6. Container Stuffing Location **REQUIRED****

Name : CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

| | |
|---|---|
| | BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE |
| | REAM COMMUNE, PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA |
| Cambodia | State/Province: |
| | Postal Code: |

**5. Consolidator (Stuffer) **REQUIRED****

Name : CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

| | |
|---|---|
| Address1: | BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE |
| Address2: | |
| Address3: | |
| City: | |
| Country : Cambodia | State/Province: |
| | Postal Code: |

| | | | |
|---|---|---|---|
| M B/L# | | H B/L# | |
| AMS# | | 4 LTR AMS SCAC CODE: | |
| VEL&VOY# | | Port of Arrival: | |
| ETD: | | ETA: | |
| CTR# | | DESCRIPTION: | |
| PO#: | | | |

| 9. Country of Origin | Description of goods | 10.  HTS# (6 digit) | Unit Qty ( DZ$ ) | N WT (KGS) | G. WT (KGS) | Unit Px (USD) | Amount (USD) |
|---|---|---|---|---|---|---|---|
| | | | | KGS | | CBM: | |
| Cambodia | | | | | | | |
| | PLYWOOD | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| SENDER: | | ISF IMPORTER APPROVAL: |
|---|---|---|

| | |
|---|---|
| Completed By: | ***REQUIRED*** |
| Date/Time Sent: | ***REQUIRED*** |
| Return e-mail: | ***REQUIRED*** |
| | |
| Signature | ***REQUIRED*** |

| | |
|---|---|
| Approved By (Name): | |
| Date/Time Approved: | |
| RECEIVER: | |
| ISF Form received by: | |
| Date/Time Received: | |
| Date/Time Transmitted: | |
| Sec. Filing No.: | |

By completing this form, the ISF importer certifies that all information is accurate. This form must be received  at least 3 WORKING DAYS prior to loading OR 5 WORKING DAYS FOR ITEMS 10 OR MORE  Failure to comply with this requirement may result in penis.

GOV0001233

PUBLIC VERSION

3.2

PR 001234

GOV0001234

PUBLIC VERSION

# CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville    Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia

## INVOICE

TO:**US GLOBAL FOREST INC.**
  663 BREA CANYON ROAD, SUITE 8
  WALNUT, CA 91789 USA
  **Date:**

Invoice No:
Sales Confirmation No:

PORT OF LOADING :

VESSEL NAME :

FINAL DESTINATION :

PAYMENT :

| MARKS&NOS. | DESCRIPTION | QUANTITY | | UNIT PRICE (USD/MSF) | AMOUNT |
|---|---|---|---|---|---|
| B/LNO: | | CBM | MSF | | |
| | | | | | |
| TOTAL | | | | | |

| CONTAINER/SEAL NO. | CRATE NO. | PO NO. |
|---|---|---|
| | | |

PR 001235

GOV0001235

PUBLIC VERSION

# US Global Forest Inc.

563 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

# Purchase Order

To: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
Add: BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE
Tel: 696 -6845656

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*Total:*

PR 001236

GOV0001236

PUBLIC VERSION

# INVOICE

| | | Invoice Number |
|---|---|---|

| Your Reference | Terms | Invoice Date | Due Date | Our Reference |
|---|---|---|---|---|

| To | | Remit To |
|---|---|---|

| MAWB # | HAWB | Description of Charges | Amount |
|---|---|---|---|

| Carrier | Flight No# | | |
|---|---|---|---|

| Departure Date | Arrival Date | | |
|---|---|---|---|

| Origin Port | Destination Port | | |
|---|---|---|---|

| Shipper | | | |
|---|---|---|---|
| CAMBODIAN HAPPY HOME WOOD PR | | | |

| Consignee | | | |
|---|---|---|---|
| US GLOBAL FOREST INC | | | |

| Shipment Detail | Chargeable Weight Kgs | | |
|---|---|---|---|

| Cargo Description | | | |
|---|---|---|---|

| Remarks | | | |
|---|---|---|---|

| Our Contact: | | Grand Total |
|---|---|---|

PR 001237

GOV0001237

TI Box

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

Page: 1

## ENTRY/IMMEDIATE DELIVERY

19 CFR 142.3, 142.16, 142.22, 142.24

Form Approved
OMB No. 1651-0024
Exp. 08-31-2010

| 1. ARRIVAL DATE | | 2. ELECTED ENTRY DATE | 3. ENTRY TYPE CODE/NAME | 4. ENTRY NUMBER |
|---|---|---|---|---|
| 5. PORT | | 6. SINGLE TRANS. BOND | 7. BROKER/IMPORTER FILE NUMBER | |
| | | 8. CONSIGNEE NUMBER | | 9. IMPORTER NUMBER |

| 10. ULTIMATE CONSIGNEE NAME | 11. IMPORTER OF RECORD NAME |
|---|---|
| US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br>CITY OF INDUSTRY, CA 91789-3074 | US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br>CITY OF INDUSTRY, CA 91789-3074 |

| 12. CARRIER NAME | 13. VOYAGE/FLIGHT/TRIP | 14. LOCATION OF GOODS-CODE(S)/NAME(S) |
|---|---|---|
| 15. VESSEL CODE/NAME | | |

| 16. U.S. PORT OF UNLADING | 17. MANIFEST NUMBER | 18. G.O. NUMBER | 19. TOTAL VALUE |
|---|---|---|---|
| 20. DESCRIPTION OF MERCHANDISE | | | |

| 21. IT/BL/AWB CODE | 22. IT/BL/AWB NO. | 23. MANIFEST QUANTITY | 24. H.S. NUMBER | 25. COUNTRY OF ORIGIN | 26. MANUFACTURER NO. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| 27. CERTIFICATION | 28. CBP USE ONLY |
|---|---|

GOV0001238

PUBLIC VERSION

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

PAPERLESS

OMB APPROVAL NO. 1651-0022
EXPIRATION DATE 01/31/2021
ESTIMATED BURDEN 10 MIN

## ENTRY SUMMARY

| 1. Filer Code/Entry No. | | 2. Entry Type | 3. Summary Date |
|---|---|---|---|
| 4. Surety No. | 5. Bond Type | 6. Port Code | 7. Entry Date |

| 8. Importing Carrier | 9. Mode of Transport | 10. Country of Origin | 11. Import Date |
|---|---|---|---|

| 12. B/L or AWB No. | 13. Manufacturer ID | 14. Exporting Country | 15. Export Date |
|---|---|---|---|

| 16. I.T. No. | 17. I.T. Date | 18. Missing Docs | 19. Foreign Port of Lading | 20. U.S. Port of Unlading |
|---|---|---|---|---|

| 21. Location of Goods/G.O. No. | 22. Consignee No. | 23. Importer No. | 24. Reference No. |
|---|---|---|---|

| 25. Ultimate Consignee Name and Address | 26. Importer of Record Name and Address |
|---|---|
| US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br><br>Destination: TX    Customer Reference #<br>City  CITY OF INDUSTRY    State  CA  Zip  91789-3074 | US GLOBAL FOREST INC<br>20819 CURRIER RD<br>STE 400<br><br>City  CITY OF INDUSTRY    State  CA  Zip  91769-3074 |

| 27 Line No. | 28. Description of Merchandise | | | 32. A. Entered Value B. CHGS C. Relationship | 33. A. HTSUS Rate B. ADA/CVD Rate C. IRC Rate D. Visa No. | 34. Duty and I.R. Tax | |
|---|---|---|---|---|---|---|---|
| | 29. A. HTSUS No. B. ADA/CVD No. | 30. A. Grossweight B. Manifest Qty. | 31. Net Quantity in HTSUS Units | | | Dollars | Cents |

PR 001239

GOV0001239

PUBLIC VERSION

# ARRIVAL NOTICE

B/L No

Notify Party (Complete name and address)

Vessel

Voyage No

Print Date

Your ref.

Place of Receipt

Other Numbering Identification

Port of Loading

Port of Discharge

Place of delivery

Consignee (Complete name and address)

Shipper/Exporter (Complete name and address)

Kind of Packages; Description of goods, Marks and Numbers; Container No./Seal No.

Gross Weight

Measurement

PR 001240

GOV0001240

PUBLIC VERSION

B/L No.

PR 001241

GOV0001241

PUBLIC VERSION

B/L No.

3/3

PR 001242

GOV0001242

PUBLIC VERSION

BILL OF LADING

B/L No.

Shipper

CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD .
BUILDING NO.C22-1 , SIHANOUKVILLE SPECIAL ECONOMIC ZONE
SMACH DENG VILLAGE , REAM COMMUNE ,
PREY NOB DISTRICT, SIHANOUKVILLE , CAMBODIA

Consignee

US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

Notify Party

US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

| Pre-Carriage by | | Place of Receipt | | |
| Ocean Vessel | Voy No. | Port of Loading | | |
| Port of Discharge | | Place of Delivery | Final Destination (for the Merchant's reference) | |
| Marks and Numbers Container No. / Seal No. | | No. of Containers or Pkgs. | Kind of packages, description of goods | Gross weight | Measurement |

PR 001243

GOV0001243

| NON-NEGOTIABLE WAYBILL | | SCAC |
|---|---|---|
| | | B/L No. |

Shipper

Booking No.

Export references                                                                 Svc Contract

Consignee

Notify Party (see clause 22)

Onward Inland routing (Not part of Carriage as defined in clause 1. For account and risk of Merchant)

| Vessel | Voyage No. | Place of Receipt. Applicable only when document used as Multimodal Waybill |
|---|---|---|
| Port of Loading | Port of Discharge | Place of Delivery. Applicable only when document used as Multimodal Transport B/L. (see clause 1) |

**PARTICULARS FURNISHED BY SHIPPER**

| Kind of Packages; Description of goods; Marks and Numbers; Container No.;Seal No. | Weight | Measurement |
|---|---|---|

GOV0001244

PUBLIC VERSION

B/L:                                    Page : 2

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| | | | | | |

| Charges Name | Prepaid/Collect | Invoice Party | Collection Business Unit |
|---|---|---|---|
| | | | |

PR 001245

GOV0001245

# CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville   Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia )

## PACKING LIST

TO:US GLOBAL FOREST INC.
     663 BREA CANYONROAD,SUITE 8
     WALNUT,CA 91789 USA
     B/L NO:

INVOICE NO:
P.O. NO:
DATE:

| MARKS | DESCRIPTION OF GOODS | CRTS & PCS/CRT | MEASUREMENT | | NET WEIGHT | GROSS WEIGHT |
|---|---|---|---|---|---|---|
| | | | CBM | MSF | | |
| | | | | | | |
| TOTAL | | | | | | |
| CONTAINER/SEAL NO. | | CRATE NO. | | | PO NO. | |
| | | | | | | |

PR 001246

GOV0001246

According to the Paperwork reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
Exp. Date:

## SECTION 1 - Shipment Information

1. ESTIMATED DATE OF ARRIVAL: (MM/DD/YYYY)

2. ENTRY NUMBER:

3. CONTAINER NUMBER:  ☐ See Attachment

4. BILL OF LADING:

5. MID:

### Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)

APHIS

**U.S. DEPARTMENT OF AGRICULTURE**
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

10. DESCRIPTION OF MERCHANDISE:

6. IMPORTER NAME:
US GLOBAL FOREST NC

7. IMPORTER ADDRESS:
663 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

8. CONSIGNEE NAME:
US GLOBAL FOREST NC

9. CONSIGNEE ADDRESS:
663 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTSUS NUMBER: (no dashes/symbols) | 12. ENTERED VALUE: | 13. ARTICLE/ COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME: Genus      Species | 15. COUNTRY OF HARVEST: | 16. QUANTITY OF PLANT MATERIAL: | 17. UNIT: | 18. PERCENT RECYCLED: |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

I certify under penalty of perjury that, to the best of my knowledge and belief, the information furnished is true and correct.

| Preparer's Phone Number at 6 Area Code | Signature | Type or Print Name | Date |
|---|---|---|---|

Knowingly making a false statement on this Declaration for importation may subject the declarant to criminal penalties in accordance with 18 U.S.C. 3373(d).

Version 08-15-2011-0856
PPQ FORM 505
AUGUST 2011

Page 1

Version 09-15-2011-0856

1.   **Estimated Date of Arrival:** Enter the date (MM/DD/YYYY) that the product is expected to enter the United States of America.

2.   **Entry Number:** Enter the U. S. Customs entry number assigned to this shipment. (Format: xxx-xxxxxxx-x)

3.   **Container Number:** Enter the number of the shipping container in which the product is being shipped - available from your shipping company. If you have more than container number in your shipment, check the "see attachment" box, and list all of the containers on a separate sheet. Attach the container list to the PPQ 505. If there is no container number, please leave this section blank.

4.   **Bill of Lading:** Enter the Bill of Lading (BOL) number assigned to this shipment - available from the shipping company. If there is no Bill of Lading number, please leave this section blank.

5.   **MID:** Manufacturer Identification Code - available from the manufacturer or customs broker (19 CFR Appendix to Part 102).

6.   **Importer Name:** Enter the name of the import company or individual for the product.

7.   **Importer Address:** Enter the address of the import company or individual in #6.

8.   **Consignee Name:** Name of the individual or company who ordered and will ultimately receive the shipment.

9.   **Consignee Address:** Enter the address of the individual or company in #8.

10.  **Description of the Merchandise:** Enter the name of the plant or plant product, and its use (example: wooden spoons for kitchenware). If the use is unknown, enter only the name of the product(example: lumber). If the product is protected under CITES also input CITES permit number here. If product was manufactured prior to the Lacey Act Amendment also input "Manufactured Prior to May 22, 2008".

11.  **HTSUS Number:** Enter the Harmonized Tariff Code for the merchandise described in #10 - available at http://www.usitc.gov/tata/hts/.

12.  **Entered Value (in U.S. Dollars):** Write the entered value of the imported merchandise described in #10 in U.S. Dollars.

13.  **Article/Component of Article:** Enter a brief description of each article, or component of an article, that is manufactured from plants or plant parts.  (Example: A decorative item including a wood frame and 100 % recycled paperboard - enter the frame as a line item, and record the percent recycled material in the paperboard in section #18.)

14.  **Plant Scientific Name:** For each article/component in #13 enter the scientific name (example: See next page). If the species of plant used to produce the product varies, and the species used to produce the product is unknown, enter each species that may have been used to produce the product. If product was manufactured prior to the Amendment and you cannot determine species, enter "Special" for Genus and "PreAmendment" for Species. The Scientific Name is NOT the trade/common name of the plant.

Page 1

GOV0001248

Version 08-15-2011-0856

15.    **Country of Harvest:** Enter the country where the plant was harvested (example: See below). If the country of harvest varies, and is unknown, enter all countries from which the plant material in the product may have been harvested. This is NOT the country of manufacture/origin.

16.    **Quantity of Material:** How much plant material is in the shipment (example: See below).

17.    **Unit:** This is the Unit of Measure of the Plant Material. Use the drop down box on the form to enter the units for #17.    (example: See below).

>    kg - kilograms
>    m - meter
>    m² - square meters
>    m³ - cubic meters

18.    **% Recycled Material:** If the product is paper or paperboard, enter the percentage of recycled material it contains (0 - 100%). If the percentage of recycled material varies, enter the average percentage of recycled material used in the product (example: If the percentage of recycled material used is between 25% and 45%, enter 35%).

| 11. HTSUS Number | 12. Entered Value | 13. Article/Component of Article | 14. Plant Scientific Name | | 15.Country of Harvest | 16. Quantity of Plant Material | 17. Unit | 18. Percent Recycled |
|---|---|---|---|---|---|---|---|---|
| | | | Genus | Species | | | | |
| 9401692010 | 1354 | Bentwood Seats Made of Oak | Quercus | lineata | Indonesia | 500 | kg | 0 |
| 4407950000 | 8442 | European ash lumber (2" x 4") | Fraxinus | excelsior | Switzerland | 52 | M3 | 0 |

**Submission of Paper Declaration:** Importers should have a copy of the form available for Customs and Border Protection (CBP) to review at the port of entry. After CBP clears the shipment, the importer must mail the original form to the USDA at the following address:

>    The Lacey Act
>    c/o U.S. Department of Agriculture
>    Box 10
>    4700 River Road
>    Riverdale, MD 20737

Note:    You may use Form PPQ 505B should more space be required. Make as many copies as necessary.
Failure to include any and all of the required information will result in the rejection of your declaration.

**SPECIAL NOTE:** IF YOU HAVE FILED A LACEY ACT DECLARATION ELECTRONICALLY THROUGH THE CUSTOMS SYSTEM, THERE IS NO NEED TO FILE A PAPER DECLARATION.

Page 2

SHIPPER'S CONTRACT/PE #:

| 1. Manufacturer/Supplier **REQUIRED** | | Importer Security Filing     Request Form |
|---|---|---|
| Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD | | |

Address1: BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE

Address2: REAM COMMUNE ,PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA

City:

Country: Cambodia     Postal Code:

| 2. Seller **REQUIRED** | | | |
|---|---|---|---|
| Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD | | | |

Address1: BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE

Address2: REAM COMMUNE ,PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA

| City: | State/Province: | 5. Container Stuffing Location **REQUIRED** |
|---|---|---|
| Country: Cambodia | Postal Code: | Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD |

Address: BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE

REAM COMMUNE ,PREY NOB DISTRICT ,SIHANOUKVILLE PROVINCE , CAMBODIA

| 3. Buyer **REQUIRED** | | | | Cambodia | State/Province: |
|---|---|---|---|---|---|
| Name: US GLOBAL FOREST INC | | | | | Postal Code: |

Address1: 663 BREA CANYON ROAD, SUITE 6 WALNUT, CA 91789 USA

Address2: PHONE: 562-907-4330 FAX : 562-907-4339

| Country: USA | State/Province: | | 6. Consolidator (Stuffer) **REQUIRED** | |
|---|---|---|---|---|
| | Postal Code: | 91789 | Name: CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD | |

| 4. Ship To: | | Address: BUILDING NO. C22-1 SIHANOUKVILLE SPECIAL ECONOMIC ZONE, SMACH DENG VILLAGE |
|---|---|---|
| Name: | | Address1: |

| | | Address1: |
|---|---|---|
| Address1: | | |

| Address2: | | City: | | |
|---|---|---|---|---|
| City: | | Country: Cambodia | | State/Province: |
| Country: | | | | Postal Code: |

| 7. Importer of Record Number (Federal Tax ID#) | M B/L#: | II B/L#: |
|---|---|---|
| | AMS#: | 4 LTR AMS SCAC CODE: |

| | VEL&VOY#: | Port of Arrival: |
|---|---|---|
| 8. Consignee Number (Federal Tax ID#) | ETD: | ETA: |

| | CTR#: | DESCRIPTION: |
|---|---|---|
| | PCS: | KGS: |

| 9. Country of Origin | Description of goods | 10. HTS# (6 digit) | Unit Qty ( DZ6 ) | N.WT (KGS) | G. WT (KGS) | Unit Px (USD) | Amount (USD) | CBM: |
|---|---|---|---|---|---|---|---|---|
| Cambodia | | | | | | | | |
| | PLYWOOD | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| SENDER: | ISF IMPORTER APPROVAL: |
|---|---|

Completed By:                                    **REQUIRED**     Approved By (Name):

Date/Time Sent:                                                    Date/Time Approved:

Return e-mail:     **REQUIRED**

RECEIVER:

Signature:     **REQUIRED**     ISF Form received by:

Date/Time Received:

Date/Time Transmitted:

Sec. Filing No.:

By completing this form, the ISF Importer certifies that all information is accurate. This form must be received  at least 3 WORKING DAYS prior to loading OR 5 WORKING DAYS FOR ITEMS 10 OR MORE.  Failure to comply with this requirement may result in penal

GOV0001250

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001251

GOV0001251

# Exhibit 4

# Customs Entry Procedure

PR 001252

GOV0001252

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001253

GOV0001253

Exhibit 5

Customers

PR 001254

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001255

# Exhibit 6

# Invoices to Customers

PR 001256

GOV0001256

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001257

GOV0001257

Exhibit 7

Lacey Act Declarations

PR 001258

GOV0001258

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
EXP. 04/2021

USDA

UNITED STATES DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE
PLANT PROTECTION AND QUARANTINE

# PLANT AND PLANT PRODUCT DECLARATION

## SECTION 1 – Shipment Information

**1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)**

**2. ENTRY NUMBER**

**3. CONTAINER NUMBER(S)**

☐ See Attachment

**4. BILL OF LADING**

**5. MANUFACTURER IDENTIFICATION CODE (MID)**

**6. IMPORTER'S NAME**
US GLOBAL FOREST INC

**7. CONSIGNEE'S NAME**
US GLOBAL FOREST INC

**8. IMPORTER'S ADDRESS**
860 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

**9. CONSIGNEE'S ADDRESS**
860 BREA CANYON ROAD
SUITE8 WALNUT,CA91789 USA

**10. DESCRIPTION OF MERCHANDISE**

## SECTION 2 – Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTS NUMBER (no dashes/symbols) | 12. ENTERED VALUE | 13. ARTICLE COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME Genus / Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

I certify, under penalty that, to the best of my knowledge, [...]

**PREPARER'S NAME (printed)**

**PR**

(attached in box and chair):
**EMAIL ADDRESS**

**TELEPHONE NUMBER**

**DATE (MM/DD/YY)**

PUBLIC VERSION

GOV0001259

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
EXP. 10/2022

# USDA

UNITED STATES DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE
PLANT PROTECTION AND QUARANTINE

# PLANT AND PLANT PRODUCT DECLARATION

## SECTION 1 – Shipment Information

1. ESTIMATED DATE OF ARRIVAL *(MM/DD/YYYY)*

2. ENTRY NUMBER

3. CONTAINER NUMBER(S)

☐ See Attachment

4. BILL OF LADING

5. MANUFACTURER IDENTIFICATION CODE (MID)

6. IMPORTER'S NAME
US GLOBAL FOREST INC

7. CONSIGNEE'S NAME
US GLOBAL FOREST INC

8. IMPORTER'S ADDRESS
663 BREA CANYON ROAD
SUITE 6 WALNUT,CA91789 USA

9. CONSIGNEE'S ADDRESS
663 BREA CANYON ROAD,
SUITE 6 WALNUT,CA91789 USA

10. DESCRIPTION OF MERCHANDISE

## SECTION 2 – Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following.

| 11. HTS NUMBER *(no dashes/symbols)* | 12. ENTERED VALUE | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME Genus | Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

I certify under penalty that, to the best of my knowledge and belief, the information furnished is true and current.

| PREPARER'S NAME *(printed)* | PREPARER'S SIGNATURE | EMAIL ADDRESS | TELEPHONE NUMBER | DATE *(MM/DD/YYYY)* |
|---|---|---|---|---|

PPQ FORM 505     NOTE:     An Extension for information regarding privacy statement is unlawful pursuant to accordance with 18 U.S.C. 1001(a).

*Previous editions are obsolete.*

PUBLIC VERSION

PR 001260

GOV0001260

OMB APPROVED

**USDA**

UNITED STATES DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE
PLANT PROTECTION AND QUARANTINE

# PLANT AND PLANT PRODUCT DECLARATION

## SECTION 1 – Shipment Information

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)

2. ENTRY NUMBER

3. CONTAINER NUMBER(S)

☐ See Attachment

4. BILL OF LADING

5. MANUFACTURER IDENTIFICATION CODE (MID)

6. IMPORTER'S NAME
US GLOBAL FOREST INC

7. CONSIGNEE'S NAME
US GLOBAL FOREST INC

8. IMPORTER'S ADDRESS
863 BREA CANYON ROAD
SUITE B WALNUT CA91789 USA

9. CONSIGNEE'S ADDRESS
863 BREA CANYON ROAD
SUITE B WALNUT CA91789 USA

10. DESCRIPTION OF MERCHANDISE

## SECTION 2 – Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each article or component of an article, provide the following:

| 11. HTS NUMBER (No duties/symbols) | 12. ENTERED VALUE | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME Genus / Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

I certify under penalty that the declaration is true.

PREPARER'S NAME (SIGNATURE)

PREPARER'S NAME AND TITLE
EMAIL ADDRESS

TELEPHONE NUMBER

DATE (MM/DD/YYYY)

PUBLIC VERSION

PR 001261

GOV0001261

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
Exp. 06/30/20



UNITED STATES DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE
PLANT PROTECTION AND QUARANTINE

# PLANT AND PLANT PRODUCT DECLARATION

## SECTION 1 – Shipment Information

| 1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY) | 2. ENTRY NUMBER |
|---|---|

**3. CONTAINER NUMBER(S)**
☐ See Attachment

| 4. BILL OF LADING |
|---|
| 5. MANUFACTURER IDENTIFICATION CODE (MID) |

**6. IMPORTER'S NAME**
US GLOBAL FOREST INC

**7. CONSIGNEE'S NAME**
US GLOBAL FOREST INC

**8. IMPORTER'S ADDRESS**
663 BREA CANYON ROAD,
SUITE8 WALNUT,CA91789 USA

**9. CONSIGNEE'S ADDRESS**
663 BREA CANYON ROAD,
SUITE8 WALNUT CA91789 USA

**10. DESCRIPTION OF MERCHANDISE**

## SECTION 2 – Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

*For each article or component of an article, provide the following.*

| 11. HTS NUMBER (incl. check-as-symbols) | 12. ENTERED VALUE | 13. ARTICLE/COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME Genus | Species | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

I certify under penalty that, to the best of my knowledge and belief, the information furnished is true and correct.

| PREPARER'S NAME (printed) | EMAIL ADDRESS | TELEPHONE NUMBER | DATE (MM/DD/YYYY) |
|---|---|---|---|

PUBLIC VERSION

PR 001262

GOV0001262

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0579-0349. The time required to complete this information collection is estimated to average 0.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB APPROVED
0579-0349
Exp. Date:

## SECTION 1 - Shipment Information

1. ESTIMATED DATE OF ARRIVAL (MM/DD/YYYY)

2. ENTRY NUMBER

3. CONTAINER NUMBER  ☐ See Attachment

4. BILL OF LADING

5. MID

# Plant and Plant Product Declaration Form

Section 3: Lacey Act Amendment (16 U.S.C. 3372)



## U.S. DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

10. DESCRIPTION OF MERCHANDISE

6. IMPORTER NAME
US GLOBAL FOREST INC

7. IMPORTER ADDRESS
663 BREA CANYON ROAD,
SUITE 8 WALNUT, CA 91789 USA

8. CONSIGNEE NAME
US GLOBAL FOREST INC

9. CONSIGNEE ADDRESS
663 BREA CANYON ROAD,
SUITE 8 WALNUT, CA 91789 USA

## SECTION 2 - Compliance with Lacey Act Requirements (16 U.S.C. 3372(f))

For each item in the shipment of products, provide the following:

| 11. HTSUS NUMBER (including subheadings) | 12. ENTERED VALUE | 13. ARTICLE / COMPONENT OF ARTICLE | 14. PLANT SCIENTIFIC NAME (Genus / Species) | 15. COUNTRY OF HARVEST | 16. QUANTITY OF PLANT MATERIAL | 17. UNIT | 18. PERCENT RECYCLED |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

PUBLIC VERSION

PR 001263

GOV0001263

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001264

GOV0001264

Exhibit 8

Guide to Anti-Dumping Measures

PR 001265

GOV0001265

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001266

GOV0001266

# Exhibit 9

# Financial Statements

PR 001267

GOV0001267

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001268

GOV0001268

# Exhibit 10

# Trial Balances

PR 001269

GOV0001269

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001270

GOV0001270

Exhibit 11

Chart of Accounts

PR 001271

GOV0001271

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001272

GOV0001272

Exhibit 12

Accounts Payable

PR 001273

GOV0001273

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001274

GOV0001274

Exhibit 13

Bank Statements

PR 001275

GOV0001275

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

Exhibit 14

Customer Payments

PR 001277

GOV0001277

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001278

GOV0001278

Public Document No. 65

PR 001279

GOV0001279

PUBLIC DOCUMENT

**From:** CAMPBELL, KAREEN <KAREEN.CAMPBELL@cbp.dhs.gov>
**Sent:** Friday, November 1, 2019 2:37 PM
**To:** holdsworth@dhlaw.com
**Cc:** VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; HORGAN, KRISTINA
<kristina.horgan@cbp.dhs.gov>; CHO, VICTORIA <victoria.cho@cbp.dhs.gov>; CHRISTENSEN, CURTIS
J <CURTIS.J.CHRISTENSEN@CBP.DHS.GOV>; Vivien Jinghui Wang <vwang@dhlaw.com>; Greg
Menegaz <gmenegaz@dhlaw.com>; Alexandra Salzman <asalzman@dhlaw.com>
**Subject:** EAPA Inv. No. 7321 - Initial Questionnaire - LB Wood & Happy Home 2nd Extension Request

Good day Ms. Holdsworth,

We are in receipt of your properly filed extension request for LB Wood & Happy Home to
file their responses to CBP's Request for Information ("RFI").

At this time, pursuant to 19 CFR § 165.5 (c)(1), EAPA will grant an extension to receive the
RFI responses, which are now due Friday, November 8, 2019 at 5:00 pm (est).

This extension is final.

Please be reminded that should CBP fail to receive the response by the aforementioned
deadline, CBP may apply inferences adverse to LB Wood and Happy Home and select from
among the facts otherwise available to make the determination as to evasion pursuant to 19
CFR 165.27.

Please feel free to contact us with any questions at tobias.a.vandall@cbp.dhs.gov or
kareen.campbell@cbp.dhs.gov.

Respectfully submitted,

*Kareen Campbell,*

International Trade Specialist
EAPA Investigations Branch | Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7866 | Email:  kareen.campbell@cbp.dhs.gov

 U.S. Customs and
Border Protection

GOV0001280

Public Document No. 66

PR 001281

GOV0001281

PUBLIC DOCUMENT

---

**From:** CAMPBELL, KAREEN <KAREEN.CAMPBELL@cbp.dhs.gov>
**Sent:** Friday, November 1, 2019 2:37 PM
**To:** holdsworth@dhlaw.com
**Cc:** VANDALL, TOBIAS A <tobias.a.vandall@cbp.dhs.gov>; HORGAN, KRISTINA <kristina.horgan@cbp.dhs.gov>; CHO, VICTORIA <victoria.cho@cbp.dhs.gov>; CHRISTENSEN, CURTIS J <CURTIS.J.CHRISTENSEN@CBP.DHS.GOV>; Vivien Jinghui Wang <vwang@dhlaw.com>; Greg Menegaz <gmenegaz@dhlaw.com>; Alexandra Salzman <asalzman@dhlaw.com>
**Subject:** EAPA Inv. No. 7321 - Initial Questionnaire - LB Wood & Happy Home 2nd Extension Request

Good day Ms. Holdsworth,

We are in receipt of your properly filed extension request for LB Wood & Happy Home to file their responses to CBP's Request for Information ("RFI").

At this time, pursuant to 19 CFR § 165.5 (c)(1), EAPA will grant an extension to receive the RFI responses, which are now due Friday, November 8, 2019 at 5:00 pm (est).

This extension is final.

Please be reminded that should CBP fail to receive the response by the aforementioned deadline, CBP may apply inferences adverse to LB Wood and Happy Home and select from among the facts otherwise available to make the determination as to evasion pursuant to 19 CFR 165.27.

Please feel free to contact us with any questions at tobias.a.vandall@cbp.dhs.gov or kareen.campbell@cbp.dhs.gov.

Respectfully submitted,

*Kareen Campbell,*

International Trade Specialist
EAPA Investigations Branch | Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade | U.S. Customs and Border Protection
Phone: 202-945-7866 | Email: kareen.campbell@cbp.dhs.gov

 U.S. Customs and Border Protection

Public Document No. 67

PR 001283

GOV0001283

LAW OFFICES OF
## deKieffer & Horgan, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ          AFFILIATED OFFICE:          GMENEGAZ@DHLAW.COM
TEL 202-783-6900            SAARBRÜCKEN, GERMANY                    DHLAW.COM

November 8, 2019

ELECTRONIC FILING BY EMAIL                     EAPA Investigation No. 7321
Tobias.A.Vandall@cbp.dhs.gov                   (Certain Hardwood Plywood)
                                               CBP Office of Trade
Tobias Vandall                                 POI: June 5, 2018 Onwards
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade                                **PUBLIC VERSION**
Trade Remedy Law Enforcement Directorate
                                               Business Proprietary information
                                               contained within brackets deleted on
                                               pages 1 - 4, 8 - 11 and in Exhibits 1 -
                                               15.

        RE:    ***EAPA Con. Case No. 7321***
               **Happy Home Questionnaire Response**

Dear International Trade Specialist Vandall:

        On behalf of Cambodian Happy Home Wood Products Co., Ltd. ("Happy Home"), a

Cambodian producer of hardwood plywood and an interested party pursuant to 19 C.F.R. §

165.1, we hereby submit Happy Home's response to CBP's questionnaire issued in the above-

referenced proceeding.  We are submitting a confidential version and a public version of Happy

Home's response in accordance with 19 C.F.R. §§ 165.4 & 165.5.

                          *        *        *

        In accordance with 19 C.F.R. § 165.4, Happy Home requests confidential treatment of the

information contained herein as business confidential and commercial data that is proprietary to

Happy Home and its suppliers, service providers, and customers.  The information contained in

this response to CBP that is marked confidential has never been released in any manner to a

person who is not an employee or in a confidential relationship with the companies.  The

confidential information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort.  Disclosure of this information would cause substantial competitive and commercial harm to Happy Home and its suppliers, service providers, and customers.  The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Page / Exhibit | Reason for Confidential Treatment |
| --- | --- |
| Page 1 | Identification of a third party who is a service provider to Happy Home and not a party to this investigation; contact information for an employee, which is not available to the general public; |
| Page 2 | Identification and contact information for an employee, which is not available to the general public; |
| Page 3 | Identification and business operations of Happy Home's affiliated companies; details on Happy Home's business relations with its customers; |
| Page 4 | Happy Home's banking information; |
| Page 8 | Details on Happy Home's business relations with its affiliates; |
| Page 9 | Details on Happy Home's business relations with its affiliates; |
| Page 10 | Specific information on Happy Home's financial system, which is not available to the general public; |
| Page 11 | Details on Happy Home's product specifications, which concerns Happy Home's production and sales and is not available to the general public; |
| Exhibit 1 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; |
| Exhibit 2 | Details on Happy Home's corporate structure and Happy Home's related companies' corporate structure; no person or entity outside the organization has access to this information in the manner presented here; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to Happy Home's competitive position; |

2

GOV0001285

| Exhibit 3 | Details on Happy Home's business registration, which is not available to the general public; |
|---|---|
| Exhibit 4 | Happy Home confidential financial information; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to Happy Home's competitive position; |
| Exhibit 5 | Details on purchases of inputs from Happy Home's suppliers; this information is extremely sensitive information regarding Happy Home's production costs and is not available to any person outside of the company's management and financial department; |
| Exhibit 6 | Details on Happy Home's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the Happy Home organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning Happy Home's business operations; |
| Exhibit 7 | Happy Home's bank statements that contain Happy Home's revenue and its bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning Happy Home's business operations; |
| Exhibit 8 | Details on Happy Home's product range; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning the extent of Happy Home's production and sales; |
| Exhibit 9 | Identification and details on Happy Home's customer base; this information is NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning Happy Home's business partners; |
| Exhibit 10 | Private information on Happy Home's employees; this information is NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to privacy concerns of Happy Home's employees; |
| Exhibit 11 | Details on Happy Home's production costs and product characteristics not available to any person or entity outside of the Happy Home organization; |
| Exhibit 12 | Details on Happy Home's production costs and product characteristics not available to any person or entity outside of the Happy Home organization; |
| Exhibit 13 | Details on Happy Home's production processes and practices not available to any person or entity outside of the Happy Home organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain very sensitive confidential information concerning Happy Home's business operations; |

3

PR 001286

GOV0001286

| Exhibit 14 | Confidential information on Happy Home's production facilities; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain confidential information concerning Happy Home's business operations; |
|---|---|
| Exhibit 15 | Happy Home's specific production instructions, which are not available to any person or entity outside of the Happy Home organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain very sensitive confidential information concerning Happy Home's business operations; |

Accordingly, for the above reasons, Happy Home requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information." We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Gregory S. Menegaz*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
Vivien Jinghui Wang
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

Cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
       Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)

4

GOV0001287

*ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **Cambodian Happy Home Wood Products Co., Ltd. ("Happy Home"),** certify the following:

(i)    All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)   Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)  I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

*Signature:*  _Judith L. Holdsworth_

*Date:*  Nov. 8, 2019

EAPA case Number: 7321                                    *Public Version*

**CBP EAPA Case Number: 7321 - Certain Hardwood Plywood**

**Period of Investigation: June 5, 2018 Onward**

**CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD.**

**("HAPPY HOME")**

**Questionnaire Response**

**November 8, 2019**

**A.  General Information**

1.  Provide the name and contact information for external auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

    **Response: Cambodian Happy Home Wood Products Co., Ltd. ("Happy Home") does**

    **not have audited financial reports. Please see the external tax preparer's contact**

    **information below.**

| Name | Title | Email | Telephone number |
|------|-------|-------|------------------|
| [    |       |       | ]                |


2.  Provide the name, title, email, and telephone number of the official(s) preparing the response to this request for information.

    **Response:**

| Name | Title | Email | Telephone number |
|------|-------|-------|------------------|
| [    |       |       | ]                |

3.  Provide the name, title, email, and telephone number of the person who will be the point of contact for CBP during the review.

1

GOV0001289

EAPA case Number: 7321                                          *Public Version*

**Response:**

| Name | Title | Email | Telephone number |
|------|-------|-------|------------------|
| [    |       |       | ]                |

4. If your company has a website, identify the URL address and provide a copy of the site index. Do the same for any affiliated parties.

   **Response: Happy Home does not have a website.**

5. Provide a detailed explanation of the company's processes for the production, sale, and exportation of merchandise under investigation. Support this detailed explanation with documentation, photographic evidence of the production space, and all correspondence records to illustrate the process from receiving an order through the payment and finalization of a transaction.

   **Response: When Happy Home receives purchase orders from customers, Happy Home ships from inventory if inventory can fulfill the orders. If Happy Home's inventory cannot fulfill the order, Happy Home arranges production according to the purchase orders. After production, Happy Home delivers the plywood to the port and has the merchandise loaded onto the designated vessel. Happy Home then issues a commercial invoice and packing list based on the actual shipments to the customer, who makes payment based on the commercial invoice.**

   **Happy Home provides the sales documents for all shipments of plywood to the United States during the POI in Exhibit 1. A production flowchart with photos of the company's production facilities is provided in Exhibit 13.**

2

GOV0001290

EAPA case Number: 7321                                          *Public Version*

6.  Identify the roles of all parties involved in sourcing, manufacturing, selling, transporting, and completing purchasing transactions and explain each party's role, including selling/buying agents.

   **Response: Happy Home is the producer and exporter of plywood from Cambodia.**

[

].

[

].

7.  Provide location(s) and address where your records are maintained; if multiple locations specify what is maintained at each location.

   **Response: Happy Home's records are located at Sihanoukville Special Economic Zone, Smach Deng Village, Ream Commune, Prey Nob District, Sihanoukville, Cambodia.**

8.  Are there any other payments, in addition to the invoice values, made/received to obtain the merchandise (e.g., commissions, royalties, license fees, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party providing the payment and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, explain how associated transactions are tracked/maintained.

   **Response: No other payments are received from importers besides payments for invoice values.**

9.  What bank accounts are used to receive funds from sales and make payments? Provide

3

GOV0001291

EAPA case Number: 7321                                    *Public Version*

the bank name, account holder(s) name, and account number(s).

**Response: The following are all accounts that Happy Home and its affiliated companies use to receive funds for sales to the U.S.**

| Account Name | Bank Name | Account No. |
|---|---|---|
| [ | | ] |
| [ | | ] |
| [ | | ] |
| [ | | ] |
| [ | | ] |

10. Provide a catalog of products manufactured and/or sold for the years of 2018 and 2019. Identify which products are manufactured by your company.

    **Response: Happy Home has no product catalogs.**

11. Identify procedures and the information/documents used in determining the proper classification of merchandise.

    **Response: Plywood is classified by wood species (i.e. birch, maple, alder, etc.) and sizes (i.e. thickness, length and width). This information is shown on the production and sales documents.**

4

**B.** **Corporate Structure and Affiliations**

1.  Provide an organizational chart and description of your company's operating
    structure. Include any parent companies, subsidiaries and all affiliated persons[1] with
    your company along with a description explaining his or her affiliation.

    **Response: Please see Exhibit 2 for Happy Home's affiliation chart.**

2.  Provide a list of all the production facilities, sales office locations, research and
    development facilities, and administrative offices involved in the development,
    production, sale, and/or distribution of the merchandise under investigation operated by
    your company and its affiliates. Briefly describe the purpose of each, the date operations
    began for each, and provide a complete address and telephone number for each of these
    plants, offices, and other facilities.

    **Response: All of Happy Home's production facilities and offices are located at the**

    **plant location, i.e. Sihanoukville Special Economic Zone, Smach Deng Village, Ream**

    **Commune, Prey Nob District, Sihanoukville, Cambodia.**

3.  Provide a list of:

    a)  The shareholders who directly or indirectly own, hold, or control with power to vote,
        five (5) percent or more of your company's outstanding voting stock;

    **Response: Please refer to the affiliation chart at Exhibit 2.**

    b)  The ten (10) shareholders with the highest ownership percentage of your company;

    **Response: Please refer to the affiliation chart at Exhibit 2.**

    c)  All companies in which your company directly or indirectly owns, holds, or controls
        with power to vote, five (5) percent or more of the outstanding voting stock;

PR 001293

GOV0001293

EAPA case Number: 7321                              *Public Version*

**Response: Please refer to the affiliation chart at <u>Exhibit 2</u>.**

    d)  If your company is a subsidiary of another company, the ten (10) largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale, and/or distribution of the merchandise under investigation; and

**Response: Not applicable because Happy Home is not a subsidiary of another company.**

    e)  If your parent company is itself a subsidiary of another company, the ten (10) largest shareholders of its parent company.

**Response: Not applicable.**

4.  For all of the above provide the following information:

    a)  State the percentage of voting stock owned, held, or controlled, directly or indirectly;

**Response: Please refer to the affiliation chart at <u>Exhibit 2</u>. The voting right is determined by the shareholding percentage.**

    b)  Fully explain any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales, or distribution of the merchandise under investigation; and

**Response: Happy Home has identified all business activities with its affiliated companies in the affiliation chart at <u>Exhibit 2</u> and in its response to Question 6 of Section A above.**

6

GOV0001294

EAPA case Number: 7321                                  *Public Version*

c) If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale, and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation (e.g., shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

   **Response: Please refer to __Exhibit 2__ for the affiliation chart.**

5. State whether your company is part of a group. Examples of groups include: (i) a parent company and its subsidiaries; (ii) a defined corporate group; (iii) a network of companies with cross ownership; and (iv) two or more companies involved in the development, production, sale, and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

   If your company is part of a group, provide:

   a) An organization chart of the companies in the group;

   b) The amount of outstanding voting stock directly or indirectly owned, held, or controlled, with power to vote, of each company in the group by: (i) any other company in the group; (ii) any member of the family group; and/or (iii) any member of the investor group;

   c) The names of the officers, directors, and managers of each company in the group and indicate whether any of them are also: (i) an officer, director, or manager of another company in the group; (ii) a member of the family group; and/or (iii) a member of the investor group; and

   d) An explanation of all business or operational relationships affecting the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with the parent company, any other company in the group, any member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

   **Response: Happy Home is not part of a group.**

6. If your company is affiliated with another producer that manufactures or has the potential

PR 001295

GOV0001295

*Public Version*

to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

a) If there is such a relationship, describe the nature of the relationship (e.g., ownership percentage, common officers/directors), your business relationship with such company or person, and the effect such relationship may have on the development, production, sale, and/or distribution of the merchandise under investigation.

   **Response: Please refer to the affiliation chart at <u>Exhibit 2</u>. [**


   **].**


7. Identify all suppliers, contractors, subcontractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale, and/or distribution of the merchandise under investigation that CBP may also consider affiliated[2] with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, contractor, subcontractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other business relationships your company has or had with the persons, and other relationships between your company and other person. (e.g., director/manager relationships).

   **Response: Please refer to the affiliation chart in <u>Exhibit 2</u>. [**


                                                           **].**


8. Identify all business transactions that may directly or indirectly affect the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above). Examples of such business transactions may

PR 001296

GOV0001296

EAPA case Number: 7321                                    *Public Version*

include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

**Response: As mentioned above, [**



**].**


9. Provide a copy of your business registration certificate that has been fully translated into English.

**Response: Please refer to <u>Exhibit 3</u> for Happy Home's business registration**

**certificate. The certificates are written in both Cambodian and English.**


**C.   <u>Accounting/Financial Practices</u>**

Provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements:

1. Trial Balance;

**Response: Please refer to <u>Exhibit 4</u> for Happy Home's monthly trial balance from**

**[**

**].**


2. Provide all account payable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts payable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

**Response: Please refer to <u>Exhibit 4</u> for Happy Home's monthly trial balances. The**

9

GOV0001297

EAPA case Number: 7321                                    *Public Version*

**accounts payable are part of the monthly trial balance.**

3. Provide all account receivable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts receivable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

   <u>**Response:**</u> **Please refer to** <u>**Exhibit 4**</u> **for Happy Home's monthly trial balances. The**

**accounts receivable are part of the monthly trial balance.**

4. Provide an Excel spreadsheet listing all monetary transactions (including open liabilities – accounts and notes) between your company and its foreign suppliers;

   <u>**Response:**</u> **Please refer to** <u>**Exhibit 5**</u> **for the spreadsheets of monetary transactions**

**between Happy Home and its foreign suppliers.**

5. Internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business;

   <u>**Response:**</u> **Please refer to** <u>**Exhibit 6**</u> **for Happy Home's monthly financial reports**

[



                                    ].

6. Audited, consolidated, and unconsolidated financial statements (including any footnotes and auditor's opinion);

   <u>**Response:**</u> **Happy Home does not have audited financial reports. The monthly**

**financial reports are provided at** <u>**Exhibit 6**</u>**.**

10

GOV0001298

EAPA case Number: 7321                                    *Public Version*

7. Provide us with copies of all company bank statements from June 2018 to present;

    **Response: Please refer to <u>Exhibit 7</u> for the bank statements.**

8. Financial statements or other relevant documents (i.e., profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; and,

    **<u>Response:</u> There is no affiliates involved in the production or sale of the subject merchandise.**

9. Any financial statement or other financial report filed with your company's local or national government.

    **<u>Response:</u> Happy Home does not file financial statements or financial reports with the Cambodian government.**

**<u>D.</u>  <u>Pertinent Sales, Purchase/Procurement, and Documentation Requests</u>**
*Note*: The following questions apply to hardwood plywood and related products invoiced since **<u>June 5, 2018 to the present.</u>**

1. Provide a list of all orders of hardwood plywood and related products produced at your facility (include invoice and purchase order numbers).

    **<u>Response:</u> Please refer to <u>Exhibit 1</u> for all orders of plywood and related products produced by Happy Home.**

2. Provide a product list (include any product numbers and descriptions) of all hardwood plywood and related products that the company manufactures, sells, and/or purchases.

    **<u>Response:</u> Happy Home produces and sells plywood of various thicknesses.  The typical size is [                    ]. The core and face veneers may be made of different**

11

GOV0001299

EAPA case Number: 7321                 *Public Version*

**wood species based on customers' orders. Please refer to <u>Exhibit 8</u> for the product list of hardwood plywood.**

3. Provide a list of buyers (include names, locations, and point of contact information) of the items sold by your company; categorizing each buyer (e.g., distributor, wholesaler, retailer, end-user).

     **<u>Response:</u> Please refer to <u>Exhibit 1</u> for the buyers of each order. The list of buyers is provided in <u>Exhibit 9</u>.**

4. Provide employee records identifying all employees, including names, titles, job descriptions, hire dates, termination dates (if applicable), and payroll records. For the wages paid, provide support i.e., payroll disbursement checks/records.

     **<u>Response:</u> Please refer to <u>Exhibit 10</u> for the monthly payroll sheets identifying all employees hired by Happy Home during the POI.**

5. Provide quality inspection reports.

     **<u>Response:</u> Happy Home does not generate quality inspection reports. Happy Home inspects the quality of plywood visually, which is common practice within the industry.**

6. Provide purchase orders, raw materials invoices, freight bills and Customs clearance records, country of origin certificates for shipment of materials, and any other documentation related to raw materials. This includes all documentation beginning from the initial steps (i.e. sourcing of raw materials) up to the finished goods (i.e. shipment of finished goods to customer).

     **<u>Response:</u> Please refer to <u>Exhibit 11</u> for the list of raw material purchases, accompanied by purchase documents.**

PR 001300

GOV0001300

EAPA case Number: 7321                                      *Public Version*

7.  Provide purchase orders, materials invoices, shipping records, and any other
    documentation related to packaging material acquired by your company.

    **Response: Please refer to Exhibit 12 for packing material purchases, accompanied**

**by purchase documents.**

8.  Provide purchase orders, invoices, and any other documentation related to materials
    your company sources and/or provides to any of its suppliers.

    **Response: Raw material purchase documents are provided in Exhibit 11.  Packing**

**material purchase documents are provided in Exhibit 12.**

9.  Provide proof of payment (e.g. bank statements, canceled check, wire transfer, letter of
    credit, etc.) to foreign suppliers/manufacturers and/or other parties related to the
    transaction.

    **Response: Proof of payments are provided together with other purchase documents**

**in Exhibit 11 or Exhibit 12.**

10. Provide all correspondence related directly/indirectly to the shipment/order.

    **Response: Raw material purchases are normally arranged by phone or instant**

**message. The purchase documents are provided in Exhibit 11.**

11. Provide all pertinent transportation documents (e.g., master and house bill of lading) from
    the source location and through to the U.S. buyer.

    **Response: The transportation documents for raw materials are provided together**

**with other purchase documents in Exhibit 11 or Exhibit 12. Happy Home provides**

**transportation documents from factory to Cambodian port for finished products in Exhibit**

13

GOV0001301

EAPA case Number: 7321                                     *Public Version*

**1.**

12. Provide payment for freight (e.g., freight bill along with wire transfers, cancelled checks, letters of credit, bank statements, etc.) for entire shipment process – from exporter/manufacturer/agents, as necessary.

   **Response: The freight payments for raw material purchases are included in the raw material documents in <u>Exhibit 11</u>, and the freight payments for sales are included in the sales documents in <u>Exhibit 1</u>.**

13. Provide all correspondence related directly/indirectly to the sale.

   **Response: Sales are normally negotiated through phone or instant message.  The sales documents are provided in <u>Exhibit 1</u>.**

14. Provide invoices and packing list issued to U.S. buyers.

   **Response: The invoices and packing lists are included in <u>Exhibit 1</u>.**

15. Provide receipt of payment for sales to U.S. buyers (e.g. bank statements, check images, incoming wire transfer, letters of credit etc.).

   **Response: The receipts of payment are included in <u>Exhibit 1</u>.**

### *Products/Manufacturing Process*

16. Provide a factory profile for all manufacturing facilities; including pictures and diagrams of how the manufacturing process is laid out and operates from the receipt of raw materials to the inventory, production, and shipment of finished goods to customers.

   **Response: Please refer to <u>Exhibit 13</u> for the production flowchart. A factory layout**

14

PR 001302

GOV0001302

EAPA case Number: 7321                                    *Public Version*

**map is provided in <u>Exhibit 14</u>.**

17. Describe all of the equipment used in production and provide photos of such equipment.

> **<u>Response:</u> Happy Home provides photos of equipment in <u>Exhibit 13</u>.**

18. Describe the production capacity of all the equipment used to produce hardwood plywood.

> **<u>Response:</u> Happy Home provides production capacity calculated for each**

**production step in <u>Exhibit 13</u>.**

19. Provide records of the equipment maintenance and quality inspections reports.

> **<u>Response:</u> Happy Home does not keep equipment maintenance or quality inspection**

**reports.**

20. Provide a bill of material (or equivalent document) noting the raw materials/inputs needed to produce hardwood plywood, identify the amount of each raw material input needed.

> **<u>Response:</u> Please refer to <u>Exhibit 15</u> for the production instructions.**

15

PR 001303

GOV0001303

**CBP EAPA Case Number: 7321**

**(Certain Hardwood Plywood)**

**Period of Investigation: June 5, 2018 Onward**


**Cambodian Happy Home Wood Products Co., Ltd**

**Questionnaire Response**

**<u>List of Exhibits</u>**

| | |
|---|---|
| Exhibit 1 | Sales Documents |
| Exhibit 2 | Affiliation Chart |
| Exhibit 3 | Business Registration Certificate |
| Exhibit 4 | Monthly Trial Balances |
| Exhibit 5 | Monetary Transactions with Foreign Suppliers |
| Exhibit 6 | Monthly Financial Reports |
| Exhibit 7 | Bank Statements |
| Exhibit 8 | Product List |
| Exhibit 9 | List of Buyers |
| Exhibit 10 | Payroll Sheets |
| Exhibit 11 | Raw Material Purchases |
| Exhibit 12 | Packing Material Purchases |
| Exhibit 13 | Production Flowchart and Photographs |
| Exhibit 14 | Factory Layout Map |
| Exhibit 15 | Production Instruction |

PR 001304

GOV0001304

# Exhibit 1

# Sales Documents

PR 001305

GOV0001305

PUBLIC VERSION

**Exhibit 1 Sales Summary**
**Happy Home**

| S N | Customer | PO Number | Invoice No | Invoice Date | Product | M3 | Currency | USD |
|-----|----------|-----------|------------|--------------|---------|----|----------|----|
|     |          |           |            |              |         |    |          |     |

PR 001306

GOV0001306

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001307

GOV0001307

**Sale Line Item # 1-2**

GOV0001308

PUBLIC VERSION

# Purchase Order

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price (FOB Sihanoukville) | Amount |
|---|---|---|---|

GOV0001309

PUBLIC VERSION

# Purchase Order

To  CAMBOD AN HAPPY HOME WOOD PRODUCTS CO  LTD

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price (FOB Sihanoukville) | Amount |
|---|---|---|---|

PR 001310

GOV0001310

PUBLIC VERSION

# Purchase Order

To  CAMBOD AN HAPPY HOME WOOD PRODUCTS CO  LTD

PO#

Order Date

Time of Shipment _____

| Item Description | Quantity | Price (FOB Sihanoukville) | Amount |
|---|---|---|---|

PR 001311

## CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville   Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia

## INVOICE

| MARKS&NOS. | DESCRIPTION | QUANTITY | UNIT PRICE (USD/MSF) | AMOUNT |
|---|---|---|---|---|

PR 001312

GOV0001312

PR 001313

GOV0001313

PUBLIC VERSION

# CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

Building No.C22-1 Sihanoukville    Special Economic Zone
Smach Deng Village, Ream Commune, Prey Nob District, Sihanouk ville,Cambodia )

## PACKING LIST

| MARKS | DESCRIPTION OF GOODS | CRTS & PCS/CRT | MEASUREMENT | | NET WEIGHT | GROSS WEIGHT |
|---|---|---|---|---|---|---|
| | | | CBM | MSF | | |

GOV0001314

PUBLIC VERSION

PR 001315

GOV0001315

PUBLIC VERSION

Shipper (Name and Full Address)
CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD
BUILDING NO.C22-1 SIHANOUKVILLE SPECIAL
ECONOMIC ZONE SMACH DENG VILLAGE, REAM
COMMUNE, PREY NOB DISTRICT,
SIHANOUK VILLE, CAMBODIA

# BILL OF LADING

Consignee (Name and Full Address)
(Non-Negotiable unless consigned "To Order")

| Pre-carriage by | Place of Acceptance | Number of original B/L | Freight & charges payable at | Excess Value Declaration |
|---|---|---|---|---|
| Vessel / Voyage | Port of Loading | Port of Discharge | Place of Delivery | On Carriage to |

## PARTICULARS PROVIDED BY SHIPPER

PR 001316

GOV0001316

PUBLIC VERSION

VESSEL NAME              :                        VOYAGE NUMBER    :
PORT OF LOADING          :                        PORT OF DISCHARGE :
FINAL DESTINATION        :
BILL OF LADING NO        :                        CONTINUED PAGE    :

| MARKS AND NUMBERS | DESCRIPTION OF PACKAGES | WEIGHT (KGS) | MEASUREMENT (CBM) |
|---|---|---|---|

GOV0001317

CP5

ប្រការសារណទាន / ADVICE OF CREDIT :

កាលបរិច្ឆេទ / Date :

CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.
PHUM REAM,SMACH OENG VILLAGE , PREY NOP
DISTRICT
855 PREAH SIHANOUK PROVINCE

ចីតប្រាក់ក្នុងគណនីរបស់លោកអ្នកត្រូវបានបញ្ចូលដូចខាងក្រោម :
Your account has been CREDITED with the following :

| | ចំនួនទឹកប្រាក់ / AMOUNT |
|---|---|
| បរិយាយ<br>PARTICULARS | |

PUBLIC VERSION

PR 001318

GOV0001318

PUBLIC VERSION

## DEBIT NOTE

អតិថិជន:

TO     CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

| ល.រ NO | បរិយាយមុខទំនិញ DESCRIPTION | បរិមាណ QUANTITY | ថ្លៃឯកតា UNIT PRICE | ថ្លៃទំនិញ AMONT | អាករ១០% VAT10% | ថ្លៃទំនិញសរុប TOTAL AMT |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

PR 001319

GOV0001319

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001320

GOV0001320

# ACCOUNT STATEMENT

TO : CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD

RE : ACCOUNT STATMENT

| No ( FSL ) | Remark | Q'ty of Ctnr | Amount ( Inv ) | Addition Amount | Total Amount |
|---|---|---|---|---|---|

PR 001321

GOV0001321

PUBLIC VERSION

ACCOUNT STATEMENT

TO : CAMBODIAN HAPPY HOME WOOD PRODUCTS Co., LTD

RE :

| Date | Invoice No ( ESL ) | Remark | Q'ty of Ctar | Amount ( D/N) | Amount(S/C ) | Total Amount |
|------|--------------------|--------|--------------|---------------|--------------|--------------|

GOV0001322

| | Qty. of Chg. | Amount ( D/N) | Amount(S/C ) | Total Amount |
|---|---|---|---|---|

PR 001323

GOV0001323

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

# Exhibit 2

# Affiliation Chart

PR 001325

GOV0001325

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001326

# Exhibit 3

# Business Registration Certificate

PR 001327

GOV0001327



ក្រសួងពាណិជ្ជកម្ម
**MINISTRY OF COMMERCE**

លេខ(No) MOC-67613983 ព.ព.ទបព

ព្រះរាជាណាចក្រកម្ពុជា
ជាតិ សាសនា ព្រះមហាក្សត្រ
**KINGDOM OF CAMBODIA
NATION RELIGION KING**

# វិញ្ញាបនបត្រ

បញ្ជាក់ការចុះឈ្មោះក្នុងបញ្ជីពាណិជ្ជកម្ម

## CERTIFICATE OF INCORPORATION

| | | |
|---|---|---|
| នាមករណ៍ | : | ខេមបូឌាន ហេបភី ហូម វូដ ប្រដាក់ |
| NAME | : | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD. |
| ឧ:បញ្ជីក្រោមលេខ | : | |
| REGISTRATION NUMBER | : | |
| អតីលេខឧ:បញ្ជីចាស់ | : | |
| OLD REGISTRATION NUMBER | : | |
| កាលបរិច្ឆេទចុះក្នុងបញ្ជីពាណិជ្ជកម្ម | : | |
| INCORPORATION DATE | : | |
| ត្រូវបានទទួលស្គាល់ជាជា: | : | |
| IS INCORPORATED AS: | : | |

ស្តីតាមក្រមបទបញ្ញត្តិនៃច្បាប់ស្តីពីវិធានពាណិជ្ជកម្មនិងបញ្ជីពាណិជ្ជកម្ម
ច្បាប់ស្តីពីសហគ្រាសពាណិជ្ជកម្ម ក្រមរដ្ឋប្បវេណី និងក្រមព្រហ្មទណ្ឌ
នៃព្រះរាជាណាចក្រកម្ពុជា។

UNDER THE REGULATIONS OF COMMERCIAL RULES AND
REGISTER LAW, COMMERCIAL ENTERPRISES LAW, CIVIL
CODE AND PENAL CODE OF THE KINGDOM OF CAMBODIA

PR 001328

**PUBLIC VERSION**

GOV0001328

# Exhibit 4

# Monthly Trial Balances

PR 001329

GOV0001329

PUBLIC VERSION

| Code | Account (Chinese) | Account (English) |
|------|-------------------|-------------------|
|      |                   |                   |

PR 001330

GOV0001330

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

Exhibit 5

Monetary Transactions with Foreign Suppliers

PR 001332

GOV0001332

PUBLIC VERSION

**Exhibit 5.1 Monetary Transactions with Foreign Suppliers**

GOV0001333

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001334

# Exhibit 6
# Monthly Financial Reports

PR 001335

GOV0001335

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001336

GOV0001336

# Exhibit 7

# Bank Statements

PR 001337

GOV0001337



PR 001338

GOV0001338

PUBLIC VERSION

| 科目 | 日期 | 凭证字号 | 摘要 | 借方 | 贷方 | 方向 | 余额 |
|------|------|----------|------|------|------|------|------|
|  |  |  |  |  |  |  |  |

PR 001339

GOV0001339

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001340

GOV0001340

Exhibit 8

Product List

PR 001341

GOV0001341

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001342

Exhibit 9

List of Buyers

PR 001343

GOV0001343

| S/N | Customer | Address | Contact Person | Telephone | E-mail |
|-----|----------|---------|----------------|-----------|--------|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |

Exhibit 10

Payroll Sheets

PR 001345

GOV0001345

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001346

# Exhibit 11
# Raw Material Purchases

PR 001347

GOV0001347

**Exhibit 11 Raw Material Purchases**
**Happy Home**

| Raw Material Purchase Line Item | Customs Return No | Date | Supplier | Material | Invoice No | Quantity | Unit | Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Page 1 of 6

PR 001348

GOV0001348

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001349

GOV0001349

# Raw Material Purchase Line Item #1

GOV0001350

KINGDOM OF CAMBODIA

CUSTOMS DECLARATION

PUBLIC VERSION

| Copy 1 | 2 Exporter/Consignee | Code | 1 TYPE OF DECLARATION |
|---|---|---|---|

3 Pages | 4 xxxxx

4 Items | 5 Total Packages | 7 Declarant Reference number

8 Importer/Consignee    Code  L0019015030B1
CAMBODIAN HAPPY HOME WOOD PRODUCTS
Preah Sihanouk SEZ, National Road 4
Phum Smach Deng, Khum Ream
Srok Prey Nob
Preah Sihanouk Ville Province

| 10 Country LI/FG | 11 xxx | 32 Value Details | 33 Pre-arrival |

| 15 Country of Export | | 15 C.E.  Code | 17 C.B.  Code |

| 16 Country of Origin | | 17 Country of Destination |

| 18 Ident. and Nat. of MOT at Arrival / Departure | | 19 Ctr. | 20 Delivery Terms |

| 22 Cur. & Tot. Invoice Amount | 23 Exch. rate | 24 Nature of |

| 25 Mode Transport | 26 Inland Mode | 27 Place of Loading/Discharge | 28 Bank Code |

Terms of Payment:

Bank Name:

| 29 Office of Entry/Exit | 30 Location of Goods |

31 DESCRIPTION OF GOODS

44 ADD. INFO

Other Info:

47 CALCUL. OF TAXES

51

country

52 Guarantee
Not Valid

D-CONTROL

Result:

Signature:

GOV0001351

采 购 合 同

Contract

Purchser:

需方：CAMBODIAN HAPPY HOME WOOD PRODUCTS CO .,LTD
CO.,LTD

1、根据<<合同法>>及国际贸易准则等相关的法律法规签订本合同。

PR 001352

GOV0001352

## INVOICE

Inv No:
S/C No:
CONSIGNEE:    CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.

| ITEM N°<br>CDC | DESCRIPTION | QUANTITY | UNIT PRICE<br>USD | AMOUNT<br>USD |
|---|---|---|---|---|

PR 001353

GOV0001353

## PACKING LIST

Inv No:
S/C No:
CONSIGNEE:  CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.

| ITEM N° CDC | DESCRIPTION | CRATES | N.W KGS | G.W KGS |
|---|---|---|---|---|
| | | | | |

PR 001354

GOV0001354

Page Two

SHIPPER

DRAFT   PUBLIC VERSION

WAYBILL

NON NEGOTIABLE

CONSIGNEE

CAMBODIAN HAPPY HOME WOOD PRODUCTS
CO.,LTD.
BUILDING NO.C22 1 SIHANOUKVILLE
SPECIAL ECONOMIC ZONE (SMACH DENG
VILLAGE,REAM COMMUNE,PREY NOB**

NOTIFY PARTY,  Carrier not to be responsible for failure to notify

| PRE CARRIAGE BY* | PLACE OF RECEIPT* | FREIGHT TO BE PAID AT | NUMBER OF ORIGINAL WAYBILLS |
|---|---|---|---|
| VESSEL | PORT OF LOADING | PORT OF DISCHARGE | FINAL PLACE OF DELIVERY* |

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPERS LOAD  STOW AND COUNT | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|

PR 001355

GOV0001355

DRAFT  PUBLIC VERSION

**WAYBILL**

**NON NEGOTIABLE**

| PRE CARRIAGE BY* | PLACE OF RECEIPT* | FREIGHT TO BE PAID AT | NUMBER OF ORIGINAL WAYBILLS |
|---|---|---|---|
| VESSEL | PORT OF LOADING | PORT OF DISCHARGE | FINAL PLACE OF DELIVERY* |

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPERS LOAD  STOW AND COUNT | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|

PR 001356

GOV0001356

PUBLIC VERSION

Payment Screenshot

GOV0001357

PUBLIC VERSION

**REIMBURSEMENT**

| TO: | **CAMBODIAN HAPPY HOME WOOD PRODUCTS Co.,Ltd** | No : |
|---|---|---|
| Address: | | Date ; |
| | | Carrency: |

## IMPORT

| Invoice : | | Date : |
|---|---|---|
| Refferent Number: | | Date : |
| Contanier : | | No.CTN/PKS |
| Bill Number : | | Gross Weigh ;     **KGS** |

| Description | Q'ty | Unit | Price | Debit | Credit |
|---|---|---|---|---|---|

GOV0001358

PUBLIC VERSION

ព្រយបព្រោពរ/TAX INVOICE

ឈ្មោះក្រុមហ៊ុន ប្រអេតិចិជន    ខេមបូឌាន ហេបភី ហូម វូដ ប្រាក់
COMPANY NAME :    **CAMBODIAN HAPPY HOME WOOD PRODUCTS Co.,Ltd**
        Address:

        V.A.T

| Invoice : | | Date : |
| Refferent Number: | | Date : |
| Contanier : | | No.CTN/PKS |
| Vessel Voy No : | | Gross Weigh : |

| ល.រ No | បរិយាយមុខទំនិញ Description | បរិមាណ Quantity | ប្រភេទ Type | ថ្លៃឯកភា Unit Price | ថ្លៃទំនិញ Amount |
|---|---|---|---|---|---|
| | | | | | |

PR 001359
GOV0001359

PUBLIC VERSION

Payment
Receipt for

**TO.COMPANY NAME.**
Payer: Happy Home
happy....home.......................

| DESCIPTION | UNIT PRICE | AMOUNT |
|------------|-----------|--------|
|            |           |        |

GOV0001360

PUBLIC VERSION

# Raw Material Purchase Line Item #2

PUBLIC VERSION

KINGDOM OF CAMBODIA

CUSTOMS DECLARATION

1 TYPE OF DECLARATION

| Copy 1 | 2 Exporter/Consignor | Code |
|---|---|---|

3 Forms | 4 xxxxx

5 Items | 6 Total Packages | 7 Declarant Reference number:

8 Importer/Consignee          Code   L001901503081
CAMBODIAN HAPPY HOME WOOD PRODUCTS
Preah Sihanouk SEZ, National Road 4
Phum Smach Deng, Khum Ream
Srok Prey Nob
Preah Sihanouk Ville Province

PR 001362

GOV0001362

Contract    采 购 合 同

Purchaser:

需方：CAMBODIAN HAPPY HOME WOOD PRODUCTS CO .,LTD

Supplier:

| 产 品 | Unit 规格及单位 | Qty. 数量 | Price (based on marketing price) 价额 | 备注 |
|---|---|---|---|---|
| Ponlar Veneer | | | | |

PR 001363

GOV0001363

PUBLIC VERSION

PR 001364

GOV0001364

PUBLIC VERSION

## INVOICE

CONSIGNEI CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.

| ITEM N° CDC | DESCRIPTION | QUANTITY | UNIT PRICE USD | AMOUNT USD |
|---|---|---|---|---|

PR 001365

GOV0001365

PUBLIC VERSION

## *PACKING LIST*

CONSIGNE:CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD.

DATE:
ETD:
ETA:

| ITEM N°<br>CDC | DESCRIPTION | CRATES | N.W<br>KGS | G.W<br>KGS |
|---|---|---|---|---|

GOV0001366

Page Two

SHIPPER

DRAFT  PUBLIC VERSION

WAYBILL

**NON NEGOTIABLE**

CONSIGNEE

CAMBODIAN HAPPY HOME WOOD PRODUCTS
CO.,LTD.
BUILDING NO.C22 1 SIHANOUKVILLE
SPECIAL ECONOMIC ZONE (SMACH DENG
VILLAGE,REAM COMMUNE,PREY NOB**

NOTIFY PARTY,  Carrier not to be responsible for failure to notify

| PRE CARRIAGE BY* | PLACE OF RECEIPT* | FREIGHT TO BE PAID AT | NUMBER OF ORIGINAL WAYBILLS |
|---|---|---|---|
| VESSEL | PORT OF LOADING | PORT OF DISCHARGE | FINAL PLACE OF DELIVERY* |

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPERS LOAD  STOW AND COUNT | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|

PR 001367

GOV0001367

DRAFT  PUBLIC VERSION

**WAYBILL**

**NON NEGOTIABLE**

| PRE CARRIAGE BY* | PLACE OF RECEIPT* | FREIGHT TO BE PAID AT | NUMBER OF ORIGINAL WAYBILLS |
|---|---|---|---|
| VESSEL | PORT OF LOADING | PORT OF DISCHARGE | FINAL PLACE OF DELIVERY* |

| MARKS AND NOS CONTAINER AND SEALS | NO AND KIND OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS AS STATED BY SHIPPER SHIPPERS LOAD  STOW AND COUNT | GROSS WEIGHT CARGO | TARE | MEASUREMENT |
|---|---|---|---|---|---|
| | | | | | |

PR 001368

GOV0001368

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001369

GOV0001369

PUBLIC VERSION

## REIMBURSEMENT

| TO:     CAMBODIAN HAPPY HOME WOOD PRODUCTS Co.,Ltd | No : |
|---|---|
| Address: | Date : |
| | Currency: |

### IMPORT

| Invoice : | Date : |
|---|---|
| Refferent Number: | Date : |
| Container : | No.CTN/PKS |
| Bill Number : | Gross Weigh : |

| Description | Q'ty | Unit | Price | Debit | Credit |
|---|---|---|---|---|---|
| | | | | | |

GOV0001370

វិក្កយបត្រ /TAX INVOICE

COMPANY NAME :    CAMBODIAN HAPPY HOME WOOD PRODUCTS Co.,Ltd

Address:

V.A.T

| Invoice : | Date : |
|---|---|
| Refferent Number: | Date : |
| Container : | No.CTN/PKS |
| Vessel Voy No : | Gross Weigh : |

| No | Description | Quantity | Type | Unit Price | Amount |
|---|---|---|---|---|---|

PR 001371

GOV0001371

Payment Receipt

# បង្កាន់ដៃទទួលប្រាក់
## RECEIPT

Nº........

DATE..

TO.COMPANY NAME.

Happy home.......................

| DESCIPTION | UNIT PRICE | AMOUNT |
|---|---|---|
|  |  |  |

PR 001372

GOV0001372

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001373

GOV0001373

# Exhibit 12

# Packing Material Purchases

PR 001374

GOV0001374

PUBLIC VERSION

Exhibit 12 Packing Material Purchases
Happy Home

| Packing Material Purchase Line Item | Paking Material | Supplier | Invoice No. | Invoice Date | Quantity | Measurement of Quantity | Currency | Invoice Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PR 001375

GOV0001375

| Packing Material Purchase Line Item | Paking Material | Supplier | Invoice No. | Invoice Date | Quantity | Measurement of Quantity | Currency | Invoice Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PR 001376

GOV0001376

**Packing Material Purchase Line Item #1**

PR 001377

GOV0001377

បុលប្បាទេសប័ត្រ
Check

扫描全能王  创建
PR 001378

PUBLIC VERSION

វិក្កយបត្រពន្ធ

**TAX INVOICE**

អតិថិន :

អ្នល្បួបភ្ជ ង អតិថិន :     កម្ពុន ហាប៉ី ហូម ឪុ ប្រដាក់

Company name / Customer:    CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD

| ល.រ N | ព័ណ៌នាទំនិញ Description | ចំនួន Quantity | ម្លៃឯកតា(ដុល្ល) Unit price | ម្លៃទំនិញ(ដុល្ល) Amount |
|---|---|---|---|---|

PR 001379

GOV0001379

PUBLIC VERSION

# Packing Material Purchase Line Item #2-19

GOV0001380

**Payment Summary**

| Month | 07/2018 |
|---|---|
| Invoice No. | Value |

PR 001381

GOV0001381

PUBLIC VERSION

មូលប្បដានប័ត្រ
**Check**

PUBLIC VERSION

# TAX INVOICE

| ឈ្មោះក្រុមហ៊ុន ម្រ-ការិ៍ស | ឈេសប្រជាន ហាបភី ហូម វូដ ប្រោយ៍ដ |
|---|---|
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD |
| អាស័យដ្ឋាន៖ | |
| | |
| Address | |

| ឈ្ម | ពិស្តារមុខទំនិញ | | | | | ចំនួន | តម្លៃ | ម៉ង់ទឹ្ម |
|---|---|---|---|---|---|---|---|---|
| No | Details | | | | | Qty | Price (USD) | Amount (USD) |

PR 001383

GOV0001383

# TAX INVOICE

ឈ្មោះក្រុមហ៊ុន ព្រះរិនជ័ន    ខេមបូឌាន ហាបភី ហូម វូដ ព្រូ ដាក្ស
Company Name    CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD
អាសយដ្ឋាន,

| លេខ | សេចក្តីលម្អិត | ចំនួន | តម្លៃ | ថ្លៃសរុប |
|-----|-------------|-------|-------|----------|
| No | Details | Qty | Price (USD) | Amount (USD) |

PR 001384

GOV0001384

PUBLIC VERSION

# TAX INVOICE

| ឈ្មោះក្រុមហ៊ុន ម្ចាស់ស្រែ | ឈ្មួញប្រទេស ហេហ្វី ហូម ផ្លូ (ខ (ប្រោក់ស) |
|---|---|
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD |

| ល.រ<br>No | បរិយាយទ្ំនិញ<br>Details | បរិមាណ<br>Qty | ថ្លៃ(ដុល្លារ)<br>Price(USD) | ទឹកប្រាក់(ដុល្លារ)<br>Amount(USD) |
|---|---|---|---|---|

PR 001385

GOV0001385

PUBLIC VERSION

## TAX INVOICE

| បុត្រគ្រោះ ម្រតិនៃន | ខេមប្សឌាន ហប្បភី ហូម វ៉ូដ ប្រោ ដាក់ |
|---|---|
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD |
| អាសយដ្ឋាន: | |

Address

| គ.ល. | ទំនិញលក់សង្ខេប | ចំនួន | តម្លៃ | ប្រាក់ |
|---|---|---|---|---|
| No | Details | Qty | Price(USD) | Amount(USD) |

GOV0001386

TAX  INVOICE

|   | | |
|---|---|---|
| ក្រុមហ៊ុន ឈ្មោះ | សេនប្រមាន ការហ៊ី ហូម វ៉ូ ប្រេាកៃ | |
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO. ,LTD | |

| ល.រ No | បរិយាយទំនិញ Details | | បរិមាណ Qty | តម្លៃ Price(USD) | តម្លៃសរុប Amount(USD) |
|---|---|---|---|---|---|
| | | | | | |

*Continue ...*

PR 001387

GOV0001387

PUBLIC VERSION

## TAX INVOICE

| ឈ្មោះក្រុមហ៊ុន ព្រៅហ៊ុន | សេចក្ដីពន្យល់ ខេមបូឌា ហេបភី ហូម វូដ ប្រូដាក់ ជោ.,អិលធីឌី |
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO. ,LTD |

| ល.រ<br>No | ព័ត៌មានលម្អិត<br>Details | | | បរិមាណ<br>Qty | តម្លៃឯកតា<br>Price(USD) | តម្លៃសរុប<br>Amount (USD) |
|---|---|---|---|---|---|---|

PR 001388

GOV0001388

PUBLIC VERSION

## TAX INVOICE

| | ឈ្មោះក្រុមហ៊ុន ក្រុមហ៊ុន | សេហុ្យេមា ណហេហី ហូម ផ្ល ព្រោតក់ |
|---|---|---|
| | Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD |

| ល.រ | បរិយាយលម្អិត | ចំនួន | តម្លៃ | បរិមាណ |
|---|---|---|---|---|
| No | Details | Qty | Price(USD) | Amount(USD) |

PR 001389

GOV0001389

PUBLIC VERSION

## TAX INVOICE

| | |
|---|---|
| ឈ្មោះក្រុមហ៊ុន ព្រៃវិនិយោគ | សេណត្យូមេ មេសមាំ ប្រុប ផ្ (ប្រទេស) |
| Company Name | CAMBODIAN HAPPY HOME WOOD PRODUCTS CO., LTD |

| ល.រ<br>No | បរិយាយលម្អិត<br>Details | ចំនួន<br>Qty | តម្លៃរាយ<br>Price (USD) | ថ្លៃសរុប<br>Amount (USD) |
|---|---|---|---|---|

PR 001390

GOV0001390

PUBLIC VERSION

## TAX INVOICE

ឈ្មោះក្រុមហ៊ុន ក្រុមហ៊ុន     ឈមបឌៀន ហាប៉ភី ហូម វូដ (ប្រោកក)
Company Name      CAMBODIAN HAPPY HOME WOOD PRODUCTS CO.,LTD

| ល.រ No | ព័ត៌មានលម្អិត Details | ចំនួន Qty | តម្លៃ Price (USD) | ថ្លៃសរុប Amount (USD) |
|--------|---------------------|-----------|------------------|----------------------|

PR 001391

GOV0001391

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001392

# Exhibit 13

# Production Flowchart and Photographs

PR 001393

GOV0001393

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001394

GOV0001394

# Exhibit 14

# Factory Layout Map

PR 001395

GOV0001395

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001396

# Exhibit 15

# Production Instruction

PR 001397

GOV0001397

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001398

GOV0001398

Public Document No. 68

PR 001399

GOV0001399

LAW OFFICES OF

deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C. 20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                  SAARBRÜCKEN, GERMANY                    DHLAW.COM

November 8, 2019

ELECTRONIC FILING BY EMAIL                    EAPA Investigation No. 7321
Tobias.A.Vandall@cbp.dhs.gov                  (Certain Hardwood Plywood)
                                              CBP Office of Trade
Tobias Vandall                                POI: June 5, 2018 Onwards
International Trade Specialist
U.S. Customs and Border Protection
Office of Trade                               **PUBLIC VERSION**
Trade Remedy Law Enforcement Directorate
                                              Business Proprietary information
                                              contained within brackets on pages 1, 2,
                                              4, 5, 6, 7, 8 & 10 and in Exhibits 1 – 16
                                              has been deleted.

RE:    ***EAPA Con. Case No. 7321***
       **LB Wood Questionnaire Response**

Dear International Trade Specialist Vandall:

On behalf of LB Wood (Cambodia) Co., Ltd ("LB Wood"), a Cambodian producer of

hardwood plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby submit LB

Wood's response to CBP's questionnaire issued in the above-referenced proceeding.  We are

submitting a confidential version and a public version of LB Wood's response in accordance

with 19 C.F.R. §§ 165.4 & 165.5.

*        *        *

In accordance with 19 C.F.R. § 165.4, LB Wood requests confidential treatment of the

information contained herein as business confidential and commercial data that is proprietary to

LB Wood and its suppliers, service providers, and customers.  The information contained in this

response to CBP that is marked confidential has never been released in any manner to a person

who is not an employee or in a confidential relationship with the companies.  The confidential

information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort.  Disclosure of this information would cause substantial competitive and commercial harm to LB Wood and its suppliers, service providers, and customers.  The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Page / Exhibit | Reason for Confidential Treatment |
|---|---|
| Page 1 | Identification of a third party who is a service provider to LB Wood and not a party to this investigation; contact information for an employee, which is not available to the general public; |
| Page 2 | Details on LB Wood's internal organization and identification of individuals not accessible to the general public; business sensitive information concerning LB Wood's production process; |
| Page 4 | LB Wood's banking information; |
| Page 5, 6 | Details on LB Wood's business relations with its owners; |
| Page 7 | Details on LB Wood's affiliates; |
| Page 8 | Details on LB Wood's business relations with its affiliates; |
| Page 10 | Details on LB Wood's business relations with its affiliates; |
| Exhibit 1 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; |
| Exhibit 2 | Details on LB Wood's corporate structure and LB Wood's related companies' corporate structure; no person or entity outside the LB Wood organization has access to this information in the manner presented here; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to LB Wood's competitive position; |
| Exhibit 3 | Details on LB Wood's business registration, which is not available to the general public; |

2

GOV0001401

| | |
|---|---|
| Exhibit 4 | LB Wood confidential financial information; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to LB Wood's competitive position; |
| Exhibit 5 | Details on purchases of inputs from foreign suppliers; this information is extremely sensitive information regarding LB Wood's production costs and is not available to any person outside of the company's management and financial department; |
| Exhibit 6 | Details on LB Wood's costs, expenses, revenue, and accounting practices not available to any person or entity outside of the LB Wood organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning LB Wood's business operations; |
| Exhibit 7 | LB Wood's bank statements that contain LB Wood's revenue and its bank information; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning LB Wood's business operations; |
| Exhibit 8 | Details on LB Wood's product range; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning the extent of LB Wood's production and sales; |
| Exhibit 9 | Identification and details on LB Wood's customer base; this information is NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning LB Wood's business partners; |
| Exhibit 10 | Private information on LB Wood's employees; this information is NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to privacy concerns of LB Wood's employees; |
| Exhibit 11 | Details on LB Wood's production processes and practices not available to any person or entity outside of the LB Wood organization; |
| Exhibit 12 | Details on LB Wood's production costs and product characteristics not available to any person or entity outside of the LB Wood organization; |
| Exhibit 13 | Costs relating to LB Wood's sales and distribution of merchandise; this information is not available to any person or entity outside of the LB Wood organization; |
| Exhibit 14 | Details on LB Wood's production processes and practices not available to any person or entity outside of the LB Wood organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain very sensitive confidential information concerning LB Wood's business operations; |

PR 001402

GOV0001402

| Exhibit 15 | Confidential information on LB Wood's production facilities; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain confidential information concerning LB Wood's business operations; |
|---|---|
| Exhibit 16 | LB Wood's specific production instructions, which are not available to any person or entity outside of the LB Wood organization; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY because they contain very sensitive confidential information concerning LB Wood's business operations; |

Accordingly, for the above reasons, LB Wood requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information." We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Gregory S. Menegaz*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
Vivien Jinghui Wang
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C. 20005
202-783-6900

Cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)
Coalition for Fair Trade of Hardwood Plywood (tbrightbill@wileyrein.com;
tcapeloto@wileyrein.com; and trade@wileyrein.com)

4

GOV0001403

## *ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **LB Wood (Cambodia) Co., Ltd.**, certify the following:

(i)    All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)   Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)  I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

Signature: *Judith L. Holdsworth*

Date: *Nov. 8, 2019*

EAPA case Number: 7321                              *Public Version*

CBP EAPA Case Number: 7321 - Certain Hardwood Plywood

Period of Investigation: June 5, 2018 Onward

LB WOOD (CAMBODIA) CO., LTD ("LB WOOD")

Questionnaire Response

November 8, 2019

## A.  Underlined: General Information

1.  Provide the name and contact information for external auditors and tax preparers and authorization to contact those auditors. Provide the individual's email and telephone number.

    **Response: LB Wood (Cambodia) Co., Ltd ("LB Wood") has no audited financial reports.  Please see the external tax preparer's contact information below.**

| Name | Title | Email | Telephone number |
|---|---|---|---|
| [ |  |  | ] |

2.  Provide the name, title, email, and telephone number of the official(s) preparing the response to this request for information.

    **Response:**

| Name | Title | Email | Telephone number |
|---|---|---|---|
| [ |  |  | ] |

3.  Provide the name, title, email, and telephone number of the person who will be the point of contact for CBP during the review.

1

PR 001405

GOV0001405

EAPA case Number: 7321                                    *Public Version*

**Response:**

| Name | Title | Email | Telephone number |
|------|-------|-------|------------------|
| [ |  |  | ] |

4. If your company has a website, identify the URL address and provide a copy of the site index. Do the same for any affiliated parties.

   **Response:** **LB Wood does not have a website.**

5. Provide a detailed explanation of the company's processes for the production, sale, and exportation of merchandise under investigation. Support this detailed explanation with documentation, photographic evidence of the production space, and all correspondence records to illustrate the process from receiving an order through the payment and finalization of a transaction.

   **Response: The plywood sold to the United States was produced in Cambodia.  LB Wood imports [                                                    ].  LB Wood also sources [                                                    ].  When LB Wood receives orders from a customer, it arranges production to fulfill the order.  After production, LB Wood delivers the plywood to the port and loads it onto the designated vessel. Then LB Wood issues a commercial invoice and packing list based on the actual shipments to the customer and requests payment.**

   **LB Wood is submitting sales documents for all shipments of plywood to the United States during the Period of Investigation (POI) in Exhibit 1.  In Exhibit 14, LB Wood provides the production flowchart with photos of its production facilities.**

2

GOV0001406

EAPA case Number: 7321                          *Public Version*

6. Identify the roles of all parties involved in sourcing, manufacturing, selling, transporting, and completing purchasing transactions and explain each party's role, including selling/buying agents.

**Response: LB Wood is responsible for sourcing raw materials, producing the merchandise, and transporting the merchandise to the port of exportation in Cambodia. The customer is responsible for transporting the merchandise from Cambodia to the U.S. port of importation.**

7. Provide location(s) and address where your records are maintained; if multiple locations specify what is maintained at each location.

**Response: Our records are located at the factory, D44-20, Sihanoukville Special Economic Zone, 212KM National Road 4, Prey Nop District, Sihanouk Province, Kingdom of Cambodia.**

8. Are there any other payments, in addition to the invoice values, made/received to obtain the merchandise (e.g., commissions, royalties, license fees, currency fluctuations/conversions, interest payments, inspection fees, management fees, advertising or marketing costs, warranty, etc.)? If yes, identify the nature of the payment(s), the party providing the payment and the general ledger accounts/recording mechanism used to record such payments. If general ledger accounts are not used, explain how associated transactions are tracked/maintained.

**Response: LB Wood does not receive other payments in addition to the invoice values.**

9. What bank accounts are used to receive funds from sales and make payments? Provide the bank name, account holder(s) name, and account number(s).

**Response: Please see the chart below.**

3

GOV0001407

EAPA case Number: 7321                    *Public Version*

| Bank Name | Account No. |
|-----------|-------------|
| [ | ] |
| [ | ] |

10. Provide a catalog of products manufactured and/or sold for the years of 2018 and 2019. Identify which products are manufactured by your company.

    **Response: LB Wood does not have a product catalog.**

11. Identify procedures and the information/documents used in determining the proper classification of merchandise.

    **Response: Plywood is classified by wood species (i.e. birch, maple, etc) and by size (i.e. thickness, length and width). Such information is shown on the production and sales documents.**

**B.** **Corporate Structure and Affiliations**

1. Provide an organizational chart and description of your company's operating structure. Include any parent companies, subsidiaries and all affiliated persons[1] with your company along with a description explaining his or her affiliation.

    **Response: Please see the affiliation chart in Exhibit 2.**

2. Provide a list of all the production facilities, sales office locations, research and development facilities, and administrative offices involved in the development, production, sale, and/or distribution of the merchandise under investigation operated by your company and its affiliates. Briefly describe the purpose of each, the date operations began for each, and provide a complete address and telephone number for each of these plants, offices, and other facilities.

    **Response: All production facilities and offices are located at the plant location at**

4

GOV0001408

EAPA case Number: 7321                              *Public Version*

**Sihanoukville Special Economic Zone, 212KM National Road 4, Prey Nop District,**

**Sihanouk Province, Kingdom of Cambodia.**

3. Provide a list of:

   a) The shareholders who directly or indirectly own, hold, or control with power to vote, five (5) percent or more of your company's outstanding voting stock;

   b) The ten (10) shareholders with the highest ownership percentage of your company;

   c) All companies in which your company directly or indirectly owns, holds, or controls with power to vote, five (5) percent or more of the outstanding voting stock;

   d) If your company is a subsidiary of another company, the ten (10) largest shareholders of your parent company and of the other subsidiaries of your parent company which are involved in the development, production, sale, and/or distribution of the merchandise under investigation; and

   e) If your parent company is itself a subsidiary of another company, the ten (10) largest shareholders of its parent company.

   **Response: Please refer to the affiliation chart in <u>Exhibit 2</u>.**

4. For all of the above provide the following information:

   a) State the percentage of voting stock owned, held, or controlled, directly or indirectly;

   **Response: Please refer to the affiliation chart in <u>Exhibit 2</u>. The voting right is determined by the shareholding percentage.**

   b) Fully explain any business relationships your company had or has with the owners of the companies listed above and the effect such relationships may have on the development, production, sales, or distribution of the merchandise under investigation; and

   **Response: LB Wood's owners [**

5

PR 001409

GOV0001409

EAPA case Number: 7321                              *Public Version*

].

   c)  If any of the affiliated persons identified above are in turn affiliated with other persons that are involved in the development, production (including inputs), sale, and/or distribution of the merchandise under investigation, provide a list of those persons and describe the nature of the affiliation (e.g., shared directors or managers, equity ownership, close supplier relationship). Include any such affiliated persons in the chart you provided in response to this section. Also, describe the nature of each person's involvement with the merchandise under investigation.

   **Response: Please refer to Exhibit 2 for the affiliation chart.**

5.  State whether your company is part of a group. Examples of groups include: (i) a parent company and its subsidiaries; (ii) a defined corporate group; (iii) a network of companies with cross ownership; and (iv) two or more companies involved in the development, production, sale, and/or distribution of the merchandise under investigation which are directly or indirectly controlled by a family or investor group.

If your company is part of a group, provide:

   a)  An organization chart of the companies in the group;

   b)  The amount of outstanding voting stock directly or indirectly owned, held, or controlled, with power to vote, of each company in the group by: (i) any other company in the group; (ii) any member of the family group; and/or (iii) any member of the investor group;

   c)  The names of the officers, directors, and managers of each company in the group and indicate whether any of them are also: (i) an officer, director, or manager of another company in the group; (ii) a member of the family group; and/or (iii) a member of the investor group; and

   d)  An explanation of all business or operational relationships affecting the development, production, sale, and/or distribution of the merchandise under investigation which

PR 001410

GOV0001410

EAPA case Number: 7321                         *Public Version*

your company has or had with the parent company, any other company in the group, any other member of the family group, and/or any member of the investor group. Such business or operational relationships may include, but are not limited to, shared managers, employees, facilities, and borrowings.

**Response: LB Wood is not part of a group.**

6. If your company is affiliated with another producer that manufactures or has the potential to manufacture the merchandise under investigation, identify that producer and explain whether your company and the affiliated producer manufactures or could manufacture identical or similar products without substantial retooling of either facility.

    a) If there is such a relationship, describe the nature of the relationship (e.g., ownership percentage, common officers/directors), your business relationship with such company or person, and the effect such relationship may have on the development, production, sale, and/or distribution of the merchandise under investigation.

    **Response: Please refer to Exhibit 2 for the affiliation chart including the affiliated companies. [**

                                                                    ].

7. Identify all suppliers, contractors, subcontractors, lenders, exporters, distributors, resellers, and other persons involved in the development, production, sale, and/or distribution of the merchandise under investigation that CBP may also consider affiliated[2] with your company. Some factors which you should consider include, for example, whether you acquire a significant amount of a major input from only a single supplier, the length of time your company has had a relationship with a supplier, contractor, subcontractor, distributor, exporter or reseller, the exclusivity of the relationship, all business relationships your company has or had with these persons, and other business relationships your company has or had with the persons, and other relationships between your company and other person. (e.g., director/manager relationships).

    **Response: [**

PR 001411

GOV0001411

EAPA case Number: 7321                              *Public Version*

].

8. Identify all business transactions that may directly or indirectly affect the development, production, sale, and/or distribution of the merchandise under investigation which your company has or had with any affiliate (except to the extent you have provided this in response to one of the questions above). Examples of such business transactions may include, but are not limited to, loans made by or to an affiliate, purchases and resales of the merchandise under investigation by an affiliated reseller, purchases made from a close supplier, and/or transactions with joint ventures, or a company acting as an agent for your company's sales.

   **Response: [**

                                                                        ].

9. Provide a copy of your business registration certificate that has been fully translated into English.

   **Response: Please refer to <u>Exhibit 3</u> for the business registration certificate. The certificate is written in both Cambodian and English.**

**C.  <u>Accounting/Financial Practices</u>**

Provide the following financial documents for the two most recently completed fiscal years plus all subsequent monthly or quarterly statements:

1. Trial Balance;

   **Response: Please refer to <u>Exhibit 4</u> for LB Wood's monthly trial balance from October 2017 (when LB Wood was established) to the most current month.**

2. Provide all account payable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used,

PR 001412

GOV0001412

EAPA case Number: 7321                          *Public Version*

provide all such information that would ordinarily be recorded in an accounts payable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

**Response: Please refer to Exhibit 4 for LB Wood's monthly trial balances. The accounts payable are part of the monthly trial balance.**

3. Provide all account receivable records (including beginning and ending balances and detailed monthly activity reports/journal entries). If general ledger accounts are not used, provide all such information that would ordinarily be recorded in an accounts receivable as maintained. Distinguish transactions for domestic companies from those for foreign companies;

**Response: Please refer to Exhibit 4 for LB Wood's monthly trial balances. The accounts receivable are part of the monthly trial balance.**

4. Provide an Excel spreadsheet listing all monetary transactions (including open liabilities – accounts and notes) between your company and its foreign suppliers;

**Response: Please refer to Exhibit 5.**

5. Internal financial statements or profit and loss reports of any kind that are prepared and maintained in the normal course of business;

**Response: Please refer to Exhibit 6 for LB Wood's monthly financial reports from October 2017 (when LB Wood was established) to the most current month.**

6. Audited, consolidated, and unconsolidated financial statements (including any footnotes and auditor's opinion);

**Response: LB Wood does not have audited financial reports. LB Wood's monthly financial reports are provided in Exhibit 6.**

9

GOV0001413

EAPA case Number: 7321                                      *Public Version*

7. Provide us with copies of all company bank statements from June 2018 to present;

   **Response: Please refer to <u>Exhibit 7</u> for the bank statements.**

8. Financial statements or other relevant documents (i.e., profit and loss reports) of all affiliates involved in the production or sale of the subject merchandise, of all affiliated suppliers to these affiliates, and of the parent(s) of these affiliates; and,

   **<u>Response:</u> [**

                                              **].**

9. Any financial statement or other financial report filed with your company's local or national government.

   **<u>Response:</u> LB Wood has not filed other financial reports with the local or national**

**governments.**

**D.  <u>Pertinent Sales, Purchase/Procurement, and Documentation Requests</u>**
***Note*:** The following questions apply to hardwood plywood and related products invoiced since **<u>June 5, 2018 to the present.</u>**

1. Provide a list of all orders of hardwood plywood and related products produced at your facility (include invoice and purchase order numbers).

   **<u>Response:</u> Please refer to <u>Exhibit 1</u> for all orders of plywood and related products**

**produced by LB Wood.**

2. Provide a product list (include any product numbers and descriptions) of all hardwood plywood and related products that the company manufactures, sells, and/or purchases.

   **<u>Response:</u> Please refer to <u>Exhibit 8</u> for the product list of all hardwood plywood.**

10

GOV0001414

EAPA case Number: 7321                              *Public Version*

3. Provide a list of buyers (include names, locations, and point of contact information) of the items sold by your company; categorizing each buyer (e.g., distributor, wholesaler, retailer, end-user).

   **Response: Please refer to Exhibit 1 for the buyers of each order. The list of buyers is provided in Exhibit 9.**

4. Provide employee records identifying all employees, including names, titles, job descriptions, hire dates, termination dates (if applicable), and payroll records. For the wages paid, provide support i.e., payroll disbursement checks/records.

   **Response: Please refer to Exhibit 10 for the monthly payroll sheets, identifying all employees hired by LB Wood during the POI.**

5. Provide quality inspection reports.

   **Response: LB Wood does not have formal quality inspection reports as the quality inspections are mainly done by visual and physical checks. LB Wood maintains plywood checking production reports that show the number of defective plywood and qualified plywood. Please refer to Exhibit 11 for sample quality inspection report.**

6. Provide purchase orders, raw materials invoices, freight bills and Customs clearance records, country of origin certificates for shipment of materials, and any other documentation related to raw materials. This includes all documentation beginning from the initial steps (i.e. sourcing of raw materials) up to the finished goods (i.e. shipment of finished goods to customer).

   **Response: Please refer to Exhibit 12 for the list of raw material purchases, accompanied by purchase documents.**

11

GOV0001415

EAPA case Number: 7321                                    *Public Version*

7. Provide purchase orders, materials invoices, shipping records, and any other documentation related to packaging material acquired by your company.

   **Response: Please refer to <u>Exhibit 13</u> for packing material purchases, accompanied by purchase documents.**

8. Provide purchase orders, invoices, and any other documentation related to materials your company sources and/or provides to any of its suppliers.

   **Response: Raw material purchase documents are provided in <u>Exhibit 12</u>. Packing material purchase documents are provided in <u>Exhibit 13</u>.**

9. Provide proof of payment (e.g. bank statements, canceled check, wire transfer, letter of credit, etc.) to foreign suppliers/manufacturers and/or other parties related to the transaction.

   **Response: Proof of payment to foreign suppliers and other parties related to the transaction are provided together with other purchase documents in <u>Exhibit 12</u> and <u>Exhibit 13</u>.**

10. Provide all correspondence related directly/indirectly to the shipment/order.

   **Response: Raw material purchases are normally arranged by phone or instant messages. The purchase documents are provided in <u>Exhibit 12</u>.**

11. Provide all pertinent transportation documents (e.g., master and house bill of lading) from the source location and through to the U.S. buyer.

   **Response: The raw material and packing material transportation documents are provided together with other purchase documents in <u>Exhibit 12</u> and <u>Exhibit 13</u>.**

PR 001416

GOV0001416

EAPA case Number: 7321                                    *Public Version*

**Transportation documents for finished plywood are provided in <u>Exhibit 1</u>.**

12. Provide payment for freight (e.g., freight bill along with wire transfers, cancelled checks, letters of credit, bank statements, etc.) for entire shipment process – from exporter/manufacturer/agents, as necessary.

    **<u>Response:</u> The freight payments for raw material purchases are included in the raw material documents in <u>Exhibit 12</u>, and the freight payments for sales of finished plywood are included in the sales documents in <u>Exhibit 1</u>.**

13. Provide all correspondence related directly/indirectly to the sale.

    **<u>Response:</u> Sales are normally negotiated through phone or instant message.  The sales documents are provided in <u>Exhibit 1</u>.**

14. Provide invoices and packing list issued to U.S. buyers.

    **<u>Response:</u> The invoices and packing lists are included in <u>Exhibit 1</u>.**

15. Provide receipt of payment for sales to U.S. buyers (e.g. bank statements, check images, incoming wire transfer, letters of credit etc.).

    **<u>Response:</u> The receipts of payment are included in <u>Exhibit 1</u>.**

**<u>*Products/Manufacturing Process*</u>**

16. Provide a factory profile for all manufacturing facilities; including pictures and diagrams of how the manufacturing process is laid out and operates from the receipt of raw materials to the inventory, production, and shipment of finished goods to customers.

    **<u>Response:</u> Please refer to <u>Exhibit 14</u> for the production flowchart. A factory layout**

13

GOV0001417

EAPA case Number: 7321                              *Public Version*

**map is provided in <u>Exhibit 15</u>.**

17. Describe all of the equipment used in production and provide photos of such equipment.

    <u>**Response:**</u> **Photos of equipment are provided in <u>Exhibit 14</u>.**

18. Describe the production capacity of all the equipment used to produce hardwood plywood.

    <u>**Response:**</u> **LB Wood provides the production capacity calculated at each production step in <u>Exhibit 14</u>.**

19. Provide records of the equipment maintenance and quality inspections reports.

    <u>**Response:**</u> **LB Wood does not keep equipment maintenance or formal quality inspection reports.**

20. Provide a bill of material (or equivalent document) noting the raw materials/inputs needed to produce hardwood plywood, identify the amount of each raw material input needed.

    <u>**Response:**</u> **Please refer to <u>Exhibit 16</u> for the standard production instructions.**

PR 001418

GOV0001418

**CBP EAPA Case Number: 7321**

**(Certain Hardwood Plywood)**

**Period of Investigation: June 5, 2018 Onward**

**LB Wood (Cambodia) Co., Ltd**
**Questionnaire Response**

**List of Exhibits**

| | |
|---|---|
| Exhibit 1 | U.S. Sale Documents |
| Exhibit 2 | Affiliation Chart |
| Exhibit 3 | Business Registration Certificate |
| Exhibit 4 | Monthly Trial Balances |
| Exhibit 5 | Monetary Transactions with Foreign Suppliers |
| Exhibit 6 | Monthly Financial Reports |
| Exhibit 7 | Bank Statement |
| Exhibit 8 | Product List |
| Exhibit 9 | List of Buyers |
| Exhibit 10 | Payroll Sheets |
| Exhibit 11 | Sample Plywood Checking Production Report |
| Exhibit 12.1 | Imported Raw Material Purchases |
| Exhibit 12.2 | Domestic Raw Material Purchases |
| Exhibit 13 | Packing Material Purchases |
| Exhibit 14 | Production Flowchart and Photographs |
| Exhibit 15 | Factory Layout Map |
| Exhibit 16 | Production Instruction |

GOV0001419

Exhibit 1

U.S. Sale Documents

PR 001420

GOV0001420

**Exhibit 1 Sales Summary**
**LB Wood**

| Sale Line Item | Date of Shipment | Customer | Purchase Order No. | Invoice No. | Date of Invoice |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page 1 of 14

PR 001421

| Sale Line Item | Product Description | Quantity (M3) | Value (USD) |
|---|---|---|---|
| | | | |

PR 001422

GOV0001422

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001423

GOV0001423

Sale Line Item # 1

GOV0001424

PUBLIC VERSION

### Purchase Order

PREVIEW

| | Page 1 of 1 |
|---|---|
| DATE | ORDER NO. |
| | Please refer to this number in all communications |

TO   LB WOOD (CAMBODIA) CO LTD
     044-28 SIHANOUKVILLE SPEC ECON
     ZONE 212RM NATL RD 4
     SIHANOUK,    18100

SHIP TO

| SHIPMENT DUE | ROUTING | PURCHASE TRADE TERMS: |
|---|---|---|
| TERMS | CAR NUMBER | YOUR ORDER NO. |

PR 001425

GOV0001425

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## COMMERCIAL INVOICE

TO:

FROM:
SHIPPED PER:

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:
TO:
SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q' TY | UNIT PRICE | AMOUNT |
|-------|----------------------|-------|-----------|--------|
| | PRICE TERM: | | | |
| PO#: | | | | |
| | TOTAL: | | | |

PR 001426

GOV0001426

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4,
PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## PACKING LIST

TO:

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:

FROM:                                              TO:
SHIPPED PER:                                       SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q ' TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|--------|-----------|-----------|
| PO#: | | | | |
| | TOTAL: | | | |

PR 001427

GOV0001427

BILL OF LADING

Shipper's Name and Address

LB WOOD (CAMBODIA) CO.,LTD.
D44-20,SIHANOUKVILLE SPECIAL ECONOMIC ZONE
212KM NATIONAL ROAD 4, PREY NOP DIATRICT
SIHANOUK PROVINCE,KINGDOM OF CAMBODIA

Consignee's Name and Address

| B/L Number | Job Number |
|---|---|
| | |

Notify Party's Name Address

For Cargo Delivery, please Contact

| Vessel Voyage | Port of Loading | No.of Copy B/L | |
|---|---|---|---|
| Port of Discharge | Place of Delivery | Final Destination(For Merchant's Reference Only) | |

Particulars Furnished by Shipper

| Marks and Numbers | No.of Packages | Description of Packages and goods | Gross Weight | Measurement |
|---|---|---|---|---|
| | | | | |

GOV0001428

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001429

GOV0001429

PUBLIC VERSION

**Sale Line Item # 2**

GOV0001430

PUBLIC VERSION

Purchase
Order

| | Page   1 of  1 |
|---|---|
| DATE | ORDER NO. |
| | Please refer to this number in all communications |

PREVIEW

TO   LB WOOD (CAMBODIA) CO LTD
     044-20 SIHANOUKVILLE SPEC ECON
     ZONE 212KM NATL RD 4
     SIHANOUK,   18100

SHIP TO

| SHIPMENT DUE | ROUTING | PURCHASE TRADE TERMS : |
|---|---|---|
| TERMS | CAR NUMBER | YOUR ORDER NO. |

PR 001431

GOV0001431

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4,**
**PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## COMMERCIAL INVOICE

TO:

FROM:
SHIPPED PER:

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:
TO:
SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q'TY | UNIT PRICE | AMOUNT |
|-------|----------------------|------|------------|--------|
| | PRICE TERM: | | | |
| PO#: | | | | |
| | TOTAL: | | | |

PR 001432

GOV0001432

PUBLIC VERSION

# LB WOOD (CAMBODIA) CO., LTD.

**D44-20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT, SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.**

## PACKING LIST

TO:

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:

FROM:
SHIPPED PER:

TO:
SAILED ON:

| MARKS | COMMODITY DESCRIPTION | Q ' TY | G.W (KGS) | N.W (KGS) |
|---|---|---|---|---|
| PO#: | | | | |
| | TOTAL: | | | |

PR 001433

GOV0001433

PUBLIC VERSION

BILL OF LADING

LB WOOD (CAMBODIA) CO.,LTD.
D44-20,SIHANOUKVILLE SPECIAL ECONOMIC ZONE
212KM NATIONAL ROAD 4, PREY NOP DIATRICT
SIHANOUK PROVINCE,KINGDOM OF CAMBODIA

Consignee's Name and Address

| | B/L Number | Job Number |
|---|---|---|

Notify Party's Name Address | For Cargo Delivery, please Contact:

| Vessel/Voyage | Port of Loading | No.of Cont. B/L |
|---|---|---|
| Port of Discharge | Place of Delivery | Final Destination For Merchant's Reference Only |

Particulars Furnished by Shipper

| Marks and Numbers | No.of Packages | Description of Packages and goods | Gross Weight | Measurement |
|---|---|---|---|---|

PR 001434

GOV0001434

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001435

GOV0001435

Exhibit 2

Affiliation Chart

PR 001436

GOV0001436

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001437

GOV0001437

# Exhibit 3

# Business Registration Certificate

PR 001438

GOV0001438



**ក្រសួងពាណិជ្ជកម្ម**
MINISTRY OF COMMERCE

លេខ(No) MOC-6 492 37  គគភ ចបថ



# វិញ្ញាបនបត្រ

បញ្ជាក់ការចុះឈ្មោះក្នុងបញ្ជីពាណិជ្ជកម្ម

## CERTIFICATE OF INCORPORATION

**ព្រះរាជាណាចក្រកម្ពុជា**
ជាតិ សាសនា ព្រះមហាក្សត្រ

**KINGDOM OF CAMBODIA**
NATION RELIGION KING

 នាមករណ៍
NAME

ចុះបញ្ជីក្រុមលេខ
REGISTRATION NUMBER

កាលបរិច្ឆេទចុះក្នុងបញ្ជីពាណិជ្ជកម្ម
INCORPORATION DATE

ត្រូវបានទទួលស្គាល់ជាជា
IS INCORPORATED AS

**អិលប៊ី វូដ (ខេមបូជា) ខូ ក**
LB WOOD (CAMBODIA) CO , LTD

ភ្នំពេញ,
PHNOM PENH,

ថ រដ្ឋមន្ត្រីក្រសួងពាណិជ្ជកម្ម



**រដ្ឋលេខាធិការ**
SECRETARY OF STATE

កឹម ស៊ីថន
Kem Sithan

ស្តីតាមច្បាប់ស្ដីពីបទបញ្ញាត្តិនៃច្បាប់ស្ដីពីពាណិជ្ជកម្មនិងបញ្ជីពាណិជ្ជកម្ម
ច្បាប់ស្ដីពីសហគ្រាសពាណិជ្ជកម្ម ក្រមរដ្ឋប្បវេណី និងក្រមព្រហ្មទណ្ឌ
ដែលអាធនាទានមាននៃព្រះរាជាណាចក្រកម្ពុជា។

UNDER THE REGULATIONS OF COMMERCIAL RULES AND
REGISTER LAW, COMMERCIAL ENTERPRISES LAW, CIVIL
CODE AND PENAL CODE OF THE KINGDOM OF CAMBODIA

PUBLIC VERSION

PR 001439

GOV0001439

# Exhibit 4

# Monthly Trial Balances

PR 001440

GOV0001440

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001441

GOV0001441

# Exhibit 5

# Monetary Transactions with Foreign Suppliers

PR 001442

GOV0001442

Exhibit 5.1 Monetary Transactions with Foreign Suppliers

Page 1 of 5

| Year | Month | Voucher No | Account | | Description | | Activity | Debit | Credit | D/C | Balance |
|------|-------|-----------|---------|---|-------------|---|----------|-------|--------|-----|---------|
|      |       |           |         |   |             |   |          |       |        |     |         |

PUBLIC VERSION

PR 001443

GOV0001443

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001444

# Exhibit 6

# Monthly Financial Reports

PR 001445

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001446

GOV0001446

Exhibit 7

Bank Statement

PR 001447

GOV0001447

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001448

GOV0001448

Exhibit 8

Product List

PR 001449

GOV0001449

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 001450

GOV0001450

Exhibit 9

List of Buyers

PR 001451

GOV0001451

EXHIBIT NOT SUSCEPTIBLE TO
PUBLIC SUMMARY

PR 001452

GOV0001452

Exhibit 10

Payroll Sheets

PR 001453

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001454

GOV0001454

# Exhibit 11

# Sample Plywood Checking Production Report

PR 001455

GOV0001455

PUBLIC VERSION

## 成品分选工序报工单

## Plywood checking production report

Factory name: LB WOOD (CAMBODIA) CO., LTD.
生产日期（Production date）.

订单号（PO Number）：
批次号（Lot number）：

| Products name 产品名称 | Specification(thickness) 规格（厚度） | Quantity (pieces) 数量（张） | Note 备注 |
|---|---|---|---|
| | | | 合格: Qualified products: 不合格 Defects products: |
| | | | 合格: Qualified products: 不合格: Defects products: |
| | | | 合格: Qualified products: 不合格: Defects products: |

车间主任签名（workshop manager signature）

PR 001456

GOV0001456

# Exhibit 12.1

# Imported Raw Material Purchases

PR 001457

GOV0001457

Exhibit 12.1 Imported Raw Material Purchases
LB Wood

| Import Purchase Line Item | Material Type | Supplier | Material | Invoice No. | Date of Invoice | Quantity (M3) | Value | Currency |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Page 1 of 4

PUBLIC VERSION

GOV0001458

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001459

GOV0001459

PUBLIC VERSION

# Import Purchase Line Item #1-2

PR 001460

GOV0001460

<u>**SALES CONTRACT**</u>

Seller :                                                          Date:

                                                                 S/C No. :

Buyer:    LB WOOD (CAMBODIA) CO.,LTD
D44 -
20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRIC
T,
SIHANOUK PROVINCE. KINGDOM OF CAMBODIA.
Delivery :

Payment  :
Condition:
_____

DESCRIPTION

| Latest shipment | CRATES | Specification | Total Qty, PIECES/M3 | Unit Price | Total amount |
|---|---|---|---|---|---|

PR 001461

GOV0001461

PUBLIC VERSION

# COMMERCIAL INVOICE

TO: LB WOOD (CAMBODIA) CO.,LTD
    D44-20, SIHANOUKVILLE SPECIALECONOMIC ZONE, 212KM
    NATIONAL ROAD 4, PREY NOP DIST
    RICT,SIHANOUK PROVINCE,KINGDOM OF CAMBODIA.

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:

FROM:                                TO:

| MARKS | COMMODITY DESCRIPTION | Q'TY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | PRICE TERM: | | | |
| PO#: | | | | |
| | TOTAL: | | | |

PR 001462

GOV0001462

# PACKING LIST

TO: LB WOOD (CAMBODIA) CO.,LTD
    D44-20, SIHANOUKVILLE SPECIALECONOMIC ZONE, 212KM
    NATIONAL ROAD 4, PREY NOP DIST
    RICT,SIHANOUK PROVINCE,KINGDOM OF CAMBODIA.

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:

FROM:                                              TO:

| MARKS | COMMODITY DESCRIPTION | Q´TY | G.W (KGS) | N.W (KGS) |
|-------|----------------------|------|-----------|-----------|
| PO#:  |                      |      |           |           |
| TOTAL: |                     |      |           |           |

PR 001463

GOV0001463

PUBLIC VERSION



PR 001464

GOV0001464

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001465

GOV0001465

PUBLIC VERSION

# Import Purchase Line Item #3

PUBLIC VERSION

## SALES CONTRACT

Seller :                                                        Date:

                                                               S/C No. :

Buyer:     LB WOOD (CAMBODIA) CO.,LTD
D44-
20, SIHANOUKVILLE SPECIAL ECONOMIC ZONE, 212KM NATIONAL ROAD 4, PREY NOP DISTRICT,
SIHANOUK PROVINCE, KINGDOM OF CAMBODIA.

Delivery :

Payment :
Condition:

DESCRIPTION

| Latest shipment | CRATES | Specification | Total Qty. PIECES/M3 | Unit Price | Total amount |
|---|---|---|---|---|---|

PR 001467

GOV0001467

# COMMERCIAL INVOICE

TO: LB WOOD (CAMBODIA) CO.,LTD
    D44-20, SIHANOUKVILLE SPECIALECONOMIC ZONE, 212KM       INVOICE NO.:
    NATIONAL ROAD 4, PREY NOP DIST                  DATE:
    RICT,SIHANOUK PROVINCE,KINGDOM OF CAMBODIA.       PAYMENT:
                                              PO NO.:
FROM:                                          TO:

| MARKS | COMMODITY DESCRIPTION | Q ' TY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | PRICE TERM: | | | |
| PO#: | | | | |
| | TOTAL: | | | |

PR 001468

GOV0001468

PUBLIC VERSION

# PACKING LIST

TO: LB WOOD (CAMBODIA) CO.,LTD
    D44-20, SIHANOUKVILLE SPECIALECONOMIC ZONE, 212KM
    NATIONAL ROAD 4, PREY NOP DIST
    RICT,SIHANOUK PROVINCE,KINGDOM OF CAMBODIA.

INVOICE NO.:
DATE:
PAYMENT:
PO NO.:

FROM:                  TO:

| MARKS | COMMODITY DESCRIPTION | Q'TY | G.W (KGS) | N.W (KGS) |
|---|---|---|---|---|
| P0#: | | | | |
| | TOTAL: | | | |

PR 001469

GOV0001469

PUBLIC VERSION

# BILL OF LADING

B/L No.

Shipper

Consignee
LR WOOD (CAMBODIA) CO.,LTD
D44-20, SIHANOUKVILLE SPECIAL
ECONOMIC ZONE, 212KM NATIONAL ROAD
4, PREY NOP DISTRICT, SIHANOUK
PROVINCE, KINGDOM OF CAMBODIA

Notify party (carrier not to be responsible for failure to notify)
LR WOOD (CAMBODIA) CO.,LTD
D44-20, SIHANOUKVILLE SPECIAL
ECONOMIC ZONE, 212KM NATIONAL ROAD
4, PREY NOP DISTRICT, SIHANOUK
PROVINCE, KINGDOM OF CAMBODIA

Ocean vessel / Voy No.

Port of loading | Place of receipt | Pre-carriage by

Port of discharge | Place of delivery

| Marks & Nos.: Container No. / Seal No. | No of packages or containers | Kind of Packages; Description of goods | Gross weight / Measurement |
|---|---|---|---|

| Freight payable at | Ex. Rate | No. of original B(s)/L | Place and date of issue |
|---|---|---|---|

PR 001470

GOV0001470

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001471

GOV0001471

# Exhibit 12.2

# Domestic Raw Material Purchases

PR 001472

GOV0001472

PUBLIC VERSION

**Exhibit 12.2 Domestic Raw Material Purchases**
**LB Wood**

| Import Purchase Line Item | Material Type | Material | Warehouse-in Ticket No. | Date of Warehouse-in Ticket | Month of Warehouse-in Ticket | Quantity | Unit | Value | Supplier |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Page 1 of 3

PR 001473

GOV0001473

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

GOV0001474

PUBLIC VERSION

# Domestic Purchase Line Item #1

GOV0001475

PUBLIC VERSION



PR 001476

GOV0001476

PUBLIC VERSION



PR 001477

GOV0001477

PUBLIC VERSION

# Domestic Purchase Line Item #2



PR 001479

GOV0001479

PUBLIC VERSION



បង្កាន់ដៃបង់ប្រាក់
PAYMENT VOUCHER
付 款 收 據

GOV0001480

**Domestic Purchase Line Item #3**

PR 001481

GOV0001481

PUBLIC VERSION



GOV0001482

PUBLIC VERSION



PAYMENT VOUCHER
付 款 收 據

GOV0001483

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001484

GOV0001484

# Exhibit 13

# Packing Material Purchases

PR 001485

GOV0001485

PUBLIC VERSION

**Exhibit 13 Packing Material Purchases**
**LB Wood**

| Packing Material Purchase Line Item | Supplier | Packing Materials | Invoice No. | Date of Invoice | Quantity | Measurement of Quantity | Currency | Invoice Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

PR 001486

GOV0001486

PUBLIC VERSION

# Packing Material Purchase Line Item #1

GOV0001487

PUBLIC VERSION

ទិក្កយបត្រពន្ធ

## TAX INVOICE

Customer: LB WOOD (CAMBODIA) CO;LTD

លេខរៀងវិក្កយបត្រ/Invoice Nº

ការបរិច្ឆេទ/Date

លេខទូរស័ព្ទ/Telephone Nº

收據

| ITEM NO. | NAME | DESCRIPTION | QUANTITY EA.(PC) | UNIT PRICE US$/EA | AMOUNT US$ |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | total quantity: | | | សរុប Sub Total | $ |
| | | | | | $ |
| | | | | សរុបរួម Grand Total | $ |

GOV0001488

Carton Payment Slip

PUBLIC VERSION

PR 001489

GOV0001489

PUBLIC VERSION

# Packing Material Purchase Line Item #2-3

GOV0001490

PUBLIC VERSION



TAX INVOICE

BUYER     LBWOOD

NO :

DATE :

| លេខរៀង<br>Item | មើរហាយ<br>Description | ប្រភេទ១<br>Art. No. | ប្រវែង<br>Length | ទទឹង<br>Wide | កំពស់<br>Height | តម្លៃម្នាក<br>Unit price | បរិមាណ<br>Q'ty | តម្លៃសរុប<br>Amount |
|---|---|---|---|---|---|---|---|---|

total quantity:

TOTAL

GRAND TOTAL

GOV0001491

PUBLIC VERSION



GOV0001492

Carton Purchase Payment Slip

PUBLIC VERSION

PR 001493

GOV0001493

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PR 001494

GOV0001494

# Exhibit 14

# Production Flowchart and Photographs

GOV0001495

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001496

GOV0001496

Exhibit 15

Factory Layout Map

PR 001497

GOV0001497

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001498

GOV0001498

# Exhibit 16

# Production Instruction

PR 001499

GOV0001499

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001500

GOV0001500

Public Document No. 69

PR 001501

GOV0001501

LAW OFFICES OF

deKieffer & Horgan, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:              GMENEGAZ@DHLAW.COM
TEL 202-783-6900                     SAARBRÜCKEN, GERMANY                   DHLAW.COM

November 15, 2019

ELECTRONIC FILING BY EMAIL                    EAPA Investigation No. 7321
                                              (Certain Hardwood Plywood)
Tobias A. Vandall                             CBP Office of Trade
International Trade Specialist                 POI: June 5, 2018 Onwards
U.S. Customs and Border Protection
Office of Trade / TRLED                        **PUBLIC VERSION**
EAPA Investigations Branch
                                              Business Proprietary information
                                              deleted within brackets in Pages 1 – 6,
                                              Exhibit CF-1, Exhibits 1 – 18.

**RE:    *EAPA Con. Case No. 7321* – Refiling APPI's CF-28 Response**

Dear International Trade Specialist Vandall:

On behalf of American Pacific Plywood, Inc. ("APPI"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby refile APPI's response

to CBP's CF-28 Request for Information initially submitted on October 25, 2019.  At CBP's

request, we are submitting a revised confidential version and a public version of APPI's initial

response conforming to 19 C.F.R. § 165.5.

\*        \*        \*

In accordance with 6 C.F.R. § 5.12 and 19 C.F.R. § 165.4(a), APPI requests confidential

treatment of the information contained herein as business confidential and commercial data that

is proprietary to APPI and its suppliers and customers.  The information contained in this

response to CBP has never been released in any manner to a person who is not an employee or in

a confidential relationship with the companies.  The information is not commonly known within

the industry or readily ascertainable by outside persons with a minimum of time and effort.

Disclosure of this information would cause substantial competitive and commercial harm to the

above parties.  The confidential information in the narrative response and the attached exhibits

are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the

confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Pages / Exhibits | Reason for Confidential Treatment |
|---|---|
| Page 1 | APPI's entry numbers, which contain its broker's proprietary information; information on APPI's orders; identification of APPI's supplier; this information is not available to the general public; |
| Page 2 | APPI's entry numbers, which contain its broker's proprietary information; information on APPI's orders; identification of APPI's supplier; specific production information; APPI's payments to its supplier; this information is not available to the general public; |
| Page 3 | Specific information on the sales terms and business arrangement between APPI and its supplier that is not available to the general public; identification of APPI's supplier; |
| Page 4 | Specific information on the sales terms and business arrangement between APPI and its supplier that is not available to the general public; identification of APPI's supplier; |
| Page 5 | Specific information on the sales terms and business arrangement between APPI and its supplier that is not available to the general public; identification of APPI's supplier; |
| Page 6 | Specific information on the sales terms and business arrangement between APPI and its supplier; identification of APPI's supplier and APPI's supplier's production operations; |
| Exhibit CF-1 | APPI's entry numbers, which contain its broker's proprietary information; information on APPI's orders; identification of APPI's supplier; specific production information; |
| Exhibit 1 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |

PR 001503

GOV0001503

| Exhibit 2 | Photographs and description of specific merchandise ordered; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
|---|---|
| Exhibit 3 | APPI's supplier's costs information; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning the supplier's business operations; |
| Exhibit 4 | Details on product characteristics, identification of service providers and terms of delivery; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 5 | APPI's and its supplier's payment information and bank information; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning APPI's business operations; |
| Exhibit 6 | Details on product characteristics, identification of service providers and terms of delivery; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 7 | Details on product characteristics, identification of service providers and terms of delivery; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 8 | Details on product characteristics, identification of service providers and terms of delivery; this information includes third-party confidential documents that APPI is not authorized to release to the general public; identification of APPI's supplier; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 9 | APPI's supplier's production steps and operations that are not available to the general public; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |

3

GOV0001504

| Exhibit 10 | Identification of service providers and terms of delivery; identification of APPI's supplier; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| --- | --- |
| Exhibit 11 | APPI's U.S. customers' information; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY because the disclosure of any of the information would cause serious harm to APPI's competitive position; |
| Exhibit 12 | Details on product characteristics, identification of service providers and terms of delivery; this information includes third-party confidential documents that APPI is not authorized to release to the general public; identification of APPI's supplier; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 13 | APPI's business contract with third-party service provider; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 14 | APPI's supplier's payment information and bank information; this information includes third-party confidential documents that APPI is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning a third-party's business operation; |
| Exhibit 15 | APPI's supplier's machinery list and production capacity that are not available to the general public; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 16 | APPI's supplier's factory floor map that is not available to the general public; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Exhibit 17 | APPI's supplier's business registration that is not available to the general public; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC |

4

GOV0001505

| | SUMMARY; |
|---|---|
| Exhibit 18 | APPI's supplier's production steps that are not available to the general public; this information includes third-party confidential documents that APPI is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY. |

Accordingly, for the above reasons, APPI requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information."  We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

/s/ Judith L. Holdsworth

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
DEKIEFFER & HORGAN, PLLC
1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900

cc:    Linda Choi (Linda.Choi@cbp.dhs.gov)
       Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
       Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
       EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)
       Coalition for Fair Trade of Hardwood Plywood (tbrightbill@wileyrein.com;
       tcapeloto@wileyrein.com; and trade@wileyrein.com)

5

*ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **American Pacific Plywood, Inc.,** certify the following:

(i)     All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)    Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)   I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

*Signature:*  ⟨signature⟩

*Date:*  Nov. 15, 2019

GOV0001507

*Public Version*

**AMERICAN PACIFIC PLYWOOD, INC. ("APPI")**

**RESPONSE TO CBP REQUEST FOR INFORMATION**

[                                                    ]

**October 25, 2019**

*The questions below are reproduced and answered in the order presented on the CBP Form 28.*

Question 12 –

A. <u>Are you related in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise.</u>

    <u>**Response**</u>**: American Pacific Plywood, Inc. ("APPI") is not related in any way to the seller of the merchandise.**

B. <u>Identify and give details of any additional costs/expenses incurred in this transaction.</u>

    <u>**Response**</u>**: There are no additional costs/expenses incurred in relation to this transaction.**

Question 13 –

A. <u>Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto.</u>

    <u>**Response**</u>**: Please refer to <u>Exhibit 1</u> for APPI's email placing multiple orders [**

    **] with the seller [**

    **].**

1

GOV0001508

**APPI notes that entry No. [**

**].**

    B. <u>Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates.</u>

    **<u>Response</u>: The merchandise in PO [**

**]. APPI imports plywood [**

**]. To the best of APPI's knowledge, the plywood APPI sold was used [**

**]. Please see <u>Exhibit 2</u> for photographs of [**

**].**

    C. <u>Breakdown the components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article.</u>

    **<u>Response</u>: Please see <u>Exhibit 3</u>.**

    E. <u>Continuation Sheet: Item 14 Continuation Sheet.</u>

1. <u>Bill of Lading</u>

    **<u>Response</u>: Please see <u>Exhibit 4</u>.**

2. <u>Buyer's Proof of Payment</u>

    **<u>Response</u>: Please see <u>Exhibit 5</u>. APPI made [**

**] the subject of this CF-28. APPI is also submitting [**

**] in <u>Exhibit 5</u>.**

2

3.  Buyer's Purchase Order

**Response: Please see Exhibit 1.**

4.  Certificate of Origin, Which Covers These Shipments

**Response: Please see Exhibit 6 for the certificate of origin for both POs.**

5.  Commercial Invoices

**Response: Please see Exhibit 7 for the commercial invoices and packing lists.**

6.  Contracts

**Response: Please see the POs and email communications attached at Exhibit 1,**

[                                                              ].

7.  Explain The Role And Relationship Of The Parties Involved In These Import Transactions

**Response: The role of APPI is that of [                    ]. The role of [**

**          ]. [**

**                                        ].**

8.  Freight Bill(s) and Freight Proof of Payment for All Entries

**Response: APPI [                                        ] because the products are**

[                                                              ].

[          ] arranges the shipping at the time of shipment and [**

**                ]. Please see Exhibit 8 for [              ] freight payment.**

3

9.  Production Records from Both Factories

     **Response: Please see <u>Exhibit 9</u> for the production records. [        ] is the only company that produces plywood and has production records.**

10. Transport Documents from Factory to Port and Transport Port to U.S. Port

     **Response: Please see <u>Exhibit 10</u> for the Delivery Note from [        ] and the shipping documents from [        ].**

11. Also include in your response descriptive literature (sales flyer, brochure, catalog, spec. sheet, etc.) a statement explaining the intended use of imported goods as well as high quality photographs (front, back, side and end) of the product both in and out of retail packaging.

     **Response: Please refer to the response to Question 13.B, above, for a statement describing the imported merchandise. APPI submits three photos of imported goods in <u>Exhibit 2</u>. Neither [        ] nor APPI maintain brochures of this merchandise.**

12. Please fully explain the selling policy between [        ] and AMERICAN PACIFIC PLYWOOD INC (of USA). Indicate how the unit price was determined. Was the price negotiated at arm's length, and settled in accordance with the industry pricing practices? Or was the price settled in a manner consistent with the way [        ] settles prices for sales to buyers who are unrelated to it? Or identify the type of accounting methodology, i.e. gross margin, cost plus, etc., which you employ over a representative period of time (e.g. one year) for merchandise of the same class or kind.

     **Response: The selling price is negotiated at arm's length. APPI requests quotes on the quantity and quality of plywood it needs for its inventory, [        ] advises the current pricing (including [        ]) from different mills that are able to meet the quote, and then APPI advises its sales personnel of the costs of shipping to the U.S. ports. In instances where the salesperson finds the price to be competitive for the product quality, APPI issues a PO and sends it to [        ] for acceptance.**

PR 001511

GOV0001511

APPI's sales personnel in the fields routinely gather information from their long time customers [                    ]. Customers discuss the current market demand and prices with APPI's sales personnel routinely. Therefore, if APPI believes that it cannot make a profit out of [                    ], it would [                    ].

APPI purchases plywood from [

    ]. Additionally, [

    ].

When [        ] negotiates price with unrelated customers such as APPI, [    ] considers its full cost of procuring the plywood as well as the profit margin. [    ] also considers [                                    ] because it is normal industry practice for customers to request quotes from different suppliers for multiple competing price quotes.

As such, [            ] and APPI negotiate price at arm's length and in accordance with the industry pricing practices.


13. Provide copies of the ultimate U.S. purchaser order, the manufactures billing invoice for [                                ], proof of your payment to [                    ], commercial billing invoices and U.S. buyer proof of payment to [                            ]. Advise who is responsible in this transaction for the cost of transportation, insurance and the risk of loss for this merchandise after importation into the United States.

**Response**: Please see **Exhibit 11** for the downstream U.S. customer's purchase order for these two entries and **Exhibit 12** for [            ] PO to the manufacturer and the manufacture's billing invoice to [            ]. Please see **Exhibit 5** for APPI's payment to

5

GOV0001512

[            ]. APPI's downstream U.S. buyers [                    ]; rather, they [

                  ]. The price APPI pays [                    ], which

includes [                        ]. APPI is [

    ]. *See* <u>Exhibit 13</u>.


14. <u>PURCHASE ORDER FOR MERCHANDISE</u> – Provide commercial invoices, bill of sale,
    supplier's invoices and purchase orders. The documents should identify the manufacturer;
    include the date, description of merchandise, quantity, price, style/production number and
    terms of sale. Proof of payment to the actual manufacturer for the merchandise must be
    provided.
    The Manufacturer ID {MID} for this entry references:
    [

                    ]


    **Response**: Please refer to <u>Exhibit 12</u> for the POs to, and invoices from, the

manufacturer. Please see <u>Exhibit 14</u> for the proof of payment from [

            ].


15. <u>FACTORY PROFILE/FACTORY REGISTRATION</u> - The factory profile should include an
    overview of the factory, a copy of the registration document, floor plan/map, production
    schedule and specific details about what type of processing and production capabilities are
    performed at the factory including a list of machinery.

    **Response**: Please see <u>Exhibit 15</u> for [            ] list of machines and production

capacity, <u>Exhibit 16</u> for [            ] floor map, and <u>Exhibit 17</u> for the registration

certificate. [            ] is set up to produce plywood panels [

            ]. [            ] has [

            ].


16. <u>PRODUCTION STEPS</u> – Provide a list of individual processes, each having a unique
    number assigned to it.


6

**Response: Please see Exhibit 18 for the production steps.**

17. FINISHING OPERATIONS – Provide records for all finishing operations (labeling, packing, etc.) whether they are done at the factory of production or contracted out.

      **Response: After the final process of producing the plywood, finished products are packed in crates and labeled per APPI's requests listed on the specific POs. To the best of APPI's knowledge, the finishing operations are done at the factory.**

18. PROOF OF PAYMENT FINISHED GOODS – Proof of payment for the manufactured merchandise as well as a copy of the commercial invoice issued to buyer.

      **Response: Please see Exhibit 12 and Exhibit 14 for the manufacture's invoice and proof of payment.**

PR 001514

GOV0001514

**AMERICAN PACIFIC PLYWOOD, INC.**

**RESPONSE TO CBP REQUEST FOR INFORMATION**

**October 25, 2019**

**Exhibit List**

| | |
|---|---|
| Exhibit CF-1 | CBP Request for Information |
| Exhibit 1 | POs and Seller's Confirmation |
| Exhibit 2 | Photographs |
| Exhibit 3 | Cost of Components |
| Exhibit 4 | Bill of Ladings |
| Exhibit 5 | Invoice and Proof of Payment |
| Exhibit 6 | Certificate of Origin |
| Exhibit 7 | Commercial Invoice & Packing List |
| Exhibit 8 | Freight Payment |
| Exhibit 9 | Production Records |
| Exhibit 10 | Delivery Note & Shipping Documents |
| Exhibit 11 | U.S. Purchaser PO |
| Exhibit 12 | [                              ] |
| Exhibit 13 | Insurance |
| Exhibit 14 | [                      ] |
| Exhibit 15 | [                            ] |
| Exhibit 16 | Floor Map |
| Exhibit 17 | Registration Certificate |
| Exhibit 18 | [    ] Production Process |

PR 001515

GOV0001515

# Exhibit CF-1

# CBP Request for Information

PR 001516

GOV0001516

PUBLIC VERSION

OMB No. 1651-0023
Exp. 09-30-2019

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

## REQUEST FOR INFORMATION
19 CFR 151.11

| | |
|---|---|
| 1. Date of Request | |
| 2. Date of Entry and Importation | |

| 3. Manufacturer/Seller/Shipper | 4. Carrier | 5. Entry No. |
|---|---|---|

| 5a. Invoice Description of Merchandise | 5b. Invoice No. | 6. HTSUS Item No. |
|---|---|---|

| 7. Country of Origin/Exportation | 8. CBP Broker and Reference or File No. |
|---|---|

| 9. TO:<br>AMERICAN PACIFIC PLYWOOD INC<br>P.O. Box 8<br>SOLVANG, CA 93464-0008<br>US | 10. FROM: |
|---|---|

**Production of Documents and/or Information Required by Law:** If you have provided the information requested on this form to U.S. Customs and Border Protection at other ports, please indicate the port of entry to which it was supplied, and furnish a copy of your reply to this office, if possible.

### General Information and Instructions

| 12. Please Answer Indicated Question(s) | 13. Please Furnish Indicated Item(s) |
|---|---|

14. CBP Officer Message
See continuation sheet

15. Reply Message (Use additional sheets if more space is needed.)

| 16.<br>CERTIFICATION | It is required that an appropriate corporate/company official execute this certificate and/or endorse all correspondence in response to the information requested. (**NOTE**: NOT REQUIRED IF FOREIGN FIRM COMPLETES THIS FORM.) |
|---|---|

| I hereby certify that the information furnished herewith or upon this form in response to this inquiry is true and correct, and that any samples provided were taken from the shipment covered by this entry. | 16a. Name and Title/Position of Signer (Owner, Importer, or Corporate/Company Official) | 16b. Signature |
|---|---|---|
| | | 16c. Telephone No. |
| | | 16d. Date |

PR 001517
CBP Form 28 (06/14)

GOV0001517

PUBLIC VERSION

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

REQUEST FOR INFORMATION

14. CBP Officer Message

3. Manufacturer/Seller/Shipper

4. Carrier

5a. Invoice Description of Merchandise

5b. Invoice No.

7. Country of Origin/Exportation

8. CBP Broker and Reference or File No.

1. Date of Request

2. Date of Entry and Importation

5. Entry No.

6. HTSUS Item No.

17. CBP Official

18.

No.

19. Telephone No.

21. Email

CBP Form 28 (06/14)

PR 001518

GOV0001518

THE FOLLOWING PAGES CONTAINED IN
THE CONFIDENTIAL VERSION OF THIS
EXHIBIT ARE PROPERLY SUMMARIZED
BY THE FOREGOING PAGES

PUBLIC VERSION

**GENERAL INFORMATION AND INSTRUCTIONS**

PUBLIC VERSION

DEPARTMENT OF HOMELAND SECURITY
U.S. Customs and Border Protection

**REQUEST FOR INFORMATION**
Continuation Page

19 CFR 151.11

| | |
|---|---|
| 1. Date of Request | |
| 2. Date of Entry and Importation | |

| 3. Manufacturer/Seller/Shipper | 4. Carrier | 5. Entry No. |
|---|---|---|

| 5a. Invoice Description of Merchandise | | 5b. Invoice No. | 6. HTSUS Item No. |
|---|---|---|---|

| 7. Country of Origin/Exportation | 8. Customs Broker and Reference or File No. |
|---|---|

| Entry No. | Line No. | Importer of Record No. |
|---|---|---|

| 17. CBP Officer | 18. Team Designation | 19. Telephone No. |
|---|---|---|

CBP Form 28 (08/08)

PR 001521

GOV0001521

PUBLIC VERSION

# Exhibit 1

# POs and Seller's Confirmation

PR 001522

GOV0001522

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001523

GOV0001523

PUBLIC VERSION

# Exhibit 2

# Photographs

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001525

GOV0001525

PUBLIC VERSION

# Exhibit 3

# Cost of Components

GOV0001526

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PUBLIC VERSION

# Exhibit 4

# Bill of Ladings

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001529

GOV0001529

PUBLIC VERSION

# Exhibit 5

# Invoice and Proof of Payment

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001531

PUBLIC VERSION

Exhibit 6

Certificate of Origin

GOV0001532

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001533

GOV0001533

PUBLIC VERSION

# Exhibit 7

# Commercial Invoice & Packing List

GOV0001534

**PUBLIC VERSION**

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001535

PUBLIC VERSION

# Exhibit 8

# Freight Payment

GOV0001536

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001537

GOV0001537

PUBLIC VERSION

# Exhibit 9

# Production Records

GOV0001538

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001539

PUBLIC VERSION

# Exhibit 10

# Delivery Note & Shipping Documents

GOV0001540

PUBLIC VERSION

# EXHIBIT NOT SUSCEPTIBLE TO
# PUBLIC SUMMARY

PUBLIC VERSION

# Exhibit 11
# U.S. Purchaser PO

GOV0001542

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001543

PUBLIC VERSION

# Exhibit 12

[

]

PR 001544

GOV0001544

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001545

PUBLIC VERSION

# Exhibit 13

# Insurance

GOV0001546

PUBLIC VERSION

# EXHIBIT NOT SUSCEPTIBLE TO

# PUBLIC SUMMARY

GOV0001547

PUBLIC VERSION

# Exhibit 14

[

]

GOV0001548

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001549

GOV0001549

# Exhibit 15

[

]

PR 001550

GOV0001550

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001551

PUBLIC VERSION

# Exhibit 16

# Floor Map

PR 001552

GOV0001552

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001553

PUBLIC VERSION

# Exhibit 17

# Registration Certificate

GOV0001554

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PUBLIC VERSION

# Exhibit 18

# [    ] Production

# Process

PR 001556

PUBLIC VERSION

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

GOV0001557

Public Document No. 70

PR 001558

GOV0001558

LAW OFFICES OF
deKIEFFER & HORGAN, PLLC
1090 VERMONT AVENUE, N.W.
SUITE 410
WASHINGTON, D.C.  20005

GREGORY S. MENEGAZ                    AFFILIATED OFFICE:          GMENEGAZ@DHLAW.COM
TEL 202-783-6900                    SAARBRÜCKEN, GERMANY                 DHLAW.COM

November 15, 2019

ELECTRONIC FILING BY EMAIL                        EAPA Investigation No. 7321
                                                  (Certain Hardwood Plywood)
Tobias A. Vandall                                 CBP Office of Trade
International Trade Specialist                     POI: June 5, 2018 Onwards
U.S. Customs and Border Protection
Office of Trade / TRLED                           **PUBLIC VERSION**
EAPA Investigations Branch
                                                  Business Proprietary information
                                                  deleted within brackets in Pages 1 – 4
                                                  and Attachments 1 – 7.

RE:    ***EAPA Con. Case No. 7321* – Refiling U.S. Global's CF-28 Response**

Dear International Trade Specialist Vandall:

On behalf of U.S. Global Forest, Inc. ("U.S. Global"), a U.S. importer of hardwood

plywood and an interested party pursuant to 19 C.F.R. § 165.1, we hereby refile U.S. Global's

response to CBP's CF-28 Request for Information initially submitted on September 10, 2019.  At

CBP's request, we are submitting a revised confidential version and a public version of U.S.

Global's initial response conforming to 19 C.F.R. § 165.5.  For ease of reference, we have added

an attachment list and attachment cover pages to the submission.

*          *          *

In accordance with 6 C.F.R. § 5.12 and 19 C.F.R. § 165.4(a), U.S. Global requests

confidential treatment of the information contained herein as business confidential and

commercial data that is proprietary to U.S. Global and its suppliers and customers.  The

information contained in this response to CBP has never been released in any manner to a person

who is not an employee or in a confidential relationship with the companies. The information is not commonly known within the industry or readily ascertainable by outside persons with a minimum of time and effort. Disclosure of this information would cause substantial competitive and commercial harm to the above parties. The confidential information in the narrative response and the attached exhibits are enclosed in brackets ("[ ]") and marked "Contains Proprietary Information" to indicate the confidential nature of the information contained herein.

Specifically, this submission contains the following confidential information:

| Pages / Exhibits | Reason for Confidential Treatment |
|---|---|
| Page 1 | U.S. Global's entry numbers, which contain its broker's proprietary information; specific information on the sales terms that is not available to the general public; identification of U.S. Global's supplier; |
| Page 2 | Specific information on the sales terms and business arrangement between U.S. Global and its supplier that is not available to the general public; identification of U.S. Global's supplier; |
| Page 3 | Specific information on the sales terms between U.S. Global and its supplier that is not available to the general public; identification of U.S. Global's supplier; |
| Page 4 | Production arrangement of U.S. Global's supplier that is not available to the general public; identification of U.S. Global's supplier; |
| Attachment 1 | Details on product characteristics, quantity and value of sale, and terms of delivery and payment; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; |
| Attachment 2 | Details on U.S. Global's supplier's costs of production that are NOT SUSCEPTIBLE TO PUBLIC SUMMARY due to the extremely sensitive nature of the information concerning the supplier's business operations; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; |

PR 001560

GOV0001560

| Attachment 3 | U.S. Global's and its supplier's payment information and bank information; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; these documents are NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| --- | --- |
| Attachment 4 | U.S. Global's supplier's production steps and operations; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; |
| Attachment 5 | Photographs taken during U.S. Global's trips to the production factory; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Attachment 6 | U.S. Global's supplier's business registration, machinery list, and factory floor map; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; this document is NOT SUSCEPTIBLE TO PUBLIC SUMMARY; |
| Attachment 7 | U.S. Global's supplier's production steps; this information includes third-party confidential documents that U.S. Global is not authorized to release to the general public; |

Accordingly, for the above reasons, U.S. Global requests confidential treatment of the information enclosed in brackets ("[ ]") and marked "Contains Proprietary Information."  We have summarized the confidential information in a public version of this submission, which will be served upon the parties to this investigation on this same date.

Please contact the undersigned if you have any questions regarding the information included in this submission.

Very truly yours,

*/s/ Judith L. Holdsworth*

Gregory S. Menegaz
Judith L. Holdsworth
Alexandra H. Salzman
DEKIEFFER & HORGAN, PLLC

3

PR 001561

GOV0001561

1090 Vermont Ave., NW
Suite 410
Washington, D.C.  20005
202-783-6900


cc:     Linda Choi (Linda.Choi@cbp.dhs.gov)
        Curtis Christensen (Curtis.J.Christensen@cbp.dhs.gov)
        Tinamarie Whiteside (tinamarie.f.whiteside@cbp.dhs.gov)
        EAPA ALLEGATIONS (eapallegations@cbp.dhs.gov)
        Coalition for Fair Trade of Hardwood Plywood (tbrightbill@wileyrein.com;
        tcapeloto@wileyrein.com; and trade@wileyrein.com)

4

*ATTORNEY CERTIFICATION*

I, **Judith L. Holdsworth,** with **deKieffer & Horgan,** Counsel to **U.S. Global Forest, Inc.,** certify the following:

(i)     All statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief.

(ii)    Any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption.

(iii)   I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 C.F.R. 165.7(a).

*Signature:*  *Judith L. Holdsworth*

*Date:*  Nov. 15, 2019

12. Please Answer Indicted Question(s)

A. Are you related (see reverse) in any way to the seller of this merchandise? If you are related, please describe the relationship, and explain how this relationship affects the price paid or payable for the merchandise.

**[                    ] and Global Forest are not related in any way.**

B. Identify and give details of any additional costs/expenses incurred in this transaction, such as:

(1) packing
(2) commissions
(3) proceeds that accrue to the seller
(4) assists
(5) royalties and/or license fees
[

].

13. Please Furnish Indicated Item(s)

A. Copy of contract (or purchase order and seller's confirmation thereof) covering this transaction, and any revisions thereto.
**Please refer to the purchase order in Attachment 1.2 and Attachment 1.2 for the selected entries.**

B. Descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates.
**The merchandise is plywood, which is a board made of wood veneers and bonded by glue. The merchandise is normally used for cabinet and furniture manufacturing or interior decoration purpose.**

**C.** Breakdown of components, materials, or ingredients by weight and the actual cost of the components at the time of assembly into the finished article.
**Please refer to Attachment 2.1 and Attachment 2.2 for the list of cost components at the time of assembly into the finished plywood for the selected entries.**

14. The following entries have been selected for review:
[                    ]

In addition to the items checked on the preceding page, please provide this office with a copy of the following:

1. Bill Of Lading
2. Buyer's Proof of Payment
3. Buyer's Purchase Order

PR 001564

GOV0001564

*Public Version*

4. Certificate of Origin, Which Covers These Shipments
5. Commercial Invoices
6. Contracts

**Please refer to Attachment 1.1 and Attachment 1.2 for the sales documents listed above. [**



**].**


7. Explain The Role And Relationship Of The Parties Involved In These Import Transactions

**Global Forest and [                    ] are buyer and seller relationship. We are not related in anyway. [**
**                    ].**


8. Freight Bill(s) and Freight Proof of Payment for All Entries

**Please refer to Attachment 3.1 and Attachment 3.2 for the Freight Bills and Proof of Payments. Please note that both sales were made on [**



**].**


9. Production Records from Both Factories

**Please refer to Attachment 4.1 and Attachment 4.2 for the production records for the two entries.**


**10.** Transport Documents from Factory to Port and Transport Port to U.S. Port

**Please refer to Attachment 1.1 and Attachment 1.2 for the Bills of Lading for the international shipment from [                    ] to U.S. port. Please refer to Attachment 3.1 and Attachment 3.2 for the Freight Bills and Proof of Payments.**


11. Also Include in your response descriptive literature (sales flyer, brochure, catalog, spec. sheet, etc.) a statement explaining the intended use of imported goods as well as high quality photographs (front, back, side and end) of the product both in and out of retail packaging.

**The goods are plywood. They are normally used in cabinet and furniture production or interior decoration. Please refer to Attachment 5 for the photographs of the goods both in and out of packaging.**


Please fully explain the selling policy between [
                    ] and US GLOBAL FOREST INC (of USA).

PR 001565

GOV0001565

*Public Version*

Indicate how the unit price was determined. Was the price negotiated at arm's length, and settled in accordance with the industry pricing practices?

Or was the price settled in a manner consistent with the way [                    ] settles prices for sales to buyers who are unrelated to it?

Or identify the type of accounting methodology, i.e. gross margin, cost plus, etc., which you employ over a representative period of time (e.g. one year) for merchandise of the same class or kind.

**[                    ] and Global Forest are not related. The prices between [                    ] and Global Forest were negotiated at arm's length, in the same mechanism as the prices negotiated and set with other customers. During the negotiation of prices, [                    ] would consider the total manufacturing cost, including material, labor, energy, overhead, etc., as well as a reasonable profit margin.**

Provide copies of the ultimate U.S. purchaser order, the manufactures billing invoice for [                                        ], proof of your payment to [                    ], commercial billing invoices and U.S. buyer proof of payment to [                                        ]. advise who is responsible in this transaction for the cost of transportation, insurance and the risk of loss for this merchandise after importation into the United States.

**Please refer to Attachment 1.1 and Attachment 1.2 for the sales documentsfor the two selected entries.**

**[**

].

PURCHASE ORDER FOR MERCHANDISE

Provide commercial invoices, bill of sale, supplier's invoices and purchase orders. The documents should identify the manufacturer; including the date, description of merchandise, quantity, price, style/production number and terms of sale. Proof of payment to the actual manufacturer of the merchandise must be provided.

**Please refer to Attachment 1.1 and Attachment 1.2 for the sales documents related to the two selected entries.**

The Manufacturer ID (MID) for this entry references:

[

PR 001566

GOV0001566

]
**Please refer to Attachment 6 for [                    ]'s registration document.**

FACTORY PROFILE/FACTORY RESIGTRATION
The factory profile should include an overview of the factory, a copy of the registration document, floor plan/map, production schedule and specific details about what type of processing and production capabilities are performed at the factory including a list of machinery.
**Please refer to Attachment 6 for the information listed above.**

PRODUCTION STEPS
Provide a list of individual processes, each having a unique number assigned to it.
**Please refer to Attachment 7 for the production process flowchart.**

FINISHING OPERATIONS
Provide records for all finishing operations (labeling, packing, etc.) whether they are done at the factory of production or contracted out.
[

].

PROOF OF PAYMENT FINISHED GOODS
Proof of payment for the manufactured merchandise as well as a copy of the commercial invoice issued to buyer.
**Please refer to Attachment 1.1 and Attachment 1.2 for the sales documents.**

4

**CBP EAPA Case Number: 7321**
**(Certain Hardwood Plywood)**
**Period of Investigation: June 5, 2018 Onward**

**U.S. GLOBAL FOREST, INC. ("U.S. GLOBAL")**

**Response to CBP Request for Information**

## List of Attachments

Attachment 1     Sales Documents

Attachment 2     Cost Components

Attachment 3     Freight Bills and Payment

Attachment 4     Production Records

Attachment 5     Product Photos

Attachment 6     Company Profile

Attachment 7     Production Steps

GOV0001568

Attachment 1

Sales Documents

PR 001569

GOV0001569

PUBLIC VERSION

**US Global Forest Inc.**
663 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

**Purchase Order**

To:

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
|  |  |  |  |

*Total:*

PR 001570

GOV0001570

PUBLIC VERSION

**US Global Forest Inc.**

663 Brea Canyon Road, Suite 9 Walnut, CA 91789 USA

**Purchase Order**

To:

PO#

Order Date

Time of Shipment

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
|  |  |  |  |

Total:

PR 001571

GOV0001571

PUBLIC VERSION

**US Global Forest Inc.**
663 Brea Canyon Road, Suite 9 Walnut, CA 91789 USA

**Purchase Order**

To:

| | |
|---|---|
| PO# | |
| Order Date | |
| Time of Shipment | |

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
| | | | |

Total: _____

PR 001572

GOV0001572

PUBLIC VERSION

# US Global Forest Inc.

663 Brea Canyon Road, Suite 8 Walnut, CA 91789 USA

# Purchase Order

To:

PO#

Order Date

Time of Shipmen

| Item Description | Quantity | Price | Amount |
|---|---|---|---|
|  |  |  |  |

*Total:*

GOV0001573

PUBLIC VERSION

# INVOICE

TO:**US GLOBAL FOREST INC.**

663 BREA CANYON ROAD, SUITE 8                                    Invoice No:

WALNUT, CA 91789 USA                          S/C No.:

Date:

PORT OF LOADING :                              FINAL DESTINATION :

VESSEL NAME :                                  PAYMENT：_____

| MARKS&NOS. | DESCRIPTION | QUANTITY | | UNIT PRICE (USD/MSF) | AMOUNT |
|---|---|---|---|---|---|
| B/LNO: | | CBM | MSF | | |
| | | | | | |

PR 001574

GOV0001574

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| TOTAL | | | | | | |

PR 001575

GOV0001575

SWIFT:                    ACCOUNT NO:

PR 001576

GOV0001576

# PACKING LIST

**TO:** US GLOBAL FOREST INC.

  663 BREA CANYONROAD,SUITE 8

  WALNUT,CA 91789 USA

INVOICE NO:

PO. NO.:

DATE:

**B/L NO:**

| MARKS | DESCRIPTION OF GOODS | CRTS & PCS/CRT | MEASUREMENT | | NET WEIGHT | GROSS WEIGHT |
|---|---|---|---|---|---|---|
| | | | CBM | MSF | | |
| | | | | | | |

PR 001577

GOV0001577

PUBLIC VERSION

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| TOTAL | | | | | | |

PUBLIC VERSION

Shipper

B/L No.

Consignee

US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

Notify Party

US GLOBAL FOREST INC
663 BREA CANYON ROAD, SUITE 8 WALNUT, CA 91789 USA
PHONE: 562-907-4330 FAX : 562-907-4339

| Pre-Carriage by | Place of Receipt | |
| Ocean Vessel | Voy No. | Port of Loading |
| Port of Discharge | Place of Delivery | Final Destination (for the Merchant's reference) |

| Marks and Numbers Container No. / Seal No. | No. of Containers or Pkgs. | Kind of packages, description of goods | Gross weight | Measurement |

GOV0001579

PUBLIC VERSION

**\*\*\*\* ATTACHED LIST FOR HB/L #                    \***

<u>DESCRIPTION OF GOODS</u>

GOV0001580

PAGE NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001581

GOV0001581

# Attachment 2

# Cost Components

PR 001582

GOV0001582

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001583

GOV0001583

Attachment 3

Freight Bills and Payment

PR 001584

GOV0001584

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001585

GOV0001585

Attachment 4

Production Records

PR 001586

GOV0001586

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001587

GOV0001587

Attachment 5

Product Photos

PR 001588

GOV0001588

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001589

GOV0001589

# Attachment 6

# Company Profile

PR 001590

GOV0001590

EXHIBIT NOT SUSCEPTIBLE TO

PUBLIC SUMMARY

PR 001591

Attachment 7

Production Steps

PR 001592

GOV0001592

Attachment 7

**Production steps**

PUBLIC VERSION

Public Document No. 71

PR 001594

GOV0001594

One World Trade Center, Suite 547
Long Beach, CA 90831



**U.S. Customs and
Border Protection**

November 21, 2019

**PUBLIC VERSION**

**EAPA Consolidated Case Number: 7321**

Gregory S. Menegaz
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
gmenegaz@dhlaw.com

**Re:** Supplemental Request for Information to Manufacturer with regards to Enforce and
Protect Act investigation 7321 of whether Cambodia Happy Home Wood Products Co. Ltd.
has evaded antidumping duty order A-570-051 and countervailing duty order C-570-052, on
Certain Hardwood Plywood from the People's Republic of China.

Dear Mr. Menegaz:

Pursuant to 19 Code of Federal Regulations (C.F.R.) § 165.23(a), U.S. Customs and Border
Protection ("CBP") is requesting additional information from Cambodia Happy Home Wood
Products Co. Ltd. as part of the investigation, commenced under Title IV, Section 421 of the
Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce
and Protect Act ("EAPA"). Specifically, we are soliciting the information in the enclosed
supplemental request for information ("RFI").

Please review and ensure that you have received all pages of the RFI. If you have not received
the entire request for information, please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA
Allegations (EAPAllegations@cbp.dhs.gov), immediately.

The deadline to respond to this request for information is **5 p.m. ET on December 9, 2019**. If
Cambodia Happy Home Wood Products Co. Ltd. fails to cooperate and comply to the best of
its ability to this request, CBP may apply an inference adverse to Cambodia Happy Home
Wood Products Co. Ltd. interest and select from among the facts otherwise available to make
the determination as to evasion pursuant to 19 C.F.R. § 165.27.

**FOR OFFICIAL USE ONLY**

PR 001595

EAPA Case Number: 7321
Manufacturer Supplemental Request for Information
Page 2

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)   "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)   "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)   "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that Cambodia Happy Home Wood Products Co. Ltd. identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, Cambodia Happy Home Wood Products Co. Ltd. must also create a public version that removes and sufficiently summarizes bracketed information.

**FOR OFFICIAL USE ONLY**

GOV0001596

**EAPA Case Number: 7321**
Manufacturer Supplemental Request for Information
Page 3


Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.


Sincerely,

 Digitally signed by LINDA F CHOI
Date: 2019.11.21 13:41:21 -08'00'

Linda F. Choi
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection


Enclosure:
    Manufacturer Supplemental Request for Information


**FOR OFFICIAL USE ONLY**

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**CAMBODIA HAPPY HOME WOOD PRODUCTS CO. LTD.**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**MANUFACTURER REQUEST FOR SUPPLEMENTAL INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: DECEMBER 9, 2019**


**RESPONSE FORM:  Email:** Curtis Christensen (curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

- Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
- Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
- Hard Copy documentation should be submitted in Adobe Format
- ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 25MB and of certain file types - .zip and .exe - may not be deliverable. Such information may need to be provided in piecemeal.  Please contact Curtis Christensen and/or Linda Choi to facilitate the delivery of requested information.

**Note:  For each question please indicate the individual's name and title that created the response.  For any information or data requests, please indicate the system from which the data was obtained <u>and</u> the location where the data/information was extracted.  We intend to perform an onsite visit to among other things, validate certain provided data as necessary.**

If you have any questions regarding this request please contact Curtis Christensen (curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov) immediately.


**FOR OFFICIAL USE ONLY**

A.  <u>General Information</u>

1.  Does Happy Home outsource any of its production process to other manufacturers?  If so, please explain what is outsourced and where.

2.  Does Happy Home source any of its raw materials domestically?  If so, please identify which materials are sourced domestically.

3.  Does Happy Home sell any of its products domestically?  If so, identify the percentage of Happy Home's domestic sales versus foreign sales.

4.  Provide the receiving reports for all purchased raw materials identified in previously provided Exhibit 11.

5.  Provide all production reports for all plywood produced and sold during the period of investigation.

6.  Has Happy Home ever been known by any other names?

B.  <u>Request for Clarification of Initial RFI Responses</u>

1.  Question 6 of Section A "General Information"

    o  In your response, you state [
                                                                                                ].
       Please explain the circumstances associated with the customer payments made to
       [                                        ] versus payments made directly to [                    ].

    o  Please explain whether [
                    ].

2.  Question 2 of Section B "Corporate Structure and Affiliations"

    o  Please provide the date that Happy Home began production of plywood at its productions facilities.

    o  Please provide the date that Happy Home began operations in the administrative office at its production facilities.

3.  Question 1 of Section C "Accounting/Financial Practices"

    o  With respect to Exhibit 4, please resubmit the monthly trial balances with the accounts fully translated into English.

4.  Question 4 of Section C "Accounting/Financial Practices"

    o  Provide translation for the items shown in the "Description" column on Exhibits 5.1 through 5.14.

5.  Question 5 of Section C "Accounting/Financial Practices"

    o  You noted that "[
                    ]."  However, Exhibit 3 indicates that [
                    ].  Please explain how Happy Home would [                    ] sales from [

**FOR OFFICIAL USE ONLY**

].

6.  Question 7 of Section C "Accounting/Financial Practices"

    o   Provide translation for the items shown in the "Description" column on Exhibit 7.

    o   With respect to Exhibit 7, you submitted a [                           ].
        However, there is no indication that this [                      ].  Please
        submit bank statements that are [                        ].

7.  Question 2 of Section D "Pertinent Sales, Purchase/Procurement, and Documentation"

    o   Regarding Exhibit 8, you submitted a product list that only differentiates the
        [                          ].  Please explain why the product list does not differentiate
        by [      ] also.

8.  Question 3 of Section D "Pertinent Sales, Purchase/Procurement, and Documentation"

    o   With reference to Exhibit 9, is [                        ] affiliated with
        Cambodia Happy Home?  Do they share common ownership?

9.  Question 4 of Section D "Pertinent Sales, Purchase/Procurement, and Documentation
    Requests"

    o   Provide list of all employees who worked at [              ] from June 5, 2018 to
        present and identify their job title.

    o   Please provide a table denoting the number of workers for each month at Happy
        Home from January 2018 to October 2019.

10. Question 17 of Section D "Pertinent Sales, Purchase/Procurement, and Documentation"

    o   With respect to Exhibit 13, please explain your sources of the production capacity
        figures and how you calculated them.

11. Question 20 of Section D "Pertinent Sales, Purchase/Procurement, and Documentation"

    o   Please explain which raw materials/inputs are needed to produce a cubic meter of
        hardwood plywood.  Additionally, clearly identify the amount of each raw material
        input needed per cubic meter of hardwood plywood.

**FOR OFFICIAL USE ONLY**

Public Document No. 72

PR 001601

GOV0001601

One World Trade Center, Suite 547
Long Beach, CA 90831



**U.S. Customs and
Border Protection**

November 21, 2019

**PUBLIC VERSION**

**EAPA Consolidated Case Number: 7321**

Gregory S. Menegaz
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
gmenegaz@dhlaw.com

**Re:** Supplemental Request for Information to Importer with regards to Enforce and Protect
Act investigation 7321 of whether U.S. Global Forest, Inc. has evaded antidumping duty order
A-570-051 and countervailing duty order C-570-052, on Certain Hardwood Plywood from the
People's Republic of China.

Dear Mr. Menegaz:

Pursuant to 19 Code of Federal Regulations (C.F.R.) § 165.23(a), U.S. Customs and Border
Protection ("CBP") is requesting additional information from U.S. Global Forest, Inc. ("U.S.
Global") as part of the investigation, commenced under Title IV, Section 421 of the Trade
Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and
Protect Act ("EAPA"). Specifically, we are soliciting the information in the enclosed
supplemental request for information ("RFI").

Please review and ensure that you have received all pages of the RFI. If you have not received
the entire request for information, please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov) and EAPA
Allegations (EAPAllegations@cbp.dhs.gov), immediately.

The deadline to respond to this request for information is **5 p.m. ET on December 9, 2019**. If
U.S. Global fails to cooperate and comply to the best of its ability to this request, CBP may
apply an inference adverse to U.S. Global's interest and select from among the facts otherwise
available to make the determination as to evasion pursuant to 19 C.F.R. § 165.27.

**FOR OFFICIAL USE ONLY**

PR 001602

EAPA Case Number: 7321
Importer Supplemental Request for Information
Page 2

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

   (i)   "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

   (ii)  "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

   (iii) "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that U.S. Global identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, U.S. Global must also create a public version that removes and sufficiently summarizes bracketed information.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Supplemental Request for Information
Page 3


Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record. Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.


Sincerely,

LINDA F CHOI   Digitally signed by LINDA F CHOI
Date: 2019.11.21 13:30:49 -08'00'

Linda F. Choi
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection

Enclosure:
    Importer Supplemental Request for Information

**FOR OFFICIAL USE ONLY**

GOV0001604

**U.S. CUSTOMS & BORDER PROTECTION
OFFICE OF TRADE
REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**U.S. GLOBAL FOREST, INC.
EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)
IMPORTER REQUEST FOR SUPPLEMENTAL INFORMATION
PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD
RESPONSE DUE DATE: DECEMBER 9, 2019**


**RESPONSE FORM: Email:** Curtis Christensen (curtis.j.christensen@cbp.dhs.gov) and
Linda Choi (linda.choi@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

- Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
- Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
- Hard Copy documentation should be submitted in Adobe Format
- ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO
  ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 25MB and of certain file types - .zip and .exe - may not
be deliverable. Such information may need to be provided in piecemeal. Please contact
Curtis Christensen and/or Linda Choi to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the
response. For any information or data requests, please indicate the system from which
the data was obtained <u>and</u> the location where the data/information was extracted. We
intend to perform an onsite visit to among other things, validate certain provided data
as necessary.**

If you have any questions regarding this request please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA
Allegations (EAPAllegations@cbp.dhs.gov) immediately.


**FOR OFFICIAL USE ONLY**

PR 001605

GOV0001605

Supplemental Questions

1. Question 4 of Section A "General Information"

   o  Provide the previously requested powers of attorney for the identified Customs brokers.

2. Question 6 of Section A "General Information"

   o  During Mr. Jun Zhang's visits to Happy Home Wood Products Co., Ltd., (Happy Home) did he obtain inspection and/or production reports from Happy Home? If so, please provide copies.

3. Question 7 of Section A "General Information"

   o  In your response, you state "prices are negotiated together with buyer, seller, and U.S. Global." Please describe the negotiation process between the three parties and the method of negotiation. Provide examples (contracts, emails, etc.) of the negotiations between the three parties.

   o  Additionally, please provide correspondence records for entry packages [
                                        ].

   o  Other than price negotiations with Happy Home, please describe any role that [
             ] and [              ] play in the importation of the plywood.

   o  The documentation provided in Exhibit 3 did not include payment information related to the imported merchandise. Please provide record of payment (i.e., wire transfer, check, letter of credit, etc.) for the entry transactions listed in Exhibit 3.

   o  Provide the following purchase orders which are missing from the provided entry packages:

      o  [                              ]
      o  [                              ]
      o  [
                              ]
      o  [                        ]
      o  [                    ]
      o  [                    ]
      o  [                    ]

   o  Please describe U.S. Global's relationship with [                    ] and [                          ] role in U.S. Global's import transactions.

4. Question 11 of Section A "General Information"

   o  The address shown in Exhibit 5 for [                              ] lists an address in [                 ]. The address for [           ] shown on the documents provided in Exhibits 3 and 6 identifies an address in [            ]. Please explain the different locations.

**FOR OFFICIAL USE ONLY**

GOV0001606

5. Question 14 of Section A "General Information"

   o In your response, you state "U.S. Global determines, customer by customer, how much it charges upon resale [                    ].  Please explain when the resale value differs from what is described above.

6. Question 15 of Section A "General Information"

   o In regards to the customer invoices provided in Exhibit 6, explain why in some instances there are [          ] customer invoices for the [        ] shipment and explain the [          ] charges on each invoice.  See invoice numbers [              ] and [                ] for examples.

   o In regards to Exhibit 6, please provide proof of payment for invoices                                                                                          ].

7. Question 4 of Section B "Customs Compliance"

   o Provide a copy of the list of products subject to ADD maintained by US Global.

8. Question 1b of Section C "Corporate Structure and Affiliations"

   o Your response states that U.S. Global has one office located at 19855 Quiroz Court, City of Industry, CA.  However, the allegation alleges that US Global and CTS Global are both located at 663 Brea Canyon Road, Suite 8, Walnut, CA according to the California Secretary of State's Business Entities database and [                                                                           ].  Additionally, several documents in Exhibit 3 indicate that US Global is located at [                                          ].  Please explain why different US Global addresses are listed on different documents.  Please also explain the function of each location for U.S. Global and CTS Global.

   o Does U.S. Global own or operate any warehouses?

9. Question 1c of Section C "Corporate Structure and Affiliations"

   o You note that "[                                                  ]."  Please provide substantiating documentation for this statement.

   o The allegation alleges that CTS Global appears to be the same company or closely affiliated with U.S. Global.  With reference to this allegation, please explain U.S. Global's relationship with CTS Global and provide substantiating documentation.

   o Does CTS Global fulfill any [                                        ] U.S. Global?

   o Please provide any contract and memorandum of understand that may exist between U.S. Global and CTS Global and that articulates their business relationship.

   o The allegation states that Jun Zhang is listed as the Agent for Service of Process for U.S. Global and CTS Global.  With reference to this allegation, please describe Jun Zhang's relationship with CTS Global?

**FOR OFFICIAL USE ONLY**

- o  Please explain whether CTS Global, its management, or owner(s) have ever exercised control over or influenced U.S. Global's business decisions?

- o  Please discuss U.S. Global's company history.

10. Question 1 on "Pertinent Purchase/Procurement, Sales, and Documentation Requests

- o  Provide the CARB, TSCA, and mill certificates for the entries listed in Exhibit 3.

- o  Please provide documentation pertaining to payment for freight (e.g., freight bill along with wire transfers, canceled checks, letters of credit, etc.) from exporter/manufacturer/agents as necessary.

**FOR OFFICIAL USE ONLY**

Public Document No. 73

PR 001609

GOV0001609

One World Trade Center, Suite 547
Long Beach, CA 90831



**U.S. Customs and Border Protection**

November 22, 2019

**PUBLIC VERSION**

**EAPA Consolidated Case Number: 7321**

Gregory S. Menegaz
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
gmenegaz@dhlaw.com

**Re:** Supplemental Request for Information to Importer with regards to Enforce and Protect Act investigation 7321 of whether American Pacific Plywood, Inc. has evaded antidumping duty order A-570-051 and countervailing duty order C-570-052, on Certain Hardwood Plywood from the People's Republic of China.

Dear Mr. Menegaz:

Pursuant to 19 Code of Federal Regulations (C.F.R.) § 165.23(a), U.S. Customs and Border Protection ("CBP") is requesting additional information from American Pacific Plywood, Inc. (APPI) as part of the investigation, commenced under Title IV, Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act ("EAPA"). Specifically, we are soliciting the information in the enclosed supplemental request for information ("RFI").

Please review and ensure that you have received all pages of the RFI. If you have not received the entire request for information, please contact Curtis Christensen (curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov) and EAPA Allegations (EAPAllegations@cbp.dhs.gov), immediately.

The deadline to respond to this request for information is **5 p.m. ET on December 9, 2019**. If APPI fails to cooperate and comply to the best of its ability to this request, CBP may apply an inference adverse to APPI's interest and select from among the facts otherwise available to make the determination as to evasion pursuant to 19 C.F.R. § 165.27.

**FOR OFFICIAL USE ONLY**

PR 001610

**EAPA Case Number: 7321**
Importer Supplemental Request for Information
Page 2

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that APPI identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, APPI must also create a public version that removes and sufficiently summarizes bracketed information.

**FOR OFFICIAL USE ONLY**

GOV0001611

**EAPA Case Number: 7321**
Importer Supplemental Request for Information
Page 3


Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record.  Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.


Sincerely,

 Digitally signed by LINDA F CHOI
Date: 2019.11.22 14:29:04 -08'00'

Linda F. Choi
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection


Enclosure:
    Importer Supplemental Request for Information


**FOR OFFICIAL USE ONLY**

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**AMERICAN PACIFIC PLYWOOD, INC.**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**IMPORTER REQUEST FOR SUPPLEMENTAL INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: DECEMBER 9, 2019**


**RESPONSE FORM: Email:** Curtis Christensen (curtis.j.christensen@cbp.dhs.gov) and
Linda Choi (linda.choi@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

- Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
- Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
- Hard Copy documentation should be submitted in Adobe Format
- ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO
  ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 25MB and of certain file types - .zip and .exe - may not
be deliverable. Such information may need to be provided in piecemeal. Please contact
Curtis Christensen and/or Linda Choi to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the**
**response. For any information or data requests, please indicate the system from which**
**the data was obtained <u>and</u> the location where the data/information was extracted. We**
**intend to perform an onsite visit to among other things, validate certain provided data**
**as necessary.**

If you have any questions regarding this request please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA
Allegations (EAPAllegations@cbp.dhs.gov) immediately.


**FOR OFFICIAL USE ONLY**

Supplemental Questions

1.  Question 4 of Section E from American Pacific's CF-28 response

    o   In Exhibit 6 of American Pacific's CF-28 response, please explain why the certificate
        of origin indicates an HTS code of [                 ], whereas the HTS codes under
        which the merchandise was entered into the United States differs.

2.  Question 6 of "General Information"

    o   Please explain why American Pacific sources from [
                                      ] rather than [                        ]?  Does American
        Pacific ever source directly from [            ]?

3.  Question 7 of "General Information"

    o   From the documentation provided in Exhibit 6, we noted the total amounts on [
                                  ] invoice numbers [
                                      ].  Please explain why the two wire transfers provided for
        this order were significantly higher than the invoiced amounts.  If the payments were
        made for multiple orders, please provide the associated PO's and invoices.

4.  Question 9 of "General Information"

    o   What does [                          ] in section 7 of the provided Country of
        Origin Certificates refer to?  These are not identified on the provided packing lists.

5.  Question 13 of "General Information"

    o   The response to this question states that the "{t}he FOB price of plywood
        manufactured by LB Wood [
                                           ]."  With reference to this
        statement, please provide documentation containing comparison prices from
        [          ] suppliers of hardwood plywood.

6.  Question 15 of "General Information"

    o   For each product identified in your response, provide the total imported quantities
        since June 5, 2018.
    o   In your response, you note an [            ] price.  Please provide supporting
        documentation for these figures.

7.  Question 1b of "Corporate Structure and Affiliations"

    o   In response to General Question 7, APPI indicated it has a [            ].  Please
        identify all [            ] used by APPI and the address of each.

8.  Question 1d of "Corporate Structure and Affiliations"

    o   You note that "[                                ]."  Please provide
        substantiating documentation for this statement.

**FOR OFFICIAL USE ONLY**

GOV0001614

9. Pertinent Purchase/Procurement, Sales, and Documentation Request

o   In order to determine which documents support the provided 7501 forms, please identify the associated CBP entry number on the supporting documents provided in Exhibits 17, 18, 19, and 20.

o   In the provided Exhibit 17, we noted PO's and commercial invoices between APPI and [          ] in addition to PO's and commercial invoices between [          ] and LB Wood.  Please identify which invoice is used to make entry on the CF 7501.

o   Provide the CARB, TSCA, and mill certificates for the entries identified in Exhibit 16.

o   With reference to Exhibit 16, please explain why [                    ] in entries [                              ], whereas the other entries list [                    ].

o   With reference to Exhibit 17, please explain why purchase orders [                              ], whereas the commercial invoices and packing lists for the same purchase orders say that the products are [                    ].

o   With reference to Exhibit 17, please explain why purchase orders [                              ], whereas their corresponding commercial invoices and packing lists indicate that the products are [                    ].

o   With reference to Exhibit 17, please explain why purchase order [                              ], whereas its commercial invoice and packing list indicates that the product is [                              ].

**FOR OFFICIAL USE ONLY**

GOV0001615

Public Document No. 74

PR 001616

GOV0001616

One World Trade Center, Suite 547
Long Beach, CA  90831



**U.S. Customs and
Border Protection**

November 22, 2019

**PUBLIC VERSION**

**EAPA Consolidated Case Number: 7321**

Gregory S. Menegaz
deKieffer & Horgan, PLLC
Suite 410
1090 Vermont Ave, N.W.
gmenegaz@dhlaw.com

**Re:**  Supplemental Request for Information to Importer with regards to Enforce and Protect
Act investigation 7321 of whether InterGlobal Forest LLC has evaded antidumping duty order
A-570-051 and countervailing duty order C-570-052, on Certain Hardwood Plywood from the
People's Republic of China.

Dear Mr. Menegaz:

Pursuant to 19 Code of Federal Regulations (C.F.R.) § 165.23(a), U.S. Customs and Border
Protection ("CBP") is requesting additional information from InterGlobal Forest LLC ("IGF") as
part of the investigation, commenced under Title IV, Section 421 of the Trade Facilitation and
Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act
("EAPA").  Specifically, we are soliciting the information in the enclosed supplemental request
for information ("RFI").

Please review and ensure that you have received all pages of the RFI.   If you have not received
the entire request for information, please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov) and EAPA
Allegations (EAPAllegations@cbp.dhs.gov), immediately.

The deadline to respond to this request for information is **5 p.m. ET on December 9, 2019**.  If
IGF fails to cooperate and comply to the best of its ability to this request, CBP may apply an
inference adverse to IGF's interest and select from among the facts otherwise available to make
the determination as to evasion pursuant to 19 C.F.R. § 165.27.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Supplemental Request for Information
Page 2

Pursuant to 19 C.F.R. §165.5(b):

(1) All submissions to CBP **must** be in writing in the English language or accompanied by an adequate English language translation as they will be part of the record for proceedings and determinations covered in this part. All submissions **must** be made electronically to the designated email address specified by CBP for purposes of the investigation.

(2) Every written submission made to CBP by an interested party under this part **must** be accompanied by the following certifications from the person making the submission:

    (i)    "On behalf of the party making this submission, I certify that all statements in this submission (and any attachments) are accurate and true to the best of my knowledge and belief."

    (ii)    "On behalf of the party making this submission, I certify that any information for which I have not requested business confidential treatment pursuant to 19 CFR 165.4(a), may be released for public consumption."

    (iii)    "On behalf of the party making this submission, I certify that I will advise CBP promptly of any knowledge of or reason to suspect that the covered merchandise poses any health or safety risk to U.S. consumers pursuant to 19 CFR 165.7(a)."

Furthermore, 19 C.F.R. §165.5(c) states:

(3) CBP may, for good cause, extend any regulatory time limit if a party requests an extension in a separate, stand-alone submission and states the reasons for the request. Such requests must be submitted no less than three business days before the time limit expires unless there are extraordinary circumstances. An extraordinary circumstance is an unexpected event that could not have been prevented even if reasonable measures had been taken. It is within CBP's reasonable discretion to determine what constitutes extraordinary circumstances, what constitutes good cause, and to grant or deny a request for an extension.

Note: 19 C.F.R. § 165.4(a) **requires** that IGF identify any part of its submissions that are business confidential, including by placing [brackets] around the claimed confidential information and explaining why the bracketed information is entitled to business confidential treatment. If business confidential treatment is claimed, IGF must also create a public version that removes and sufficiently summarizes bracketed information.

**FOR OFFICIAL USE ONLY**

**EAPA Case Number: 7321**
Importer Supplemental Request for Information
Page 3


Oral discussions or communications with CBP will not be considered part of the record, unless they are memorialized in a written document that is placed on the record.  Should you or the owner/provider of requested material provide false statements or make a material omissions or otherwise attempt to conceal material facts at any point in the proceedings, associated parties may be subject to adverse inferences mentioned above and prosecution pursuant to Title 18 United States Code § 1001.


Sincerely,

 LINDA F CHOI

Digitally signed by LINDA F CHOI
Date: 2019.11.22 14:34:45 -08'00'

Linda F. Choi
Assistant Field Director
Office of Regulatory Audit and Agency Advisory Services
Office of Trade
U.S. Customs and Border Protection


Enclosure:
    Importer Supplemental Request for Information


**FOR OFFICIAL USE ONLY**

**U.S. CUSTOMS & BORDER PROTECTION**
**OFFICE OF TRADE**
**REGULATORY AUDIT AND AGENCY ADVISORY SERVICES**


**INTERGLOBAL FOREST LLC**
**EAPA CASE NUMBER: 7321 (CERTAIN HARDWOOD PLYWOOD)**
**IMPORTER REQUEST FOR SUPPLEMENTAL INFORMATION**
**PERIOD OF INVESTIGATION: JUNE 5, 2018 ONWARD**
**RESPONSE DUE DATE: DECEMBER 9, 2019**


**RESPONSE FORM: Email:** Curtis Christensen (curtis.j.christensen@cbp.dhs.gov) and
Linda Choi (linda.choi@cbp.dhs.gov), and EAPA Allegations (EAPAllegations@cbp.dhs.gov)

- Worksheets should be submitted in Microsoft Excel (version 2016 or lower)
- Narrative responses should be submitted in Microsoft Word (version 2016 or lower)
- Hard Copy documentation should be submitted in Adobe Format
- ALL DOCUMENTATION MUST BE LEGIBLE (AND A VERSION TRANSLATED TO
  ENGLISH MUST ACCOMPANY FOREIGN LANGUAGE DOCUMENTS)
- ALL SUBMISSIONS SHOULD REFERENCE EAPA CASE NUMBER 7321

Please keep in mind that emails over 25MB and of certain file types - .zip and .exe - may not
be deliverable. Such information may need to be provided in piecemeal. Please contact
Curtis Christensen and/or Linda Choi to facilitate the delivery of requested information.

**Note: For each question please indicate the individual's name and title that created the
response. For any information or data requests, please indicate the system from which
the data was obtained <u>and</u> the location where the data/information was extracted. We
intend to perform an onsite visit to among other things, validate certain provided data
as necessary.**

If you have any questions regarding this request please contact Curtis Christensen
(curtis.j.christensen@cbp.dhs.gov), Linda Choi (linda.choi@cbp.dhs.gov), and EAPA
Allegations (EAPAllegations@cbp.dhs.gov) immediately.


**FOR OFFICIAL USE ONLY**

Supplemental Questions

1. IGF's CF-28 Response

   o In Exhibits A-4 and B-4 of InterGlobal's CF-28 response, please explain why the certificates of origin for entries [                ] and [                ] indicate that the merchandise was HTS code [                ], whereas the HTS codes under which the merchandise was entered into the United States differ.

2. Question 4 of Section A "General Information"

   o Provide names of the customs brokers used on occasion and the powers of attorney for those brokers.  In addition, please explain what you consider a more complex customs entry.

   o Describe the experience/training of those [                ] that process your customs entries.

3. Question 6 of Section A "General Information"

   o Does [                ] provide IGF with its verification reports or results of their [                ]?  If so, please provide copies.

4. Question 7 of Section A "General Information"

   o Please explain the reason why IFG issues PO's with the phrase [                ] on them.

5. Question 12 of Section A "General Information"

   o Does IGF continue to purchase plywood from [                ]?  If not, when did IGF stop purchasing plywood from them?

6. Question 5 of Section B "Customs Compliance"

   o In your response, is the referenced third party the same party referenced in question 6 of the "general information" section?  The response to the aforementioned question indicated audit/site visits were conducted prior to June of 2019.  Please explain.

7. Section D "Accounting/Financial Practices"

   o In Exhibit 10, please describe what is included in the figures under "[                ]" for the [                ]?

8. Section F "Pertinent Purchase/Procurement, Sales, and Documentation Requests

   o Provide the CARB, TSCA, and mill certificates for the entries listed in Exhibit 16.

   o Provide the commercial invoice(s) for entry number [                ].

   o In Exhibit 16 you submitted documentation for entry [                ].  The documentation indicates that this entry has a [

**FOR OFFICIAL USE ONLY**

GOV0001621

], was entered as a [                    ], with an [                ] that appears
to indicate that it should have been [
    ].  Please explain why this entry was not entered in the United States as [
        ].

o   You provided a Lacey Act Declaration for entry [                    ]; however, it does
    not appear that you provided the corresponding entry documentation in Exhibit 16.
    Please provide this documentation.

**FOR OFFICIAL USE ONLY**