EXHIBIT D

**Subject:**    RE: Richmond Int'l Forest Prods. v. US, Consol. Ct. No. 21-318 - Defendant Response to Discovery Requests

**Date:**    Monday, December 5, 2022 at 1:21:51 PM Pacific Standard Time

**From:**    Josan, Hardeep K. (CIV) <Hardeep.K.Josan@usdoj.gov>

**To:**    Michael Roll <michael.roll@thetradelawfirm.com>

**CC:**    Brett Harris <brett.harris@thetradelawfirm.com>, Jill Cramer <jac@mowrygrimson.com>, Jeffrey Grimson <jsg@mowrygrimson.com>

**Attachments:** image001.png, image002.png

Please see our responses in blue below.  Let me know if you would like to discuss further.

Best regards,
Hardeep

**Hardeep Kaur Josan**
Trial Attorney
U.S. Department of Justice, Civil Division
International Trade Field Office
26 Federal Plaza, Suite 346
New York, NY 10278-0140
Tel: (212) 264-9245
Fax: (212) 264-1916
hardeep.k.josan@usdoj.gov

---

**From:** Michael Roll <michael.roll@thetradelawfirm.com>
**Sent:** Monday, November 28, 2022 2:54 PM
**To:** Josan, Hardeep K. (CIV) <Hardeep.K.Josan@usdoj.gov>
**Cc:** Brett Harris <brett.harris@thetradelawfirm.com>; Jill Cramer <jac@mowrygrimson.com>; Jeffrey Grimson <jsg@mowrygrimson.com>
**Subject:** [EXTERNAL] Re: Richmond Int'l Forest Prods. v. US, Consol. Ct. No. 21-318 - Defendant Response to Discovery Requests
**Importance:** High

Hi Hardeep,

Hope you had a good holiday weekend.

Do you have time to discuss the government's response to our discovery request tomorrow or Wednesday?

We have completed our review of the response and believe the government's response is deficient.  Prior to filing a motion to compel per CIT Rule 37, we wish to discuss with you to see if we can resolve without having to file a motion.

Specifically, we wish to discuss the following deficiencies:

1. Defendant failed to disclose to us the EAPA BPI versions (see, e.g., Response to Interrogatory 2, 5, 6,) and only gave us public version documents – even though there is a protective order in place.  We do

not belive there is a basis for withholding 3rd party confidential information.  Since Defendant's
position in this case is based largely on the EAPA case, we are entitled to see the entirety of the EAPA
files.

As mentioned during our call on November 30, 2022, the government is precluded by the Privacy Act
(5 U.S.C. § 552a) from disclosing the confidential documents.  Although we discussed the possibility
of CBP releasing the documents with LB Wood's consent during our call on November 30th, plaintiff
should seek the documents directly from LB Wood and/or the other third-parties (either with their
consent or via a subpoena).

2. Defendant failed to turn over to us (or redacted) certain documents based on the documents being
"law enforcement sensitive."  Withholding documents/information because they are "law enforcement
sensitive" is not proper here and Defendant has not made the requisite showing for this privilege.

Withholding the documents/information based on the asserted privilege is proper here. Investigatory
files compiled for law enforcement purposes are privileged under what is commonly referred to as
the investigatory files privilege. *See Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341
(D.C. Cir. 1984); *Black v. Sheraton Corp. of Am.*, 564 F.2d 531 (D.C. Cir. 1977); *Brown v. Thompson*, 430
F.2d 1214 (5th Cir. 1970); *Jabara v. Kelley*, 75 F.R.D. 475 (E.D. Mich. 1977); *Frankenhauser v. Rizzo*, 59
F.R.D. 339 (E.D. Pa. 1973). This privilege also protects "law enforcement techniques and procedures,"
and is sometimes referred to as the "law enforcement" privilege. *See In re City of N.Y.*, 607 F.3d 923,
944 (2d Cir. 2010).

That said, we are conferring with the agency, and will let you know if the agency no longer wishes to
assert the privilege. We also note that the only information being withheld on the basis of the law
enforcement sensitive privilege in the documents produced as GOV0010080 and GOV0010083 are
the case numbers and ROI numbers; the remainder of the redacted information is confidential
information regarding a third party.

Finally, with respect to your question during our call on November 30th about the email produced as
GOV0010006, there are no additional photos.  The photos referenced in the email were produced as
GOV0002759 and GOV0002760.

3. Defendant's objection to Interrogatories 4, 5, 6, 7, 8, and 9 is improper.  Defendant did not give an
answer to the question because Defendant claims the interrogatory is premature and discovery is
ongoing.  This is not proper.  Defendant must state what it knows.

We have properly stated the facts that are known to us at this time.

4. Defendant's response to interrogatory 9 fails to provide how Defendant calculated capacity.  Compare
response to interrogatory 9 to GOV0010012 (internal CBP email from Bekalarski to Duvall) ("We all
agree that LB has some capacity to produce, the question still remains the level of their production
capacity.  We may have to apply some science and math based on the number of machines and
personnel they have.").  Defendant did not turn over documents showing the science and math used
by Defendant.

CBP is not aware of any documents showing "science and math" as referenced in the email.

5. We believe there are many other CBP emails that are responsive to our discovery request that were
not produced.

CBP is not aware of any other responsive emails.

Michael Roll
Partner

Roll & Harris LLP
1999 Avenue of the Stars – Suite 1100
Los Angeles, CA 90067
310-294-9501 (direct)
310-857-6661 (fax)
424-645-8987 (mobile)
michael.roll@thetradelawfirm.com

Need to schedule time to speak with me?  Click here!

**To watch our new forced labor webinar re tips for complying with the UFLPA**!  Register here!





☑ **Wear a face covering.**
☑ **Wash your hands.**
☑ **Practice physical distancing.**

*The messages and documents transmitted with this notice contain confidential information belonging to the sender.  If you are not the intended recipient of this information, you are hereby notified that any disclosure, copying, distribution, or use of the information is strictly prohibited.  If you have received the transmission in error, please notify the sender immediately. Please do not forward this email without the author's consent.*

**From:** "Josan, Hardeep K. (CIV)" <Hardeep.K.Josan@usdoj.gov>
**Date:** Friday, November 4, 2022 at 2:03 PM
**To:** Michael Roll <michael.roll@thetradelawfirm.com>, "brett.harris@thetradelawfirm.com" <brett.harris@thetradelawfirm.com>, Jill Cramer <jac@mowrygrimson.com>, Jeffrey Grimson <jsg@mowrygrimson.com>
**Subject:** Richmond Int'l Forest Prods. v. US, Consol. Ct. No. 21-318 - Defendant Response to Discovery Requests

Dear Counsel,

Attached please find defendant's responses to plaintiff's first interrogatories and requests for production, which supplements our partial response served on October 17, 2022.  Also attached is the privilege log for documents redacted and/or withheld.  We will be sending the referenced documents separately via a secure share file.  Please confirm receipt.

Best regards,
Hardeep

**Hardeep Kaur Josan**
Trial Attorney
U.S. Department of Justice, Civil Division
International Trade Field Office
26 Federal Plaza, Suite 346

New York, NY 10278-0140
Tel: (212) 264-9245
Fax: (212) 264-1916
hardeep.k.josan@usdoj.gov