UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : : : |
| Plaintiff, | : : Consol. Ct. No. 21-00318 |
| v. | : : : |
| UNITED STATES, | : : |
| Defendant. | : : : |

# **ORDER**

Upon consideration of plaintiff's motion to compel, and upon other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion is denied.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS, INC., | : <br> : <br> : |
| Plaintiff, | :    Consol. Ct. No. 21-00318 |
| v. | : <br> : <br> : |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : <br> : |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The United States, defendant, pursuant to Rules 6(b) and 7(b) of the United States Court of International Trade, hereby responds to plaintiff's, Richmond International Forest Products, Inc. (RIFP or plaintiff), motion to compel. By its motion to compel, plaintiff seeks the disclosure of the "Confidential Administrative Record from EAPA Investigation No. 7321" (Confidential EAPA Record) and "All Documents on the Government's Privilege Log." Pl. Mot. at 1.

### BACKGROUND

RIFP commenced this consolidated action (comprised of three cases) contesting the U.S. Customs and Border Protection's (CBP)

assessment of antidumping, countervailing, and Section 301 duties on its import of hardwood plywood. *See generally* Compl. The consolidated action involves entries of hardwood plywood imported by RIFP from LB Wood (Cambodia) Co., Ltd. (LB Wood), a manufacturer located in Cambodia. Compl. ¶ 13. According to RIFP, the hardwood plywood was manufactured in Cambodia. *Id.* RIFP therefore declared the subject merchandise to have a country of origin of Cambodia at entry. *Id.* The merchandise entered duty free. *Id.* at ¶ 14. CBP determined that the country of origin of the subject merchandise was China and, at liquidation, assessed antidumping, countervailing, and Section 301 duties applicable to merchandise from China. *Id.* at ¶ 33.

Relevant here, on September 13, 2022, plaintiff served a request for the production of documents upon the Government, seeking, among other things, "all information in Defendants' possession regarding the operation of LB Wood (Cambodia) Co., Ltd. (LB Wood) in Cambodia and the manufacture of hardwood plywood and veneered panels at that facility from February 2018 through December 2019." This request also asked for "all factual information obtained from any party in connection with CBP's Trade Remedy Law Enforcement Directorate Enforce and

2

Protect Act ("EAPA") Investigation No. 7321, including the information and documentation provided by LB Wood to CBP in response to the questionnaire attached as Exhibit A."

In response, the Government produced, among other things, the public administrative record of the EAPA Investigation No. 7321. The Government did not produce the Confidential EAPA Record on the basis that the documents contained business confidential information of entities not involved in this litigation (*i.e.*, third parties) and, therefore, were protected from disclosure under the Privacy Act of 1974, 5 U.S.C. § 522a (Privacy Act). The Government also withheld documents based on the law enforcement privilege.

After we provided the above responses, counsel for the parties communicated on several occasions via email and telephone. Despite our explanation for why we could not produce the confidential and privileged documents, on January 31, 2023, plaintiff filed the instant motion to compel.

Subsequent to the filing of plaintiff's motion, the Government withdrew the assertion of the law enforcement privilege over the documents identified in the privilege log. Accordingly, we produced the

previously withheld documents on March 8 and March 28, 2023 (some with third-party business confidential information redacted as discussed further below). *See* Exhibit A (Defendant's First and Second Supplemental Responses to Plaintiff's Requests for Production and accompanying Privilege Logs).

## ARGUMENT

### I. LB Wood's Consent Does Not Overcome The Privacy Act's Prohibition On Disclosure Of The Confidential EAPA Record

Plaintiff argues that the Privacy Act does not preclude release of the Confidential EAPA Record because LB Wood advised that it "did not object to the Government releasing any LB Wood data to Plaintiff." Pl. Mot. at 12. Plaintiff also argues that the judicial protective order in this case adequately protects the business confidential information of LB Wood and any other party whose business confidential information is contained in the Confidential EAPA Record. However, as explained below, LB Wood's letter is insufficient to overcome the Privacy Act's prohibition on disclosure of the Confidential EAPA Record in this case.

The Privacy Act prohibits the disclosure of a record about an individual from a system of records absent the written consent of the individual, unless the disclosure is pursuant to one of twelve statutory

4

exceptions. Unauthorized disclosure of protected material can subject the person who discloses the information to criminal penalties. *See* 5 U.S.C. § 552a(i)(1).[1] The Privacy Act provides, in pertinent part:

> No agency shall disclose any record which is in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . (11) pursuant to the order of a court of competent jurisdiction.

5 U.S.C. § 552a(b)(11). Thus, relevant here, disclosure is allowed pursuant to consent from the party to whom the information belongs or pursuant to a court order. Plaintiff, however, fails to satisfy disclosure under either avenue.

First, plaintiff in this motion is requesting production of the entire Confidential EAPA Record and not solely documents related to LB Wood as it did in its discovery requests to the Government. Given that

---

[1] 5 U.S.C. § 552a(i)(1) provides: "Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited by this section or by rules or regulations established thereunder, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000."

5

the Confidential EAPA Record contains proprietary data submitted by parties other than LB Wood (such as other importers and another producer), LB Wood's consent is clearly inadequate with respect to the release of those parties' submissions. And those other parties have not consented to the release of their proprietary data.

LB Wood's consent is insufficient with respect to the release of documents related to LB Wood in the Confidential EAPA Record because its submissions contain proprietary data of its "suppliers, service providers, and customers," from whom plaintiff has not obtained consent. Specifically, in submitting information to CBP during the EAPA Investigation No. 7321, LB Wood stated the following:

> In accordance with 19 C.F.R. § 165.4, LB Wood requests confidential treatment of the information contained herein as *business confidential and commercial data that is proprietary to LB Wood and its suppliers, service providers, and customers.* The information contained in this response to CBP that is marked confidential has never been released in any manner to a person who is not an employee or in a confidential relationship with the companies. The confidential information is not commonly known within the industry or readily ascertainable by outside persons with minimum effort and time. *Disclosure of this information would cause substantial competitive and*

6

> *commercial harm to LB Wood and its suppliers,*
> *service providers, and customers.*

*See* Exhibit B (Bates No. GOV0001400-GOV0001401) (emphasis added). Although LB Wood consents to the release of its confidential filings in the EAPA Investigation No. 7321 in its letter (*see* Exhibit E to Pl. Mot.), that consent does not apply to its suppliers, service providers, and customers, all of whom apparently have a privacy interest in LB Wood's submissions. Thus, LB Wood's consent fails to overcome the Privacy Act's prohibition on disclosure of the Confidential EAPA Record.

Second, although the Court can order disclosure, this Court has previously disallowed disclosure when plaintiff had not exercised all available avenues to obtain consent from the required party. *See FDK Am., Inc. v. United States*, 973 F. Supp. 2d 1315 (Ct. Int'l. Trade 2014). In *FDK Am.*, this Court declined to order disclosure of a non-party's business confidential information where the plaintiff had not exercised all available avenues to identify and obtain consent from the non-party and the non-party had not had the opportunity to contest the disclosure. *Id.* Thus, the Court should similarly decline to order disclosure of the requested information.

7

Notwithstanding consent, plaintiff further argues that the judicial protective order in this case adequately protects the business confidential information of LB Wood and the other parties whose information is contained in the Confidential EAPA Record. Pl. Mot. at 13-16. However, the judicial protective order does not provide the requisite consent for the disclosure of other parties' confidential information. It would merely govern the disclosure of the confidential information should such consent be obtained. Notably, the Court rejected a similar argument in *FDK Am.* where plaintiff argued that its proposed protective order was sufficient to protect the non-party's interests regardless of whether the non-party consented. *FDK Am.*, 973 F. Supp. 2d at 1319. The Court explained that "the proposed form of protective order does not provide assent thereto by an individual with the authority to consent to the documents' disclosure . . ., and the [plaintiff's discovery] motion itself does not provide for a process of adequate notice of the proposed action to the non-party." *Id.*

Plaintiff's reliance on *Ad Hoc Shrimp Trade Enforcement Committee v. United States*, 578 F. Supp. 3d 1310 (Ct. Int'l Trade 2022) as further support for the disclosure of the Confidential EAPA Record is

8

misplaced. Pl. Mot. at 15-16. Unlike this case, *Ad Hoc Shrimp* involved a challenge to an EAPA determination pursuant to 28 U.S.C. § 1581(c), where all the interested parties who participated in the administrative proceeding had access to the confidential record pursuant to the judicial protective order. Unlike here, there were no Privacy Act implications in *Ad Hoc Shrimp*. Thus, the Court should reject plaintiff's arguments and deny the motion.

Plaintiff's alternative argument to treat this motion as a motion *in limine* should also be rejected. *See* Pl. Mot. at 16 n.3. The Government has not relied on any documents from the Confidential EAPA Record and, therefore, plaintiff's request is premature at this time. Moreover, plaintiff has the burden to establish the country of origin of its imported merchandise. And plaintiff, not CBP, is in possession of the evidence relevant to the legal issues present in this case.

## II. The Documents On The Privilege Log Are Properly Redacted To Protect Third-Party Business Confidential Information

As explained in the privilege logs (*see* Exhibit A; *see also* Exhibit B to Pl. Mot.), CBP and the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations redacted third-party business confidential information

9

from documents produced in response to plaintiff's requests. In its motion to compel, plaintiff seeks the production of the unredacted content. *See* Pl. Mot. at 1, 21. However, similar to the Confidential EAPA Record, the Privacy Act prohibits the disclosure of the requested information without the party's consent or a court order. Plaintiff has not obtained the consent of these third parties and, therefore, the Government is prohibited from disclosing the redacted information. Further, as explained above, the Court should decline to order disclosure of these documents as well because plaintiff has failed to exercise all available avenues to obtain consent from the required party. *FDK Am.*, 973 F. Supp. 2d 1315.

## CONCLUSION

In light of the foregoing, defendant respectfully requests that plaintiff's motion to compel be denied.

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant
                    Attorney General

                    PATRICIA M. McCARTHY
                    Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9241 or 9230
*Attorneys for Defendant*

Dated: March 28, 2023